UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[redacted] 06 262S

HASBRO, INC.,

Plaintiff,

- against -

MGA ENTERTAINMENT, INC.,

Defendant.

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff Hasbro, Inc. ("Hasbro"), through its undersigned counsel, for its complaint against Defendant MGA Entertainment, Inc. ("MGA") alleges as follows:

**Introduction**

1. This is an action for injunctive relief and damages against a blatant trademark infringement. Hasbro owns a trademark for MEMORY as the name of a venerable card matching game first sold in 1966. MGA has recently begun to sell a similar matching game advertised prominently as "MEMORY MATCH-UP" that is being promoting as a three-dimensional version of the "Classic Memory Matching Game." Hasbro has accordingly brought this action for trademark infringement and unfair competition in violation of the Lanham Act and for common law trademark infringement and unfair competition.

**Parties and Jurisdiction**

2. Plaintiff Hasbro is a corporation duly organized and existing under the laws of the State of Rhode Island, with its principal place of business in Pawtucket, Rhode Island. Hasbro is a worldwide leader in the design, manufacture, and marketing of toys, games,

puzzles, and infant care products. Both internationally and domestically, Hasbro's brands provide children and families with the highest quality and most recognizable toys and games in the world. Hasbro's Milton Bradley brand is especially well known for its high quality board games, including its MEMORY card games.

3. Upon information and belief, defendant MGA is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in Van Nuys, California. MGA manufactures, markets, and sells games and toys, including the MEMORY MATCH-UP GAME at issue.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (action arising under the laws of the United States); § 1332(a) (diversity of citizenship), § 1338(a) (action arising under an Act of Congress relating to trademarks); § 1338(b) (civil action asserting claim of unfair competition joined with substantial and related claim under trademark laws); and § 1367(a) (supplemental jurisdiction over claims relating to those for which the court has original jurisdiction); as well as 15 U.S.C. § 1121 (actions arising under the Lanham Act). The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

5. MGA advertises and sells the products at issue throughout the United States, including in Rhode Island. MGA does business in the Rhode Island, and the claim alleged arises out of injury caused to Hasbro in Rhode Island.

**Hasbro's MEMORY Card Games and Trademark**

6. Since its acquisition of Milton Bradley Company in 1984, Hasbro has become one of the largest and best-known distributors of games in the United States. Milton Bradley Company began to sell a card matching game under the name and trademark MEMORY

in 1966. The original game developed into a line of matching card games that has been continuously sold by Hasbro or its predecessor, Milton Bradley Company, since 1966.

7. On August 29, 1967, Hasbro's predecessor, Milton Bradley Company, obtained Registration No. 834,282 for MEMORY on the Principal Register of the United States Patent and Trademark Office. A copy of Registration No. 834,282, which became incontestable as of September 8, 1972, is attached hereto as Exhibit 1. A copy of Registration No. 2,894,970, registered as of October 19, 2004, is attached as Exhibit 2. A sample of current packaging for the MEMORY game, both the original game and an example of a themed game, is attached as Exhibit 3.

8. Hasbro's line of MEMORY card games consists of matching card games in which the players place a number of cards face down and then take turns revealing pairs of cards at a time. If a player reveals a pair of cards that do not have the same design or distinguishing characteristic, that player must place the cards face down in their original position and that player's turn is over. If, however, a player reveals a pair of cards that do have the same design or distinguishing characteristic, that player takes the matching pair out of play, keeps them, and then continues by selecting another pair of face down cards. The process is repeated until all of the cards are taken out of play by the players. The winner is the player who has taken the most matching pairs of cards out of play.

9. In addition to the original MEMORY card game, Hasbro's line of MEMORY card games includes themed versions of its MEMORY card game. Examples of themed MEMORY card games marketed and sold by Hasbro in the past include the MEMORY Game, BARNEY Edition; the MEMORY Game, ARTHUR Edition; the MEMORY Game, BOB

THE BUILDER Edition; the MEMORY Game, FINDING NEMO Edition; and the MEMORY Game, THE BACKYARDIGANS Edition.

10. Hasbro has expended substantial resources in advertising and promoting its line of MEMORY card games over the past decades. By virtue of that promotion and the long, continuous, and exclusive use made of the MEMORY mark by Hasbro and Milton Bradley Company in connection with the line of MEMORY card games and related products, the MEMORY name and mark have become well known and associated in the minds of consumers with a single source.

