UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC.,<br><br>Defendant. | |
| MGA ENTERTAINMENT, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>HASBRO, INC.,<br><br>Counterclaim-defendant. | **C.A. No. 06-262 S** |

**ANSWER OF DEFENDANT MGA ENTERTAINMENT, INC. TO COMPLAINT AND COUNTERCLAIM OF MGA ENTERTAINMENT, INC. AGAINST COUNTERCLAIM-DEFENDANT HASBRO, INC.**

For its ANSWER to the COMPLAINT by plaintiff Hasbro, Inc. ("**Hasbro**"), defendant MGA Entertainment, Inc. ("**MGA**") states as follows and based thereon requests that judgment be entered on the COMPLAINT in its favor and against Hasbro.

## Introduction

1. In response to paragraph 1 of the COMPLAINT, MGA admits that it sells a three-dimensional, molded plastic game called Spiderman & Friends MEMORY MATCH-UP, but denies that it has committed any acts of "blatant" trademark infringement or unfair competition. MGA admits that Hasbro filed this lawsuit for alleged trademark infringement and unfair competition, in which it seeks injunctive relief and damages, but MGA denies that it has committed any acts of trademark infringement or unfair competition, or that it is subject to any claims for injunctive relief or damages, and denies any liability to Hasbro. Except as so admitted, MGA denies the remaining averments of paragraph 1 of the COMPLAINT.

## Parties And Jurisdiction

2. In response to paragraph 2 of the COMPLAINT, MGA is informed and believes that Hasbro was and is a corporation organized and existing under the laws of the State of Rhode Island, with its headquarters and principal place of business located in Pawtucket, Rhode Island, and that Hasbro is a recognized designer, manufacturer, and marketer of toys, games, puzzles, and other products. Except as so admitted, MGA denies the remaining averments of paragraph 2 of the COMPLAINT.

3. In response to paragraph 3 of the COMPLAINT, MGA admits that it is a corporation duly organized and existing under the laws of California and that it has a principal place of business in Van Nuys, California. MGA further admits that it manufactures, markets, and sells games and toys, including the accused product, which is a three-dimensional, molded

plastic game which MGA has called MEMORY MATCH-UP. Because Hasbro has not expressly defined "MEMORY MATCH-UP GAME" in its COMPLAINT and because paragraph 3 of the COMPLAINT suggests that Hasbro may be implicitly defining "MEMORY MATCH-UP GAME" differently than the three-dimensional, molded plastic game marketed by MGA, except as so admitted, MGA denies the remaining averments of paragraph 3 of the COMPLAINT.

4. In response to paragraph 4 of the COMPLAINT, the allegations constitute conclusions of law to which no response is required. To the extent a response is required, MGA admits that this Court has subject matter jurisdiction over this matter, but MGA denies that it has committed any acts of trademark infringement or unfair competition. MGA lacks knowledge or information sufficient to form a belief as to the truth of the averments as to the amount in controversy exceeding $75,000 and, accordingly, denies such averments.

5. In response to paragraph 5 of the COMPLAINT, MGA admits that it advertises and sells its three-dimensional, molded plastic game called MEMORY MATCH-UP in the U.S. and Rhode Island and that MGA does business in Rhode Island. Except as so admitted, MGA denies the remaining averments of paragraph 5 of the COMPLAINT.

**Hasbro's Two-Dimensional**
**Memory Card Games And Purported Trademark**

6. In response to paragraph 6 of the COMPLAINT, MGA admits that Hasbro is distributor of games in the U.S. MGA lacks knowledge or information sufficient to form a belief as to the truth of the other averments in paragraph 6 of the COMPLAINT and, accordingly, denies such averments.

7. In response to paragraph 7 of the COMPLAINT, MGA admits that **Exhibit 1** purports to be a copy of U.S. Registration No. 834,282 that on its face identifies the purported mark as MEMORY (in a stylized form), registered for use only with "*equipment comprising*

*cards with many matching pairs of designs for playing a matching card game*", the register as the Principal Register, the registration date as August 29, 1967, and the owner as Milton Bradley Company, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in the first two sentences of paragraph 7 of the COMPLAINT and, accordingly, denies such averments. MGA admits that **Exhibit 2** purports to be a copy of U.S. Registration No. 2,894,970 that on its face identifies the purported mark as MEMORY (not in a stylized form), registered for use only with "*card matching games*", and that **Exhibit 2** identifies the registration date as October 19, 2004. MGA denies that samples of packaging are attached to the COMPLAINT. Except as expressly admitted, MGA lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 7 of the COMPLAINT and, accordingly, denies such averments.

