UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC., Plaintiff, - against - MGA ENTERTAINMENT, INC., Defendant. | C.A. No. 06-262S |

**PLAINTIFF HASBRO, INC.'S**
**FIRST SET OF REQUESTS TO DEFENDANT**
**FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Rhode Island, Plaintiff Hasbro, Inc. ("Hasbro"), by its undersigned counsel, hereby requests that defendant produce for inspection and copying the documents and things requested below at such time as the parties agree or the Court orders, but in any event in sufficient time to prepare for the hearing on Hasbro's request for a preliminary injunction and recall:

**DOCUMENTS AND THINGS REQUESTED**

1. Two samples of all MEMORY MATCH-UP products and any others sold or intended to be sold by MGA that bear a name or mark that includes the word "memory."

2. All documents concerning the conception, selection, or decision by MGA to use MEMORY MATCH-UP or otherwise use the word "memory" as all or part of the name of a game, including but not limited to (a) any trademark search(es) conducted, and (b) any

comments or opinions, from representatives of MGA or otherwise, concerning whether anyone else had used or might have rights to the word "memory" in connection with a game, or recommending that MGA use or not use the name "MEMORY MATCH-UP" or otherwise use the word "memory" as all or part of the name.

3. All documents concerning the design of the packaging of MGA's "MEMORY MATCH-UP" game.

4. All documents concerning the substance or intent of MGA's advertising, marketing, and promotion of the"MEMORY MATCH-UP" game, including but not limited to (a) copies of any actual or draft advertisements, website, promotional or marketing materials; (b) any communications or other documents concerning the marketing or promotion of MGA's "MEMORY MATCH-UP" game; and (c) documents concerning any business, marketing or media plans or the like prepared by or for MGA referring or relating to any product bearing the words "MEMORY MATCH-UP."

5. Documents sufficient to show the dates on which all products bearing the "MEMORY MATCH-UP" mark were shipped, the quantities that were shipped, and to whom the products were shipped.

6. Documents sufficient to show actual and projected sales (by units and revenues) of and profits from the "MEMORY MATCH-UP" game.

7. All documents or things that refer to Hasbro's MEMORY® game or trademark.

8. All documents or things that MGA contends constitute third-party use of the word "memory" as all or part of a trademark in connection with a game.

9. All other documents that concern any actual or potential confusion or

likelihood of confusion between the "MEMORY MATCH-UP" game and Hasbro or its MEMORY® game, including but not limited to, all documents concerning letters or other communications or notations of communications from actual or potential consumers evidencing actual or potential confusion or the likelihood of confusion or referring to Hasbro or its MEMORY® mark.

10. All documents concerning the decision to refer to the "Classic Memory" game in promoting the MEMORY MATCH-UP game on the MGA website, and other references to the "Classic Memory" game, and the subsequent decision to take the reference off the website.

11. To the extent that MGA does not admit that the channels of trade for its MEMORY MATCH-UP game are identical to those of Hasbro's Memory game, documents sufficient to show the retailers, websites, and other entities that sell the MEMORY MATCH-UP game to the public.

12. To the extent that MGA does not admit that the target market for its MEMORY MATCH-UP game is identical to that for Hasbro's Memory game, documents sufficient to show the target market for the MEMORY MATCH-UP game.

## DEFINITIONS AND INSTRUCTIONS

A. "Plaintiff" or "Hasbro" shall refer to Hasbro, Inc. and to any and all agents, representatives, employees, attorneys, accountants, and all the persons or entities acting or purporting to act on Hasbro's behalf or under its control, or any one of the foregoing.

B. "Defendant" or "MGA" shall refer to MGA Entertainment, Inc. and to any and all agents, representatives, employees, attorneys, accountants, and all the persons or entities acting or purporting to act on MGA's behalf or under its control, or any one of the foregoing.

C. The term "MGA's 'MEMORY MATCH-UP' mark" is defined as any and all uses or intended uses by MGA in connection with goods or services of the words "MEMORY

MATCH-UP" or "Memory".

D. The term "Hasbro's MEMORY® mark" is defined as any and all uses or intended uses by Hasbro in connection with goods or services of the word "memory".

E. The term "person" is defined as any natural person or any business, corporation, partnership, legal or governmental entity or association.

F. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

G. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including but not limited to any written, graphic or recorded material of any kind or nature, whether drafts, originals or non-identical copies (including without limitation, audio or video tapes, cartridges, graphic matter, computer tape, computer discs or any other computer retrievable form, records of telephone messages, appointment calendars, etc.), regardless of origin.

H. The term "communication" shall mean oral, written and electronic communications, as well as any note, memorandum or other record thereof.

I. The following rules of construction apply:

1) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

2) The use of the singular form of any word includes the plural and vice versa.

J. As to each document (or portion thereof) that Defendant declines to

produce on the ground of privilege, Defendant shall provide the following information:

1) the type of document, e.g., letter or memorandum;

2) the general subject matter of the document;

3) the date of the document;

4) the author(s) of the document;

5) the name of each person to whom such document was addressed, given or sent, or who received such document or a copy thereof and the relationship of the author(s), addressee(s), and recipient(s) to each other;

6) the identity of each person having possession, custody or control of such document, or a copy thereof; and

7) the nature of the privilege claimed.

K. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendant has a continuing duty to furnish additional and supplemental documents and responses as and where such further documents and responses become known or available between the time of the initial response thereunder and the time of the hearing or trial in this proceeding.

Dated: June 29, 2006

____________________________

Joseph Avanzato [# 4774]
Jeffrey K. Techentin [# 6651]
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903
(401) 274-7200
Attorneys for Plaintiff Hasbro, Inc.

Of Counsel

Kim J. Landsman
Michael D. Sant'Ambrogio
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
(212) 336-2000