UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HASBRO, INC.,

Plaintiff,

- against -

MGA ENTERTAINMENT, INC.,

Defendant.

C.A. No. 06-262S

**PLAINTIFF HASBRO, INC.'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR ADMISSIONS**

Pursuant to Rules 33 and 36 of the Federal Rules of Civil Procedure, Plaintiff Hasbro, Inc. ("Hasbro") requests that defendant answer the following interrogatories and respond to the following requests for admission within twenty-one days of service so that Hasbro can adequately prepare to take any depositions efficiently and without spending time on issues that are not in dispute.

**INTERROGATORIES**

1. Identify separately each product produced, distributed, marketed or sold or intended to be produced, distributed, marketed or sold by MGA bearing the words MEMORY MATCH-UP or any other name or mark including the word "MEMORY" and for each such product:

(a) identify the date that the product was shipped or is intended to be shipped, the quantities that were shipped or are intended to be shipped, and the

person or businesses to whom the products were shipped or are intended to be shipped.

(b) state Defendant's total sales by gross revenue, net revenue, and unit volume for each calendar year or portion thereof that such goods were produced or provided, or projections of total annual sales of such goods for each year the goods are intended to be offered;

(c) state the number of units that were shipped to distributors or retailers for each calendar year or portion thereof that the product was shipped to distributors or retailers;

(d) state the number of units that were sold by retailers for each calendar year or portion thereof that the product was sold by retailers;

(e) identify all media by either name of network or television station, radio station, magazine, publication, newsletter, website(s) or newspaper in which advertising or marketing for each product has occurred or is planned; and

(f) state separately for 2005 and 2006 to date the actual or intended expenditures or value of advertising, promotion, marketing, client or consumer relations, and public relations for each product.

2. Identify the persons principally involved in the conception, selection, or decision by MGA to use "MEMORY MATCH-UP" as the name of a game and summarize the nature of each person's involvements.

3. State whether any employee or agent of MGA involved in the conception, selection, or decision by MGA to use "MEMORY MATCH-UP" as the name of a game was

aware that Hasbro has sold the MEMORY® games and/or has a trademark registration that includes the name "memory," identify any such persons, and provide the date when the person became aware that Hasbro (a) has sold games using the MEMORY® mark and (b) has a trademark registration that includes the name "memory".

4. State whether MGA received an opinion concerning the availability for use, risk of liability arising out of use or intended use, and the ability to register the "MEMORY MATCH-UP" mark in the United States and, if so, identify: (a) the date on which the opinion was rendered; (b) the person rendering the opinion; (c) the person receiving the opinion; and (d) all documents reflecting or referring to the opinion.

5. Identify each person who has inquired about, commented upon, or contacted Defendant regarding the source or sponsorship of any product or service sold by MGA bearing a name or mark that includes the word "memory."

6. State MGA's belief as to the cost associated with recalling its "MEMORY MATCH-UP" game and substituting a packaging sleeve that does not include the word "memory" and state the nature and extent of each element of cost.

**REQUESTS FOR ADMISSION**

1. One or more employees or agents of MGA involved in the conception, selection, or decision by MGA to use "MEMORY MATCH-UP" as the name of a game was aware at the time the name was chosen that Hasbro has sold games using the MEMORY® mark.

2. MGA's "MEMORY MATCH-UP" game is sold in the same stores that sell Hasbro's MEMORY® games.

3. MGA's "MEMORY MATCH-UP" game is sold by mass merchandisers, such as Wall-Mart, K-Mart, and Toys 'R Us as well as smaller specialty toy and game stores.

4. MGA's "MEMORY MATCH-UP" game is targeted to the same

demographic of users and purchasers as Hasbro's MEMORY® games.

**DEFINITIONS AND INSTRUCTIONS**

A. "Plaintiff" or "Hasbro" shall refer to Hasbro, Inc. and to any and all agents, representatives, employees, attorneys, accountants, and all the persons or entities acting or purporting to act on Hasbro's behalf or under its control, or any one of the foregoing.

B. "Defendant" or "MGA" shall refer to MGA Entertainment, Inc. and to any and all agents, representatives, employees, attorneys, accountants, and all the persons or entities acting or purporting to act on MGA's behalf or under its control, or any one of the foregoing.

C. The term "MGA's 'MEMORY MATCH-UP' mark" is defined as any and all uses or intended uses by MGA in connection with goods or services of the words "Memory Match-up" or "Memory".

D. The term "Hasbro's MEMORY® mark" is defined as any and all uses or intended uses by Hasbro in connection with goods or services of the word "memory."

E. The term "person" is defined as any natural person or any business, corporation, partnership, legal or governmental entity or association.

F. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

G. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including but not limited to any written, graphic or recorded material of any kind or nature, whether drafts, originals or non-identical copies (including without limitation, audio or video tapes, cartridges, graphic matter, computer tape, computer discs or any other computer retrievable form, records of telephone messages, appointment calendars, etc.), regardless of origin.

H. The term "communication" shall mean oral, written and electronic

communications, as well as any note, memorandum or other record thereof.

I. The following rules of construction apply:

1) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

2) The use of the singular form of any word includes the plural and vice versa.

J. As to each document (or portion thereof) that Defendant declines to produce on the ground of privilege, Defendant shall provide the following information:

1) the type of document, e.g., letter or memorandum;

2) the general subject matter of the document;

3) the date of the document;

4) the author(s) of the document;

5) the name of each person to whom such document was addressed, given or sent, or who received such document or a copy thereof and the relationship of the author(s), addressee(s), and recipient(s) to each other;

6) the identity of each person having possession, custody or control of such document, or a copy thereof; and

7) the nature of the privilege claimed.

K. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendant has a continuing duty to furnish additional and supplemental documents and responses as and

where such further documents and responses become known or available between the time of the initial response thereunder and the time of the hearing or trial in this proceeding.

Dated: June 29, 2006

Joseph Avanzato [# 4774]
Jeffrey K. Techentin [# 6651]
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903
(401) 274-7200
Attorneys for Plaintiff Hasbro, Inc.

Of Counsel

Kim J. Landsman
Michael D. Sant'Ambrogio
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
(212) 336-2000