UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC.,<br>Plaintiff,<br>- against -<br>MGA ENTERTAINMENT, INC.,<br>Defendant. | C.A. No. 06-262S |

**DECLARATION OF MARK STARK**

I, Mark Stark, declare and state as follows:

1. I am employed by plaintiff Hasbro, Inc. ("Hasbro") as Vice President of Marketing, Hasbro Games. I submit this declaration, based on personal knowledge and on documents kept in the ordinary course of business, in support of Hasbro's application for an order to show cause for a preliminary injunction and a recall order against defendant MGA Entertainment, Inc. ("MGA").

2. I have a Bachelor of Business Administration degree from the University of Wisconsin. Before joining Hasbro, I worked at advertising agencies for seven years and in marketing at Fisher-Price for five years. I have worked at Milton Bradley/Hasbro Games for the last 12.5 years.

3. As Vice President of Marketing, Hasbro Games, I have been responsible for the marketing of the Milton Bradley brand portfolio, which includes Preschool Games,

Children's Games, Electronic Games, Licensed Games, and Puzzles. My duties have included the marketing of Hasbro's MEMORY® line of card matching games.

4. As more fully set forth below, MGA, a significant competitor of Hasbro, recently introduced a game called MEMORY MATCH-UP™ that has the same game play as Hasbro's well-known MEMORY® game. MGA has advertised the game on its website as having "All the Fun of the Classic Memory Matching Game, But In 3-D." MGA is using Hasbro's MEMORY® trademark for a 3-D version of Hasbro's MEMORY® game, which will be sold in many of the same stores as Hasbro's MEMORY® game. MGA's blatant infringement of Hasbro's MEMORY® trademark threatens immediate harm to the value of the mark and cause Hasbro other irreparable harm.

**Hasbro's MEMORY® Games and Trademark**

5. Since its acquisition of Milton Bradley Company in 1984, Hasbro has become the largest distributor of games in the United States. Milton Bradley Company began to sell a card matching game under the MEMORY® name and trademark in 1966. Milton Bradley Company – and later, Hasbro, as its successor – have been selling MEMORY® card matching games continuously ever since the first sale in 1966.

6. On August 29, 1967, Milton Bradley Company obtained Registration No. 834,282 on the Principal Register of the United States Patent and Trademark Office for the stylized mark MEMORY for use on "[e]quipment comprising cards with many matching pairs of designs for playing a matching card game." This registration has been incontestable since 1972. A copy of Registration No. 834,282 appears at Exhibit 1. Hasbro also registered MEMORY as a plain word mark. A copy of Registration No. 2,894,970, registered as of October 19, 2004, is attached as Exhibit 2.

7. Hasbro's MEMORY® game consists of numerous pairs of matching cards, typically 36 pairs, that feature characters, images, or other artwork on one side. The players mix the cards up and place them in rows on a flat surface, face down. They then take turns turning any two cards picture-side-up. If the two cards a player selects are identical, the player has made a match; the player then removes those cards from play and takes another turn. The process is repeated until the players take all of the cards out of play. The player who has taken the most matching pairs of cards out of play is the winner.

**The MEMORY® Mark Is Inherently Distinctive**

8. The word "memory" does not communicate that Hasbro's MEMORY® product is a game. The word "memory" on its own imparts no direct information about the game, what it looks like, the equipment for playing it, or how it is played. Many games sold by Hasbro and others require a player to use his or her short-term recollection. The meaning of that term does not, therefore, directly communicate or describe any characteristic of the product.

**Hasbro's MEMORY® Mark Has Acquired Distinctiveness in the Marketplace**

9. In addition to the Original MEMORY® game, Hasbro and its predecessor, Milton Bradley Company, have created numerous themed versions of the MEMORY® card matching game. Some of these themed versions feature the characters and images of other Hasbro toys, such as MR. POTATO HEAD and TONKA. Other themed versions feature characters and images that Hasbro has licensed from third parties. Examples include POOH, BOB THE BUILDER, POKEMON, DORA THE EXPLORER, DISNEY, TOY STORY, BACKYARDIGANS, and DIEGO. Color copies of the tops of several different MEMORY® game boxes appear at Exhibit 3. The themed versions of the MEMORY® game have helped to expand the popularity of Hasbro's MEMORY line of card matching games.

