UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC., Plaintiff, | |
| - against - | C.A. 06-262S |
| MGA ENTERTAINMENT, INC., Defendant. | |

## REPLY TO COUNTERCLAIM

Plaintiff Hasbro, Inc. ("Hasbro"), through its undersigned counsel, for its reply to the counterclaims of Defendant MGA Entertainment, Inc. ("MGA") alleges as follows:

### The Parties

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Admits the allegations in paragraph 2.

### Jurisdiction and Venue

3. Denies the allegations in paragraph 3, except admits that this Court has jurisdiction over the counterclaims as alleged and that the parties are citizens of different states.

4. Admits the allegations in paragraph 4.

### Count I
### (Declaratory Relief)

5. Hasbro repeats and realleges its responses to the allegations in paragraphs 1-4 above as if fully set forth herein.

6. Denies the allegations in paragraph 6, except admits that there is an actual and justiciable controversy arising from Hasbro's allegations of federal and common law trademark infringement and unfair competition, for which Hasbro has sued MGA.

7. Denies the allegations in paragraph 7, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as to any alleged history of the MEMORY® game in the United States prior to the time Hasbro sold it, and, as to the game play for the MEMORY® game, respectfully refers the Court to paragraph 8 of the Complaint for an accurate description.

8. Denies the allegations in paragraph 8, except admits that MGA appears to have taken photographs of the box and contents of Hasbro's Original MEMORY® game and admits that Hasbro uses a consistent design for its MEMORY® trademark on the games currently sold and that MGA appears to have made photographs of parts of the boxes of some of those games.

9. Denies the allegations in paragraph 9, except admits that Hasbro is the owner of Registration Numbers 834,282, and 2,894,970 and respectfully refers the Court to those registrations and what they cover; further admits that Hasbro did not renew Registration Number 1,699,891 for the SPIN & MATCH MEMORY game.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 as to what MGA has purchased, except admits that Hasbro's MEMORY® games contain a statement in the copyright notice that the game is manufactured under license from Ravensburger AG, respectfully refers the Court to the November 3, 2003, application to register the MEMORY® trademark for the statements made, and avers that Mr.

Nagler's statement of belief that Hasbro owns the trademark sought to be registered was true when made and remains true.

11. Denies the allegations in paragraph 11, except admits that the specimen submitted to the PTO did not include (and was not required to include) the statement concerning the license from Ravensburger AG, avers that the remainder of the allegations of paragraph 11 contain legal argument as to hypothetical facts to which no response is necessary, especially since Hasbro is and has been the owner of the trademark for which application was made.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, except admits that MGA appears to have accurately described the game play of its MEMORY MATCH-UP™ game and made photographs of its game.

13. Denies the allegations in paragraph 13 and avers that MGA is using Hasbro's MEMORY trademark along with the descriptive term "match-up."

14. Denies the allegations in paragraph 14, except admits that Hasbro has sold DORA THE EXPLORER and BLUES CLUES versions of its MEMORY® game.

15. Denies the allegations in paragraph 15, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that MGA has a non-exclusive license from Marvel Entertainment, Inc. that was obtained before Hasbro obtained its non-exclusive license and as to whether Marvel has approved MGA's game, and avers, upon information and belief, that MGA was well aware of Hasbro's non-exclusive license to the SPIDER-MAN & Friends properties long before this lawsuit was initiated or even discussed.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, except avers that the Angelina Ballerina game will no longer be sold by use of the MEMORY mark.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, except denies that the references reflect attempts to register use of the term MEMORY in connection with games.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Denies the allegations in paragraph 19, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning MGA's sales and admits that Hasbro first contacted MGA about its use of the MEMORY MATCH-UP™ on or about April 20, 2006, after having seen the game on MGA's website.

20. Denies the allegations in paragraph 20, except admits that Exhibit G to the Counterclaims is a copy of a letter sent to Hasbro.

21. Denies the allegations in paragraph 21.

**Declarations Sought**

22. Admits the allegation in paragraph 22 that MGA is seeking the indicated declarations from the Court, and otherwise denies.

23. Denies the allegations in paragraph 23.

24. Denies the allegations in paragraph 24.

25. Denies the allegations in paragraph 25.

26. Denies the allegations in paragraph 26.

27. Denies the allegations in paragraph 27.

28. Denies the allegations in paragraph 28.

29. Denies the allegations in paragraph 29.

**Count II**
**(Cancellation of Federal Trademark Registrations)**

30. Hasbro repeats and realleges its responses to the allegations in paragraphs 1-29 above as if fully set forth herein.

31. Denies the allegations in paragraph 31.

32. Denies the allegations in paragraph 32.

WHEREFORE, Hasbro respectfully requests that this Court enter judgment against MGA as follows:

A. Dismissing the counterclaims with prejudice.

B. For the relief requested in the Complaint.

C. For such other and further relief as the Court deems just and proper.

Hasbro demands trial by jury of all issues so triable.

Dated: July 13, 2006

Respectfully submitted,
HASBRO, INC.
By its attorneys,

Joseph Avanzato [# 4774]
Jeffrey K. Techentin [# 6651]
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903
(401) 274-7200
Attorneys for Plaintiff Hasbro, Inc.

Of Counsel

Kim J. Landsman
Michael D. Sant'Ambrogio
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
(212) 336-2000

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July, 2006 I caused a true and accurate copy of the within to be served upon counsel in the following manner:

***Via Hand Delivery***
Brooks R. Magratten, Esq.
George E. Lieberman, Esq.
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903

Of Counsel:

***Via Electronic Mail***
Kent R. Raygor, Esq.
Janene P. Bassett, Esq.
Sheppard Mullin Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017

*387304_1.doc*