UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC., Plaintiff, v. MGA ENTERTAINMENT, INC., Defendant. | |
| MGA ENTERTAINMENT, INC., Counterclaimant, v. HASBRO, INC., Counterclaim-defendant. | **C.A. No. 06-262 S** |

**OBJECTION OF DEFENDANT/COUNTERCLAIMANT MGA ENTERTAINMENT, INC. AND MOTION TO STRIKE PORTIONS OF THE DECLARATIONS OF MARK STARK AND PAUL N. VANASSE PROVIDED BY HASBRO, INC. IN SUPPORT OF HASBRO'S MOTION FOR PRELIMINARY INJUNCTION, RECALL, AND EXPEDITED DISCOVERY**

Defendant/counterclaimant MGA Entertainment, Inc. ("MGA") objects to and moves to strike portions of the Declarations of Mark Stark and Paul N. Vanasse, provided by plaintiff/counterclaim-defendant Hasbro, Inc. ("Hasbro") in support of Hasbro's MOTION FOR PRELIMINARY INJUNCTION, RECALL, AND EXPEDITED DISCOVERY, as set forth in MGA's accompanying memorandum of law, and for the reasons set forth in that memorandum respectfully requests that this Honorable Court strike the offending portions of Hasbro's evidence outlined therein.

Date: July 17, 2006

Defendant and Counterclaimant,
MGA ENTERTAINMENT, INC.,
By its attorneys,

BROOKS R. MAGRATTEN, R.I. Bar ID #3585
GEORGE E. LIEBERMAN, R.I. Bar ID #3860
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Telephone: (401) 421-3060
Facsimile: (401) 272-6803
E-mail: bmagratten@vetterandwhite.com
glieberman@vetterandwhite.com

KENT R. RAYGOR, *pro hac vice* counsel
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
E-mail: kraygor@sheppardmullin.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that today (July 17, 2006) I had caused to be served the within Objection of Defendant/Counterclaimant MGA Entertainment, Inc. and Motion to Strike Portions of the Declarations of Mark Stark and Paul N. Vanasse, Provided by Hasbro, Inc. in Support of Hasbro's Motion for Preliminary Injunction, Recall, and Expedited Discovery upon below listed counsel as stated:

Kim J. Landsman, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710
(by e-mail and U.S. mail)

**(BY OVERNIGHT MAIL)**

Jeffrey K. Techentin, Esq.,
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(by hand)

**(BY HAND-DELIVERY)**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC.,<br>Plaintiff,<br>v.<br>MGA ENTERTAINMENT, INC.,<br>Defendant. | |
| MGA ENTERTAINMENT, INC.,<br>Counterclaimant,<br>v.<br>HASBRO, INC.,<br>Counterclaim-defendant. | **C.A. No. 06-262 S** |

**DEFENDANT AND COUNTERCLAIMANT MGA ENTERTAINMENT, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES OBJECTING TO, AND SEEKING AN ORDER STRIKING, PORTIONS OF THE DECLARATIONS OF MARK STARK AND PAUL N. VANASSE PROVIDED BY HASBRO, INC. IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION, RECALL, AND EXPEDITED DISCOVERY**

Defendant and counterclaimant MGA Entertainment, Inc. ("MGA") provides the following memorandum in support of its objections to, and motion for an order striking, portions of the Declarations of Mark Stark and Paul N. Vanasse submitted by plaintiff and counterclaim-defendant Hasbro, Inc. ("Hasbro") in support of its MOTION FOR PRELIMINARY INJUNCTION, RECALL, AND EXPEDITED DISCOVERY.

The FEDERAL RULES OF EVIDENCE require that declarations submitted in support of a motion provide accurate, non-hearsay characterizations of relevant evidence about which the declarant is competent to testify. Bald conclusory allegations are not sufficient, and cannot support a preliminary injunction. *Saenger Organization Inc., v. Nationwide Ins. Licensing Assocs., Inc.*, 119 F.3d 55, 62 (1st Cir. 1997). Conclusory statements made by an interested party should be further discounted. *Quinones v. Buick*, 436 F.3d 284, 290-91 (1st Cir. 2006).

## I. OBJECTIONS TO THE DECLARATION OF MARK STARK.

### Objections to Paragraph 8 of DECLARATION OF MARK STARK:

**Improper legal conclusion.** This paragraph constitutes impermissible lay opinion testimony because it asserts legal conclusions regarding the genericness of the term "memory" and the distinctiveness of Hasbro's asserted marks. Furthermore, this paragraph provides no facts or evidence to support the conclusory assertions of this interested party. *Saenger Organization Inc. v. Nationwide Ins. Licensing Assocs., Inc.*, 119 F.3d 55, 62 (1st Cir. 1997); *Quinones v. Buick*, 436 F.3d 284, 290-91 (1st Cir. 2006). FED. R. EVID. 701.

