UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC., Plaintiff, v. MGA ENTERTAINMENT, INC., Defendant. | |
| MGA ENTERTAINMENT, INC., Counterclaimant, v. HASBRO, INC., Counterclaim-defendant. | **C.A. No. 06-262 S** |

**DECLARATION OF KENT R. RAYGOR AND THIRD-PARTY USE EXHIBITS 1-8 SUBMITTED IN SUPPORT OF DEFENDANT MGA ENTERTAINMENT, INC.'S OPPOSITION TO PLAINTIFF HASBRO, INC.'S MOTION FOR PRELIMINARY INJUNCTION AND RECALL**

**PART 1 OF 2**

Defendant/counterclaimant MGA Entertainment, Inc. ("MGA") hereby submits this declaration and the exhibits referenced below—which are submitted in two parts, Part 1 of 2 and Part 2 of 2—in support of MGA's opposition to plaintiff/counterclaim-defendant Hasbro, Inc.'s ("Hasbro") MOTION FOR PRELIMINARY INJUNCTION AND RECALL. The exhibits referenced below, and submitted with this declaration, concern evidence of third-party use of the term "memory". Due to the large volume of such evidence, the submission has been divided into two parts for the Court's convenience.

## INCLUDED IN PART 1 OF 2

### DECLARATION OF KENT R. RAYGOR

**EXHIBIT 1**: References To The Memory Card Game In Dictionaries, Encyclopedias, Treatises, And Similar Materials

**EXHIBIT 2**: Third-Party Memory Games Purchased By MGA Since The Initiation Of This Action

**EXHIBIT 3**: Third-Party Memory Games Not Yet In MGA's Possession

**EXHIBIT 4**: Third Party Internet/Computer/DVD Memory Games

## INCLUDED IN PART 2 OF 2

**EXHIBIT 5**: United States Patent And Trademark Office ("USPTO") "Memory"-Related Records

**EXHIBIT 6**: Additional Game-Related Third-Party Uses Of "Memory"

**EXHIBIT 7**: Third-Party Adult-Content Memory Games

**EXHIBIT 8**: Articles Re Current Comic Book Character Boom

## INTRODUCTORY STATEMENT

As part of MGA's search for evidence of third-party use of the terms "memory" or "memory game", as well as use (or lack thereof) by Hasbro, lead counsel for MGA (Kent R. Raygor, who submits the attached declaration) supervised, or conducted himself, searches of various retail store locations, the Internet, libraries, U.S. Patent and Trademark Office records, and other locations for such evidence. Mr. Raygor supervised approximately 15-20 lawyers, paralegals, and staff for his firm, MGA's Rhode Island firm, and MGA who participated in these searches. In order to avoid having to inundate the Court with 15-20 declarations directed at authentication and related evidentiary issues concerning all of the evidence collected, all of which was publicly available but widely dispersed, MGA is hopeful that it can negotiate a stipulation with Hasbro's counsel directed at stipulating to authentication, foundation, and best evidence exceptions for this evidence. In the event that MGA is unable to obtain Hasbro's stipulation concerning these evidentiary matters, and if the Court so desires or Hasbro demands, MGA will submit the appropriate evidentiary declarations from everyone involved in the above-described searches. MGA is confident, however, that Hasbro's counsel will not require such a showing for what should be non-controversial matters.

In the interim, MGA hereby provides the declaration of its lead counsel concerning the documents found as a result of these searches.

# DECLARATION OF KENT R. RAYGOR

I, Kent R. Raygor, hereby declare the following:

1. I am an attorney duly admitted to practice before the Courts of the State of California. My *pro hac vice* application to practice before this Court for this matter is under submission. I am a partner at Sheppard Mullin Richter & Hampton LLP in Los Angeles, attorneys of record for defendant and counterclaimant MGA Entertainment, Inc. ("MGA"). I am lead counsel for MGA in this matter. If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief. This Declaration is submitted in support of MGAs OPPOSITION TO PLAINTIFF HASBRO, INC.'S MOTION FOR PRELIMINARY INJUNCTION AND RECALL.

2. Between April 21 and July 14, 2006, in my capacity as lead outside counsel for MGA in this action, I supervised 15-20 lawyers, paralegals, and staff for my firm, MGA's Rhode Island counsel's firm, and MGA who conducted the searches described below. I too, conducted many of these searches.

a. Use in commerce of Hasbro's stylized "Memory" mark shown in its 1967 trademark registration, Reg. No. 834,282, in physical retail stores, online stores, and on the Internet, but no such use in commerce in the U.S. was found.

b. Dictionaries, encyclopedias, and other reference materials that reference memory games from libraries, retail stores, online stores, and on the Internet. Submitted herewith as **EXHIBITS 1.1** through **1.17** are true and correct copies of relevant portions of those materials. On July 8 and 9, 2006, I personally printed pages from the http://en.wikipedia.org/ and http://boardgames.about.com websites, true and correct copies of which are submitted herewith as **EXHIBITS 1.18** and **1.19**,

respectively. The sources for **EXHIBITS 1.1** through **1.19** are summarized in the **INDEX TO EXHIBIT 1** submitted therewith.

c. Tangible third-party memory games from physical retail locations and online stores. Submitted herewith as **EXHIBITS 2.1** through **2.42** are true and correct copies of photographs of these third-party memory games obtained through these searches. The sources for **EXHIBITS 2.1** through **2.42** are summarized in the **INDEX TO EXHIBIT 2** submitted therewith.

d. Additional examples of tangible third-party memory games available at online stores and on the Internet, other than those already purchased by MGA. Submitted herewith as **EXHIBITS 3.1** through **3.68** are true and correct copes of printouts of web pages showing such examples. The sources for **EXHIBITS 3.1** through **3.68** are summarized in the **INDEX TO EXHIBIT 3** submitted therewith.

