UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HASBRO, INC.,

Plaintiff,

v.

MGA ENTERTAINMENT, INC.,

Defendant.

MGA ENTERTAINMENT, INC.,

Counterclaimant,

v.

HASBRO, INC.,

Counterclaim-Defendant.

CA No. 06-262 S

**STIPULATION AND PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF CERTAIN DISCOVERY MATERIAL**

The Parties, through their respective counsel, have agreed that it would serve their interests to conduct certain discovery in this action under a protective order pursuant to Fed. R. Civ. P. 26(c), and that certain discovery is likely to involve confidential business information. Therefore, the undersigned parties agree, and this Court orders, as follows:

1. Any party to this action, as well as any person or entity having to respond to discovery propounded in this action, who provides discovery testimony, documents, tangible things, or information (whether by producing documents, answering interrogatories, responding to requests for admission, providing testimony at a deposition, or through some other discovery device) (hereinafter "Discovery Material(s)"), or who serves or files any papers in this action containing Discovery Materials, may designate such Discovery Materials as either "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" pursuant to the procedures hereinafter set forth. Any such designation shall constitute a representation by the person making the designation, and by his, her, or its counsel, that he, she, or it has a good faith belief that the Discovery Material so designated contains or constitutes: trade secrets, confidential research, development, and/or confidential commercial information, as defined in Fed. R. Civ. P. 26(c)(7). Any party to this action may designate any Discovery Materials produced by any non-party as "CONFIDENTIAL" in accordance with the requirements of this Paragraph 1, if such party reasonably believes that they contain information that is confidential to the designating party.

2. Any party to this action, as well as any person or entity having to respond to discovery propounded in this action, may designate more limited types of Discovery Materials as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" if they: (a) satisfy the requirements for a confidentiality designation set forth in Paragraph 1, above, and (b) contain or constitute

confidential information that is especially sensitive such that, given its nature, if disclosed to inside counsel (who are permitted to see information designated "CONFIDENTIAL", pursuant to Paragraph 12(a)(ii), below, but are not permitted to see information designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY", pursuant to Paragraph 13, below) could reasonably surrender a competitive advantage, disclose trade secrets, or foster a competitive disadvantage, including, but not limited to, disclosing confidential licensing agreement terms and the parties' negotiations with Marvel. Any party may designate any Discovery Materials as CONFIDENTIAL – OUTSIDE COUNSEL ONLY that are produced by a non-party in accordance with the requirements of this Paragraph 2, if such party reasonably believes that they contain information that is properly designated CONFIDENTIAL – OUTSIDE COUNSEL ONLY by the designating party.

3. Discovery Materials shall not be designated as either CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY if (a) they are, or become, public knowledge, as shown by publicly available writings, other than through a violation of terms of this Stipulation and Protective Order, an unlawful act, or a violation of any other obligation of confidentiality; or (b) they are acquired from a non-party in lawful possession of such information and under no obligation to the owner of the information contained in the Discovery Materials to keep it confidential, unless the non-party producing the information invokes the protections of this Stipulation and Protective Order because, even though such Discovery Materials might be in that non-party's possession lawfully and under no confidentiality obligation on his, her, or its part, someone from whom that non-party obtained those Discovery Materials, or someone before that person, did *not* obtain or disclose it lawfully, or obtained or disclosed it in violation of a confidentiality obligation.

4. The person producing Discovery materials desiring to make a confidentiality designation shall label or mark all Discovery Materials, including all pages therein, that he, she, or it wishes to so designate with the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" on the face thereof, as well as on every page thereof, at or before the time of disclosure to someone other than the designating person. Inadvertent failure to so mark such materials shall not be deemed to be a waiver and the parties agree to act in good faith to correct this by thereafter making the inadvertently omitted designation on all copies of the materials from which the designation was inadvertently omitted.

