# EXHIBIT

# A

RECEIVED
JUN 2 2006
JUL 31 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC.,<br><br>Defendant. | |
| MGA ENTERTAINMENT, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>HASBRO, INC.,<br><br>Counterclaim-defendant. | **C.A. No. 06-262 S** |

**MGA ENTERTAINMENT, INC.'S RESPONSES TO HASBRO, INC.'S FIRST SET OF RULE 33 INTERROGATORIES**

*Willingham v. Ashcroft*, 226 F.R.D. 57, 59 (D.D.C. 2005); *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998); 1993 Advisory Committee Notes to FED. R. CIV. P. 33.

## III.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

"[**INTERROGATORY NO. 1A:**] Identify separately each product produced, distributed, marketed or sold or intended to be produced, distributed, marketed or sold by MGA bearing the words MEMORY MATCH-UP or any other name or mark including the word 'MEMORY' and for each such product:

(a) [**INTERROGATORY NO. 1B:**] identify the date that the product was shipped or is intended to be shipped, the quantities that were shipped or are intended to be shipped, and the person or businesses to whom the products were shipped or are intended to be shipped.

(b) [**INTERROGATORY NO. 1C:**] state Defendant's total sales by gross revenue, net revenue, and unit volume for each calendar year or portion thereof that such goods were produced or provided, or projections of total annual sales of such goods for each year the goods are intended to be offered;

(c) [**INTERROGATORY NO. 1D:**] state the number of units that were shipped to distributors or retailers for each calendar year or portion thereof that the product was shipped to distributors or retailers;

(d) **[INTERROGATORY NO. 1E:]** state the number of units that were sold by retailers for each calendar year or portion thereof that the product was sold by retailers;

(e) **[INTERROGATORY NO. 1F:]** identify all media by either name of network or television station, radio station, magazine, publication, newsletter, website(s) or newspaper in which advertising or marketing for each product has occurred or is planned; and

(f) **[INTERROGATORY NO. 1G:]** state separately for 2005 and 2006 to date the actual or intended expenditures or value of advertising, promotion, marketing, client or consumer relations, and public relations for each product."

**RESPONSE TO INTERROGATORY NO. 1A:**

MGA incorporates herein all of its General Objections and Objections To Definitions And Instructions stated above. Given the foregoing and without waiver or limitation of those objections, MGA responds as follows: A "Spider-Man & Friends"-themed version of the Memory Match-Up game was sold under the Memory Match-Up name. As stated by MGA in Court on July 13, 2006, the game is now called the 3-D Memory Match-Up game under a "running change" to the name. To the extent required or appropriate, MGA will supplement this response once a confidentiality protective order is entered.

**RESPONSE TO INTERROGATORY NO. 1F:**

MGA incorporates herein all of its General Objections and Objections To Definitions And Instructions stated above. Given the foregoing and without waiver or limitation of those objections, MGA responds as follows: A "Spider-Man & Friends"-themed version of the Memory Match-Up game was advertised on a page of MGA's website under the Memory Match-Up name, and is presently advertised there under the 3-D Memory Match-Up name.

**RESPONSE TO INTERROGATORY NO. 1G:**

MGA incorporates herein all of its General Objections and Objections To Definitions And Instructions stated above. MGA also objects to this request on the ground that it is vague and ambiguous in that MGA does not know what Hasbro means by the "value of advertising, promotion, marketing, client or consumer relations, and public relations." Given the foregoing and without waiver or limitation of those objections, MGA responds as follows: MGA cannot presently place a value on the promotional value of the appearance of the "Spider-Man & Friends"-themed version of the Memory Match-Up game on a page of its website or quantify the cost of creating the relevant individual page to show the game, nor can it place such a value or quantify such a cost for its appearance on that web page under the 3-D Memory Match-Up name. Nothing other than that web page presentation is presently planned by MGA.

**INTERROGATORY NO. 2:**

"**[INTERROGATORY NO. 2A:]** Identify the persons principally involved in the conception, selection, or decision by MGA to use 'MEMORY MATCH-UP' as the name of a

Dated: July 28, 2006

Defendant and Counterclaimant,
MGA ENTERTAINMENT, INC.
By its attorneys,

BROOKS R. MAGRATTEN, R.I. Bar ID #3585
GEORGE E. LIEBERMAN, R.I. Bar ID #3860
VETTER & WHITE
20 Washington Place, 3rd Floor
Providence, Rhode Island 02903
Telephone: (401) 421-3060
Facsimile: (401) 272-6803
E-mail: bmagratten@vetterandwhite.com
glieberman@vetterandwhite.com

KENT R. RAYGOR, *pro hac vice* application submitted
JANENE P. BASSETT, admitted *pro hac vice*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
E-mail: kraygor@sheppardmullin.com
jbassett@sheppardmullin.com

As to objections: ______________________
GEORGE E. LIEBERMAN

400045675.3

**VERIFICATION**

I, Eric Villette, Executive Vice President of Operations, am authorized to make this verification for and on behalf of MGA Entertainment, Inc. I have read **MGA ENTERTAINMENT, INC.'S RESPONSES TO HASBRO, INC.'S FIRST SET OF RULE 33 INTERROGATORIES** and know its contents. I am informed and believe and on that basis allege that the matter stated in the responses stated therein is true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 28, 2006 in Van Nuys, California.

By ______________________
ERIC VILLETTE