UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC.,<br>Plaintiff,<br>v.<br>MGA ENTERTAINMENT, INC.,<br>Defendant. | **REQUEST FOR EXPEDITED CONSIDERATION AND DECISION PURSUANT TO LR CV 9** |
| MGA ENTERTAINMENT, INC.,<br>Counterclaimant,<br>v.<br>HASBRO, INC.,<br>Counterclaim-defendant. | **C.A. No. 06-262 S** |

**MOTION OF DEFENDANT/COUNTERCLAIMANT MGA ENTERTAINMENT, INC. TO COMPEL APPROPRIATE RESPONSES TO INTERROGATORIES, DOCUMENT REQUESTS AND REQUESTS FOR ADMISSIONS AND PRODUCE PERSONS FOR THEIR DEPOSITIONS**

## I. Introduction

By this Motion, defendant/counterclaimant MGA Entertainment, Inc. ("MGA") MGA respectfully requests that the Honorable Court order plaintiff/counterclaim-defendant Hasbro, Inc. ("Hasbro") to respond properly and completely within five (5) days to MGA's Interrogatories, Document Request and Requests for Admissions and Produce Persons for their Depositions.

Hasbro has demanded that its preliminary injunction/recall motion be heard commencing September 8, 2006. Yet it fails to provide important discovery, thereby substantially prejudicing MGA. Hasbro can not "have its cake and eat it too" – if it wants the hearing to go forward on September 8, it needs immediately to provide proper discovery responses and to produce persons for their depositions and, in default thereof, its motion should be denied or the hearing be postponed.[1]

## II. SUMMARY OF CASE

Hasbro initiated this civil action contending that MGA has infringed a trademark with respect to a certain card game sold by Hasbro under the name Memory.

As MGA has explained, Hasbro's claim is without merit for many reasons, including: (1) Hasbro's trade mark registrations are limited to the word "memory" and expressly limited to equipment for a card matching game and card-matching game. MGA's current game name is "3-D Memory Match-Up," which does not infringe upon Hasbro's mark. Moreover MGA's game is not a card matching game and does not use cards, but, rather, contains 3-D, molded characters; (2) the generic word "memory" has been and is used and associated with a multitude of children's card games, many of which were played many years before Hasbro started marketing its game. As such, Hasbro could not properly make the generic word "memory" a trademark and its purported trademark is invalid; (3) Hasbro has failed to police the mark thereby abandoning it; (4) Hasbro knew of MGA's use of the word "memory" no later then the Summer of 2005, yet waited almost a year before taking action. Hasbro's claim for equitable is

---

[1] MGA is also filing today a Memorandum of Law for Expedited Disposition of its Motions pursuant to LR Cv 9 and a Motion for Denial of Hasbro's Motion or, in the alternative, a Continuance and is asking the trial judge, the Honorable William E. Smith, to assign the discovery motions to the Magistrate Judge for expedited consideration and to give expedited consideration to MGA's denial/continuance motion.

barred by the doctrine of laches; (5) Hasbro previously represented to the USPTO that its proposed mark could co-exist without confusion with a card matching game called "Memory Lane," thereby refuting its "confusion" contention; (6) the word "memory" describes the nature, use and characteristics of a card-matching "memory game," and is, thus, descriptive without secondary meaning rendering it unenforceable as a trade mark; (7) Hasbro cannot prove confusion, particularly since the games are significantly different and the purported marks are not similar; (8) Hasbro made misrepresentations in its USPTO filing requiring the cancellation of its registration; and (9) Hasbro's intentional misrepresentations to the USPTO and its discovery misconduct constitute unclean hands and bar its claim.

## III. FAILURE OF HASBRO TO RESOND PROPERLY TO WRITTEN DISCOVERY[2]

### A. INTERROGATORIES[3]

#### 1. Failure of Hasbro to Comply With Fed. R. Civ. P. 33(d)

In response to **Interrogatory Nos. 2, 5, 7, 10, and 11**, rather than fully answering the requests, Hasbro instead points to Fed. R. Civ. P. 33(d). Rule 33(d) in relevant part states:

> Where the answer to an interrogatory may be derived or ascertained from the business records of [a] party . . . and the **burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served**, it is a sufficient . . . to **specify the records** from which the answer may be derived. . . . A specification **shall be in sufficient detail** to permit the interrogating party to **locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.** (Emphasis added.)

