# EXHIBIT A

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

State in detail the circumstances surrounding how YOU first learned that MGA was marketing or going to market its "Memory Match-Up" game, by stating the name, ADDRESS, and telephone number of the PERSON who first learned that information, when he or she learned it, where he or she was at that time, to whom he or she reported it, how he or she first learned it (*e.g.*, at a toy fair, trade show or retail store, or from advertising, a press release, or a conversation with a Hasbro customer, *etc.*), and, if he or she learned it from some other PERSON, the name, ADDRESS and telephone number of that PERSON.

**RESPONSE TO INTERROGATORY NO. 1**

Hasbro objects to this interrogatory as seeking information that is irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing and General Objections, Hasbro states as follows:

On March 31, 2006, Jason Eastman, Manager of Product Design, working in East Longmeadow, Massachusetts, saw MGA's MEMORY MATCH-UP™ game on the shelf with Hasbro's MEMORY® games in a Target store in Enfield, Connecticut. Mr. Eastman reported the information to Darrell Merino, Vice President of Design. Both individuals are current employees of Hasbro who may be contacted only through Hasbro's counsel.

**INTERROGATORY NO.2:**

If YOU have engaged in any advertising in the U.S. at any time since January 1, 2000 that uses the stylized version of the "Memory" name shown in YOUR United States Patent and Trademark Office Registration No. 834,282, identify in detail each instance of such advertising by stating the dates the advertisement ran, the nature of the

advertisement (*e.g.*, website banner ad, television commercial, magazine ad, newspaper ad, direct mail piece, *etc.*), where (geographically) the advertisement ran, and the products or services advertised in the advertisement.

**RESPONSE TO INTERROGATORY NO.2**

Subject to and without waiving the General Objections, Hasbro states that there has been no advertising since 2000 of the MEMORY® trademark in the exact style of lettering shown in Registration No. 834,282. As to advertising in the current lettering, Hasbro will respond pursuant to Fed. R. Civ. P. 33(d) by producing documents in response to Request For Production No. 10.

**INTERROGATORY NO. 3:**

Describe in detail each non-privileged communication, whether written, oral or electronic, YOU have had with any PERSON (other than MGA's counsel and employees) concerning MGA's use of the word "memory" as the name of or in connection with its "Memory Match-Up" game, by stating the name, ADDRESS, and telephone number of each PERSON with whom YOU had such a communication, the date of the communication, the nature of the communication (*e.g.*, letter, telephone call, fax, memorandum, conversation, *etc.*), and the substance of the communication.

**RESPONSE TO INTERROGATORY NO. 3**

Hasbro objects to this interrogatory as overbroad, vague and ambiguous, and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing and General Objections, Hasbro states as follows:

On or around April 5, 2006, Robert Ellis, Senior Vice President Marketing Boys' Toys at Hasbro, met with Amy Sowers-Wycoff, then Vice President of Marketing at

Marvel. Mr. Ellis told Ms. Sowers-Wycoff that Hasbro believed MGA's MEMORY MATCH-UP™ game infringed Hasbro's "Memory" mark, and that Hasbro intended to vigorously defend the mark. Ms. Sowers-Wycoff said that she was not aware of MGA's game but would investigate the matter.

Within a few days after Mr. Ellis' meeting with Ms. Sowers-Wycoff, Cathy Meredith, Vice President Licensing at Hasbro, called Ms. Sowers-Wycoff to ask whether she was aware of MGA's MEMORY MATCH-UP™ game. Ms. Sowers-Wycoff said that she was not aware of MGA's game but would investigate the matter.

On or around April 19, 2006, Brian Goldner, Hasbro's Chief Operating Officer, and Eric Nyman, Vice President of Marketing at Hasbro, met with Tim Rothwell of Marvel. Messrs. Goldner and Nyman asked Marvel to assist Hasbro in resolving the issue of MGA's infringing use of Hasbro's "Memory" mark.

On July 11, 2006, Brian Goldner spoke by phone with Tim Rothwell of Marvel to inform Marvel of the fact of the litigation and its basis in the product MGA was selling and the Hasbro trademark involved. Mr. Goldner told Mr. Rothwell that the court papers filed by Hasbro would be forwarded to him for Marvel's information. Al Verrecchia, Chief Executive Officer of Hasbro, called Ike Perlmutter of Marvel on or about July 13, 2006, as a courtesy to advise him that Hasbro had sued MGA for a product being sold under a Marvel license. Mr. Verrecchia also told Mr. Perlmutter that copies of the papers would be sent for Marvel's information. Barry Nagler, Senior Vice President and General Counsel of Hasbro, sent the papers to Messrs. Rothwell and Perlmutter on July 13, 2006. Mr. Perlmutter called Mr. Verrecchia on July 17, 2006, to acknowledge receipt of the papers, which, he said, had been sent to Marvel's litigation counsel for review.

**INTERROGATORY NO. 5:**

If YOU have allowed any PERSON to use the word "memory" in the title, name or tagline for a game or toy under some form of written, oral or implied license, or an assignment, or a concurrent use or other agreement, provide each such PERSON'S name, ADDRESS, and telephone number.

**RESPONSE TO INTERROGATORY NO. 5**

Hasbro will respond pursuant to Fed. R. Civ. P. 33(d) by producing redacted copies of the licenses from which this information may be obtained.

