# **EXHIBIT B**

SHEPPARD MULLIN
SHEPPARD MULLIN RICHTER & HAMPTON LLP
ATTORNEYS AT LAW

1901 Avenue of the Stars | Suite 1600 | Los Angeles, CA 90067-6017
310-228-3700 *office* | 310-228-3701 *fax* | ***www.sheppardmullin.com***

Writer's Direct Line: (310) 228-3730
kraygor@sheppardmullin.com
File No.: 03FD-125329

August 14, 2006

***BY E-MAIL AND U.S. MAIL***

Kim J. Landsman, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710

Re: Hasbro/MGA—Motion To Compel Hasbro To Provide Deponents

Dear Mr. Landsman:

We write to you in an attempt to convince you to make the Hasbro employees noticed by MGA available for their depositions. While you may have only received the formal deposition notices last Wednesday, we had been speaking about MGA's desire to depose several of these employees, in both conversations and written communications, since prior to last week and had hoped that Hasbro would, as MGA did, make such parties available without the need for formal deposition notices, including on mutually convenient dates. If Hasbro fails to make them available, we will most likely be forced to ask the Court to continue the hearing on Hasbro's motion for a preliminary injunction and recall order until after all such employees are deposed or, in the alternative, to deny Hasbro's injunction motion *sua sponte* as a sanction for failing to provide the requested deponents. We have repeatedly tried to work this out with you, but you have refused to fully cooperate.

## A. MGA CAN CALL HASBRO EMPLOYEES AS ADVERSE WITNESSES.

For some reason, you continue to assert that MGA must limit itself in the expedited discovery being conducted by the parties before the evidentiary hearing on Hasbro's motion to only those witnesses that Hasbro might elect to bring to the hearing.

It is not Hasbro's position to decide for MGA how MGA should defend itself against Hasbro's motion. MGA has a due process right to gather the evidence that *MGA*—not Hasbro—decides it needs in order to defeat Hasbro's injunction request. The liberal discovery rules set forth in the Federal Rules of Civil Procedure provide a mechanism to exercise that right. Contrary to your repeated assertions, most recently misrepresented to Judge Smith in our August 11, 2006 telephone conference with him, you and I *never* agreed that MGA could only depose the witnesses that Hasbro might decide to bring to the hearing. You know that that assertion is false, particularly since you have stated, *in writing*, your understanding that other persons with pertinent knowledge can be deposed.

On July 11, 2006, you wrote to me to confirm a discussion you and I had about depositions. You stated:

> "As discussed last week, the parties will take the depositions of the witnesses that the adverse party intends to bring to the hearing, *with the possibility of a deposition [*sic*] one or more additional witnesses if the opposing party thinks it necessary to depose someone else with pertinent knowledge.*"

(Emphasis added.) The italicized text shows that you acknowledged that the parties may depose, not just those persons who might be declarants or witnesses at the evidentiary hearing, but also others who might have pertinent knowledge of the matters that will be the subject of that hearing.

I again wrote to you on July 21 about depositions. You responded in a July 24 letter, in which you *again* confirmed that persons other than declarants may be deposed. In fact, you asked me to let you know "if there is a declarant you do not want to depose *and if there is anyone else you do.*" (Emphasis added.)

Despite those two letters from you, and my August 3 letter to you that reminded you of those statements, which even quoted your statements back to you, on August 11 you once again stated that you and I had allegedly agreed that MGA could only depose the witnesses Hasbro decided to bring to the hearing. You even repeated that false statement to Judge Smith during our 2:30 p.m. (Eastern time), August 11 hearing with him.

