UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HASBRO, INC.,

Plaintiff,

v.

MGA ENTERTAINMENT, INC.,

Defendant.

MGA ENTERTAINMENT, INC.,

Counterclaimant,

v.

HASBRO, INC.,

Counterclaim-defendant.

**REQUEST FOR EXPEDITED CONSIDERATION AND DECISION PURSUANT TO LR CV 9**

**C.A. No. 06-262 S**

**MOTION OF DEFENDANT/COUNTERCLAIMANT MGA ENTERTAINMENT, INC. FOR DENIAL OF THE PRELIMINARY INJUNCTION/RECALL MOTION OF PLAINTIFF/COUNTERCLAIM-DEFENDANT HASBRO, INC., OR, IN THE ALTERNATIVE, FOR A CONTINUANCE OF THE PRELIMINARY INJUNCTION/RECALL HEARING**

For the reasons set forth in its accompanying Memorandum of Law, defendant/counterclaimant MGA Entertainment, Inc., respectfully requests that the Honorable Court deny the Motion for a Preliminary Injunction and Recall of plaintiff-counterclaim-defendant Hasbro, Inc. or, in the alternative, grant a continuance of the hearing on that Motion, now scheduled to commence September 8, 2006.

Respectfully submitted,
Defendant and Counterclaimant,
MGA ENTERTAINMENT, INC.
By its attorneys,

/s/ George E. Lieberman

BROOKS R. MAGRATTEN, R.I. Bar ID #3585
GEORGE E. LIEBERMAN, R.I. Bar ID #3860
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Telephone: (401) 421-3060
Facsimile: (401) 272-6803
E-mail: bmagratten@vetterandwhite.com
glieberman@vetterandwhite.com

KENT R. RAYGOR, admitted *pro hac vice*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
E-mail: kraygor@sheppardmullin.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the within Motion For Denial of Preliminary Injunction/Recall on August 17, 2006. The Motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the below listed counsel of record has been effectuated by electronic means. In addition the undersigned certifies that on August 17, 2006 I had caused to be served the above referenced document upon the below-listed counsel as stated:

**BY U.S. MAIL (AND EMAIL):**

Kim J. Landsman, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710

Jeffrey K. Techentin, Esq.,
ADLER POLLOCK & SHEEHAN PC
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345

/s/ George E. Lieberman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC.,<br>Plaintiff,<br>v.<br>MGA ENTERTAINMENT, INC.,<br>Defendant. | **REQUEST FOR EXPEDITED CONSIDERATION AND DECISION PURSUANT TO LR CV 9** |
| MGA ENTERTAINMENT, INC.,<br>Counterclaimant,<br>v.<br>HASBRO, INC.,<br>Counterclaim-defendant. | **C.A. No. 06-262 S** |

**MEMORANDUM OF LAW OF DEFENDANT/COUNTERCLAIMANT MGA ENTERTAINMENT, INC. IN SUPPORT OF ITS MOTION FOR DENIAL OF THE PRELIMINARY INJUNCTION/RECALL MOTION OF PLAINTIFF/COUNTERCLAIM-DEFENDANT HASBRO, INC., OR, IN THE ALTERNATIVE, FOR A CONTINUANCE OF THE PRELIMINARY INJUNCTION HEARING**

## I. INTRODUCTION

By its above-identified Motion, defendant/counterclaimant MGA Entertainment, Inc. ("MGA") respectfully requests that the Honorable Court deny the Motion for Preliminary Injunction/Recall of plaintiff/counterclaim-defendant Hasbro, Inc. ("Hasbro") or, in the alternative, continue the hearing on said Motion.

## II. SUMMARY OF CASE

Hasbro initiated this civil action contending that MGA has infringed a trademark with respect to a certain card game sold under the name "Memory."

