UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC.,<br>Plaintiff,<br>v.<br>MGA ENTERTAINMENT, INC.,<br>Defendant. | |
| MGA ENTERTAINMENT, INC.,<br>Counterclaimant,<br>v.<br>HASBRO, INC.,<br>Counterclaim-defendant. | **C.A. No. 06-262 S** |

**DEFENDANT AND COUNTERCLAIMANT MGA ENTERTAINMENT, INC.'S NOTICE OF WITHDRAWAL OF THE DECLARATION OF SAM KHARE, PREVIOUSLY SUBMITTED BY MGA IN SUPPORT OF ITS OPPOSITION TO HASBRO'S MOTION FOR A PRELIMINARY INJUNCTION AND RECALL ORDER**

On July 17, 2006, defendant/counterclaimant MGA Entertainment, Inc. ("**MGA**") submitted its Opposition to plaintiff/counterclaim-defendant Hasbro, Inc.'s ("**Hasbro**") motion for a preliminary injunction and recall order ("**Motion**"). MGA submitted nine declarations with its Opposition, one of which was from an MGA in-house attorney, **Sam Khare**. Mr. Khare described certain information he had seen in August 2005 concerning third-party use of the words "memory", "match-up", and "matchup".

Mr. Khare's DECLARATION did not describe any legal work he might have done for MGA in connection with that information or any conclusions he might have drawn therefrom. MGA noted in its Opposition to Hasbro's Motion that it was submitting Mr. Khare's DECLARATION on a conditional basis, subject to working out an appropriate stipulation with Hasbro as to the scope of any privilege waiver that might result by submitting Mr. Khare's testimony concerning the work he did in August 2005 (a stipulation that would also cover the disclosure of such testimony at the evidentiary hearing on Hasbro's Motion, or in any revised DECLARATION Mr. Khare might file). MGA also gave Hasbro a FED. R. CIV. P. 26(b)(5) privilege log that identified privileged communications with Mr. Khare during that time frame.

Hasbro, as part of its discovery directed at MGA, has asked MGA to disclose what Mr. Khare did, concluded, and communicated in or about August 2005. MGA agreed to allow that discovery if Hasbro would agree to a reasonable limitation on the scope of the privilege waiver. The parties, however, were unable to reach agreement by the time MGA's Opposition had to be filed. MGA, therefore, conditionally submitted only factual statements in

Mr. Khare's DECLARATION, describing what he had seen, but continued to try to obtain Hasbro's agreement to a limitation on the privilege waiver.

The parties still have been unable to reach agreement. MGA, therefore, will have to file a motion for a protective order that asks this Court to allow the testimony that Hasbro is seeking, but under an appropriate limitation on the scope of the privilege waiver. MGA does not want this issue to interfere with the hearing on Hasbro's Motion, so, following the evidentiary hearing, MGA will ask this Court to issue the protective order described above so that the discovery sought by Hasbro can proceed in the ordinary course.

Hasbro deposed Mr. Khare on August 9. MGA informed Hasbro's counsel at that time that, in light of Hasbro's unwillingness to agree to a reasonable limitation on the scope of the privilege waiver, MGA was considering withdrawing Mr. Khare's DECLARATION. (KHARE DEPOSITION TRANSCRIPT, at 37:10-38:8.) Hasbro remains unwilling to accept such a limitation. MGA, therefore, hereby withdraws Mr. Khare's declaration from consideration as part of MGA's opposition to Hasbro's injunction motion. MGA will not be offering Mr. Khare as a witness at the hearing, nor will it be relying on Mr. Khare's deposition testimony or declaration at the hearing.

In the meantime, if Hasbro changes its mind and decides that it finally will agree before the evidentiary hearing to a reasonable limitation on the scope of the privilege waiver, MGA will resubmit Mr. Khare's DECLARATION and Hasbro can then examine him about the work he did in August 2005, subject to the agreed-upon limitations.

Dated: August 23, 2006

Defendant and Counterclaimant,
MGA ENTERTAINMENT, INC.
By its attorneys,

/s/George E. Lieberman

BROOKS R. MAGRATTEN, R.I. Bar ID #3585
GEORGE E. LIEBERMAN, R.I. Bar ID #3860
VETTER & WHITE
20 Washington Place, 3rd Floor
Providence, Rhode Island 02903
Telephone: (401) 421-3060
Facsimile: (401) 272-6803
E-mail: bmagratten@vetterandwhite.com
glieberman@vetterandwhite.com

KENT R. RAYGOR, admitted *pro hac vice*
JANENE P. BASSETT, admitted *pro hac vice*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
E-mail: kraygor@sheppardmullin.com
jbassett@sheppardmullin.com

400062627.1

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the within **DEFENDANT AND COUNTERCLAIMANT MGA ENTERTAINMENT, INC.'S NOTICE OF WITHDRAWAL OF THE DECLARATION OF SAM KHARE, PREVIOUSLY SUBMITTED BY MGA IN SUPPORT OF ITS OPPOSITION TO HASBRO'S MOTION FOR A PRELIMINARY INJUNCTION AND RECALL ORDER** on August 23, 2006. The Withdrawal of the Declaration of Sam Khare is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the below listed counsel of record has been effectuated by electronic means to:

Kim J. Landsman, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710

Jeffrey K. Techentin, Esq.,
ADLER POLLOCK & SHEEHAN PC
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345

/s/George E. Lieberman