**MGA's Use of the MEMORY MATCH-UP Trademark for a Similar Game**

11. MGA is currently marketing, distributing, and selling the MEMORY MATCH-UP game throughout the United States. A copy of the front and back of one of the MEMORY MATCH-UP game packaging is annexed hereto as Exhibit 4.

12. The MEMORY MATCH-UP name is prominently displayed on the game's packaging and is written in the same script and color as Hasbro's MEMORY mark. The ™ notation appears immediately after "MEMORY MATCH-UP," which shows that MGA is asserting trademark rights in that name. This use of Hasbro's MEMORY mark and the ™ notation encourage consumers to believe that there is an association between MGA's MEMORY MATCH-UP game and Hasbro's original MEMORY game. Moreover, the presence of the famous Spider-Man name in connection with the MGA product adds to the likelihood of consumer confusion as to whether the product is a licensed theme version of Hasbro's game because Hasbro has a license from Marvel to use Marvel names and characters, including Spider-Man, on games.

13. MGA promotes the MEMORY MATCH-UP game on its web-site as "All the fun of the Classic Memory Matching Game, but in 3-D," which is a clear reference to and

attempt to trade off associations with Hasbro's original MEMORY game. This encourages consumers to associate MGA's MEMORY MATCH-UP game with Hasbro's original MEMORY game.

**FIRST CLAIM FOR RELIEF**
**(TRADEMARK INFRINGEMENT)**

14. Hasbro repeats and realleges paragraphs 1 through 13 as if fully set forth herein.

15. MGA has no license or authority from Hasbro to use the MEMORY name and mark.

16. By reason of the foregoing, MGA is using a copy or colorable imitation of Hasbro's registered MEMORY mark in connection with the sale, offering for sale, distribution, and advertising of goods in commerce in a manner likely to cause confusion, mistake, or deception.

17. By reason of the foregoing, MGA has violated 15 U.S.C. §§ 1114(1) and 1125(a).

18. Hasbro notified MGA of the infringement of its mark soon after it became aware of the infringement. Even after receiving this actual notice, MGA has chosen to continue to market, distribute, and sell its infringing products with disregard for the effect such marketing, distribution, and selling is having on Hasbro and its rights in the MEMORY trademark.

19. Upon information and belief, MGA's violation of Hasbro's rights has been deliberate and willful.

20. The unlawful acts of MGA alleged herein have caused Hasbro irreparable harm to its business and reputation and have also caused damages in an amount to be determined by the trier of fact. In addition, MGA has unjustly profited from those unlawful acts.

**SECOND CLAIM FOR RELIEF**
**(COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)**

21. Hasbro repeats and realleges paragraphs 1 through 13 and paragraphs 15, 18, 19, and 20 as if fully set forth herein.

22. MGA's use of the MEMORY mark for its MEMORY MATCH-UP game constitutes infringement of Hasbro's common law MEMORY trademark and unfair competition under the common law of Rhode Island and other States.

WHEREFORE, Hasbro respectfully requests that this Court enter judgment against MGA as follows:

A. That, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, MGA, its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them be temporarily restrained and preliminarily and permanently enjoined from using the word MEMORY in connection with a game, including but not limited to any use as all or part of the trademark or name for a game.

B. That MGA be ordered pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1118, to recall from all retailers and distributors and to deliver up for impounding all products or materials bearing the word MEMORY as all or part of a name or mark.

C. That, pursuant to 15 U.S.C. § 1116(a), MGA be required to file with the Court and serve on Hasbro within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which MGA has complied with the injunction.

D. That, pursuant to 15 U.S.C. § 1117, Hasbro be awarded up to three times MGA's profits or Hasbro's damages, in an amount to be determined at trial, together with prejudgment interest.

E. That Hasbro be awarded its damages pursuant to the common law.

F. That this be declared to be an "exceptional case" under § 35(a) of the Lanham Act, 15 U.S.C. § 1117, and awarding Hasbro its reasonable attorneys fees and full costs.

G. That Hasbro be awarded any other remedy to which it may be entitled pursuant to the Lanham Act and Rhode Island statutory and common law.

H. For such other and further relief as the Court deems just and proper.

Hasbro demands trial by jury of all issues so triable.

Dated: May 26, 2006

Respectfully submitted,
HASBRO, INC.
By its attorneys,

Joseph Avanzato [# 4774]
Jeffrey K. Techentin [# 6651]
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903
(401) 274-7200
Attorneys for Plaintiff Hasbro, Inc.

Of Counsel

Kim J. Landsman
Michael D. Sant'Ambrogio
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
(212) 336-2000