8. In response to paragraph 8 of the COMPLAINT, MGA admits that Hasbro's game is a card game and that Hasbro has accurately described the play pattern of its card game.

9. In response to paragraph 9 of the COMPLAINT, MGA admits that after Hasbro sent notice to MGA that it objected to MGA's MEMORY MATCH-UP game, MGA investigated and determined that Hasbro sells some themed memory card games. MGA lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 9 of the COMPLAINT and, accordingly, denies such averments.

10. In response to paragraph 10 of the COMPLAINT, MGA denies that Hasbro and Milton Bradley have made exclusive use of the term "memory" in connection with card games and other products. MGA lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 10 of the COMPLAINT and, accordingly, denies such averments.

**MGA's Use Of Memory**
**Match-Up For A Purportedly Similar Game**

11. In response to paragraph 11 of the COMPLAINT, MGA admits that it currently markets, distributes, and sells in the United States a three-dimensional, molded plastic game called MEMORY MATCH-UP. MGA further admits that **Exhibit 4** appears to be a copy of the front and back of packaging for MGA's three-dimensional, molded plastic game.

12. In response to paragraph 12 of the COMPLAINT, MGA admits that the composite MEMORY MATCH-UP phrase is clearly visible on its packaging. MGA denies the remaining averments of paragraph 12 of the COMPLAINT.

13. MGA denies the averments of paragraph 13 of the COMPLAINT.

**First Claim For Relief**
**(Alleged Trademark Infringement)**

14. In response to paragraph 14 of the COMPLAINT, MGA incorporates its responses set forth in paragraphs 1-13 herein.

15. In response to paragraph 15 of the COMPLAINT, MGA admits that Hasbro has not given MGA a license, nor has MGA requested a license, to use Hasbro's purported name and mark MEMORY as part of the composite phrase MEMORY MATCH-UP.

16. MGA denies the averments of paragraph 16 of the COMPLAINT.

17. MGA denies the averments of paragraph 17 of the COMPLAINT.

18. MGA admits that Hasbro has notified MGA of its purported concerns, and that MGA is still selling its MEMORY MATCH-UP product, which MGA denies infringes any rights held by Hasbro or constitutes unfair competition. MGA denies the remaining averments of paragraph 18 of the COMPLAINT.

19. MGA denies the averments of paragraph 19 of the COMPLAINT.

20. MGA denies the averments of paragraph 20 of the COMPLAINT.

**Affirmative Defenses To First Claim For Relief**

1. The COMPLAINT, and each and every claim for relief set forth therein, fails to state a claim upon which relief can be granted.

2. MGA has not committed and is not now committing federal or common law trademark infringement or unfair competition arising from MGA's use of the composite phrase MEMORY MATCH-UP for its three-dimensional, molded plastic game.

3. There is no likelihood of confusion arising from MGA's use of the composite phrase MEMORY MATCH-UP for its three-dimensional, molded plastic game.

4. Hasbro's purported unitary MEMORY marks and the registrations therefor are invalid because the unitary term "memory" is generic for the type of game in connection with which Hasbro uses the term, and generic words can never function as trademarks.

5. If Hasbro's purported unitary MEMORY marks are not deemed to be generic, then the purported marks and the registrations therefor are nonetheless invalid because the unitary term "memory" is descriptive of the nature, use, or characteristics of the type of game it references, and there is no secondary meaning arising from Hasbro's use of that term, particularly in connection with games other than card games, and particularly given the widespread, uncontrolled, descriptive use of the term in the marketplace.

6. Hasbro has abandoned and/or waived any alleged rights it has in its purported unitary MEMORY marks, or has acquiesced in MGA's use of the composite phrase MEMORY MATCH-UP, by ceasing use of the particular design-formatted purported mark,

failing to police its alleged rights in the purported marks, allowing others to use the purported marks without exercising control over the quality of the goods with which the term is being used, and by allowing others to register trademarks for games and toys containing the term "memory".

7. Hasbro's claims are barred by the equitable doctrines of laches, estoppel, acquiescence, and/or unclean hands.

8. Hasbro's purported unitary MEMORY marks are weak. The distinctiveness and strength of its use of the word "memory" is diluted because the marketplace is crowded with so many other uses of the term "memory" in the titles and descriptions of products. Among those uses are instances where "memory" is used in the titles and descriptions of games, *including card games*, with which Hasbro's use is co-existing without apparent confusion.