10. Over the past three and a half decades, sales of MEMORY® games have exceeded $130 million. In the past eight years, Hasbro has spent over $20 million advertising and promoting the line of MEMORY® card matching games, both separately and with a group of other Hasbro games collectively called "My First Games®" and as part of the "Games Make Great Gifts" campaign. These sales and expenditures have contributed to the public recognition of Hasbro's MEMORY® line of card matching games.

11. Hasbro's MEMORY® card matching games have been the subject of publicity in numerous periodicals over the years. In recent years, in 2000, Newsday identified the MEMORY® game, POKEMON Edition as a "favorite" new toy; in December 2001, another newspaper selected the "Monster's Inc." version of Hasbro's MEMORY® game as a game that was "hot" that holiday season. Copies of these articles appear at Exhibit 4.

12. Over the years, Hasbro has also licensed its MEMORY® trademark for use on a variety of merchandise. Currently, the MEMORY® trademark is licensed for use in conjunction with game software and books. Licensees include Destination Software, Scholastic, and Modern Publishing. A color copy of the cover of a computer game that uses the MEMORY® mark pursuant to license appears at Exhibit 5.

13. By virtue of the advertising, promotional efforts, licensing, publicity, and the long, continuous, and exclusive use that Milton Bradley Company and Hasbro have made of the MEMORY® trademark in connection with card matching games and related products, the MEMORY® name and mark have become well-known and associated in the minds of consumers with a single source.

**Hasbro's Marvel License and the Plan to Sell a SPIDER-MAN & Friends Edition of the MEMORY® Game**

14. The newest themed addition to the MEMORY® line of card matching games will be pursuant to a recent license with Marvel Characters, Inc.. The license from Marvel was publicly announced in January 2006. Children ages three and up will join SPIDER-MAN & Friends in a super-powered game of hide and seek. Players will flip over the cards one at a time in an attempt to find matching super heroes. The player with the most matches saves the City and wins the game.

15. This game will be shown to our major retailers this August and should ship to retailers in March 2007. A color copy of the artwork for the packaging of the SPIDER-MAN & Friends MEMORY® game appears at Exhibit 6.

**MGA Is Using the Virtually Identical MEMORY Trademark**

16. MGA is one of Hasbro's principal competitors. It is generally considered the fifth largest toy and game manufacturer, after Mattel, Hasbro, Jakks Pacific and Leap Frog.

17. MGA recently began marketing and selling the MEMORY MATCH-UP™ game throughout the United States. The MEMORY MATCH-UP™ name is prominently displayed on the game's packaging and is written in the same script and color as Hasbro's MEMORY mark. The ™ notation appears immediately after "MEMORY MATCH-UP," indicating that MGA is asserting trademark rights in that name. Moreover, it is the only name that the game has.

18. Apparently under license, the MGA game also has the SPIDER-MAN & Friends name, logo, and characters. The presence of the famous SPIDER-MAN name suggests that the product is a licensed theme version of Hasbro's game because Hasbro has also a license

from Marvel to use Marvel names and characters, including SPIDER-MAN, on games. A color copy of MGA's MEMORY MATCH-UP™ packaging appears at Exhibit 7.

**The Context of MGA's Use of the MEMORY Trademark**
**<u>Increases the Likelihood of Confusion</u>**

19. The context in which MGA has used Hasbro's MEMORY® mark is likely to augment, rather than to diminish, the confusion consumers experience. MGA, like Hasbro, is using the MEMORY mark in connection with the "SPIDER-MAN" name and with characters from that film, which appear on the trade dress of both products. The typeface and colors used by MGA in its MEMORY MATCH-UP™ game are similar to those used on several editions of Hasbro's MEMORY® game. On the Original MEMORY® game, for example, Hasbro's MEMORY® mark is in a simple, block typeface in yellow with a blue outline. <u>See</u> Exhibit 3. MGA also presents the mark in a simple, block typeface in yellow that is outlined. <u>See</u> Exhibit 7. In addition, blue is the dominant background color on both the Original MEMORY® game box top and the MEMORY MATCH-UP™ game packaging sleeve, as well as the MEMORY® game, SPIDER-MAN & Friends Edition box top. <u>Compare</u> Exhibits 3 and 6 with Exhibit 7.

**<u>MGA's Game Is a 3-Dimensional Version of Hasbro's</u>**

20. MGA has promoted its game as having: "All the Fun of the Classic Memory Matching Game, But In 3D!" This is a clear reference to and attempt to trade off associations with Hasbro's original MEMORY® game. A screen-shot of that webpage is attached hereto as Exhibit 8. MGA's MEMORY MATCH-UP™ game is indeed a three-dimensional version of Hasbro's MEMORY® game, with identical game play. This encourages consumers to associate MGA's MEMORY MATCH-UP™ game with Hasbro's original MEMORY® game.