### Objections to Paragraph 10 of DECLARATION OF MARK STARK:

**Lacks foundation; irrelevant.** This paragraph fails to provide any foundation for Mr. Stark's assertions regarding the amount of sales, the amount of advertising, and the alleged public recognition of Hasbro's memory games. There is no evidence provided showing exactly how the advertising was done, and whether it advertised anything other than Hasbro's "Memory" games. MGA objects on the ground that any expenditures made with regard to "My First Games" that cannot be directly attributed to Hasbro's "Memory" games are irrelevant to the present litigation and not properly included in the stated figures. FED. R. EVID. 401, 602.

**<u>Objections to Paragraph 12 of DECLARATION OF MARK STARK</u>:**

**Lacks foundation; hearsay; best evidence rule.** This paragraph includes no evidence concerning the alleged licenses and provides inadmissible hearsay concerning their alleged contents. It fails to attach sufficient parts of the licenses or to quote from them sufficiently to lay a proper foundation for them. FED. R. EVID. 602, 802, 1002.

**<u>Objections to Paragraph 13 of DECLARATION OF MARK STARK</u>:**

**Lacks foundation; speculation; lacks personal knowledge; improper legal conclusion; inadmissible hearsay.** Mr. Stark fails to provide a foundation for his assertion that Hasbro's memory game is "well-known." Mr. Stark also fails to provide proper foundation to establish personal knowledge of the actions of the Milton Bradley Company, and his statements concerning are inadmissible hearsay. This paragraph also constitutes impermissible lay opinion testimony regarding the alleged distinctiveness of Hasbro's asserted marks and instead asserts a mere legal conclusion. FED. R. EVID. 602, 701, 802.

**<u>Objections to Paragraph 25 of DECLARATION OF MARK STARK</u>:**

**Speculation; lacks personal knowledge.** This paragraph constitutes speculation. Mr. Stark also fails to lay a proper foundation for this conclusion and lacks personal knowledge regarding MGA's purported awareness. FED. R. EVID. 602.

**<u>Objections to Paragraph 26 of DECLARATION OF MARK STARK</u>:**

**Lacks foundation; speculative; lacks personal knowledge; best evidence rule; inadmissible hearsay; improper expert opinion.** The first sentence is speculation concerning MGA's alleged knowledge. Mr. Stark lacks personal knowledge of and has not provided a foundation for that statement. The second sentence constitutes inadmissible hearsay. There is no evidence concerning the alleged survey, nor is a copy provided. No foundation for it is laid. Mr. Stark has not qualified himself to present and opine about the results of any such unidentified survey, no scientific basis for it or its methodology is included, and no facts or evidence to support the conclusory assertions are supplied. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Saenger Organization Inc., v. Nationwide Ins. Licensing Assocs., Inc.*, 119 F.3d 55, 62 (1st Cir. 1997); *Quinones v. Buick*, 436 F.3d 284, 290-91 (1st Cir. 2006); FED. R. EVID. 602, 701,702, 703, 802, 1002.

**Objections to Paragraph 27 of DECLARATION OF MARK STARK:**

**Speculation; lacks personal knowledge.** This paragraph constitutes speculation. Mr. Stark also fails to lay a proper foundation for this conclusion and lacks personal knowledge regarding MGA's purported awareness. FED. R. EVID. 602.

**Objections to Paragraph 28 of DECLARATION OF MARK STARK:**

**Speculation; lacks personal knowledge.** This paragraph constitutes speculation. Mr. Stark also fails to lay a proper foundation for this conclusion and lacks personal knowledge regarding MGA's purported awareness. FED. R. EVID. 602.

**Objections to Paragraph 29 of DECLARATION OF MARK STARK:**

**Speculation; lacks personal knowledge.** This paragraph constitutes speculation. Mr. Stark also fails to lay a proper foundation for this conclusion and lacks personal knowledge regarding the changes he speculates should be done. FED. R. EVID. 602.

**Objections to Paragraph 30 of DECLARATION OF MARK STARK:**

**Improper legal conclusion; speculation; improper expert opinion; lacks foundation; lacks personal knowledge.** This paragraph constitutes impermissible lay opinion because it asserts legal conclusions regarding the sophistication of purchasers, an element of the "likelihood of confusion" test. Moreover, this paragraph provides no facts or evidence to support the conclusory assertions of this interested party. *Saenger Organization Inc., v. Nationwide Ins. Licensing Assocs., Inc.*, 119 F.3d 55, 62 (1st Cir. 1997); *Quinones v. Buick*, 436 F.3d 284, 290-91 (1st Cir. 2006). Mr. Stark also fails to lay any foundation for his claim that parents, caretakers, or relatives are the primary consumers of MGA's game. This paragraph further fails to lay proper foundation for Mr. Stark's statement that MGA's game is targeted to children ages 3-6. Mr. Stark lacks personal knowledge regarding what consumers MGA intends to target. *Id.* FED. R. EVID. 602, 701.