e. Additional examples of electronic third-party memory games for use on the Internet, computers, or DVDs. Submitted herewith as **EXHIBITS 4.1** through **4.135** are true and correct copes of printouts of web pages showing such examples. Attached hereto as **EXHIBIT 4.136** are true and correct copies of the *Harry Potter And The Prisoner Of Azkaban* DVD package and its contents. The sources for **EXHIBITS 4.1** through **4.136** are summarized in the **INDEX TO EXHIBIT 4** submitted therewith.

f. Trademark registrations and applications for "memory"-formative marks in the United States Patent And Trademark Office database publicly available at www.uspto.gov. Submitted herewith as **EXHIBITS 5.1** through **5.11** are true and correct copes of summaries of those searches. Submitted herewith as **EXHIBITS 5.12** through **5.57** are true and correct copes of relevant documents for the pertinent results from those searches. Details about **EXHIBITS 5.1** through **5.57** are summarized in the **INDEX TO EXHIBIT 5** submitted therewith.

g. Additional game-related third-party uses of "memory" from the Internet, Lexis, Dun & Bradstreet, and other media sources. Submitted herewith as **EXHIBITS 6.1** through **6.4** and **6.8** through **6.51** are true and correct copes of printouts of web pages showing such examples. Submitted herewith as **EXHIBITS 6.5** through **6.7** are relevant portions of the Dun and Bradstreet search report. The sources for **EXHIBITS 6.1** through **6.51** are summarized in the **INDEX TO EXHIBIT 6** submitted therewith.

h. Examples of adult-content memory games from the Internet. Submitted herewith as **EXHIBITS 7.1** through **7.15** are true and correct copes of printouts of web pages showing such examples. The sources for **EXHIBITS 7.1** through **7.15** are summarized in the **INDEX TO EXHIBIT 7** submitted therewith.

i. Examples of articles that discuss or reference the current heightened consumer interest in comic book-related merchandise from the Internet. Submitted herewith as **EXHIBITS 8.1** through **8.11** are true and correct copes of printouts of such articles. The sources for **EXHIBITS 8.1** through **8.11** are summarized in the **INDEX TO EXHIBIT 8** submitted therewith.

j. Prosecution histories for Hasbro's trademark registrations for "Memory" (Reg. Nos. 834,282 and 2,894,970). Submitted herewith in MGA's REQUEST FOR JUDICIAL NOTICE as **EXHIBITS 9** and **10** are true and correct copes of printouts of such prosecution histories.

3. Submitted herewith as the appendices attached to the back of MGA's opposition brief in opposition to Hasbro's PLAINTIFF HASBRO, INC.'S MOTION FOR PRELIMINARY INJUNCTION AND RECALL are the following:

a. **APPENDIX 1**: A true and correct copy of Hasbro's stylized "Memory" mark shown in its 1967 registration, Reg. No. 834,282, as well as a true and correct copy of the specimen submitted therewith.

b. **APPENDIX 2**: A true and correct copy of the specimen submitted in 1987 for the renewal of Hasbro's trademark registration for "Memory" (Stylized), Reg. No. 834,282.

c. **APPENDIX 3**: True and correct copies of portions of packaging for samples of Hasbro's "Memory" games.

d. **APPENDIX 4**: True and correct copies of photographs of certain third-party memory games (sized to fit page).

e. **APPENDIX 5**: True and correct copies of photographs of Hasbro's *Dora the Explorer* Memory card-matching game (**FIG. 3**); third-party Cardinal's *Dora the Explorer* card-matching memory game (**FIGS. 1-2**); and the package for the deck of cards and the instruction card therefor (**FIG. 4**) (sized to fit page).

f. **APPENDIX 6**: A true and correct copy of the packaging sleeve for MGA's Spider-Man & Friends "3-D Memory Match-Up" game (sized to fit page).

g. **APPENDIX 7**: A true and correct summary list of examples of trademark registrations and applications in the U.S. Patent and Trademark Office that have disclaimed "memory," as set forth in **EXHIBIT 5** and the **INDEX TO EXHIBIT 5**.

h. **APPENDIX 8**: A true and correct summary list of third-party references to a standard deck of 52 playing cards used with memory games, as set forth in **EXHIBIT 1** and the **INDEX TO EXHIBIT 1**.

i. **APPENDIX 9**: A true and correct summary list of references to memory games made before Hasbro's alleged first use in commerce date of "Memory" (Stylized) in 1966, as set forth in **EXHIBITS 1.1** and **1.2** and the **INDEX TO EXHIBIT 1**.

j. **APPENDIX 10**: True and correct excerpts from packaging for samples of Hasbro's "Memory" games that reference a license from Ravensburger AG.

k. **APPENDIX 11**: A true and correct reproduction of relevant portions of the declaration of Hasbro's Senior Vice President, Barry Nagler, submitted in connection with the prosecution of Hasbro's trademark registration, Reg. No. 2,894,970.

l. **APPENDIX 12**: True and correct excerpts from packaging for and instruction sheets from samples of Hasbro's "Memory" games that reference "memory" or "remember".

m. **APPENDIX 13**: True and correct copies of photographs of MGA's Spider-Man & Friends "Memory Match-Up" game, including the packaging, the superhero characters, and the plastic cups (sized to fit page).

n. **APPENDIX 14**: True and correct copies of photographs of Hasbro's Memory game, MGA's Spider-Man & Friends "Memory Match-Up" game, and third-party memory and match games (sized to fit page).

o. **APPENDIX 15**: A true and correct copies of a photograph of a Hasbro "Memory" game found next to a non-Hasbro memory game in a Wal-Mart store (sized to fit page).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed July 14, 2006, at Los Angeles, California.

KENT R. RAYGOR