5. As to depositions upon oral examination, the testimony of the witness shall be deemed designated CONFIDENTIAL, or, if counsel so states during the deposition, CONFIDENTIAL - OUTSIDE COUNSEL ONLY, until the expiration of ten (10) court days after the receipt by counsel for the deponent of a copy of the deposition transcript. Within that 10-court day period, the deponent's counsel shall then designate in writing to other counsel of record the specific pages and lines of the certified transcript that are designated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE COUNSEL ONLY. If no such designations are made within that time period, the entire transcript shall be non-confidential.

6. Any confidentiality designation of documents and other information shall be made prior to the inspection of such documents or other information by the receiving party by affixing to every page containing designated confidential information a stamp bearing the words "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" in a location that makes the designation readily apparent. The confidentiality designation may also be affixed to any documents generated in the course of this litigation, including portions of briefs, memoranda or any other writings filed with the Court, that contain or reveal any Discovery Materials that

have been so designated. Inadvertent failure to so mark such materials shall not be deemed to be a waiver and the parties agree to act in good faith to correct this by thereafter making the inadvertently omitted designation on all copies of the materials from which the designation was inadvertently omitted.

0. A party shall have the right to make a confidentiality designation for documents called for by a subpoena to a third party, in cases where the documents were in the possession of the third party pursuant to a confidentiality agreement, *provided* notice of such designation is made to the third party, and copied to the other Party, within fourteen (14) days of production of the documents to the requesting party or its counsel.

0. Unless otherwise ordered by the Court, all Discovery Materials bearing a confidentiality designation shall be used by the parties solely for the purpose of this litigation and for pursuing or defending legal rights relating to this litigation, and not for any other purpose, including, but not limited to, use in any business or commercial enterprise. In the event that the receiving party makes copies of any Discovery Materials designated confidential, all such copies shall bear the same legend as the originals from which such copies were made.

0. If documents marked with a Confidentiality Designation are called for in a subpoena by someone who is not a party to this action, the receiving party to whom the subpoena is directed shall give written notice thereof to each party that has designated the documents as confidential as soon as possible in order to provide each such designating party with an opportunity to object to the production of such documents in response to the subpoena and serve and file a motion to quash the subpoena, as necessary. The party receiving such a subpoena shall reasonably cooperate in such efforts by the party objecting to the production of such documents

in response to the subpoena.. Nothing in this Stipulation and Protective Order shall require a party to violate an obligation imposed by a governmental agency or court, or the rules thereof.

10. Notwithstanding anything in this Stipulation and Protective Order to the contrary, the designation of materials as CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL ONLY shall not prevent a party from taking discovery from any entity or individual identified in such material.

11. The term "Independent Expert" means any person with whom a Party may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof, *provided* such person is not an employee of a Party or someone reasonably deemed to be a competitor of a Party.

12. Except with the prior written consent of the producing party or upon prior order of the Court obtained upon noticed motion, Discovery Materials designated as "CONFIDENTIAL" shall be shown, delivered or disclosed *only* to:

(a) (i) Outside counsel of record, (ii) in-house counsel to the parties, and (iii) the respective administrative staffs of such outside and in-house counsel (*e.g.*, legal assistants and clerical and secretarial employees of such counsel assigned to assist in the conduct of this litigation);

(b) Employees of any professional photocopy service or other outside litigation support service utilized by counsel in the conduct of this litigation, *provided* that all such persons first complete the Undertaking attached hereto as **EXHIBIT A**;

(c) Any author or recipient of the designated Discovery Materials, or any employee of the party that produced such designated Discovery Materials;

(d) The Court and any persons employed by the Court whose duties require access to such material;

(e) Any (i) Independent Expert, and (ii) his or her secretarial and clerical staff needing to access such information in order to assist the Independent Expert, retained by counsel to assist in the conduct of this action or to testify at trial or any other proceeding in this action, *provided* the documents disclosed pertain to the expected consultancy or testimony of the Independent Expert and the Independent Expert and his or her secretarial and clerical staff identified above first complete the Undertaking attached hereto as **EXHIBIT A**; and

(f) Deposition court reporters and other persons involved in recording deposition testimony in this action by any means, *provided* all such persons are first put on notice at any deposition of the existence of this Protective Order and informed that they will be bound by their obligations as court reporters to keep confidential anything confidential learned during the deposition.