---

[2] After 8:00 p.m. on the night of August 16, 2006, Hasbro emailed documents spanning 135 pages and said it would bring even more documents to the depositions scheduled of it and its employees, which depositions were scheduled to begin at 9:00 a.m., the next day, August 17. This last minute production of voluminous documents but shortly before depositions are to begin obviously prejudices MGA in the defense of this case.

[3] The referenced interrogatories, document requests and requests for admission are attached hereto as Exhibit A.

Hasbro is under a duty to search its records to provide the answers. *See, e.g., Govas v. Chalmers,* 965 F.2d 298, 302 (7th Cir. 1992). Only if the information is contained in business records and the burden of searching those records is "substantially the same" for MGA as it is for Hasbro may Hasbro then answer by specifying the records from which the answer may be derived. *See* Fed. R. Civ. P. 33(d); *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221, 225-26 (10th Cir. 1976).

Here, the burden of searching records certainly is not substantially the same for MGA as it is for Hasbro, as these interrogatories seek information related to Hasbro's advertising (**Interrogatory No. 2**), allowing third parties to use "memory" (**Interrogatory No. 5**), legal proceedings relating to "memory" (**Interrogatory No. 7**), unauthorized uses of "memory" (**Interrogatory No. 10**), and failed attempts to stop others from using "memory" (**Interrogatory No. 11**). Hasbro is intimately familiar with this information about itself, while MGA is *not* familiar with that information about Hasbro. Consequently, the burden of searching Hasbro's own records is not substantially the same.

Moreover, Hasbro failed to specify the documents corresponding to its invocation of Rule 33(d). "The final sentence [of Rule 33(d)] is added to make it clear that a responding party has ***the duty to specify, by category and location***, the records from which answers to interrogatories can be derived." ADVISORY COMMITTEE NOTES, RULE 33(c), 1970 Amendment. *See also* 1980 Amendment. (Emphasis added). Hasbro has failed to identify any production numbered documents pursuant to Rule 33(d).

Furthermore, for **Interrogatory No. 5** Hasbro identified (without specificity or production numbers) ***redacted*** documents.[4] Hasbro's heavy redaction of much of its discovery is inappropriate, especially given that a Court approved two-level protective order is in place to address concerns about confidentiality. Hasbro's extensive redactions make the documents difficult, if not impossible, to decipher and MGA has no way to determine Hasbro's basis for the redactions. Hasbro must identify the production numbers of the responsive documents, provide unredacted documents immediately or a privilege log or explain why the information cannot be disclosed under the protective order.

### 2. <u>Failure of Hasbro to Identify Witnesses</u>

In **Interrogatory Nos. 1, 3 and 9**, MGA asked Hasbro to identify witnesses by name, address and telephone number. Hasbro has not. Rather, Hasbro states which witnesses may be contacted only through Hasbro's counsel (**Interrogatory Nos. 1 and 9**) (and again insists through its Second August 16 letter that it will prevent contact by MGA with Hasbro employees without agreeing to accept service of subpoenas) or Hasbro provides no information at all (**Interrogatory No. 3**). The need for addresses and phone numbers is so MGA may find the witnesses in order to serve subpoenas on them if necessary, unless Hasbro, through its attorneys, agrees to accept service of subpoenas. Any bar as to Hasbro's former employees is entirely inappropriate.

### 3. <u>Improper Objections of Hasbro</u>

[4] By a letter received after 6:00 p.m. on August 16, 2006 (herein "Second August 16 letter), Hasbro through its counsel (but not by a verified answer to interrogatories) stated the redacted material relates to financial material and dispute resolution. Hasbro should so state in a supplemental response.

In response to **Interrogatory Nos. 1, 3, 7, 8 and 9-11**, Hasbro asserts boilerplate objections and otherwise improper objections.