**INTERROGATORY NO. 7:**

Identify each legal proceeding concerning the use of the word "memory" (including, but not limited to, lawsuits, arbitrations, complaints, investigations, mediations, Trademark Trial and Appeal Board ("TTAB") proceedings, World Intellectual Property Organization ("WIPO") proceedings, and Internet Corporation for Assigned Names and Numbers ("ICANN") proceedings) filed (whether by or against YOU) with any court, administrative agency or tribunal, stating the docket number for the proceeding, the name of the court, agency or other tribunal, all parties to the proceeding, the date it was filed, the nature of the proceeding, and, if the proceeding has concluded, how it was concluded.

**RESPONSE TO INTERROGATORY NO. 7**

Hasbro objects to this interrogatory as overbroad and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Hasbro further objects as unduly burdensome the identification of "each" legal proceeding concerning the use of the word "memory," a mark that has been used by Hasbro for 40 years and that numerous parties, including Defendant, have sought to

exploit for their own advantage. Subject to and without waiving the General Objections, Hasbro will respond pursuant to Fed. R. Civ. P. 33(d) by producing copies of the complaints from which this information may be obtained. Hasbro states that the only such proceeding that has concluded is the case against Kellogg's, which was dismissed pursuant to a confidential settlement agreement that will be produced once a suitable protective order has been entered.

**INTERROGATORY NO. 8:**

Identify every product YOU have marketed under the name "Memory" that is *not* a card-matching game, by describing the product, its name, its SKU number, where it was marketed, when it was marketed, and, if it was a game, its game play.

**RESPONSE TO INTERROGATORY NO. 8**

Hasbro objects to this interrogatory as overbroad and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing and General Objections, Hasbro identifies the following product marketed by Hasbro under the name "Memory" that is not a card-matching game:

TWELVE TEEPEES MEMORY® SKU #4664, is a three-dimensional, molded plastic game that consists of a spinner board, three-dimensional playing pieces ("Indian pawns"), and cone-shaped cups ("teepees") that are placed over the Indian pawns and hide them from view during game play. Each player must hide five Indian pawns of the player's color under five teepees, but the teepees must either be empty or house opponents' Indians. The spinner determines the number of teepees that the player can look under during that turn. The first player to hide all five Indians under teepees wins.

The game was sold from 1984 to 1988. Information regarding where the game was marketed is no longer available.

**INTERROGATORY NO. 9:**

Identify every PERSON who has had managerial responsibility for the marketing of YOUR "Memory" game since January 1, 2000, by stating each such PERSON'S name, ADDRESS and telephone number.

**RESPONSE TO INTERROGATORY NO. 9**

Hasbro objects to this interrogatory as overbroad. Subject to and without waiving the foregoing and General Objections, Hasbro identifies the following employees who have had principal managerial responsibility for the marketing of Hasbro's games using the Memory® mark: Mark Stark and Jill Hambley. Both individuals are current employees of Hasbro who may be contacted only through Hasbro's counsel.

**INTERROGATORY NO. 10:**

Identify each current and past use of the word "memory" as the title, name or tagline (or as part of the title, name or tagline) for a game or toy where the use was not authorized by YOU, by stating for each such use the name, ADDRESS, and telephone number of the PERSON making that use, the nature of the use (*e.g.*, in advertising, on the goods themselves, on point-of-purchase materials presented with the sale of goods, on packaging, on hang tags, *etc.*), where (geographically) the use occurred, when the use occurred, and the products or services in connection with which the use occurred.

**RESPONSE TO INTERROGATORY NO. 10**

Hasbro objects to this interrogatory as overbroad, vague and ambiguous, and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Hasbro further objects as unduly burdensome the

identification of "each" current and past use of the word "memory," a mark that has been used by Hasbro for 40 years and that numerous parties, including Defendant, have sought to exploit for their own advantage. Hasbro further objects to this interrogatory as seeking information protected by the attorney-client privilege, work product privilege or other applicable privilege.

Subject to and without waiving the forgoing and General Objections, Hasbro will respond pursuant to Fed. R. Civ. P. 33(d) by producing documents from which this information may be obtained.

**INTERROGATORY NO. 11:**

If YOU have tried to stop a PERSON from using the word "memory" as the title, name or tagline (or as part of the title, name or tagline) for a game or toy, but failed in that attempt, state in detail the circumstances surrounding that failure, by stating the name, ADDRESS, and telephone number of the PERSON who YOU tried to stop, how that PERSON was using the word, and what products or services that PERSON was marketing in connection with that word and whether they are still so marketed.

**RESPONSE TO INTERROGATORY NO. 11**

Hasbro objects to this interrogatory as seeking information protected by the attorney-client privilege, work product privilege or other applicable privileges. Subject to and without waiving the General Objections, Hasbro will respond pursuant to Fed. R. Civ. P. 33(d) by producing documents from which this information may be obtained.

**REQUEST FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU have no documents that show that a purchaser of any of YOUR card-matching games has been actually confused into thinking that it originated with or came from MGA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU have no documents that show that a purchaser of MGA's Memory Match-Up game has been actually confused into thinking that it originated with or came from YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU were not the first PERSON to market in the U.S. a card-matching game called "Memory".

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Hasbro lacks knowledge or information sufficient to admit or deny this Request but avers that it has been informed by Ravensburg AG that it marketed a game called "Memory" in the United States before it granted an exclusive license to Milton Bradley.

**REQUEST FOR ADMISSION NO. 12:**

Admit that YOU were not the first PERSION to market outside the U.S. a card-matching game called "Memory".

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Hasbro objects to this Request as not relevant to the subject matter of the pending action, which concerns trademark infringement in the commerce of the United States.