MGA has the right to call Hasbro as an adverse party at the evidentiary hearing. MGA can call also any employee of Hasbro as a "witness identified with an adverse party", whether or not Hasbro wants (or plans to have) that person at the hearing. *See* FED. R. EVID. 611(c); *Rodriguez v. Banco Central Corporation*, 990 F.2d 7, 13 (1st Cir. 1993); *Elgabri v. Lekas*, 964 F.2d 1255, 1260 (1st Cir. 1992); *Elgabri v. Lekas*, 964 F.2d 1255, 1260 (1st Cir. 1992); *Haney v. Mizell Memorial Hospital*, 744 F.2d 1467, 1478 (11th Cir. 1985); *Perkins v. Volkswagen of America, Inc.*, 596 F.2d 681, 682 (5th Cir. 1979). Pursuant to our agreement and the law, Hasbro must provide all of the employees we have requested for deposition in advance of the hearing.

## B. MGA HAS COOPERATED WITH HASBRO IN HASBRO'S DEPOSITIONS OF MGA EMPLOYEES.

We have made many accommodations to you to allow Hasbro to depose all of the MGA employees that Hasbro indicated that it wanted:

1. You asked me to let you depose MGA's employees before MGA would depose Hasbro's employees. I granted your request.

2. You asked to depose nine (9) MGA employees (**Yuval Caspi**, **Courtney Werner**, **Alex Keossian**, **Kristen Zimmer**, **Jeremy Anderson**, **Sam Khare**, **Richard Daniels**, **Bo Lumabao**, and **Nick Contreras**) during the week of August 7 on a single trip by you to Los Angeles. I granted your request. You then deposed all nine (9) of them in four (4) consecutive days (August 8-11). (You elected not to depose 2 others, whom MGA had on standby for deposition until you advised us of your intent not to depose them.)

3. I could not defend all of the MGA deponents. Fortunately, however, I have associates working with me on the case. One of them, Janene Bassett, defended some of the depositions, so you would not be hampered by my availability.

4. You came to Los Angeles without having issued any notices of deposition. As a result, you did not have the right under FED. R. CIV. P. 30(b)(2) to videotape the depositions. You arrived in my offices with a videographer. I pointed out that you had never provided any notice of videography, and that MGA's employees had not been prepared or dressed to appear on tape. You apologized to me for not having given me proper notice, and asked me to allow you to videotape the depositions anyway. I granted your request, and you were able to record all of them on videotape.

5. In your August 2, 2006 letter to me, you stated that you did not expect any deposition to last more than about three hours. You were unable to complete several of them in three hours, and I nevertheless let you finish all of them.

6. You failed to ask for certain documents in your document requests that during the depositions you realized you wanted. You asked me to produce the Marvel *Style Guide*, even though none of your document requests had asked for it. I granted your request. You asked me to produce Marvel approval forms, even though none of your document requests had asked for them. I granted your request. You asked me to produce another sample of MGA's memory game, even though we had already given you one and you had another on your own. I granted your request.

7. You asked me to provide you with office space, a printer, and high-speed Internet access while you were in my offices. I granted your request.

8. You accused me of not providing certain documents to you about MGA employee Bo Lumabao's creation of the phrase "classic memory matching

game". I told you I had. You demanded that I tell you the production numbers. Although you clearly had not read what we had produced, I granted your request and took the time to find them for you and gave you the MGA production numbers so you could proceed with your deposition.

9. You asked me to give you color copies of documents that we had produced to you on July 28 in black-and-white so you could use them for the depositions. I granted your request. I have asked you to reciprocate and provide me with color copies of the black-and-white documents you have produced. You have not even bothered to respond.

10. While you were in my offices in Los Angeles, I provided you with access to all of the third-party memory games and books concerning the history of non-Hasbro memory games that we have collected, as well as receipts for our purchase of those items, so you could see for yourself that the materials we submitted to the Court in opposition to Hasbro's motion were authentic, genuine, properly represented, and publicly available. I left all of those materials available for your review at any time for all of the four days you were in our offices.

Despite all of this effort on MGA's part to accommodate you, you have refused to provide MGA the most basic of due process, namely provide the deponents MGA needs to defend itself against Hasbro's injunction motion in an efficient, orderly fashion.