As MGA has explained, Hasbro's claim is without merit for many reasons, including: (1) Hasbro's trademark registrations are limited to the word "memory" and are expressly limited to equipment for a card matching game and card-matching game. MGA's current game name is "3-D Memory Match-Up," which name does not infringe upon Hasbro's mark. Moreover MGA's game is not a card matching game and does not use cards, but, rather, contains 3-D, molded characters which can be separated into two parts; (2) the generic word "memory" has been and is used and associated with a multitude of children's card games, many of which were played many years before Hasbro started marketing its card game. As such, Hasbro can not properly make the generic word "memory" a trademark, and its purported trademark is invalid; (3) Hasbro has failed to police the mark thereby abandoning it; (4) Hasbro knew of MGA's use of the word "memory" no later then the Summer of 2005, yet waited almost a year before taking action. Hasbro's claim for equitable relief is barred by the doctrine of laches; (5) Hasbro represented to the USPTO that its proposed mark could co-exist without confusion with a card matching game called "Memory Lane," thereby refuting its "confusion" contention; (6) the word "memory" describes the nature, use and characteristics of a card-matching "memory game," and is, thus, descriptive without secondary meaning, rendering it unenforceable as a trademark; (7) Hasbro cannot prove confusion, particularly since the games at issue are significantly different and the purported marks are not similar; (8) Hasbro made misrepresentations in its USPTO filing requiring the cancellation of its trademark registration; and (9) Hasbro's intentional

misrepresentations to the USPTO and its dubious misconduct constitute unclean hands and bar its claim.

## III. DISCUSSION

MGA has sought throughout this case to work and cooperate with Hasbro. MGA believed that the parties would work in good faith, making efforts to provide expedited, complete, and responsive discovery promptly and to arrange for the timely depositions of persons. MGA understood that counsel would arrange their schedules to complete discovery. MGA has done so. Hasbro has not. Indeed, Hasbro refuses to produce knowledgeable witnesses for depositions and to respond properly to written discovery requests. *See* MGA's Motion to Compel Discovery, today being filed, incorporated herein by reference.

Hasbro's dubious conduct is particularly troublesome since it demands an early hearing. Hasbro, despite its refusal to provide proper discovery, strenuously demands that a hearing on its preliminary injunction/recall motion begin on September 8, 2006.

Hasbro's misconduct constitutes unclean hands and violates the equity maxim he who seeks equity must do equity.[1] By its conduct, Hasbro has substantially prejudiced and is substantially prejudicing MGA. The misconduct of Hasbro makes it all but impossible for MGA to be prepared to present its defense at the preliminary injunction hearing. Hasbro's failure to provide proper discovery responses to MGA's written discovery requests and its intentional refusal to make available knowledgeable persons for depositions, including itself for a Rule

[1] Only after MGA notified Hasbro of its intention to seek relief from the Court because of Hasbro's deep and wide discovery deficiencies, Hasbro, in a letter dated August 16, 2006, agreed to supplement its discovery responses. That night, after 8:00 p.m., on the day before MGA was to begin conducting depositions (at 9:00 a.m., August 17) Hasbro emailed 135 pages of documents it previously had failed to produce and, further, stated that it would bring even more documents to the depositions. This unfortunate conduct prejudices MGA.

30(b)(6) deposition, deprives MGA of the opportunity to learn the facts and evidence it critically needs to prepare properly for the hearing and to present effectively its defense.

No elaborate discussion is needed. Hasbro cannot press for an early hearing and then unilaterally and arbitrarily decide when and which persons it will make available for depositions and fail to provide proper discovery responses. This inequitable and unfair conduct alone justifies the denial of Hasbro's motion. Hasbro's misconduct support the denial of its motion and compels, at a minimum, the continuance of the preliminary injunction hearing.

Wherefore, for the reasons above stated, MGA respectfully requests that the Honorable Court deny the Motion for a Preliminary Injunction/Recall of Hasbro or, in the alternative, continue the hearing until at least a week after MGA has completed its deposition discovery and Hasbro provides proper discovery responses and at a time convenient for the Court.

Respectfully submitted,
Defendant and Counterclaimant,
MGA ENTERTAINMENT, INC.
By its attorneys,

/s/ George E. Lieberman

BROOKS R. MAGRATTEN, R.I. Bar ID #3585
GEORGE E. LIEBERMAN, R.I. Bar ID #3860
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Telephone: (401) 421-3060
Facsimile: (401) 272-6803
E-mail: bmagratten@vetterandwhite.com
glieberman@vetterandwhite.com

KENT R. RAYGOR, admitted *pro hac vice*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
E-mail: kraygor@sheppardmullin.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the within Memorandum of Law on August 17, 2006. The Memorandum of Law is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the below listed counsel of record has been effectuated by electronic means. In addition the undersigned certifies that on August 17, 2006 I had caused to be served the above referenced document upon the below-listed counsel as stated:

**BY U.S. MAIL (AND EMAIL):**

Kim J. Landsman, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710

Jeffrey K. Techentin, Esq.,
ADLER POLLOCK & SHEEHAN PC
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345

/s/ George E. Lieberman