9. Hasbro's COMPLAINT, and each purported claim for relief alleged therein, fails to allege facts sufficient to allow the recovery of exemplary damages, profits, or attorneys' fees from MGA.

10. Hasbro is not entitled to increased or enhanced damages or profits because any alleged infringement or unfair competition by MGA, which MGA denies, was not and is not willful.

11. Hasbro is not entitled to attorneys' fees because any alleged infringement or unfair competition by MGA, which MGA denies, was not and is not willful.

12. MGA reserves the right to add additional defenses, including affirmative defenses, as they may become known during the course of discovery, and hereby specifically reserves the right to amend its ANSWER to allege such defenses as they become known.

WHEREFORE, defendant MGA Entertainment, Inc. demands judgment on the First Claim for Relief of the COMPLAINT in its favor and against plaintiff Hasbro, Inc. and an award of costs and reasonable attorneys' fees.

**Second Claim For Relief**
**(Alleged Common Law Trademark Infringement**
**And Unfair Competition)**

21. In response to paragraph 21 of the COMPLAINT, MGA incorporates its responses set forth in paragraphs 1-13, 15, 18, 19, and 20 herein.

22. MGA denies the averments of paragraph 22 of the COMPLAINT.

**Affirmative Defenses To Second Claim For Relief**

1. Affirmative Defenses 1-12, above, stated in response to Count I are incorporated by reference herein.

WHEREFORE, defendant MGA Entertainment, Inc. requests judgment on the Second Claim for Relief of the COMPLAINT in its favor and against plaintiff Hasbro, Inc. and an award of costs and reasonable attorneys' fees.

Defendant,
MGA ENTERTAINMENT, INC.
By its attorneys,

BROOKS R. MAGRATTEN, R.I. Bar ID #3585
GEORGE E. LIEBERMAN, R.I. Bar ID #3860
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Telephone: (401) 421-3060
Facsimile: (401) 272-6803
E-mail: bmagratten@vetterandwhite.com
glieberman@vetterandwhite.com

Of Counsel:

KENT R. RAYGOR, *pro hac vice* application to be submitted
JANENE P. BASSETT, *pro hac vice* application to be submitted
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
E-mail: kraygor@sheppardmullin.com
jbassett@sheppardmullin.com

## COUNTERCLAIM OF MGA ENTERTAINMENT, INC.

For its COUNTERCLAIM against counterclaim-defendant Hasbro, Inc. (**"Hasbro"**), counterclaimant MGA Entertainment, Inc. (**"MGA"**) avers the following.

### The Parties

1. At all times pertinent to this action, counterclaimant MGA was and is a corporation organized and existing under the laws of the State of California, with its only principal place of business located in the County of Los Angeles, California.

2. MGA is informed and believes that, at all times pertinent to this action, counterclaim-defendant Hasbro was and is a corporation organized and existing under the laws of the State of Rhode Island, with its only principal place of business located in Pawtucket, Rhode Island.

### Jurisdiction And Venue

3. The Court has jurisdiction over this COUNTERCLAIM pursuant to the LANHAM ACT, 28 U.S.C. §§ 1051, *et seq.*; 28 U.S.C. § 1338; and 28 U.S.C. § 1332(a)(1) because plaintiff MGA and defendant Hasbro are citizens of different States and the amount in controversy exceeds $75,000.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and because Hasbro has consented to venue in this district by filing its COMPLAINT here.

### Count I
### (Declaratory Relief)

5. MGA realleges each and every allegation set forth in paragraphs 1-4 above, and incorporates them herein by this reference.

6. This COUNTERCLAIM arises from an actual and justiciable controversy between Hasbro and MGA as to alleged federal and common law trademark infringement and unfair competition, for which Hasbro has sued MGA and which MGA denies, and is brought pursuant to the FEDERAL DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201 and 2202.

**Hasbro's Memory Game**

7. Hasbro markets a two-dimensional card game that consists of pairs of playing cards. In the game, the first of multiple players places the cards face-down on a surface, and then turns over two cards at a time to determine if a match is made. If a match is not made, then the cards are returned to a face-down position, the first player tries to remember what was on the now face-down cards, and the next player then turns over two cards and, testing his or her memory, tries to find two cards that match. The game continues until all matching pairs are found. Hasbro calls the game the "memory game". The memory game has a long history not associated with Hasbro, and was known as the "memory" game long before Hasbro started calling its card game the "memory game".