21. Hasbro's MEMORY® games typically have 36 pairs of cards. Players lay out the cards face down and take turns turning over two cards one at a time. If the cards match,

the player keeps the cards and takes another turn. If the cards do not match, the cards are replaced and it's the next player's turn. The player with the most matches at the end of the game wins.

22. MGA's infringing MEMORY MATCH-UP game has essentially the same game play. It uses 20 "Memory Match-up Cups" and 20 game pieces, each of which is one half of a super hero. After placing the super-hero parts under the cups, players take turns lifting two cups one at a time. If the two pieces match (i.e., the pieces form a whole character) the player keeps the super hero, takes the cups off the game board, and takes another turn. If the pieces do not match, the cups are replaced over the character pieces and it's the next player's turn. The player with the most matches (i.e., whole characters) at the end of the game wins.

**MGA's and Hasbro's MEMORY® Games Are Directly Competitive**

23. By using Hasbro's MEMORY® trademark without authorization, MGA has created a game that is directly substitutable for and directly competitive with Hasbro's MEMORY® game.

24. These two head-to-head competitors will be sold in many of the same stores. Major chain retailers such as Wal-Mart, Kmart, Target, and Toys 'R Us sell Hasbro's MEMORY games. MGA also sells its products in those stores.

**MGA Was Aware of Hasbro's MEMORY® Games and Trademark**

25. MGA was undoubtedly aware of Hasbro's MEMORY games and mark.

26. First, given the long-standing popularity of Hasbro's MEMORY® game since 1966, it is highly likely that at least some of the MGA representatives involved in creating MGA's MEMORY MATCH-UP™ game had encountered Hasbro's MEMORY® game before, either as children who played it or as parents who bought it for their own children, nieces, or

nephews. A survey conducted in 2002 found that sixty-three percent of households with children below the age of thirteen were aware of the Original MEMORY® game.

27. Second, because Hasbro and MGA are competitors in the toy and game industry, it is reasonable to assume that MGA is aware of Hasbro's major product lines, including the MEMORY® line of matching card games. Indeed, it is hard to imagine that MGA did not closely examine Hasbro's MEMORY® game along with other match-up games already on the market before introducing its own match-up game.

28. Third, MGA's direct reference to Hasbro's MEMORY® game on its website suggests that MGA was not only fully aware of Hasbro's MEMORY® game when it created the MEMORY MATCH-UP™ game, but that MGA set out to market a 3-D version of the original MEMORY® game.

**The Infringement Was and Is Easily Avoidable**

29. I am informed that MGA was explicitly put on notice of Hasbro's claim of infringement in April. It would have been easy then, and it remains easy, to change the name. It does not appear that the MEMORY MATCH-UP™ name is embedded in or even appears on the product itself. It is only on a cardboard wrapper that is put around the plastic carrying case for the game, on stickers on the cups used in the game, and in the instructions. Changing the name would therefore not require any change in the game itself or in the molds used to manufacture it. It would just involve a relatively simple, inexpensive printing change on the cardboard wrapper, the stickers, and the instructions.

**Game Purchases Tend to Be Impulse Purchases**

30. Hasbro's MEMORY® game does not require reading skills and is targeted to preschool children, ages 3 to 6. Like MGA's MEMORY MATCH-UP™ game, it is a product

bought for those children by parents, caretakers, or relatives who are not themselves sophisticated about those types of purchases.

31. MGA's and Hasbro's MEMORY games are both inexpensive products. Hasbro's Original MEMORY® game has a suggested retail price of $6.99, with themed versions generally priced at $ 7.99. I would expect MGA's game to be similarly priced and am informed that it does indeed carry a retail price of $7.99. Given their low prices and the nature of the products, both Hasbro's and MGA's games tend to be impulse purchases.