**Objections to last sentence of Paragraph 31 of DECLARATION OF MARK STARK:**

**Speculative; lacks foundation; lacks personal knowledge; inadmissible hearsay; impermissible lay opinion.** This paragraph constitutes impermissible lay testimony because it offers unqualified expert testimony regarding whether the game is subject to impulse purchases. Moreover, this paragraph provides no facts or evidence to support the conclusory assertions of

this interested party. *Saenger Organization Inc., v. Nationwide Ins. Licensing Assocs., Inc.*, 119 F.3d 55, 62 (1st Cir. 1997); *Quinones v. Buick*, 436 F.3d 284, 290-91 (1st Cir. 2006). FED. R. EVID. 701.

**Objections to Paragraphs 32-33 of DECLARATION OF MARK STARK:**

**Impermissible legal opinion; lacks foundation; speculation; improper legal conclusions; impermissible lay opinions.** These paragraphs essentially consist of nothing but legal conclusions, and Mr. Stark has not been qualified as a legal expert or a lawyer. He provides no foundation for his conclusory statements, and they appear to just consist of speculation on his part. These paragraphs provide no facts or evidence to support the conclusory assertions of this interested party. *Saenger Organization Inc., v. Nationwide Ins. Licensing Assocs., Inc.*, 119 F.3d 55, 62 (1st Cir. 1997); *Quinones v. Buick*, 436 F.3d 284, 290-91 (1st Cir. 2006). FED. R. EVID. 602, 701, 702, 703.

## II. OBJECTIONS TO THE DECLARATION OF PAUL N. VANASSE.

**Objections to Paragraph 4 of DECLARATION OF PAUL N. VANASSE:**

**Mischaracterizes the evidence; best evidence rule.** This paragraph misstates Registration No. 2,894,970 and thus mischaracterizes the evidence. Registration No. 2,894,970 is registered for use only with "card *matching* games," not "card games". (Emphasis added.) To the extent Hasbro wishes to use this statement to prove the contents of this document, the document best speaks for itself. FED. R. EVID. 1002.

**Objections to Paragraph 5 of DECLARATION OF PAUL N. VANASSE:**

**Lacks foundation, inadmissible hearsay; lacks authentification, best evidence rule.** This paragraph lacks foundation because it references and allegedly quotes portions of a document that is not included in the evidence, nor is sufficient context provided to test the excerpt allegedly quoted. The statements allegedly quoted by Mr. Vanasse constitute inadmissible hearsay when offered to prove the terms of alleged ownership of the "Memory" marks. Mr. Vanasse lacks the requisite personal knowledge to authenticate and lay a foundation for the document referenced because it was not created by or for Mr. Vanasse. FED. R. EVID. 602, 802, 901, 1002.

**Objections to Paragraphs 6 and 7 of DECLARATION OF PAUL N. VANASSE:**

**Lacks personal knowledge; lacks foundation.** Mr. Vanasse presents only conclusory statements concerning alleged policing efforts, lawsuits, monitoring, and opposition proceedings, and settlements. He provides insufficient evidence to support his sweeping assertions of having conducted such actions. He does not appear to have personal knowledge of the matters about which he is testifying. FED. R. EVID. 602.

**Objections to Paragraph 8 of DECLARATION OF PAUL N. VANASSE:**

**Lacks personal knowledge; inadmissible hearsay; violation of settlement privilege.** Mr. Vanasse lacks personal knowledge with regard to the telephone call made by someone other than him, and the person making the call does not submit a declaration. Mr. Vanesse's discussion of the contents of the asserted April 19, 2006 phone call constitutes inadmissible hearsay because it is offered, at least in part, for the truth of the matter asserted. FED. R. EVID. 602, 802.

**Objections to Paragraph 9 of DECLARATION OF PAUL N. VANASSE:**

**Settlement privilege.** MGA objects to this paragraph because Mr. Vanasse's reference to failed settlement discussions, followed by alleged continued infringement, violates the privilege accorded evidence of offering to compromise, offered to prove liability. FED. R. EVID. 408.

July 17, 2006

Defendant and Counterclaimant,
MGA ENTERTAINMENT, INC.
By its attorneys,

BROOKS R. MAGRATTEN, R.I. Bar ID #3585
GEORGE E. LIEBERMAN, R.I. Bar ID #3860
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Telephone: (401) 421-3060
Facsimile: (401) 272-6803
E-mail: bmagratten@vetterandwhite.com
glieberman@vetterandwhite.com

KENT R. RAYGOR, *pro hac vice* application submitted
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
E-mail: kraygor@sheppardmullin.com

400035637.2

## CERTIFICATE OF SERVICE

The undersigned certifies that today (July 17, 2006) I had caused to be served the within Defendant and Counterclaimant MGA Entertainment, Inc.'s Memorandum of Points and Authorities Objecting to, and seeking an Order Striking, Portions of the Declarations of Mark Stark and Paul N. Vanasse Provided by Hasbro, Inc. in Support of its Motion for Preliminary Injunction, Recall and Expedited Discovery upon below listed counsel as stated:

Kim J. Landsman, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York New York 10036-6710
(by e-mail and U.S. mail)

**(BY OVERNIGHT MAIL)**

Jeffrey K. Techentin, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(by hand)

**(BY HAND-DELIVERY)**