13. Access to Discovery Materials designated CONFIDENTIAL - OUTSIDE COUNSEL ONLY shall be disclosed *only* to the persons specified in Paragraphs 12(b)-(f), above, and to outside counsel of record in this action described in Paragraph 12(a)(i), above, and the respective administrative staffs (*e.g.*, legal assistants, and clerical and secretarial employees of such counsel assigned to assist in the conduct of this litigation) of such outside counsel, *but not to any in-house counsel of the parties or the administrative staffs of such in-house counsel.*

14. In the event a party desires to include any Discovery Materials designated CONFIDENTIAL or CONFIDENTIAL-OUTSIDE COUNSEL ONLY in, or as an attachment or exhibit to any document to be filed or lodged with either the Court or the Clerk during this

action, the party proposing to file or lodge such Discovery Materials shall comply with LR Gen. 102-01 to seek to obtain an order that maintains the confidentiality of such Discovery Materials as, for example, by filing or lodging them under seal. The designating party shall reasonably cooperate with the party desiring to so file or lodge Discovery Materials under seal, in order to maintain the confidentiality of such Discovery Materials.

15. When a party wishes to include Discovery Materials in a document to be filed or lodged with the Court that contain designated confidential information, but that designated information is not relevant to the purpose for which the filing or lodging is being made, the party desiring such filing or lodging may, in lieu of the procedures set forth in Paragraph 14, file a redacted copy of the writing that deletes the confidential information. In that event, the redaction must be indicated by placing the designation "CONFIDENTIAL INFORMATION REDACTED", or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY INFORMATION REDACTED", as may be appropriate, in the place(s) on the document where the confidential material would have appeared.

16. If a producing party inadvertently produces any Discovery Materials properly entitled to a confidentiality designation without marking it with the appropriate legend, the producing party may give written notice to the receiving party, including appropriately designated and stamped copies of the Discovery Material, that the document or information will thereafter be treated as such in accordance with the provisions of this Protective Order. Upon notification of the confidentiality designation of the document or other information, the receiving party shall use its reasonable best efforts to collect all copies of the inadvertently produced Discovery Materials from persons not entitled to see such Discovery Materials had it been properly designated and to treat it thereafter as if it had received a timely confidentiality

designation pursuant to this Protective Order, and shall substitute, as necessary, the appropriately designated pages. If the receiving party is subject to excessive costs or burden in connection with undertaking to comply with this Paragraph 16, then the producing party shall reimburse the receiving party for the reasonable expenses incurred in connection therewith. In no event shall the inadvertent disclosure by the producing party of documents or other information without the appropriate confidentiality designation legend be deemed to be a waiver in whole or in part of the producing party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or a related subject.

17. Neither the provisions of this Protective Order nor the filing of any information under seal shall prevent the use, in open court, at any hearing or at trial of this case, of any material that is subject to this Protective Order or filed under seal pursuant to its provisions. The Parties shall meet and confer concerning appropriate methods for dealing with material bearing a confidentiality designation pursuant to this Protective Order at hearings and at trial, and shall cooperate to ensure that as little such information as possible is used in open court.

18. Unless and until otherwise ordered by the Court or agreed to in writing by the Parties, all material with a confidentiality designation pursuant to this Protective Order shall be treated in accordance with its designation and shall not be disclosed except under the terms of this Protective Order.

(a) In the event either Party objects to the designation of any Discovery Material, such Party may, in writing, request the designating party to remove or change the designation. Such written request shall specifically identify the Discovery Materials at issue.

(b) The designating party shall respond in writing within ten (10) court days of receipt of the written request, or within such other period of time as may be designated by order of the Court or agreed to by the parties. If the designating party refuses to remove or change the designation as requested, its written response shall state the reasons for this refusal. Notwithstanding the foregoing, failure to provide a timely written response shall be deemed a refusal of the request.

( ) If a confidentiality designation is challenged, the designating party shall bear the burden of establishing under the Federal Rules of Civil Procedure that the Discovery Materials are entitled to the confidential treatment claimed.