All grounds for objection to an interrogatory must be stated with specificity and state how the interrogatory is overly broad and burdensome and show its alleged burdensome nature.[5] Where an interrogatory allegedly is overbroad, Hasbro must answer whatever part of the question is proper, object to the balance, and provide some meaningful explanation of the basis for the objection. Because of Hasbro's vague objections, MGA generally is unable to determine whether Hasbro has withheld information based on those objections.

In response to **Interrogatory No. 1**, which concerns the circumstances surrounding when Hasbro first learned about MGA's product that Hasbro has accused of infringement, Hasbro asserts a relevance objection. The circumstances surrounding Hasbro's discovery of MGA's product at issue in this lawsuit is pertinent to the issue of laches. *See, e.g., Affirmative Defense No. 7.*

In response to **Interrogatory No. 3**, which concerns communications about MGA's use of the word "memory," Hasbro asserts breadth, vagueness, ambiguity, and relevance objections. Communications about the conduct accused of infringement is relevant.

[5] See FED. R. CIV. P. 33(b)(4); *see also Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (objection that interrogatories were "burdensome" overruled because the objecting party failed to "particularize" the basis for objection); *Mitchell v. National R.R. Passenger Corp.*, 208 F.R.D. 455, 458, n.4 (D.D.C. 2002); *Chubb Integrated Systems v. National Bank of Washington*, 103 F.R.D. 52, 60 (D.D.C. 1984); FED. R. CIV. P. 33, ADVISORY COMMITTEE NOTES, 1993 Amendments; *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 512-13 (N.D. Iowa 2001) (objections must explain how a request or interrogatory is overbroad or unduly burdensome); *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996) ("[O]bjections to interrogatories must be specific and supported by detailed explanations of why the interrogatories are objectionable.").

In response to **Interrogatory No. 7**, which concerns legal proceedings involving Hasbro that concern "memory," Hasbro asserts breadth, burden, and relevance objections. Given that a major issue in this case is MGA's assertion with regard to Hasbro's lack of enforcement of its alleged trademark, and the widespread generic and descriptive use of the word "memory" for memory games—whether resulting therefrom or otherwise—Hasbro's legal proceedings over "memory" are obviously highly relevant. Moreover, Hasbro's protests about its alleged mark being in exclusive use by it for 40 years are misplaced. Such information is highly pertinent to show Hasbro's failure to police its alleged mark during the lifetime of that that alleged mark.

In response to **Interrogatory No. 8**, which concerns any Hasbro "memory" games that are not a card-matching game, Hasbro asserts breadth and relevance objections. Given that Hasbro's registration relates to a card-matching game and MGA's game does not involve cards at all, the scope of Hasbro's "memory" games is certainly relevant to this suit.

In response to **Interrogatory No. 9**, which concerns identification of people with managerial responsibility for marketing Hasbro's "memory" game since 2000, Hasbro asserts a breadth objection. Given that MGA limited its interrogatory to Hasbro's "memory" game and to the time period of 2000 to present, the interrogatory is not overly broad. Hasbro appears to have unilaterally narrowed the interrogatory to those with "***principal*** managerial responsibility" (emphasis added) for Hasbro's "memory" game, which is improper. MGA is entitled to learn the identity of all people with any managerial responsibility for marketing Hasbro's "memory" game,

as those people may have information pertinent to this lawsuit. Therefore, Hasbro has no basis to withhold the relevant information.[6]

In response to **Interrogatory No. 10**, which concerns unauthorized uses of "memory" in connection with games or toys, Hasbro asserts a litany of objections, including breadth, vagueness, ambiguity, relevance, burden, and privilege. Hasbro's admission that there has been so much unauthorized third party use of "memory" that it would be unduly burdensome to identify such uses, certainly is relevant to this action where MGA has explained that Hasbro has failed to police its alleged mark. Further, Hasbro's privilege objection is improper given that the interrogatory does not call for privileged information – it seeks identification of third party uses of "memory" and related information thereto.

In response to **Interrogatory No. 11**, which concerns failed efforts to police Hasbro's alleged "memory" mark, Hasbro asserts a privilege objection. The interrogatory does not call for privileged information – it seeks information about third party uses of "memory" and efforts to stop such use. There is nothing privileged about that information.