**REQUEST FOR ADMISSION NO. 17:**

Admit that MGA's Memory Match-Up game is not a card-matching game.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Hasbro admits that MGA's MEMORY MATCH-UP™ game does not appear to use cards.

**REQUEST FOR ADMISSION NO. 18:**

Admit that MGA's Memory Match-Up game does not use cards in its game play.

**RESPONSE TO REQUEST FOR. ADMISSION NO. 18:**

Hasbro admits that MGA's MEMORY MATCH-UP™ game does not appear to use cards.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the "™" symbol that appeared on the packaging for MGA's Memory Match-Up game appeared after the word or phrase "match-up", and not after the word "memory".

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Hasbro admits that the packaging for MGA's Memory game uses the trademark MEMORY MATCH-UP™, but denies any implication that the "TM" symbol only applies to the word "match-up".

**REQUEST FOR ADMISSION NO. 24:**

Admit that PERSONS other than YOU are currently using, without YOUR authorization, the term "memory" in connection with a card-matching game.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Subject to and without waiving the General Objections and Responses, Hasbro states that it has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable Hasbro to admit or deny this request. Hasbro admits that MGA's counsel appears to have found some such uses, reserves the right to explore in discovery and at the hearing what they in fact are, and avers that at least one such use, Sababa's "Angelina Ballerina Match and Dance Memory Game," is an infringement that Hasbro pursued and has stopped.

**REQUEST FOR ADMISSION NO. 25:**

Admit that PERSONS other than YOU are currently using, without YOUR authorization, the term "memory" in connection with a game that requires the player to try to match a pair of identical images.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Subject to and without waiving the General Objections and Responses, Hasbro states that it has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable Hasbro to admit or deny this request. Hasbro admits that MGA's counsel appears to have found some such uses, reserves the right to explore in discovery and at the hearing what they in fact are, and avers that at least one such use, Sababa's "Angelina Ballerina Match and Dance Memory Game," is an infringement that Hasbro pursued and has stopped.

**REQUEST FOR ADMISSION NO. 26:**

Admit that PERSONS other than YOU and MGA are currently using, without YOUR authorization, the term "memory" in connection with a toy.

**RESPONSE TO REQUEST FOR, ADMISSION NO. 26:**

Subject to and without waiving the General Objections and Responses, Hasbro states that it has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable Hasbro to admit or deny this request.

**REQUEST FOR ADMISSION NO. 27:**

Admit that PERSONS other than YOU are currently using, without YOUR authorization, the term "memory" as the name or as part of the name for a card-matching game.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Subject to and without waiving the General Objections and Responses, Hasbro states that it has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable Hasbro to admit or deny this request. Hasbro admits that MGA's counsel appears to have found some such uses, reserves the right to explore in discovery and at the hearing what they in fact are, and avers that at least one such use, Sababa's "Angelina Ballerina Match and Dance Memory Game," is an infringement that Hasbro pursued and has stopped.

**REQUEST FOR ADMISSION NO. 28:**

Admit that PERSONS other than YOU are currently using, without YOUR authorization, the term "memory" as the name or as part of the name for a game that requires the player to try to match a pair of identical images.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Subject to and without waiving the General Objections and Responses, Hasbro states that it has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable Hasbro to admit or deny this request. Hasbro admits

that MGA's counsel appears to have found some such uses, reserves the right to explore in discovery and at the hearing what they in fact are, and avers that at least one such use, Sababa's "Angelina Ballerina Match and Dance Memory Game," is an infringement that Hasbro pursued and has stopped.

**REQUEST FOR ADMISSION NO. 29:**

Admit that PERSONS other than YOU and MGA are currently using, without YOUR authorization, the term "memory" as the name or as part of the name for a toy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Subject to and without waiving the General Objections and Responses, Hasbro states that it has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable Hasbro to admit or deny this request.

**REQUEST FOR ADMISSION NO. 45:**

Admit that the game play for the game YOU market under the "Memory" name was known and played by others before YOU started marketing YOUR game.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Hasbro objects to this request to the extent that it concerns activities outside the United States that are not relevant to the pending lawsuit and responds that the request is denied insofar as it concerns the relevant activity within the United States.

**REQUEST FOR ADMISSION NO. 46:**

Admit that the game play for the game YOU market under the "Memory" name was known and played by others before Milton Bradley started marketing its game under that name.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Hasbro objects to this request to the extent that it concerns activities outside the United States that are not relevant to the pending lawsuit and responds that the request is denied insofar as it concerns the relevant activity within the United States.

**REQUEST FOR ADMISSION NO. 47:**

Admit that the game play for the game YOU market under the "Memory" name was used in a game known by the name "concentration" before Milton Bradley started marketing its game under the "Memory" name.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Subject to and without waiving the General Objections and Responses, Hasbro responds that it has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable Hasbro to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 48:**

Admit that the game play for the game YOU market under the "Memory" name was used in a game known by the name "pelmanism" before Milton Bradley started marketing its game under the "Memory" name.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Hasbro objects to this request to the extent that it concerns activities outside the United States that are not relevant to the pending lawsuit. Subject to and without waiving that and the General Objections and Responses, Hasbro responds that it has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable Hasbro to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 49:**

Admit that the game play for the game YOU market under the "Memory" name was used in a game known by the name "memory" before Milton Bradley started marketing its game under the "Memory" name.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Hasbro objects to this request to the extent that it concerns activities outside the United States that are not relevant to the pending lawsuit and responds that the request is denied insofar as it concerns the relevant activity within the United States.

**REQUEST FOR ADMISSION NO. 50:**

Admit that YOU were not the first to use the name "Memory" for a card-matching game.