## C. MGA'S ATTEMPTS TO SECURE HASBRO'S COOPERATION IN SCHEDULING MGA'S DEPOSITIONS OF HASBRO EMPLOYEES.

You have repeatedly denied MGA the opportunity to depose all of Hasbro's employees in Providence in the week following the week in which you deposed all of MGA's employees. Instead, you have repeatedly told me that MGA can only depose two Hasbro employees who had submitted declarations—Paul Vanasse and Mark Stark—and that MGA could only do depositions on two days—August 17-18. (On August 3, Hasbro filed reply papers, in which it added a third declarant, Millens Taft, and you subsequently added him as a possible third deponent.) As you know, since the outset, I have advised you that MGA believed that it needs to also depose Mr. Barry Nagler, who had executed a declaration in connection with an application to register one of the trademarks on which Hasbro's case is premised and which trademark registration MGA is challenging and seeking to have cancelled as part of its defense of Hasbro's claims. In response to your refusal to allow MGA to depose whom it decided it needed to depose in order to defend against the injunction, I wrote to you *on August 1* and stated:

> "1. **DEPOSITION SCHEDULING**. . . .
> We are not presently in a position to commit to deposing all of the necessary Hasbro employees and/or witnesses on just August 17 and 18 as proposed by you. We presently expect to depose **Paul Vanasse**, **Mark Stark**, and **Barry Nagler**. You have stated that Hasbro's documents will likely dissuade MGA from deposing Mr. Nagler. I have reviewed them. They do not. We also intend to serve a Rule 30(b)(6) notice concerning some of the matters mentioned in Hasbro's motion and discovery responses, and in particular Hasbro's communications with third parties, including Marvel, about this dispute and Hasbro's knowledge through Hasbro's Target and Wal-Mart category managers, or similar such employees, of MGA's game. We also will likely want to depose several witnesses mentioned in Hasbro's discovery responses served on July 28, including, but not limited to, **Jason Eastman**, **Darrell Merino**, **Robert Ellis**, **Cathy Meredith**, **Eric Nyman**, and **Jill Hambley**. Once we see Hasbro's reply papers, we will be in a position to let you know exactly who we will depose. Hasbro and its counsel should make plans to be available for depositions during the week of August 14-18, or during the week of August 7-11 for deposition at the same time that Hasbro is deposing MGA's witnesses, or both."

You responded on August 2, and again only allowed MGA two days for the depositions of just two employees, denying that MGA had any need to depose anyone else and denying that MGA had the right to depose anyone else. I responded to you on August 3:

> "1. **DEPONENTS**.
> Contrary to your letter, we have *not* '[f]rom the beginning [] agreed to depose the witnesses who submitted declarations and would therefore be part of the hearing'. Even if that was our agreement (which it was not), I note that you do not state that we agreed that *only* such persons would be deposed. You and I have always contemplated deposing persons who might not be used as declarants or affiants in the parties' written submissions to the Court. You and I also have discussed our mutual intention to leave open the possibility of deposing such other persons. You and I on several occasions have spoken about MGA's intention to depose Barry Nagler, and you have never maintained that his deposition is not *permitted*. You have only stated that, once I saw Hasbro's documents, I would not *want* to depose him. As you know, I still want to depose him, including about the affidavit he signed in support of the 200[4] registration that MGA contends is invalid and that MGA has asserted is being improperly relied upon by Hasbro as 'proof' of its alleged exclusive rights. Hasbro is relying upon the 200[4] registration in its preliminary injunction motion and MGA is entitled to depose Mr. Nagler about the papers he filed in support of the application.
>
> During our July 6 discussion, you and I addressed deposing each other's witnesses, *as well as other persons that the parties believe might have pertinent information, even if not disclosed in declarations or affidavits*. You stated that after seeing our opposition papers, you might want to depose MGA's witnesses whom you believe had relevant knowledge and that MGA might not have disclosed. That led to an agreement that we would not take "apex" depositions of each other's senior executives who had no involvement with the trademarks or games at issue (we expressly discussed Isaac Larian of MGA and Al Verrechia of Hasbro as falling within that category). I confirmed this in my July 7 letter to you.
>
> On July 11, you wrote to me. Your August 2 letter, however, now mischaracterizes what you wrote in your July 11 letter. Your July 11 letter stated:

> 'As discussed last week, the parties will take the depositions of the witnesses that the adverse party intends to bring to the hearing, *with the possibility of a deposition [sic] one or more additional witnesses if the opposing party thinks it necessary to depose someone else with pertinent knowledge*.'