8. The following are photographs of the box for and contents of one of Hasbro's memory games:





Hasbro's use of MEMORY on its games is in a consistent, particular design format with the word "pinched" in the middle and the beginning "M" and ending "Y" being much taller than the middle letters, and the word GAME appearing underneath. The following are samples of how Hasbro uses the term on the boxes for its two-dimensional card games:









MEMORY

**Hasbro's Trademark Registrations**

9. Hasbro holds two "memory"-related trademark registrations, registered with the U.S. Patent and Trademark office ("USPTO"):

- Reg. No. 834,282, for the unitary word MEMORY in a particular design format:
  memory
  Filed on May 2, 1966; registered on August 29, 1967
  Registered for use only with "*equipment comprising cards with many matching pairs of designs for playing a matching card game*"
  Registered by Milton Bradley, but later assigned to Hasbro

- Reg. No. 2,894,970, for the unitary word MEMORY (not in a stylized design format)
  Filed on November 4, 2003; registered on October 19, 2004
  Registered for use only with "*card matching games*"

Hasbro is suing MGA for infringement of both registrations. MGA, however, is informed and believes that Hasbro has ceased using or otherwise abandoned rights to the unitary term MEMORY in the particular design format listed first above.

Hasbro at one time also held the following registration:

- Reg. No. 1,699,891, for the composite phrase SPIN & MATCH MEMORY
  Filed on January 14, 1991; registered on July 7, 1992
  Registered for use only with "*equipment sold as a unit for playing a parlor type game*"

That registration, however, was canceled in 2003 because Hasbro did not file any evidence that it was still using the phrase and did not renew the registration. As shown immediately above, the only "memory"-related trademark registrations currently held by Hasbro are for the unitary word

MEMORY for use only with *card matching games* or *equipment comprising cards with many matching pairs of designs for playing a matching card game.*

**<u>Hasbro's Failure To Disclose To The USPTO That It Is Operating Under A License</u>**

10. MGA has purchased samples of various versions of Hasbro's memory games. The boxes for the games contain the following statements:

- "©2001 . . . MEMORY brand games manufactured by Hasbro under license from Ravensburger AG." [from a *Toy Story*-themed memory game]
- "©1999 . . . Manufactured by Hasbro under license from Ravensburger AG." [from a *Pooh*-themed memory game]
- "©2002 . . . MEMORY games manufactured by Hasbro under license from Ravensburger AG." [from a *Disney* character-themed memory game]
- "©2003 . . . MEMORY games manufactured by Hasbro under license from Ravensburger AG." [from a *My Little Pony*-themed memory game]
- "©2003 . . . MEMORY games manufactured by Hasbro under license from Ravensburger AG." [from a *Blues Clues*-themed memory game]
- "©2004 . . . MEMORY Games manufactured by Hasbro under license from Ravensburger AG." [from a *Dora the Explorer*-themed memory game]
- "©2004 . . . MEMORY games manufactured by Hasbro under license from Ravensburger AG." [from a *Disney Princess*-themed memory game]
- "©2005 . . . MEMORY games manufactured by Hasbro under license from Ravensburger AG." [from an "Original"-labeled memory game]

Yet Hasbro's November 3, 2003 application to register the word mark MEMORY with the USPTO never mentions that Ravensburger license. On the contrary, Hasbro's Senior Vice President, Barry Nagler, submitted a declaration to the USPTO in which he stated, under oath, that "he believes [Hasbro] to be the owner of the trademark/service mark sought to be registered", and that "to the best of his knowledge and belief no other person, firm, corporation,

or association has the right to use the mark in commerce". A true and correct screen print of the relevant portion of that declaration is reproduced below:

DECLARATION

Barry Nagler, Senior Vice President of applicant corporation, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and that such willful false statements may jeopardize the validity of the application or any resulting registration, declares that he is properly authorized to execute this application on behalf of the applicant; he believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. 105(b), 1126(d) or 1126(e), he believes applicant to be entitled to use such mark in commerce; to the best of his knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his own knowledge are true and all statements made on information and belief are believed to be true.

In light of the statements listed above contained on Hasbro's packaging before, during, and after the prosecution of Hasbro's application to register a word mark for MEMORY for use with "*card matching games*" (which ultimately issued as Reg. No. 2,894,970), those statements appear to be false.