**MGA's MEMORY MATCH-UP™ Game**
**Will Cause Irreparable Harm to Hasbro**

32. The purpose of a trademark is to help distinguish one product from another in the marketplace. When Hasbro establishes a trademark, it invests significant resources in developing the equity or "unique promise" the trademark will represent. MGA's infringing use of Hasbro's MEMORY trademark creates significant confusion with respect to the ownership of the mark and serves to irreparably damage Hasbro's ability to benefit from the equity it has developed in its brand. Hasbro's interaction with a number of key audiences is negatively and irreparably impacted by MGA's infringement. These include:

A. Consumers: Generations of consumers have purchased and played Hasbro's MEMORY® games, knowing that they would receive a consistent, high-quality, satisfying experience. Consumers are likely to believe that MGA's infringing MEMORY MATCH-UP™ game is just the latest generation of this venerable game, now in three dimensions. Consequently, consumers are likely to purchase MGA's game instead of Hasbro's based on the goodwill that Hasbro has worked hard to establish. Believing that they are dealing with a Hasbro-authorized product, those customers would hold Hasbro responsible for the quality of the game, and for any problems associated with the game

sold by MGA. In addition, they are less likely to purchase Hasbro's MEMORY® game, SPIDER-MAN & FRIENDS Edition after they have already purchased MGA's SPIDER-MAN & FRIENDS MEMORY MATCH-UP game.

B. Trade Customers (retailers): Hasbro's investment of significant resources in the MEMORY brand over many years has created a brand that commands customer confidence, shelf space, premium pricing, and promotional support. Retailers have faith, based on past performance, that the Hasbro products they put on their shelves will sell through to the consumer. MGA's infringement serves to undermine this confidence, calling into question whether Hasbro actually controls its brands, and casting doubt upon the value proposition of what these retailers in turn offer to their customers.

C. Licensees of the MEMORY brand from Hasbro: Over the years, several companies have paid significant licensing fees to Hasbro for the right to use the MEMORY® trademark on their products as a way to add value and take advantage the mark's consumer equity. MGA's infringement diminishes the value of these arrangements and virtually eliminates the potential for any future out-licensing of the MEMORY® brand, as companies will not pay for something they feel they can use for free. MGA is essentially announcing to the world that Hasbro's mark may be used for free, even in connection with a match-up game. This announcement makes future infringements more likely, which further erodes the brand equity and also adds to Hasbro's enforcement costs in the future. In any future attempt by Hasbro to enforce its rights in the MEMORY® mark, the infringer will point to MGA's use as a justification for the infringement.

D. Licensors of Properties to Hasbro: As discussed above, over the years, Hasbro has introduced numerous themed versions of its MEMORY® game, often incorporating trademarks and content licensed from third party entertainment companies. Hasbro's ability to leverage the strength of the MEMORY® brand is a key point in acquiring these entertainment licenses. The MEMORY® brand, as well as other Hasbro brands like MONOPOLY®, are the key differentiators that separate Hasbro from its competition when acquiring new licenses. Without the MEMORY® brand in Hasbro's portfolio, that advantage will be diminished and licensors will be less likely to grant Hasbro licenses.

E. Promotion Partners: Hasbro's appeal to promotional partners is its ability to deliver proven consumer equity through the strength of its brands. MGA's infringing use of the MEMORY® brand undermines the validity of MEMORY® as a brand that can be leveraged. This will cause both reductions in the number of consumer promotions that can be run using Hasbro's MEMORY® brand and a resulting reduction in consumer impressions of that brand, as well as a loss of promotion-fee income to Hasbro.

F. Competitors: MGA's infringement sends the message to competitors, eager to gain market share at Hasbro's expense, that there are no legal barriers to introducing their own versions of Hasbro's MEMORY® game. This will likely cause the production of multiple lower-priced knock-off "MEMORY" games that will compete for already-limited shelf space, which will result in reduced revenues and profits for Hasbro, increased enforcement costs, or both.

G. Inventors: Independent inventors are the source of a large number of Hasbro's game and toy concepts. These inventors' willingness and desire to enter into

contractual relationships with Hasbro is based on their belief that Hasbro will effectively develop, market, and protect their concepts and trademarks. If that confidence is eroded by infringements such as MGA's, these inventors will seek other outlets – such as Hasbro's competitors – which will diminish the vitality and strength of Hasbro's product offerings.

33. For all of these reasons, MGA's unauthorized use of the MEMORY® mark will cause enormous and irreparable harm to Hasbro.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 28, 2006, in East Longmeadow, Massachusetts.

Mark Stark

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2006 I caused a true and accurate copy of the within to be served on counsel of record as follows:

***Via Hand Delivery***
Brooks R. Magratten, Esq.
George E. Lieberman, Esq.
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903

Of Counsel:

***Via First Class Mail***
Kent R. Raygor, Esq.
Janene P. Bassett, Esq.
Sheppard Mullin Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017

***Via First Class Mail***
Kim J. Landsman
Michael D. Sant'Ambrogio
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710

*386255_1.doc*