19. This Protective Order shall not constitute a waiver of either Party's rights under the Federal Rules of Civil Procedure or the Local Rules of this Court.

20. Any inadvertent production of Discovery Materials containing privileged information shall not be deemed to be a waiver of the attorney-client privilege, work product doctrine or any other applicable privilege or doctrine. Each Party specifically reserves the right to demand the return of any privileged Discovery Materials that it may produce inadvertently during discovery if the Party determines that such Discovery Materials contain privileged information. Any such inadvertently produced privileged information shall be destroyed and cannot thereafter be used for any purpose.

21. No later than sixty (60) days after the final adjudication of this action, including any appeals, and upon written request by a designating party, all materials that are not in the possession of outside counsel of record that have been designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" pursuant to this Protective Order shall be returned to the designating party or shall be destroyed, unless a motion seeking modification of

this Protective Order is filed. In the event that such materials are destroyed, the person(s) responsible for such destruction shall certify in writing to the completion and manner of destruction. Notwithstanding anything herein that may be deemed to the contrary, each party's outside counsel of record may retain copies of all pleadings and briefs, deposition, hearing and trial transcripts and exhibits, court rulings, decisions or orders, and correspondence maintained in their respective litigation files in the ordinary course of business; and nothing herein shall require the parties' outside counsel of record to purge or destroy any electronic files. This Protective Order shall have ongoing applicability to any and all materials maintained in such outside counsel's litigation files.

22. Nothing in this Protective Order shall limit any producing party's use of its own documents.

23. The Court retains jurisdiction to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate. Either Party may make a request to the Court for any reasonable amendment to this Protective Order to facilitate the efficient and appropriate handling of Confidential information.

Dated: July 28, 2006

Joseph Avanzato [# 4774]
Jeffrey K. Techentin [# 6651]
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903
(401) 274-7200
Attorneys for Plaintiff Hasbro, Inc.

Brooks R. Magratten [#6883]
George E. Lieberman [#3860]
VETTER & WHITE
20 Washington Place
Providence, RI 02903
(401) 421-3060
Attorneys for Defendant MGA Entertainment, Inc.

Of Counsel

Kim J. Landsman
Michael D. Sant'Ambrogio
PATTERSON, BELKNAP, WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
(212) 336-2000

Kent R. Raygor, Esq.
Janene P. Bassett, Esq.
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
1901 Avenue of the Stars, 16th Floor
Los Angeles, California 90067-6017
(310) 228-3700

SO ORDERED:

DATED: July __, 2006

[signature]
Honorable William E. Smith
United States District Judge
7/31/06

Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC.,<br>Plaintiff,<br>v.<br>MGA ENTERTAINMENT, INC.,<br>Defendant. | |
| MGA ENTERTAINMENT, INC.,<br>Counterclaimant,<br>v.<br>HASBRO, INC.,<br>Counterclaim-Defendant. | CA No. 06-262 S |

**UNDERTAKING**

I, ______________________________, hereby certify that I have read the Stipulation and Protective Order Governing Confidentiality Of Certain Material (the "Protective Order") entered in the above-captioned case on July ____, 2006, and that I understand the terms, conditions and restrictions it imposes on any person given access to material or information designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY"

pursuant to that Protective Order. I recognize that I am bound by the terms of that Protective Order, and I agree to comply with its terms.

I will not disclose any materials, documents, information, or communications that have been designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" in this lawsuit to anyone other than persons specifically authorized by Paragraphs 12 and 13 of the Protective Order, and I agree to return all such materials that come into my possession to counsel from whom I received such materials upon request by that counsel or upon the conclusion of my involvement in this lawsuit, whichever occurs first. I hereby consent to be subject to the personal jurisdiction of the United States District Court for the District of Rhode Island with respect to any proceedings relative to the enforcement of the Protective Order and my obligations thereunder, including any proceeding related to contempt of Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Undertaking is executed this ____ day of _______________ 200__.

________________________________
(Signature)

________________________________
Address

________________________________
Phone

________________________________
Employer/Business

________________________________
Job Title/Description

400045494.3