**B. <u>REQUESTS FOR ADMISSION</u>**

Hasbro has served evasive, non-responsive and, in light of the overwhelming evidence presented, inaccurate responses to the Requests For Admissions ("RFA") of MGA.[7]

---

[6] In its Second August 16 letter, Hasbro says it will supplement its response to interrogatory 9, but does not withdraw its objections.

[7] *See Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994) (responding parties "should admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted"); *Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003) ("If the objection is only to a portion of the request, the responding party is required to unambiguously answer that portion of the request to which the objection does not apply."). "Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable

**RFA Nos. 5 and 6** seek admissions that Hasbro has no documents related to actual confusion, which Hasbro denies. Hasbro, however, has produced no documents evidencing even a single instance of actual confusion, despite document requests seeking such documents (*i.e.*, **RFA Nos. 11-12**). Either Hasbro must produce those documents or it must amend its answers to **RFA Nos. 5 and 6** to "admitted" from "denied."

**RFA Nos. 17-18** seek admissions that MGA's game is not a card-matching game and does not use cards in its game play. Hasbro provides an evasive response, stating that MGA's game "does not appear to use cards." (Emphasis added) Hasbro certainly knows by now that MGA's game is not a card-matching game and does not use cards in its game play. Hasbro should fairly respond to the request, and not engage in word play to avoid an admission. Nothing less is required of a party demanding equitable relief.

**RFA No. 23** asks Hasbro to admit that the "TM" symbol on MGA's packaging follows the word or phrase "match-up" and not the word "memory". Hasbro gratuitously responds by referring to "the trademark MEMORY MATCH-UP™" when MGA did not ask anything concerning that. Hasbro's response is evasive and is not responsive to the request.

**RFA Nos. 24-29** seek admissions concerning third-party uses of "memory" for games and toys. MGA has provided Hasbro with hundreds of such examples, including online games, which Hasbro concedes in some of its discovery responses. Hasbro can not in good faith deny these requests given MGA's overwhelming showing of such evidence. Furthermore, lead

---

conduct. They should focus on the goal of the Rules, full and efficient discovery, ***not evasion*** and word play." *Marchand*, 22 F.3d at 936 (emphasis added). "[T]o aid in the quest for relevant information parties ***should not seek to evade disclosure by quibbling and objection***." *Id.* at 938 (emphasis added).

counsel for Hasbro, Kim J. Landsman,, Esq., was given an opportunity to inspect and review many examples of such third-party use in MGA's outside counsel's office in Los Angeles. Mr. Landsman conducted an inspection and review on August 8 and 10, 2006. Hasbro must now respond in good faith to these Requests.

**RFA Nos. 45-46** seek admissions that "memory" games were known before Hasbro or its predecessor began marketing its game, which Hasbro denies with respect to activity in the U.S. MGA has provided Hasbro with numerous examples of publicly available books predating Hasbro's alleged 1966 first use, which specifically reference a memory game where like cards are matched. Hasbro cannot fairly or in good faith deny these requests given MGA's overwhelming showing of evidence. As noted above, lead counsel for Hasbro, Kim J. Landsman, Esq., was given an opportunity to inspect and review these publications in MGA's outside counsel's Los Angeles office. Mr. Landsman conducted a review on August 8 and 10, 2006. Those books, published before 1966, show use of the term "memory" as the name of a card-matching game. Hasbro should respond in good faith and honesty to **RFA Nos. 45-46**. For generally the same reason, Hasbro must amend its answers to **RFA Nos. 47-54** as well. Likewise, as to **RFA Nos. 55-58**, given the evidence presented by MGA, Hasbro can not in good faith deny or refuse to admit that "memory," "concentration," and "pelmanism" are interchangeable terms.

**RFA Nos. 59-60** seek admissions concerning the definition of "classic," to which Hasbro has objected based on relevance. However, Hasbro has challenged MGA's reference to a "Classic Memory Matching Game." *See* COMPLAINT ¶ 1. Consequently, Hasbro made the definition of "classic" highly relevant by virtue of its pleading. Hasbro is obligated to admit or deny any requests or portions thereof that are not objectionable.