**RESPONSE TO BEQUEST FOR ADMISSION NO. 50:**

Hasbro objects to this request to the extent that it concerns activities outside the United States that are not relevant to the pending lawsuit and responds that the request is denied insofar as it concerns the relevant activity within the United States.

**REQUEST FOR ADMISSION NO. 51:**

Admit that Milton Bradley was not the first to use the naive "Memory" for a card-matching game,

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Hasbro objects to this request to the extent that it concerns activities outside the United States that are not relevant to the pending lawsuit and responds that the request is denied insofar as it concerns the relevant activity within the United States.

**REQUEST FOR ADMISSION NO. 52:**

Admit that the card-matching game that employs the same game play that YOU employ for YOUR game called "Memory" was traditionally called "concentration" before YOU started marketing YOUR game.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Subject to and without waiving the General Objections and Responses, Hasbro responds that it has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable Hasbro to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 53:**

Admit that the card-matching game that employs the same game play that YOU employ for YOUR game called "Memory" was traditionally also called "pelmanism" before YOU started marketing YOUR game.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Subject to and without waiving the General Objections and Responses, Hasbro responds that it has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable Hasbro to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 54:**

Admit, that the card-matching game that employs the same game play that YOU employ for YOUR game called "Memory"' was traditionally also called "memory" before YOU started marketing YOUR game.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Subject to and without waiving the General Objections and Responses, Hasbro responds that it has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable Hasbro to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 55:**

Admit that another name for the traditional card-matching game called "concentration" is "memory".

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Denied.

**REQUEST FOR ADMISSION NO. 56:**

Admit that another name for the traditional card-matching game called "pelmanism" is "memory".

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Denied.

**REQUEST FOR ADMISSION NO. 57:**

Admit that another name for the traditional card-matching game called "memory" is "concentration".

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Denied.

**REQUEST FOR ADMISSION NO. 58:**

Admit that another name for the traditional card-matching game called "memory" is "pelmanism

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

Subject to and without waiving the General Objections and Responses, Hasbro responds that it has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable Hasbro to admit or deny this Request.

**REQUEST FOR. ADMISSION NO. 59:**

Admit that a synonym for the word "classic" is "traditional". *See* the definition in the Merriam-Webster Online Dictionary, at http://www.m-w.com/dictionary/classic.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

Hasbro objects to the Request as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 60:**

Admit that one definition for the word "classic" is "historically memorable". See the definition in the Merriam-Webster Online Dictionary, at http://www.mw.com/dictionary/classic.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Hasbro objects to the Request as seeking information that is irrelevant and not likely to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 62:**

Admit that the phrase "All the Fun of the Classic Memory Matching Game, But In 3D!" is capable of referring to something other than YOUR game called "Memory".

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Denied.

**REQUEST FOR ADMISSION NO. 62:**

Admit that the phrase "All the Fun of the Classic Memory Matching Game, But In 3D!" is capable of referring to a card-matching game that predates YOUR first marketing of a game YOU call "Memory".

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Denied.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All non-privileged DOCUMENTS and tangible things that concern or reflect YOUR filing of any and all civil actions (other than the present proceeding) against alleged infringers of YOUR rights in the word "memory", as described in Paragraph 5 of the DECLARATION OF PAUL N. VANASSE.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 1:**

Hasbro objects to this Request as overbroad and unduly burdensome.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce copies of complaints filed by Hasbro alleging infringement of Hasbro's rights in the MEMORY trademark.

**REQUEST FOR PRODUCTION NO. 2:**

All non-privileged DOCUMENTS and tangible things that concern or reflect any and all "opposition proceedings in the Trademark Trial and Appeal Board" that YOU have brought concerning the word "memory", as described in Paragraph 6 of the DECLARATION OF PAUL N. VANASSE.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 2:**

Hasbro objects to this Request as vague, ambiguous, overbroad and unduly burdensome.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Hasbro objects to this Request as vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving the foregoing and General Objections, Hasbro will produce documents initiating opposition proceedings in the Trademark Trial and Appeal Board brought by Hasbro concerning Hasbro's rights in the MEMORY trademark.

**REQUEST FOR PRODUCTION NO. 3:**

All non-privileged DOCUMENTS and tangible things that concern or reflect any and all of attempts by YOU to "pursue a number of infringers" of YOUR rights in the word "memory", as stated in Paragraph 6 of the DECLARATION OF PAUL N. VANASSE, including, but not limited to, cease and desist letters and any other communications, whether written, oral or electronic.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 3:**

Hasbro objects to this Request as vague, ambiguous, overbroad and unduly burdensome. Hasbro also objects to the request as not seeking information relevant to this litigation to the extent it seeks documents concerning enforcement of trademark rights outside the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce cease and desist letters alleging infringement of Hasbro's rights in the MEMORY trademark.