(Emphasis added.) The italicized text shows that you acknowledged that the parties may depose persons who might not be declarants or witnesses at the evidentiary hearing, but who might have pertinent knowledge of the matters that will be the subject of that hearing.

I then wrote to you on July 21 about depositions, generally. You responded in a July 24 letter, in which you *again* confirmed that persons other than declarants may be deposed. In fact, you asked me to let you know 'if there is a declarant you do not want to depose *and if there is anyone else you do*.' (Emphasis added.)

Finally, it was always contemplated by both of us that we would be conducting mutual expedited discovery directed at matters raised by Hasbro's preliminary injunction motion and MGA's response thereto. On July 28, Hasbro responded to MGA's written discovery and identified additional people (**Jason Eastman**, **Darrell Merino**, **Robert Ellis**, **Cathy Meredith**, **Brian Goldner**, **Eric Nyman**, and **Jill Hambley**) who have pertinent knowledge of the matters at issue in the motion. Hasbro's documents disclose other potential witnesses. Even if Hasbro elected not to provide declarations from these Hasbro employees and has no present plans to have them testify at the hearing, MGA is entitled to present its defense to Hasbro's motion, MGA does not have to rely on just whom Hasbro elects to present, and MGA can present these and other employees of Hasbro as adverse witnesses at the hearing, if it chooses. In order to make that decision, MGA may need to depose them first to learn what the scope of their knowledge is. (Please note that in deference to his position, MGA did not suggest that it might wish to depose Mr. Goldner at this time.) . . . .

**3. <u>DEPOSITIONS OF HASBRO EMPLOYEES</u>.**

Once we analyze Hasbro's reply papers, that are being served and filed today, we will let you know whom we intend to depose. Yes, we will depose Messrs. Vanasse and Stark on August 17 and 18. We might be able to do others on those days, but will likely also need you to make August 14-16 available for other witnesses. While you have indicated that you are not available on those three days, one of your co-counsel—Messrs. Sant'Ambrogio, Avanzato or Techentin or Ms. Choi—could defend them.

With respect to your statement to me yesterday about Mr. Stark's absence during the week of September 11, unfortunately his declaration is the key declaration that Hasbro submits in support of its injunction motion so he is going to have to appear. We note that Hasbro's July 28 letter to Judge Smith, *in which Hasbro asked that the hearing take place during the week of September 11*, did not mention anything about Hasbro's key witness not being available that week. You are the one who requested the date—MGA should not be penalized by your chief witness being unavailable for cross-examination. Hopefully, we can get him off the stand on the first day, so he can go on his anniversary trip, but we will expect him to be there if the hearing indeed proceeds on September 11."

In light of the statements in this exchange of correspondence, you have no basis for any longer insisting that MGA can only depose the employees Hasbro intends to bring to the hearing, or just those who submitted declarations.

## D. MGA'S DEPOSITION NOTICE.

On Wednesday, August 9, 2006, I personally served a deposition notice on you for the following depositions to be taken by MGA (this chart appeared in MGA's notice):