11. In addition, trademark applicants are required to submit to the USPTO a specimen of the use that is being made of the mark sought to be registered. In this case, Hasbro only submitted the following photograph of the side of its 2003 *My Little Pony*-themed box in support of its application:

MEMORY

Hasbro failed to submit the back of the box, which contained the following statement: "©2003 . . . MEMORY games manufactured by Hasbro under license from Ravensburger AG". Under Section 1 of the LANHAM ACT (28 U.S.C. § 1051), only the *owner* of a trademark being used in commerce may request registration of the mark. Pursuant to 37 C.F.R. § 2.71(d), if someone other than the applicant owns the mark as of the application date, then the application is *void*. *See also* the TRADEMARK MANUAL OF EXAMINING PROCEDURE § 1201.02(b). Based on the above-quoted text appearing on the boxes for Hasbro's memory games, on information and belief if Ravensburger was the owner and licensed the use of the term to Hasbro, or to Hasbro's predecessor Milton Bradley, then Hasbro should not have represented to the USPTO that it was the owner and exclusive user of the purported mark and any such statement was false.

**MGA's Three-Dimensional Memory Match-Up Game**

12. MGA does not market a card matching game. It also does not use the unitary mark MEMORY. Instead, MGA markets a three-dimensional, molded plastic game that consists of a plastic game board, molded three-dimensional plastic figures that come in two halves that snap together (a top half and a bottom half), and cups that are placed over the figures to hide them from view. The figures are disassembled and placed on the plastic game board. The cups are them placed over each half-figure. The players, by picking up two cups at a time, then try to find the matching top and bottom halves of a figure. If a player uncovers both correct halves, then he or she assembles them and tries to find additional matching halves of other

figures. The following are photographs of the various parts of the MGA game (the Spiderman & Friends characters used in the game are licensed from Marvel):







1
2
3
4
5
6
7
8
9
10







**MGA's Use Of "Memory"**

13. Unlike Hasbro, MGA does not use just the word "memory". Instead, MGA uses the composite phrase MEMORY MATCH-UP. It uses it in a font and format that is different than how Hasbro uses its unitary term. Hasbro's use of MEMORY is in a consistent, particular design format with the word "pinched" in the middle and the beginning "M" and ending "Y" being much taller than the middle letters. Hasbro's "M"s have no vertical element, while MGA's "M"s do. Hasbro's "R" has a straight lower-right leg, while MGA's is curved. Hasbro's "E" is elongated, while MGA's is almost as wide as it is tall. MGA's font is shadowed, while Hasbro's is not. The best that can be said is that both companies use capital letters.

14. MGA's MEMORY MATCH-UP game also does not look the same on store shelves compared to other manufacturers' memory games. Attached hereto as **EXHIBIT A** are photographs of how MGA's game would appear on store shelves with five other memory games, two of which (the *Dora the Explorer* and *Blues Clues*-themed games) are from Hasbro.

**MGA's And Hasbro's Use Of Marvel Characters**

15. MGA obtained a license from Marvel to use the Spiderman & Friends characters, and Marvel has approved MGA's MEMORY MATCH-UP game. *After* MGA obtained that license, Hasbro also got a license from Marvel to use the Spiderman & Friends characters. In connection with the prosecution of this lawsuit, and after MGA had already released its Spiderman & Friends MEMORY MATCH-UP game, Hasbro informed MGA that Hasbro intends to now offer its own Spiderman & Friends "memory" game.

**Widespread Third-Party Use Of "Memory" For Card Matching And Related Games**

16. Attached hereto as **EXHIBIT B** are copies of over 140 examples of public, third-party use by persons other than Hasbro of the term "memory" in connection with

card matching and related games. That evidence was collected by MGA on June 17-18, 2006. Attached hereto as **EXHIBIT C** is a copy of a card game called MEMORY GAME by Geoffrey Inc. that MGA purchased at Toys 'R' Us after Hasbro complained to MGA. Attached hereto as **EXHIBIT D** is a copy of an *Angelina*-themed card game called MATCH AND DANCE MEMORY GAME by Sababa Toys that MGA purchased at Target after Hasbro complained to MGA. There is a great deal more such evidence of third-party use.