**RFA Nos. 62 [first and second]** seek admissions that MGA's reference to a "Classic Memory Matching Game" ***is capable of referring*** to something other than Hasbro's game, which Hasbro denied. Hasbro can not credibly deny that the phrase is capable of referring to something else. Hasbro must amend its answers to **RFA Nos. 62 [first and second]**.

## C. FAILURE OF HASBRO TO RESPOND PROPERLY TO DOCUMENT REQUESTS OF MGA

### 1. Unclear and/or Incomplete Responses

#### a. Hasbro Failed to Certify That It Would Produce *All* Responsive Documents

Throughout many of Hasbro's responses, it states that it will produce responsive documents, rather than ***all*** responsive documents. (*See* **Response Nos. 4-7, 9, 11, 14-15, 23, 25-28, 30-33, 36-37, 40-44, 48-56, and 58**.) Hasbro should respond as to whether it is producing all responsive documents and, if not, why not.

#### b. Hasbro Failed to Specify Whether Responsive Documents Exist At All

Throughout numerous other responses, Hasbro states that it will produce responsive documents, "if any." (*See* **Response Nos. 14-15, 25-27. 30-33, 37, 40-44, 48-56, and 58-59**.[8]) Hasbro should respond whether documents exist and, if not, so state. For example, **Request Nos. 49-56 and 61-62** seek information related to the stylized "memory" mark shown in Hasbro's Reg. No. 834,282, yet Hasbro appears to have stopped using that stylized version at least as early as 1987 when it filed its renewal application and submitted a specimen showing a

[8] In its Second August 16 letter, Hasbro says it found no documents responsive to Request 49. It should so state in a supplemental response and also supplement its responses to other requests so stating, if it has no responsive documents. In that letter it also says it did not withhold any non-privileged responsive documents, except when otherwise indicated. Hasbro should so state in a supplemental response and identify withheld privileged documents, if it has not already done so.

different stylized version. Consequently, it is unlikely that Hasbro has any responsive documents. If none exist Hasbro should so inform MGA.

#### c. Hasbro Failed to Identify Production Numbers Corresponding to Each Request

Hasbro's responses do not include production numbers corresponding to each request. When documents are not produced "as they are kept in the usual course of business," FED. R. CIV. P. 34(b) requires the producing party to "organize and label [the documents] to correspond with the categories in the request." With the exception of some file folder notations indicating that certain documents came out of a few specific files, it does not appear that documents were produced as they are kept in the usual course of business. Hasbro is obligated to provide production numbers corresponding to each request for production.[9]

#### d. Hasbro's Citation to the Protective Order Should Be Withdrawn

Throughout Hasbro's responses, it conditions production of the documents on the condition of an entry of a protective order. (*See* **Response Nos. 13, 16-18, 20-21, and 23-24**.) Now that the protective order is entered, Hasbro should advise whether responsive documents have been withheld on that basis.[10]

### 2. Improper Objections

MGA sought production of documents as to Hasbro's contentions in its COMPLAINT, to which Hasbro objected as overly broad, unduly burdensome, vague, and/or ambiguous, without

[9] Hasbro also says in the Second August 16 letter that the documents it produced were in the same manner as they were kept in its ordinary course of business. If this is so, Hasbro should so state in a supplemental response.

[10] In its Second August 16 letter, Hasbro says it has not withheld non-privileged documents, except where indicated. It should so state in a supplemental response.

any explanation or support. (*See* **Response Nos. 1-5, 15, 17-18, 20-35, 37, 40-41, and 57-58.**) MGA is entitled to examine Hasbro's documents concerning or reflecting its claims in order for MGA to be able to meaningfully challenge and defend against Hasbro's claims. Consequently, the objections are not well taken.