**REQUEST FOR PRODUCTION NO. 4:**

All non-privileged DOCUMENTS and tangible things that concern or reflect when YOU first learned of MGA's use of the word "memory" in connection with what is now being sold as the "Memory Match-Up" game.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 4:**

Hasbro objects to this Request as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to the foregoing and General Objections, Hasbro will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 5:**

All non-privileged DOCUMENTS and tangible things that concern or reflect how YOU first learned of MGA's use of the phrase "Classic Memory Matching Game" in the website description of its "Memory Match-Up" game.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 5:**

Hasbro objects to this Request as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 6:**

All non-privileged DOCUMENTS and tangible things that constitute or reflect any communications YOU have had with any PERSON, whether written, oral or electronic, concerning MGA's use of the word "memory" in connection with its "Memory Match-Up" game.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Hasbro will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and tangible things that constitute or reflect any surveys or studies (including, but not limited to, market, secondary meaning, confusion, likelihood of confusion, deception, dilution and likelihood of dilution surveys or studies) conducted by YOU or on YOUR behalf concerning the word "memory" or any phrase, mark, title, or tagline (as "tagline" is generally understood in the toy industry) containing that word.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 7:**

Hasbro objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product, or other privilege.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and tangible things that constitute or reflect any surveys or studies (including, but not limited to, market, secondary meaning, confusion, likelihood of confusion, deception, dilution and likelihood of dilution surveys or studies) conducted by YOU or on YOUR behalf concerning MGA's use of the word "memory" in connection with its "Memory Match-Up" game.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

There are no responsive documents.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and tangible things that constitute or concern the survey described in the last sentence of Paragraph 26 of the DECLARATION OF MARK STARK, including, but not limited to, documents sufficient to identify the survey taker, the date and location of the survey, and the results of the survey.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Hasbro will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 10:**

Representative samples of advertising YOU have done since July 1, 1996 for a game or toy that contains the word "memory" in its title, name or tagline.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Hasbro will produce responsive documents.

**REQUEST FOR PRODUCTION NO. 11:**

All non-privileged DOCUMENTS and tangible things that concern or reflect any communications, whether written, oral or electronic, concerning any and all instances of actual confusion (as that phrase is understood in trademark law) resulting from MGA's use of the word "memory" in connection with its "Memory Match-Up" game.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Hasbro will produce responsive documents.

**REQUEST FOR PRODUCTION NO. 12:**

All non-privileged DOCUMENTS and tangible things that concern or reflect any communications, whether written, oral or electronic, concerning any and all instances of actual confusion (as that phrase is understood in trademark law) resulting from MGA's use of the phrase "Classic Memory Matching Game" in the website description of its "Memory Match-Up" game.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

There are no responsive documents.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and tangible things that constitute or reflect any form of written, oral or implied license, or an assignment, or a concurrent use or other agreement pursuant to which YOU allowed a PERSON since January 1, 2000 to use the word "memory" in the U.S. in the title, name or tagline for a game or toy manufactured or distributed by that PERSON. [*YOU may redact any financial terms*.]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Hasbro will produce copies of the license agreements under a suitable protective order to protect their confidential nature.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS and tangible things that constitute style guides that you provide to PERSONS who YOU allow to use the word "memory" in the U.S. in the title, name or tagline for a game or toy manufactured or distributed by that PERSON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Hasbro will produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 15:**

If YOU since July 1, 1996 have allowed PERSONS pursuant to any form of written, oral or implied license, or an assignment, or a concurrent use or other agreement to use the word "memory" in the U.S. in the title, name or tagline for a game or toy manufactured or distributed by such PERSONS, then produce all DOCUMENTS and tangible things (including, but not limited to, product approval sheets) that concern or reflect your exercise of quality control over such PERSONS' use of the word "memory".

**OBJECTION TO REQUEST FOR PRODUCTION NO. 15:**

Hasbro objects to this Request as overly broad and unduly burdensome.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS and tangible things that constitute or reflect any form of written, oral or implied license, or an assignment, or a concurrent use or other agreement pursuant to which YOU allowed a PERSON to use the word "memory" on a website (including, but not limited to, in connection with an online game). [*YOU may redact any financial terms.*]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Hasbro will produce copies of the license agreements, if any, under a suitable protective order to protect their confidential nature.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS and tangible things that constitute or concern the license between Milton Bradley Company or YOU, on the one hand, and Otto Maier Verlag Ravensburg AG or its predecessors, successors or affiliates, on the other hand, mentioned in Paragraph 5 of the DECLARATION OF PAUL N. VANASSE. [*YOU may redact any financial terms*.]

**OBJECTION TO REQUEST FOR PRODUCTION NO. 17:**

Hasbro objects to this Request as overly broad and as seeking irrelevant information to the extent that it requests more than the agreements themselves.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce copies of the license agreements under a suitable protective order to protect their confidential nature.

**REQUEST FOR PRODUCTION NO. 18:**

All non-privileged DOCUMENTS and tangible things that constitute or reflect any communications, whether written, oral or electronic, concerning the license between Milton Bradley Company or YOU, on the one hand, and Otto Maier Verlag Ravensburg AG or its predecessors, successors or affiliates, on the other hand, mentioned in Paragraph 5 of the DECLARATION OF PAUL N. VANASSE.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 18:**

Hasbro objects to this Request as overly broad and as seeking irrelevant information to the extent that it requests more than the agreements themselves.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce copies of the license agreements under a suitable protective order to protect their confidential nature.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS and tangible things that constitute or reflect any form of written, oral or implied license, assignment, agreement of concurrent use, or other agreement pursuant to which some PERSON (including, but not limited to, Ravensburg AG or its predecessors or its affiliates) has allowed YOU to use the word "memory" in the title, name or tagline for a game or toy. [*YOU may redact any financial terms*.]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

There are no responsive documents other than those requested in Requests 17 and 18.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS and tangible things that constitute or reflect each of the licenses between YOU, on the one hand, and Destination Software, Scholastic, and/or Modern Publishing, on the other hand, as described in Paragraph 12 of the DECLARATION OF MARK STARK. [*YOU may redact any financial terms*.]