| WITNESS | POSITION | DATE AND TIME |
|---|---|---|
| Millens W. Taft, Jr. | Former Milton Bradley employee; present Hasbro declarant | Tuesday, August 15, 2006, commencing at 9:00 a.m. (EDT) |
| Paul Vanasse | Hasbro employee; Hasbro declarant | Tuesday, August 15, 2006, commencing at the conclusion of the deposition of Mr. Taft |
| | | |
| Plaintiff Hasbro, Inc. | Pursuant to FED. R. CIV. P. 30(b)(6) [*see testimony categories below*] | Wednesday, August 16, 2006, commencing at 9:00 a.m. (EDT) |
| | | |
| Barry Nagler | Hasbro employee | Thursday, August 17, 2006, commencing at 9:00 a.m. (EDT) |
| Jill Hambley | Hasbro employee; identified as a witness by Hasbro | Thursday, August 17, 2006, commencing at the conclusion of the deposition of Mr. Nagler |
| | | |
| Mark Stark | Hasbro employee; Hasbro declarant | Friday, August 18, 2006, commencing at 9:00 a.m. (EDT) |

Despite this notice, Hasbro has only agreed to produce Hasbro declarants Taft, Vanasse, and Stark for deposition, and has refused to allow depositions on any days other than August 17-18 next week.

On August 3 you wrote to me and stated that Mr. Stark, whom you previously stated would be available for deposition on August 17-18, would now no longer be available then. Instead, you told me that he was no longer in charge of Hasbro's memory game product and that you would instead provide his successor:

> "We intend to substitute Jill Hambley, [Mark Stark's] successor on the product, and will make her available (in place of Mr. Stark) for the deposition [*sic*] August 18."

But now that the Court has agreed to start the hearing on September 8, Mr. Stark is again available, and on August 11 you told me and MGA's General Counsel that you now refuse to produce Ms. Hambley for deposition. That is unacceptable, particularly now that you have told us that she is the person *currently* in charge of Hasbro's memory game, and that Mr. Stark no longer is. We are entitled to both depositions—Mr. Stark's because he submitted the primary declaration upon which Hasbro is relying in this case, and Ms. Hambley's because she is the Hasbro employee who has the current knowledge about Hasbro's game.

With respect to Hasbro employee Barry Nagler, on August 11, you informed me and MGA's General Counsel that you refuse to produce him for deposition.

With respect to the six (6) testimony categories in MGA's Rule 30(b)(6) notice, on August 10 you informed me and MGA's General Counsel that you refuse to produce anyone in response to MGA's notice, and instead would only produce a Hasbro employee who works with Target, and then only if MGA withdrew its Rule 30(b)(6) notice.

On August 11, you informed me and MGA's General Counsel that you "might" agree to produce Hasbro employee Walker Mitchell for deposition, but only by telephone for a short period of time.

So, to date, you have only agreed to produce three (3) employees for deposition by MGA: Messrs. Taft, Vanasse, and Stark, and then only on August 17 and 18. You have repeatedly refused our suggestion that one of the other counsel of record working on this case with you defend the depositions MGA needs to take when you are unavailable:

| | |
|---|---|
| Michael D. Sant'Ambrogio | PATTERSON BELKNAP WEBB & TYLER LLP |
| Irene Choi | PATTERSON BELKNAP WEBB & TYLER LLP |
| Joseph Avanzato | ADLER POLLOCK & SHEEHAN PC |
| Jeffrey K. Techentin | ADLER POLLOCK & SHEEHAN PC |

You apparently believe that none of your co-counsel should defend a deposition because on August 11 you informed me and MGA's General Counsel that you refused to have anyone other than you defend any of the other Hasbro employees MGA wished to depose, particularly Mr. Nagler, even if that meant that MGA had to make two trips to Rhode Island. (While you indicated that Mr. Sant'Ambrogio and yourself were both tied up at the start of this week and that Ms. Choi was relatively junior, you have never advised us that either Mr. Avanzato or Mr. Techentin are likewise unavailable this coming week *or* on any of the other days when you are unavailable.)