17. Attached hereto as **EXHIBIT E** are copies of a trademark search report dated May 31, 2006 reflecting efforts to register the use of the term MEMORY in connection with games. The following are particularly pertinent U.S. references:

- MATCHING, MIXING **MEMORY** FUN!
  By Mattel, for use with, among other things, card games
  Published for opposition, Hasbro did not oppose, statement of present use in commerce filed, and the USPTO has approved it for issuance

- MEMORY LANE
  Published for opposition, Hasbro did not oppose, registered in 2005 for use with, among other things, card games

- MAKING MEMORIES TOGETHER
  Registered in 1999, for use with playing board games

- MEMORY MATCHING MONKEYS
  Published for opposition, Hasbro did not oppose, registered in 2005 for use with, among other things, a game board with moveable magnetic pieces

18. Attached hereto as **EXHIBIT F** is a copy of a list of 72 records found in a search of the USPTO's database for registrations for marks or applications to register marks containing the word MEMORY in International Class 28 (toys and games). Of those, applications to register PAW PRINT MEMORY BEARS, EMOTION MEMORY, THANKS FOR THE MEMORY, FRAME A MEMORY, MEMORY GRIP, MEMORY BEARS, MUSCLE MEMORY, THANKS FOR THE MEMORY, MEMORY MADNESS, MEMORY

MATCH, MEMORYMAN, COLOR-ME MEMORY CRAYON, DYNAMIC MEMORY, MOVIE MEMORY, MEMORY MANIA, MEMORY DOLLS, MEMORY-GEL, SWING MEMORY, MEMORY LOK, MEMORY BANK, MEMORY FOAM BY CECILE, MEMORY PUTT, SWEET MEMORY, and MEMORY BALLS were filed *before* Hasbro filed its application to register the unitary word MEMORY (which ultimately issued as Reg. No. 2,894,970) and proceeded to registration. Applications to register MEMORY MATCHING MONKEYS, MEMORY LANE MODELS, BIBLE MEMORY BUGS, BIBLE MEMORY BUDDY, BIBLE MEMORY BUDDIES, and MEMORY LANE were all filed *after* Hasbro applied to register its purported mark and proceeded to registration.

**Hasbro's Delay In Asserting Its Claims**

19. Hasbro has known or should have known about MGA's use since at least as early as mid-2005. In or about June 2005, MGA's MEMORY MATCH-UP product was displayed to buyers in so-called "planograms" where the product was accessible to Hasbro sales persons, due to the fact that, on information and belief, such persons were "category managers" for such items. These "planograms" are displays of how products, including Hasbro's and MGA's, will be displayed in particular stores. Hasbro never objected to MGA's MEMORY MATCH-UP product in connection with those planograms or displays, which, on information and belief, would have been seen by Hasbro personnel at different times during the summer of 2005, long before initial sales of the product to the public. MGA's MEMORY MATCH-UP product first appeared on store shelves in the U.S. in or about December 2005. Those first sales were open and notorious. Hasbro, however, delayed making any objection to MGA until over almost a year after MGA's product was first displayed and almost five months after it was first

seen on store shelves. On or about April 20, 2006, Hasbro first contacted MGA about MGA's MEMORY MATCH-UP product. Hasbro then delayed filing suit until May 26, 2006.

**MGA Responded To Hasbro's Concerns**

20. As soon as Hasbro raised its concerns, MGA investigated and responded. Attached hereto as **EXHIBIT G** is a true and correct copy of MGA's response sent on April 24, 2006. Among other things, MGA disputed Hasbro's claim to the alleged exclusive right to use the term "memory" in connection with games. In response, and after further exchanges of correspondence and discussions, Hasbro filed this suit. In its COMPLAINT, Hasbro objected for the first time to MGA's use of the phrase "All the fun of the Classic Memory Matching Game" on MGA's website. Upon seeing Hasbro's COMPLAINT, MGA removed the phrase from its website, despite the fact that many manufacturers refer to their memory games as "the classic memory game". *See* **EXHIBIT B** hereto. MGA also removed the "TM" designation to which Hasbro had objected. Despite these changes, Hasbro thereafter served the COMPLAINT on MGA, but failed to correct its pleading.

21. Despite the clear, public evidence of extensive third-party use of the term "memory" by third parties in connection with matching-type games, the genericness of the term "memory" when used in connection with the type of game with which Hasbro uses the term, the descriptiveness of the term without the acquisition of secondary meaning when applied to games of the sort to which Hasbro applies the term, Hasbro's failure to police its alleged rights in the purported marks, Hasbro's misstatements to the USPTO, Hasbro's abandonment of any purported trademark rights it has in the term, Hasbro's undue delay in asserting its claims, Hasbro's failure to acknowledge that MGA has changed some of the uses of which Hasbro complained, the clear differences between Hasbro's use of the unitary word MEMORY and MGA's use of the