With respect to **Request Nos. 1-2, 29, and 57**, which relate to civil actions, opposition proceedings before the TTAB, or other proceedings relating to "memory," MGA is entitled to documents beyond the complaint. Hasbro is obligated to provide the entire non-privileged litigation or opposition files for such actions. Based on Hasbro's document production to date, there are few such actions, so these are hardly unduly burdensome or overly broad, as Hasbro claims. Given Hasbro's counsel's trademark experience, Hasbro's vagueness and ambiguity objections defy credibility. *See* http://www.pbwt.com/landsman_kim_bio/; http://www.pbwt.com/santambrogio_michael_bio/; www.uspto.gov (over 50 trademark records list Kim Landsman, Esq., as attorney of record). Any privilege objection is improper to the extent it includes documents sent to third parties.[11]

As to **Request No. 3**, which seeks documents concerning or reflecting attempts to pursue alleged infringers relating to "memory," MGA is entitled to documents beyond cease and desist letters. Hasbro should produce the entire non-privileged enforcement file for such matters, including any correspondence from the accused infringers and any monitoring done by Hasbro.

With respect to **Request Nos. 30-33, 40-41, and 47**, which relate to unauthorized or other uses of "memory" and failed attempts to stop such use by Hasbro, by its answer, Hasbro's

---

[11] Hasbro, in its Second August 16 letter, although refusing to withdraw its objections, states it will serve supplemental responses to Requests 1-3, 29 and 57.

relevance objection concerning "memory" registrations is misplaced as this evidence concerns Hasbro's widespread failure to police its alleged mark and weakness of Hasbro's alleged mark. The existence of widespread third-party use of memory and corresponding failure to police by Hasbro is at the very heart of MGA's defense.

With respect to **Request Nos. 4-5 and 25-27**, which relate to Hasbro's first knowledge of MGA's conduct at issue in this case, Hasbro's relevance objections are misplaced as such documents are relevant to MGA's defense of laches. Also, Hasbro's breadth objection is likewise misplaced as the volume of documents certainly cannot be large given that the pertinent time periods are recent and the subject matter is directed to a single company (*i.e.*, MGA). Likewise, **Request No. 28**, which relates to Hasbro's providing notice of alleged infringement to MGA, is relevant to MGA's defense of laches as well.

With respect to **Request No. 15**, which seeks documents concerning or reflecting quality control over licensees, Hasbro's overbreadth and burden objections are misplaced given the paucity of licenses that Hasbro produced.

With respect to **Request Nos. 17-18, and 20-21**, which seek documents concerning or reflecting the Ravensburger and other licenses or communications relating thereto, MGA is entitled to documents beyond the licenses themselves. Documents concerning negotiations for the licenses, interpretations of the licenses, disputes over the licenses, communications about the licenses, or any other documents concerning the licenses are all important. Based on Hasbro's document production to date, given that this relates to very few licenses, this request is hardly overly broad. Moreover, since these licenses are pleaded in Hasbro's COMPLAINT, they certainly are relevant. No settlement agreements have been produced notwithstanding Hasbro's reference

to such settlements. Also, given that Hasbro claims rights to "memory" from Ravensburger refutes MGA's rights to "memory," documents concerning that license are pertinent to MGA's defenses in this action. Documents related to the other licenses and/or settlement agreements are related to MGA's claims that Hasbro failed to police its alleged mark.[12]

With respect to **Request No. 22**, which seeks documents concerning or reflecting Hasbro's license with Marvel, MGA is entitled to documents beyond the license itself, SEC filing, and press release. Hasbro is obligated to produce documents concerning negotiations for the license, interpretations of the license, any disputes over the license, communications about the license, Hasbro's reasons for obtaining the license, or any other documents concerning the license. Based on Hasbro's document production to date, given that this relates to a single license, this request is hardly overly broad or burdensome. MGA has advised Hasbro that it is willing to limit the scope of this request to matters concerning Spider-Man & Friends. Hasbro still has not responded.

With respect to **Request Nos. 23-24**, which seek documents concerning or reflecting development of Hasbro's own Spider-Man & Friends game (an issue raised by Hasbro in its own papers submitted to the Court), MGA is entitled to all responsive documents, not just documents cherry-picked by Hasbro. Given that these requests relate to a single game, they certainly are not overly broad or burdensome. As far as the timing of Hasbro's first development of the game, that is relevant as to whether Hasbro saw MGA's success with its Spider-Man & Friends game and then decided to engage in uncompetitive conduct to remove MGA from the marketplace.

---

[12] Again, in its Second August 16 letter, Hasbro says it will serve supplemental responses to Requests 15, 17-18, and 20-21, but does not agree to withdraw its objections.