**OBJECTION TO REQUEST FOR PRODUCTION NO. 20:**

Hasbro objects to this Request as overly broad and as seeking irrelevant information to the extent that it requests more than the agreements themselves.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce copies of the license agreements under a suitable protective order to protect their confidential nature.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS and tangible things that constitute or reflect each of the licenses between YOU and other PERSONS for use of the word "memory" on "a variety of merchandise", as described in Paragraph 12 of the DECLARATION OF MARK STARK. [*YOU may redact any financial terms*.]

**OBJECTION TO REQUEST FOR PRODUCTION NO. 21:**

Hasbro objects to this Request as overly broad and as seeking irrelevant information to the extent that it requests more than the agreements themselves.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce copies of the license agreements under a suitable protective order to protect their confidential nature.

**REQUEST FOR PRODUCTION NO. 22:**

All non-privileged DOCUMENTS and tangible things that constitute, reflect, or concern the principal, non-financial terms of YOUR license with Marvel Characters, Inc., as described in Paragraph 14 of the DECLARATION OF MARK STARK (including, but not limited to, any style guide materials, legal notices, and product approval requirements set forth therein, as well as any press releases issued in connection therewith). [*YOU may redact any financial terms*.]

**OBJECTION TO REQUEST FOR PRODUCTION NO. 22:**

Hasbro objects to this Request to the extent it is overly broad and unduly burdensome.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Subject to and without waiving the foregoing and the General Objections, Hasbro will produce the Marvel license itself (with financial terms and the dispute resolution mechanism redacted, as filed with the SEC), the SEC filing, and the press release that was issued.

**REQUEST FOR PRODUCTION NO. 23:**

All non-privileged DOCUMENTS and tangible things that concern or reflect YOUR development of the Spiderman & Friends product described in Paragraph 15 of the DECLARATION OF MARK STARK.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 23:**

Hasbro objects to this Request as overbroad and unduly burdensome.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce responsive, non-privileged documents under a suitable protective order to protect their confidential nature.

**REQUEST FOR PRODUCTION NO. 24:**

All non-privileged DOCUMENTS and tangible things that concern or reflect when YOU first started developing the Spiderman & Friends product described in Paragraph 15 of the DECLARATION OF MARK STARK.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 24:**

Hasbro objects to this Request as overly broad and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce documents sufficient to show when Hasbro first started developing the product described in Stark Decl. 15 under a suitable protective order to protect their confidential nature.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS and tangible things that concern or reflect when YOU first learned that MGA had a license to use the Spiderman & Friends characters, names, and trade dress.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 25:**

Hasbro objects to this Request as overbroad and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS and tangible things that concern or reflect when YOU first learned that MGA was marketing or going to market its "Memory Match-Up" game.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 26:**

Hasbro objects to this Request as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and as duplicative of Request No. 4.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS and tangible things that concern or reflect when YOU first learned that MGA was marketing or going to market its "Memory Match-Up" game in connection with the Spiderman & Friends characters, names, and trade dress.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 27:**

Hasbro objects to this Request as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and as duplicative of Request No. 4.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 28:**

All non-privileged DOCUMENTS and tangible things that concern or reflect when YOU placed MGA on actual, not constructive, notice that Hasbro had a card-matching game it called "Memory".

**OBJECTION TO REQUEST FOR PRODUCTION NO. 28:**

Hasbro objects to this Request as seeking information that is not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS and tangible things filed with a court, administrative agency or tribunal in any and all legal proceedings concerning the use of the word "memory" (including, but not limited to, lawsuits, arbitrations, complaints, investigations, mediations, Trademark Trial and Appeal Board ("TTAB") proceedings, World Intellectual Property Organization ("WIPO") proceedings, and Internet Corporation for Assigned Names and Numbers ("ICANN")proceedings, but not including the present action).

**OBJECTION TO REQUEST FOR PRODUCTION NO. 29:**

Hasbro objects to this Request as overbroad and unduly burdensome. Hasbro also objects to the request as not seeking information relevant to this litigation to the extent it seeks documents concerning enforcement of trademark rights outside the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Subject to and without waiving the foregoing and General Objections, Hasbro will, as stated in response to Request Nos. 1 and 2, produce complaints or other documents initiating proceedings in this country.

**REQUEST FOR PRODUCTION NO. 30:**

All non-privileged DOCUMENTS and tangible things that concern or reflect any current use of the word "memory" as the title, name or tagline (or as part of the title, name or tagline) for a game or toy where the use is *not* authorized by YOU.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 30:**

Hasbro objects to this Request as overbroad and unduly burdensome. Hasbro also objects to the request as not seeking information relevant to this litigation to the extent it seeks documents concerning use of the word "memory" outside the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce responsive, non-privileged documents, if any, for uses in this country.

**REQUEST FOR PRODUCTION NO. 31:**

All non-privileged DOCUMENTS and tangible things that concern or reflect any past use of the word "memory" as the title, name or tagline (or as part of the title, name or tagline) for a game or toy where the use was *not* authorized by YOU.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 3l:**

Hasbro objects to this Request as overbroad and unduly burdensome. Hasbro also objects to the request as not seeking information relevant to this litigation to the extent it seeks documents concerning use of the word "memory" outside the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce responsive, non-privileged documents, if any, for uses in this country.