You are needlessly interfering with MGA's attempt to take depositions. You are needlessly making MGA's attempts at getting discovery unduly expensive. MGA should not have to make multiple trips to Rhode Island to depose just six (6) deponents for a motion *you* have brought and are making MGA defend. You only agreed to produce deponents on August 17 and 18 because you were not available on August 14-16. I then asked for you to make yourself available on Monday and Tuesday of the following week (August 21-22), even though I would have to stay in Rhode Island over the weekend and change my vacation plans. Knowing that I had longstanding plans to be out of the country, you then refused me those dates and stated that you were only available on Thursday, August 24 and Friday, August 25. I again asked you to have one of your four other co-counsel defend the depositions, and you refused. You then said that "maybe" you could be available on Wednesday, August 23, again knowing that I would

be on vacation with my family. I even offered to have George Lieberman take depositions so I would not have to change my vacation plans and could meet your refusal to accommodate MGA, but the only dates you allowed (August 24-25) happen to be dates that Mr. Lieberman and his co-counsel, Mr. Magratten, will be tied up on business matters away from Rhode Island. You have never offered any other days.

When you completed all of your depositions of MGA on Friday, August 11 in my offices, you then flat-out refused to produce Mr. Nagler, Ms. Hambley, or the Rule 30(b)(6) deponents noticed by MGA. We discussed why MGA needs these deponents. You maintained your refusal. These employees are necessary for MGA's defense to the requested injunction for at least the following reasons.

1. **Barry Nagler.**

Hasbro is suing MGA for infringement of two registered trademarks owned by Hasbro: (1) a 1967 registration for a unique stylized design mark—**memory**; and (2) a 2004 registration for the word mark MEMORY. Hasbro has admitted in discovery that it has not used the 1967 registration since at least 2000, so that registration is no longer an issue in this litigation. As a result, only its 2004 registration is at issue.

Mr. Nagler signed a declaration that Hasbro filed with the United States Patent & Trademark Office ("**USPTO**"). His declaration resulted in the issuance of the 2004 registration. In that declaration, Mr. Nagler failed to disclose that Hasbro is operating under a license from Ravensburger to use the alleged mark "Memory", failed to provide a specimen to the USPTO showing the part of Hasbro's packaging that disclosed that license, and stated, under oath, that "he believes [Hasbro] to be the owner of the trademark/service mark sought to be registered", and that "*to the best of his knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce*". In light of the statements on Hasbro's packaging about the Ravensburger license *and* the overwhelming evidence of third-party use of "memory" with card-matching games, including uses that predate Hasbro's claimed first use, *both* statements appear to be false.

In addition, in response to MGA's Interrogatory No. 3, Hasbro states that Mr. Nagler has contacted MGA's licensor, Marvel, about this lawsuit and sent Marvel copies of the Hasbro's injunction papers. Hasbro knows that Marvel and MGA have a license relationship, and such conduct constitutes intentional interference with that contractual relationship. Mr. Nagler's conduct in seemingly interfering with MGA's license relationship with Marvel and Hasbro's on-going communications with Marvel, as set forth in Hasbro's interrogatory responses, support MGA's unclean hands defense to the issuance of an injunction in this matter. Marvel has been aware of MGA's position in response to Hasbro's claims, since the initial claim letter and was, in fact, openly copied on MGA's letter to Hasbro in response to such claim. On-going communications by Hasbro with Marvel and other third parties since the outset of this action are

inappropriate and MGA has the right to explore what was said by Hasbro's representatives to such third parties and to determine how such contacts and communications may have interfered with MGA's contractual and other relations with such parties.

2. **Jill Hambley.**

In response to MGA's Interrogatory No. 9, Hasbro states: "Hasbro identifies the following employees who have had principal managerial responsibility for the marketing of Hasbro's games using the Memory® mark: Mark Stark **and Jill Hambley**." In your August 3 letter to me (quoted above), you state that Ms. Hambley has succeeded Mr. Stark in responsibility at Hasbro for Hasbro's game. Obviously, Ms. Hambley's knowledge of Hasbro's Memory game is essential, as her knowledge is the most current. The fact that you were willing to substitute her testimony entirely for that of Mr. Stark's is further evidence that her testimony is essential.

3. **Plaintiff Hasbro, Inc.—By Rule 30(b)(6).**

MGA's Rule 30(b)(6) notice requires Hasbro to provide witnesses on the following six categories. The relevance of each category is described after each quoted category.