composite phrase MEMORY MATCH-UP, the clear differences in the packaging for the two companies' respective games, and the clear differences in the games themselves (one is a two-dimensional card game while the other is a three-dimensional molded plastic figures game), Hasbro continues to press its claims against MGA. MGA is informed and believes that Hasbro is doing this for an improper purpose and engaging in trademark misuse and unfair competition, for the purpose of seeking to force MGA's pre-existing use of its Marvel-licensed Spiderman & Friends game out of the marketplace so that Hasbro can launch its own Marvel-licensed Spiderman & Friends game without perceived competition from MGA. Such actions constitute nonprivileged, anti-competitive conduct and, among other things, violates the Rhode Island UNFAIR TRADE PRACTICE AND CONSUMER PROTECTION ACT, R.I.G.L. §6-13-1-1, *et seq.*

**Declarations Sought**

22. MGA seeks the following declarations from the Court.

23. MGA has not committed and is not now committing federal or common law trademark infringement or unfair competition arising from MGA's use of the composite phrase MEMORY MATCH-UP for its three-dimensional, molded plastic game.

24. There is no likelihood of confusion arising from MGA's use of the composite phrase MEMORY MATCH-UP for its three-dimensional, molded plastic game.

25. Hasbro's purported unitary MEMORY marks and the registrations therefor are invalid because the unitary term "memory" is generic for the type of game in connection with which Hasbro uses the term, and generic words can never function as trademarks.

26. If Hasbro's purported unitary MEMORY marks are not deemed to be generic, then the purported marks and the registrations therefor are nonetheless invalid because the unitary term "memory" is descriptive of the nature, use, or characteristics of the type of game

it references, and there is no secondary meaning arising from Hasbro's use of that term, particularly given the widespread, uncontrolled, descriptive use of the term in the marketplace.

27. Hasbro has abandoned and/or waived any alleged rights it has in its purported unitary MEMORY marks, or has acquiesced in MGA's use of the composite phrase MEMORY MATCH-UP, by ceasing use of the particular design-formatted purported mark, failing to police its alleged rights in the purported marks, allowing others to use the purported marks without exercising control over the quality of the goods with which the term is being used, and by allowing others to register trademarks for games and toys containing the term "memory".

28. Hasbro's claims are barred by the equitable doctrines of laches, estoppel, acquiescence, and/or unclean hands.

29. Hasbro's purported unitary MEMORY marks are weak. The distinctiveness and strength of its use of the word "memory" is diluted because the marketplace is crowded with so many other uses of the term "memory" in the titles and descriptions of products. Among those uses are instances where "memory" is used in the titles and descriptions of games, *including card games*, with which Hasbro's use is co-existing without apparent confusion.

WHEREFORE, counterclaimant MGA Entertainment, Inc. requests the following:

A. That the Court enter a judgment declaring that its use of the composite phrase MEMORY MATCH-UP for its three dimensional, molded plastic game does not constitute federal or common law trademark infringement or unfair competition in connection with Hasbro's use of the unitary term MEMORY;

B. That the Court make a declaratory judgment stating the matters set forth in paragraphs 23 through 29, above;

C. That the Court issue a preliminary and permanent injunction barring Hasbro and all persons in active participation with it from (1) threatening MGA or its employees concerning MGA's use of the composite phrase MEMORY MATCH-UP, (2) telling third parties, and in particular any customers or potential customers of MGA's products, that Hasbro has the exclusive right to use the term "memory" in connection with games, or that MGA does not have the right to use that term in connection with games, and (3) interfering with MGA's contractual relationships and prospective economic advantage;

D. That the Court award MGA its attorneys' fees incurred in this action, as an exceptional case pursuant to 28 U.S.C. § 1117(a);

E. That the Court award MGA Entertainment, Inc. its costs of suit incurred in this action; and

F. For such other and further relief as the Court may deem just and proper.

**Count II**
**(Cancellation Of Federal Trademark Registrations)**

30. MGA realleges each and every allegation set forth in paragraphs 1-29 above, and incorporates them herein by this reference.