Further, this conduct pertains to balancing the equities, which is necessary for evaluating a preliminary injunction motion.

With respect to **Request Nos. 34-35**, which relate to "concentration" and "pelmanism," Hasbro's refusal to produce documents based on burden, breadth, and relevance objections is misplaced. Such documents are relevant to this action as those terms are synonyms for "memory," and numerous reference books produced by MGA identify all three as synonyms for a generic term for a memory match game. As these requests are limited to these two terms, Hasbro cannot credibly contend that the requests are overbroad or burdensome.[13]

With respect to **Request No. 37**, which relates to Ravensburger's use of "memory," Hasbro asserted breadth and burden objections, which are improper.

With respect to **Request No. 58**, which relates to communications about this lawsuit, Hasbro's objections are misplaced. The request is limited to this lawsuit so it is neither overly broad nor burdensome. Moreover, the request clearly identifies its scope, so it is not vague or ambiguous.

### 3. <u>Hasbro Has Inappropriately Redacted Excessive Portions of its Production</u>

---

[13] Hasbro now says, in its Second August 16 letter, that it will "conduct a search" for responsive documents, but does not withdraw its objections. This belated search comes just a day before MGA is scheduled to begin depositions of Hasbro and its employees. This tardy search, and tardy production, *see* note 2, at p. 3, *supra*, does not suggest Hasbro has exercised good faith in working to achieve expedited discovery so as to permit MGA to prepare properly its case and be in a position to defend effectively at the preliminary injunction hearing. Hasbro's concept of expedited discovery appears to be limited only to having an early hearing and getting the discovery it needs. If Hasbro seeks equity, it must do equity.

Hasbro heavily redacted much of its document production, which is inappropriate, especially given that a two-level protective order is in place to address concerns about confidentiality. In fact, Hasbro produced two studies wherein almost all of the text on 112 of 151 pages is redacted, essentially leaving the cover, some chapter title pages, and some definitional pages. (Document stamped H1-H151.) Given that Hasbro is relying on these studies in its moving papers to allegedly substantiate the alleged awareness of its game, MGA is assuredly entitled to see such studies in their entirety and test the alleged conclusions drawn therefrom by Hasbro, potentially including by deposing the parties responsible for such studies. Also, the license agreements produced appear to have more than financial information redacted. (H1138-H1241.) In addition, Hasbro produced a project list and related documents that are almost entirely redacted. (H1729-H1738.)

Hasbro's significant redactions make the documents difficult to decipher. Hasbro did not bother to provide a privilege log for the redactions with the exception of notes on documents asserted to contain attorney-client communications, which is the only permissible basis to redact.

### 4. Hasbro Has Refused to Produce Color Documents Where They Exist[14]

MGA produced documents to Hasbro in black and white (for easier electronic transmission), with duplicates provided in color. Despite requests for similar production of color documents, Hasbro has not responded. Consequently, several obviously color documents have not been produced in color, such as the Marvel Style Guide (H1242-H1411), the Milton Bradley game catalogs (H1412-H1555), ads (H1556-H1561), Hasbro's mock-up of its Spider-man &

[14] In its Second August 16 letter, Hasbro now says it will produce color copies.

Friends game (H1562, H1717-H1719, and H1723-H1724). Hasbro should produce its documents in color.

### 5. Hasbro Has Failed to Produce Certain Documents That It Promised To Produce

**Request No. 10** seeks a representative sample of advertisements since 1996, which Hasbro promised to provide, yet Hasbro produced only a few pages of seeming advertisements and it is unclear if those advertisements were ever actually used. Hasbro should also provide information confirming that theses advertisements were used.

**Request No. 11** seeks communications concerning actual confusion, which Hasbro promised to provide, yet Hasbro produced no such communications.

**Request No. 63** seeks samples of Hasbro's products that have memory in the name or full color copies of the packaging. Hasbro has done neither. Despite Hasbro's repeated insistence for reciprocal treatment from MGA, Hasbro produced a handful of front covers only.