**REQUEST FOR PRODUCTION NO. 32:**

If YOU have tried to stop a PERSON from using the word "memory" as the title, name or tagline (or as part of the title, name or tagline) for a game or toy, but failed in that attempt, all DOCUMENTS and tangible things that concern or reflect that failure.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 32:**

Hasbro objects to this Request as overbroad and unduly burdensome. Hasbro also objects to the request as not seeking information relevant to this litigation to the extent it seeks documents concerning use of the word "memory" outside the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce responsive, non-privileged documents, if any, for uses in this country.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS and tangible things that reflect YOUR knowledge of PERSONS other than YOU using the word "memory" in connection with or to refer to a card-matching game.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 33:**

Hasbro objects to this Request as overbroad and unduly burdensome. Hasbro also objects to the request as not seeking information relevant to this litigation to the extent it seeks documents concerning use of the word "memory" outside the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce responsive, non-privileged documents, if any, for uses in this country.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS and tangible things that reflect YOUR knowledge of PERSONS using the word "concentration" in connection with or to refer to a card-matching game.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 34:**

Hasbro objects to this Request overbroad, unduly burdensome and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS and tangible things that reflect YOUR knowledge of PERSONS using the word "pelmanism" in connection with or to refer to a card-matching game.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 35:**

Hasbro objects to this Request overbroad, unduly burdensome and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS and tangible things that concern any current use in the U.S. by Ravensburger AG, or its affiliates, predecessors or successors, of the word "memory" in the title, name or tagline for a game or toy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Subject to and without waiving the General Objections, Hasbro produce responsive, non-privileged documents.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS and tangible things that concern any past use in the U.S. by Ravensburger AG, or its affiliates, predecessors or successors, of the word "memory" in the title, name or tagline for a game or toy.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 37:**

Hasbro objects to this Request as overbroad and unduly burdensome.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS and tangible things that concern any current use outside the U.S. by Ravensburger AG, or its affiliates, predecessors or successors, of the word "memory" in the title, name or tagline for a game or toy.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 38:**

Hasbro objects to this Request overbroad, unduly burdensome and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS and tangible things that concern any past use outside the U.S. by Ravensburger AG, or its affiliates, predecessors or successors, of the word "memory" in the title, name or tagline for a game or toy.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 39:**

Hasbro objects to this Request overbroad, unduly burdensome and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and tangible things that reflect YOUR awareness that PERSONS other than YOU have obtained registrations from the United States Patent and Trademark Office ("USPTO") for the use of a trademark or service mark that contains the word "memory" in connection with a game or a toy.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 40:**

Hasbro objects to this Request overbroad, unduly burdensome and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS and tangible things that reflect YOUR awareness that PERSONS other than YOU have used a trademark or service mark that contains the word "memory" in connection with a game or a toy.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 4l:**

Hasbro objects to this Request overbroad, unduly burdensome. Hasbro also objects to the request as not seeking information relevant to this litigation to the extent it seeks documents concerning use of the word "memory" outside the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce responsive, non-privileged documents, if any, for uses in this country.

**REQUEST FOR PRODUCTION NO. 42:**

DOCUMENTS and tangible things that concern or reflect the initial development of YOUR first "Memory" game in or about 1966 and how YOU came up with that name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Hasbro will produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 43:**

DOCUMENTS and tangible things sufficient to show when YOU first offered YOUR "Memory" game for sale to a large retail chain store (*e.g.*, Target, Wal-Mart, K-Mart, Toys 'R' Us, Sears, *etc.*).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Hasbro will produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 44:**

DOCUMENTS and tangible things sufficient to show the breadth of the location of sales of YOUR "Memory" game to retail outlets other than large chain stores (*e.g.*, other than to Target, Wal-Mart, K-Mart, Toys 'R' Us, Sears, *etc.*).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Hasbro will produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS and tangible things that concern or reflect the ownership or claimed ownership by YOU of a trademark, service mark, trade name, or domain name that contains the word "memory".

**OBJECTION TO REQUEST FOR PRODUCTION NO. 45:**

Hasbro objects to this Request as vague, ambiguous, overbroad and unduly burdensome. Hasbro further objects to this Request to the extent it seeks information protected

by the attorney-client privilege, attorney work product, or other privilege and as duplicative and cumulative of other requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Subject to and without waiving the foregoing and the General Objections, Hasbro will produce the agreements with Ravensburg and documents filed with the United States Patent and Trademark Office in connection with the registration of its MEMORY trademark.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS and tangible things that concern or reflect the ownership or claimed ownership by YOU of a trademark or service mark that contains the stylized version of the "Memory" name shown in YOUR United States Patent and Trademark Office Registration No. 834,282.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 46:**

Hasbro objects to this Request as vague, ambiguous, overbroad and unduly burdensome. Hasbro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product, or other privilege and as duplicative and cumulative of other requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Subject to and without waiving the foregoing and the General Objections, Hasbro will produce the agreements with Ravensburg and documents filed with the United States Patent and Trademark Office in connection with the registration of its MEMORY trademark.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS and tangible things that concern or reflect the ownership or claimed ownership by anyone other than YOU of a trademark, service mark, trade name, or domain name that contains the word "memory".