"TESTIMONY CATEGORY NO. 1:
With respect to the statement that '*[o]ver the past three and a half decades, sales of MEMORY® games have exceeded $130 million*' in paragraph 10 of the DECLARATION OF MARK STARK submitted by Hasbro in support of its MOTION FOR A PRELIMINARY INJUNCTION, RECALL, AND EXPEDITED DISCOVERY, information concerning the sales described in that statement, including, but not limited to, (a) the geographic distribution of those sales, (b) the titles of the various games that make up those sales, (c) the number of units sold under each such title, (d) when the sales under each such title were made, and (e) where records supporting the statement can be found."

> Relevance: Hasbro submitted this statement in its moving papers in support of its injunction motion in an effort to show the alleged strength of Hasbro's alleged mark and its alleged secondary meaning. MGA is entitled to test the statement's foundation in defending against Hasbro's request for an injunction.

"TESTIMONY CATEGORY NO. 2:
With respect to the statement that '*[i]n the past eight years, Hasbro has spent over $20 million advertising and promoting the line of MEMORY® card matching games, both separately and with a group of other Hasbro games collectively called "My First Games®" and as part of the "Games Make Great Gifts" campaign*' in paragraph 10 of the DECLARATION OF MARK STARK submitted by Hasbro in support of its MOTION FOR A PRELIMINARY INJUNCTION, RECALL, AND EXPEDITED DISCOVERY, information concerning the advertising and promotion described in that

statement, including, but not limited to, (a) the geographic distribution of that advertising and promotion, (b) the type of advertising and promotion that was done, (c) where such advertising and promotion was published and conducted, (d) the length of time such advertising and promotion was published and conducted, (e) how much of the cost for such advertising and promotion that was done for 'My First Games®' and for the 'Games Make Great Gifts' campaign can be allocated just to the MEMORY® game that was part of that advertising and promotion, if more than just that game was the subject of that advertising and promotion, and (f) where records supporting the statement can be found."

> Relevance: Hasbro submitted this statement in its moving papers in support of its injunction motion in an effort to show the alleged strength of Hasbro's alleged mark and its alleged secondary meaning. MGA is entitled to test the statement's foundation in defending against Hasbro's request for an injunction. MGA believes that the statement is misleading in that the alleged sum spent on advertising was *not* spent just on advertising Hasbro's Memory-named game.

"TESTIMONY CATEGORY NO. 3:
Hasbro's interaction with the game buyer (or buyers) for Wal-Mart during the period from June 1, 2005 to July 31, 2006, including, but not limited to, the development of planograms, modules, visual depictions, or other displays for games that Wal-Mart is considering purchasing as they might appear on a Wal-Mart retail shelf if the games are purchased. (*MGA is informed that the Hasbro employee most knowledgeable about this is Walker Mitchell.*)"

> Relevance: As stated in MGA's opposition to Hasbro's injunction motion, MGA believes that Hasbro has unreasonably delayed taking action against MGA (laches), and such delay should deny Hasbro the provisional equitable relief it is seeking. MGA believes that Hasbro employees in charge of its relationship with Wal-Mart knew about MGA's game as long as a year ago. (Additionally, MGA believes that such employees would likely also be aware of third party memory-named games sold at Wal-Mart during the same period of time against which Hasbro has taken no action.) If Hasbro refuses to produce Mr. Mitchell for deposition in Providence, Rhode Island, but is willing to allow him to be deposed where he lives, MGA will depose him in Arkansas where it understands he resides.

"TESTIMONY CATEGORY NO. 4:
Hasbro's interaction with the game buyer (or buyers) for Target during the period from June 1, 2005 to July 31, 2006, including, but not limited to, the development of planograms, modules, visual depictions, or other displays for games that Target is considering purchasing as they might appear on a Target retail shelf if the games are purchased."