31. MGA is informed and believes that Hasbro has abandoned its rights in the purported unitary MEMORY mark registered (U.S. Trademark Reg. No. 834,282) in a particular stylized design format and for use only with "*equipment comprising cards with many matching pairs of designs for playing a matching card game*". MGA is informed and believes that Hasbro has discontinued use of that purported mark with an intent not to resume use of the mark, as shown by nonuse for three or more consecutive years. MGA is informed and believes that Hasbro has failed to police its alleged rights in the purported mark, allowed others to use the purported mark without exercising control over the quality of the goods with which the term is

being used, and allowed others to register trademarks for games and toys containing the term "memory". MGA seeks an order from this Court pursuant to 15 U.S.C. § 1119 canceling Hasbro's registration for that purported mark because the purported mark has been abandoned. In addition, the use of the word "memory" in connection with a game such as that with which Hasbro uses the term has become generic and therefore the term cannot function as a trademark in that context. Alternatively, even if the term "memory", as applied to the games to which Hasbro applies the term, is deemed to potentially be capable of functioning as a mark, the descriptiveness of Hasbro's use of the term in such a manner, coupled with a failure of the term to acquire secondary meaning, renders the term invalid as a trademark. For both of these additional reasons, MGA seeks an order from this Court pursuant to 15 U.S.C. § 1119 canceling Hasbro's registration.

32. MGA is informed and believes that Hasbro has abandoned its rights in the purported unitary MEMORY mark registered (U.S. Trademark Reg. No. 2,894,970) for use only with "*card matching games*". MGA is informed and believes that Hasbro has failed to police its alleged rights in the purported mark, allowed others to use the purported mark without exercising control over the quality of the goods with which the term is being used, and allowed others to register trademarks for games and toys containing the term "memory", not to mention allowing others to use the term "memory" in connection with adult-themed memory games. MGA seeks an order from this Court pursuant to 15 U.S.C. § 1119 canceling Hasbro's registration for that purported mark because the purported mark has been abandoned. In addition, the use of the word "memory" in connection with a game such as that with which Hasbro uses the term has become generic and therefore the term cannot function as a trademark in that context. Alternatively, even if the term "memory", as applied to the games to which Hasbro applies the

term, is deemed to potentially be capable of functioning as a mark, the descriptiveness of Hasbro's use of the term in such a manner, coupled with a failure of the term to acquire secondary meaning, renders the term invalid as a trademark. For both of these additional reasons, pursuant to 15 U.S.C. § 1119 MGA seeks an order from this Court canceling Hasbro's registration.

WHEREFORE, counterclaimant MGA Entertainment, Inc. requests the following:

A. That the Court enter a judgment ordering the cancellation of U.S. Trademark Registration No. 834,282;

B. That the Court enter a judgment ordering the cancellation of U.S. Trademark Registration No. 2,894,970;

C. That the Court award MGA Entertainment, Inc. its attorneys' fees incurred in this action, as an exceptional case pursuant to 28 U.S.C. § 1117(a);

D. That the Court award MGA Entertainment, Inc. its costs of suit incurred in this action;

E. That the Court find that Hasbro's conduct constitutes unfair competition under Rhode Island law, including under the Rhode Island UNFAIR TRADE PRACTICE AND CONSUMER PROTECTION ACT, R.I.G.L. §6-13-1-1, *et seq.*; and

F. For such other and further relief as the Court may deem just and proper.

Counterclaimant,
MGA ENTERTAINMENT, INC.
By its attorneys,

BROOKS R. MAGRATTEN, R.I. Bar ID #3585
GEORGE E. LIEBERMAN, R.I. Bar ID #3860
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Telephone: (401) 421-3060
Facsimile: (401) 272-6803
E-mail: bmagratten@vetterandwhite.com
glieberman@vetterandwhite.com

Of Counsel:

KENT R. RAYGOR, *pro hac vice* application to be submitted
JANENE P. BASSETT, *pro hac vice* application to be submitted
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
E-mail: kraygor@sheppardmullin.com
jbassett@sheppardmullin.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of June, 2006, I had mailed by U.S. Mail, first class, postage prepaid, a true copy of the within Answer to Joseph Avanzato, Esq., Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903-1345 and Kim J. Landsman, Esq., Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, New York 10036-6710.

[signature]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| HASBRO, INC., Plaintiff, | : | |
| v. | : | |
| MGA ENTERTAINMENT, INC., Defendant. | : | |
| **** | | C.A. No: 06-262S |
| MGA ENTERTAINMENT, INC., Counterclaimant, | : | |
| v. | : | |
| HASBRO, INC., Counterclaim-defendant. | : | |

**CERTIFICATE OF SERVICE**

The Answer and Counterclaim of MGA Entertainment, Inc. (with color photographs included with the pleading and without exhibits) was today and the Answer and Counterclaim (with color exhibits) was yesterday served upon:

Joseph Avanzato, Esq.,
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Kim J. Landsman, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710

[signature]