## D. HASBRO'S REFUSAL TO PRODUCE WITNESSES FOR DEPOSITION

Perhaps the most egregious misconduct of Hasbro is its refusal to produce witnesses with relevant knowledge as to the claim and defenses raised by Hasbro's preliminary injunction motion for the taking of their deposition.

Hasbro unilaterally chooses to limit the deposition discovery of MGA and arbitrarily decides whom MGA may depose. Of course Hasbro has no right to do so. Such inequitable conduct constitutes unclean hands and substantially prejudices MGA. Indeed, so great is the prejudice suffered by MGA, that either Hasbro's motion for preliminary injunction should be denied or, in the alternative, the hearing on the motion continued pending completion of MGA's

deposition discovery (and also provision by Hasbro of proper and complete responses to MGA's written discovery requests).

MGA has cooperated fully with Hasbro in, among other things, making available the many witnesses demanded by Hasbro for their depositions. *E.g., see* letter of Kent Raygor to Kim Landsman, Esq., dated August 14, 2004, at pp. 2-4, hereto attached as Exhibit B, and herein incorporated by reference.

When MGA sought to take depositions of Hasbro witnesses August 14 – 18, Hasbro refused, limiting MGA to only two (2) days, August 17 and 18. Exhibit B at 4. Not satisfied with this willful misconduct, Hasbro then restricts MGA's right to take depositions to only certain persons. It refuses to produce Mr. Barry Nagler who submitted a declaration in support of Hasbro's preliminary injunction, Exhibit B at 9-10, and Jill Hambley, the Hasbro person who is currently in charge of Hasbro's memory game product (i.e., the one at issue), Exhibit B at 7 and 10. As to its Rule 30(b)(6) deposition, Hasbro, finally on August 16, 2006, apparently agreed to produce certain Rule 30(b)(6) representatives,[15] but continues to refuse to produce a representative as to topic 5 of its deposition, i.e., how it became aware of MGA's Spider-Man & Friends-themed Memory Match-Up product and what Hasbro then did with that information. So fundamental is this subject matter to Hasbro's claim and MGA's defenses that MGA will not burden the Court with a discussion of the obvious.

If Hasbro demands equity, it must act equitably. Its troubling misconduct makes it guilty of unclean hands.

---

[15] In a letter of August 16, 2006 (not the Second August 16 letter previously identified herein), Hasbro's counsel (Mr. Landsman) identifies persons knowledgeable as to certain Rule 30(b)(6) subject matter topics, but does <u>not</u> state that these persons are being produced as Hasbro's Rule 30(b)(6) designated deposition witnesses. If Hasbro refuses to designate them as such, it is refusing to appear for its deposition. This refusal alone justifies denial of its motion.

MGA requests that the Court order Hasbro to make available Mr. Nagler and Ms. Hambley for their depositions and knowledgeable person(s) for MGA's Rule 30(b)(6) deposition of Hasbro.

## III. CONCLUSION

Wherefore, for the above reasons, MGA requests that the Court grant its Motion.

Respectfully submitted,

Defendant and Counterclaimant,

MGA ENTERTAINMENT, INC.
By its attorneys,

/s/ George E. Lieberman
BROOKS R. MAGRATTEN, R.I. Bar ID #3585
GEORGE E. LIEBERMAN, R.I. Bar ID #3860
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Telephone: (401) 421-3060
Facsimile: (401) 272-6803
E-mail: bmagratten@vetterandwhite.com
glieberman@vetterandwhite.com

KENT R. RAYGOR, admitted *pro hac vice*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
E-mail: kraygor@sheppardmullin.com

## GOOD FAITH CERTIFICATE

Counsel for MGA has communicated with counsel for Hasbro in an effort to secure the discovery in question without Court action, but such attempt has proven unsuccessful.

/s/ George E. Lieberman

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the within Motion to Compel on August 17, 2006. The Motion to Compel is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the below listed counsel of record has been effectuated by electronic means. In addition the undersigned certifies that on August 17, 2006 I had caused to be served the above referenced document upon the below-listed counsel as stated:

**BY U.S. MAIL (AND EMAIL):**

Kim J. Landsman, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710

Jeffrey K. Techentin, Esq.,
ADLER POLLOCK & SHEEHAN PC
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345

/s/ George E. Lieberman