**OBJECTION TO REQUEST FOR PRODUCTION NO. 47:**

Hasbro objects to this Request as vague, ambiguous, overbroad and unduly burdensome. Hasbro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product, or other privilege and as duplicative and cumulative of other requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Subject to and without waiving the foregoing and the General Objections, Hasbro will produce the agreements with Ravensburg and documents filed with the United States Patent and Trademark Office in connection with the registration of its MEMORY trademark.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS and tangible things that concern or reflect the ownership or claimed ownership by anyone other than YOU of a trademark or service mark that contains the stylized version of the "Memory" name shown in YOUR United States Patent and Trademark Office Registration No. 834,282.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 48:**

Hasbro objects to this Request as vague, ambiguous, overbroad and unduly burdensome. Hasbro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product, or other privilege.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Subject to and without waiving the foregoing and the General Objections, Hasbro will produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 49:**

DOCUMENTS and tangible things sufficient to show any and all advertising by YOU in the U.S. at any time since January 1, 2000 that uses the stylized version of the "Memory" name shown in YOUR United States Patent and Trademark Office Registration No. 834,282.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Hasbro will produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 50:**

DOCUMENTS and tangible things sufficient to show the number of units of products you sold in 2000 that bore or whose packaging bore the stylized version of the "Memory" name shown in YOUR United States Patent and Trademark Office Registration No. 834,282.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Hasbro will produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 51:**

DOCUMENTS and tangible things sufficient to show the number of units of products you sold in 2001 that bore or whose packaging bore the stylized version of the "Memory" name shown in YOUR United States Patent and Trademark Office Registration No. 834,282.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Hasbro will produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 52:**

DOCUMENTS and tangible things sufficient to show the number of units of products you sold in 2002 that bore or whose packaging bore the stylized version of the "Memory" name shown in YOUR United States Patent and Trademark Office Registration No. 834,282.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Hasbro will produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 53:**

DOCUMENTS and tangible things sufficient to show the number of units of products you sold in 2003 that bore or whose packaging bore the stylized version of the "Memory" name shown in YOUR United States Patent and Trademark Office Registration No. 834,282.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**

Hasbro will produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 54:**

DOCUMENTS and tangible things sufficient to show the number of units of products you sold in 2004 that bore or whose packaging bore the stylized version of the "Memory" name shown in YOUR United States Patent and Trademark Office Registration No. 834,282.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**

Hasbro will produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 55:**

DOCUMENTS and tangible things sufficient to show the number of units of products you sold in 2005 that bore or whose packaging bore the stylized version of the "Memory" name shown in YOUR United States Patent and Trademark Office Registration No. 834,282.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Hasbro will produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 56:**

DOCUMENTS and tangible things sufficient to show the number of units of products you sold in 2006 that bore or whose packaging bore the stylized version of the "Memory" name shown in YOUR United States Patent and Trademark Office Registration No. 834,282.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Hasbro will produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS and tangible things that concern or reflect any objection by YOU since January 1, 2000 to the use by anyone other than YOU of the word "memory".

**OBJECTION TO REQUEST FOR PRODUCTION NO. 57:**

Hasbro objects to this Request as overbroad and unduly burdensome and as cumulative and duplicative of prior requests. Hasbro further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product, or other privilege.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Subject to and without waiving the foregoing and General Objections, Hasbro will produce the documents it stated that it will produce in response to Request Nos. 1-3.

**REQUEST FOR PRODUCTION NO. 58:**

All non-privileged DOCUMENTS and tangible things that constitute or reflect any communications between YOU and any other PERSON (other than MGA or its counsel) concerning this lawsuit.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 58:**

Hasbro objects to this Request as vague, ambiguous, overbroad and unduly burdensome. Hasbro further objects to this Request as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Hasbro objects to this Request as vague, ambiguous, overbroad and unduly burdensome. Hasbro further objects to this Request as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

waiving the foregoing and General Objections, Hasbro will produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION NO. 59:**

One sample of, or a full-color copy of the packaging for, every product YOU currently market in the U.S. that uses the word "memory" in its title, name, or tagline.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Hasbro will produce responsive documents, if any.

**REQUEST FOR PRODUCTION NO. 60:**

One sample of, or a full-color copy of the packaging for, every product YOU marketed in the U.S. at any time since January 1, 2000 that used the word "memory" in its title, name, or tagline.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Hasbro will produce responsive documents.

**REQUEST FOR PRODUCTION NO. 61:**

One sample of, or a full-color copy of the packaging for, every product YOU currently market in the U.S. that bears or whose packaging bears the stylized version of the "Memory" name shown in YOUR United States Patent and Trademark Office Registration No. 834,282.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Hasbro will produce responsive documents.

**REQUEST FOR PRODUCTION NO. 62:**

One sample of, or a full-color copy of the packaging for, every product YOU marketed in the U.S. at any time since January 1, 2000 that bore or whose packaging bore the stylized version of the "Memory" name shown in YOUR United States Patent and Trademark Office Registration No. 834,282.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Hasbro will produce responsive documents.

**REQUEST FOR PRODUCTION NO. 63:**

One sample of, or a full-color copy of the packaging for, every product that uses the word "memory" in its title, name, or tagline, which use YOU have licensed to others since July 1, 1996 in the U.S.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Hasbro will produce responsive documents.

**REQUEST FOR PRODUCTION NO. 64:**

One sample of, or a full-color copy of the packaging for, each product YOU have marketed under the name "Memory" that is *not* a card-matching game.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Hasbro will produce responsive documents.

**REQUEST FOR PRODUCTION NO. 65:**

One sample of, or a full-color copy of the packaging for, each product YOU contemplate offering in the future in the U.S. that will contain the word "memory" in its name, title, or tagline. [*If this product has not yet been publicly disclosed or reviewed in the media on a pre-release basis, then it is acceptable to produce this under the confidentiality protective order.*]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Hasbro will produce responsive documents.

**REQUEST FOR PRODUCTION NO. 66:**

Non-privileged DOCUMENTS and tangible things sufficient to show any product YOU contemplate offering in the future that will contain the word "memory" in its name, title, or tagline. [*If this product has not yet been publicly disclosed or reviewed in the media on a prerelease basis, then it is acceptable to produce this under the confidentiality protective order.*]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Hasbro will produce responsive, non-privileged documents.