> Relevance: As stated in MGA's opposition to Hasbro's injunction motion, MGA believes that Hasbro has unreasonably delayed taking action against MGA, and that delay should

deny Hasbro the provisional equitable relief it is seeking. MGA believes that Hasbro employees in charge of its relationship with Target knew about MGA's game as long as a year ago. (Additionally, as with the prior category, MGA believes that such employees would likely also be aware of third party memory-named games sold at Target during the same period of time against which Hasbro has taken no action.)

"TESTIMONY CATEGORY NO. 5:
How Hasbro became aware of MGA's Spider-Man & Friends-themed Memory Match-Up product, and what Hasbro then did with that information. (*MGA is informed by Hasbro's interrogatory responses that Hasbro employees Jason Eastman, Darrell Merino, Robert Ellis, Cathy Meredith, Brian Goldner, Eric Nyman, Al Verrecchia, and Barry Nagler were involved in learning of and then passing on that information.*)"

Relevance: As stated in MGA's opposition to Hasbro's injunction motion, MGA believes that Hasbro has unreasonably delayed taking action against MGA (laches), and such delay should deny Hasbro the provisional equitable relief it is seeking. As further stated in MGA's opposition papers, MGA believes that Hasbro is asserting this claim against MGA for anticompetitive purposes. Hasbro has admitted that it has informed Marvel on numerous occasions about Hasbro's suit against MGA and had several discussions with Marvel about that suit. Marvel and MGA have a contractual relationship. Hasbro knows that. If Hasbro unreasonably delayed its action against MGA and then has been engaging in intentional interference with MGA's contractual relationship with Marvel, or with MGA's retail customers (*e.g.*, Target and Wal-Mart), then such conduct would be grounds for denying Hasbro the provisional equitable relief it is seeking.

"TESTIMONY CATEGORY NO. 6:
The 2001 GAME AWARENESS & PENETRATION STUDY and the 2004 GAME AWARENESS & PENETRATION STUDY, redacted copies of which were produced by Hasbro to MGA bearing document production numbers H1-26 and H27-151, respectively, including, but not limited to, (a) the design of the studies, (b) any testing or pre-testing of the studies, (c) who the targeted respondents were, (d) who the respondents were, (e) what was studied, (f) the purpose of the studies, and (g) the results and conclusions drawn from the study."

Relevance: Hasbro relies in its injunction papers on alleged surveys concerning its Memory-named game. Hasbro argues that those alleged surveys show a certain level of recognition of the game on the consuming public's part. MGA asked for the production of these alleged "surveys" in the expedited discovery agreed upon by the parties. Hasbro then produced these two "studies", but heavily redacted them to such an extent that it is virtually impossible to determine what was studied and how. MGA is entitled to test the foundation for these studies (and to establish whether these studies, as claimed by Hasbro, actually demonstrate any public recognition of Hasbro's Memory-named game as opposed to third party games) in defending against Hasbro's request for an injunction.

* * * * *

We urge you to reconsider your refusals to provide MGA the discovery it has requested. Please confirm by **5:00 p.m., Wednesday, August 16** whether Hasbro will provide *all* of the witnesses identified above for deposition by MGA and, if it will, the dates on which they can be made available. If we do not get that confirmation by then, we will promptly file a motion to compel. Please communicate with George Lieberman *and* me when you send your response.

Very truly yours,

Kent R. Raygor

for SHEPPARD MULLIN RICHTER & HAMPTON LLP

400057003.1

| | | |
|---|---|---|
| cc: | Jeffrey K. Techentin, Esq. | (counsel of record for Hasbro) |
| | Joseph Avanzato, Esq. | (counsel of record for Hasbro) |
| | Michael D. Sant'Ambrogio, Esq. | (counsel of record for Hasbro) |
| | Irene Choi, Esq. | (counsel of record for Hasbro) |
| | George E. Lieberman, Esq. | (counsel of record for MGA) |
| | Brooks Magratten, Esq. | (counsel of record for MGA) |
| | Janene P. Bassett, Esq. | (counsel of record for MGA) |