UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC.,<br><br>Defendant. | **SCHEDULED FOR HEARING ON AUGUST 29, 2006** |
| MGA ENTERTAINMENT, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>HASBRO, INC.,<br><br>Counterclaim-defendant. | **C.A. No. 06-262 S** |

**REPLY OF MGA ENTERTAINMENT, INC. TO OBJECTION OF HASBRO, INC. TO MOTION TO COMPEL APPROPRIATE RESPONSES TO INTERROGATORIES, DOCUMENT REQUESTS AND REQUESTS FOR ADMISSIONS AND TO PRODUCE PERSONS FOR THEIR DEPOSITIONS**

Hasbro's oppositions to MGA's motions to compel present a terribly misleading picture of the efforts engaged in by MGA to get the discovery to which it is entitled. Hasbro only provides one-half of the picture, and misstates even that half. Hasbro fails to inform the Court of the many attempts MGA has made to resolve these discovery disputes outside of Court, or that Hasbro has steadfastly refused MGA's entreaties. By failing even to acknowledge MGA's repeated efforts to try to work this out, Hasbro misrepresents the record to this Court.

MGA has written letter after letter to Hasbro in an effort to get the discovery MGA needs in order to adequately defend itself at the upcoming evidentiary hearing, presently set to commence on September 8, only to have Hasbro either reject or ignore MGA's repeated efforts to avoid having to burden this Court with this. The following is an outline of the relevant communications from MGA to Hasbro. Copies of the referenced letters and e-mails are attached hereto as **EXHIBIT A** for the Court's reference.

| Communication | Date | Subject |
|---|---|---|
| Conversation between Raygor (lead counsel for MGA) and Landsman (lead counsel for Hasbro) | 07.06.06 | Agreement to only have to put on a privilege log communications post-dating the initial cease-and-desist letter in this matter |
| Letter from Raygor to Landsman | 07.07.06 | Agreement to a limitation on the scope of the waiver of privilege for disclosing MGA's clearance efforts (¶ 5); agreement to work to avoid authentication issues (¶ 7) |
| Court appearance before Judge Smith attended by Raygor and Landsman | 07.13.06 | Judge Smith stated that he expected the parties to work out any authentication issues themselves |
| Letter from Raygor to Landsman | 07.21.06 | Proposal for an expedited discovery stipulation; mentions a window of time to take "Rule 30" depositions (¶ 2) |
| E-mail from Raygor to Landsman | 07.28.06 | Identifying which MGA documents respond to which Hasbro document requests, as required by FRCP 34(b) |
| E-mail from Raygor to Landsman | 07.31.06 | Supplementing MGA's discovery responses now that the Protective Order had been entered by the Court |
| Letter from Raygor to Landsman | 08.01.06 | Letter detailing many discovery failures by Hasbro; bad faith responses by Hasbro; improper document redactions by Hasbro; efforts by Hasbro to delay MGA's discovery attempts; intention of MGA to take a Rule 30(b)(6) deposition of Hasbro; intention of MGA to depose Barry Nagler and Jill Hambley; Landsman reneging on his earlier agreement to a limitation on the waiver of privilege by MGA disclosing its counsel's clearance work; Landsman reneging on his July 6 agreement to only have to put post cease-and-desist letter communications on a privilege log |
| Letter from Raygor to | 08.03.06 | Letter discussing disputes over the depositions |

| | | |
|---|---|---|
| Landsman | | MGA wants to take; trying to get Landsman to agree to work out authentication issues; dispute over the Marvel Style Guide |
| Letter from Raygor to Landsman | 08.03.06 | Letter concerning deposition scheduling; Hasbro's statement that is was going to produce Jill Hambley for deposition; disagreement over privilege logs; Landsman asking MGA to produce documents that he had not asked for in his expedited document requests; meeting-and-conferring over Hasbro's insufficient responses to MGA's discovery requests |
| E-mail from Raygor to Landsman | 08.05.06 | Asking Hasbro to produce color copies of documents, which Hasbro did not do for two weeks, until August 17 at the beginning of depositions taken by MGA |
| E-mail from Raygor to Landsman | 08.07.06 | Pointing out defects in Hasbro's privilege log |
| E-mail from Raygor to Techentin and Landsman | 08.09.06 | Service by MGA of a deposition notice on Hasbro for a Rule 30(b)(6) deposition on 6 testimony categories, and for 5 individual witnesses, including Barry Nagler and Jill Hambley |
| Service of another copy of MGA's deposition notice on Hasbro | 08.10.06 | Served by MGA's Rhode Island counsel |
| Letter from Raygor to Judge Smith, copied to Landsman | 08.10.06 | In advance of 08.11.06 status conference. Addresses Hasbro's refusal to provide deponents; Hasbro's refusal to agree to a procedure to authenticate evidence of third-party use of "memory"; MGA having to file motions to compel if Hasbro does not agree to provide proper discovery responses; MGA having to file a motion for a protective order due to Hasbro's refusal to agree to a limitation on the scope of the privilege waiver resulting from MGA's prospective disclosure pursuant to Hasbro's discovery requests of clearance efforts engaged in by MGA's counsel |
| Letter from Raygor to Landsman | 08.11.06 (emailed 8.12.06) | Discovery "meet-and-confer" re the defects in Hasbro's responses to MGA's interrogatories |
| Letter from Raygor to Landsman | 08.11.06 (emailed 8.12.06) | Discovery "meet-and-confer" re the defects in Hasbro's responses to MGA's requests for admission |
| Letter from Raygor to Landsman | 08.11.06 (emailed 8.12.06) | Discovery "meet-and-confer" re the defects in Hasbro's responses to MGA's document requests |
| Letter from Raygor to Landsman | 08.14.06 | Discovery "meet-and-confer" re Hasbro's refusal to provide depositions; outlines MGA's extensive |

| | | |
|---|---|---|
| | | cooperation with Hasbro's discovery taken of MGA; outlines in detail the reason and relevance for each deposition being sought by MGA |
| Letter from Raygor to Landsman | 08.16.06 | Discovery "meet-and-confer" re Hasbro's continued refusal to provide depositions; outlines, again, the reason and relevance for each deposition being sought by MGA |
| Letter from Raygor to Landsman | 08.22.06 | Letter outlining continued refusal by Hasbro to allow MGA to take depositions; misstatements by Hasbro to the Court; unreasonable interference by Hasbro with MGA's attempts to do discovery; violation of MGA's due process rights; unfairness to MGA by forcing MGA to have to move to compel to get discovery and, if granted, to then have to do all of that discovery in the days immediately before the evidentiary hearing before Judge Smith when MGA should be preparing its evidence, arguments and witnesses instead; Hasbro's misuse of confidentiality designations to interfere with MGA's attempts to defend itself; Hasbro's delayed production of documents to interfere with MGA's attempts to defend itself |
| Letter from Raygor to Landsman | 08.23.06 | Letter stating that Hasbro must provide verified supplemental interrogatory responses; Hasbro's failure to respond to MGA's multiple queries about Hasbro's defective discovery responses and the noticed depositions; MGA's proposal for taking the depositions of Hasbro employees; unfairness to MGA in having to conduct this discovery in the days immediately before the evidentiary hearing |

The hearings on MGA's motions to compel are now set for Tuesday, August 29. If this Court finds that MGA's motions should be granted, MGA fears that any documents, responses, and deponents ordered to be produced would not in fact be produced until after the Labor Day weekend. So, while MGA gave Hasbro an entire week (August 8-12), well in advance of the Friday, September 8 evidentiary hearing, to prepare for and take MGA's depositions, thereby giving it the next almost four (4) weeks (from August 12 to September 8) in which to get ready for the hearing, by refusing to give MGA the discovery that it seeks, and instead forcing MGA to have to file motions to compel, Hasbro is forcing MGA to conduct depositions and obtain other

discovery responses in the few days immediately before the commencement of the Friday, September 8 hearing, thereby forcing MGA to still be doing discovery instead of preparing its evidence, witnesses, and argument for the hearing. In fact, if depositions are not done until those few days (September 5, 6, or 7), it is likely that the transcripts will not even be completed by the time Judge Smith's evidentiary hearing commences on Friday, September 8, further unfairly prejudicing MGA and denying MGA of a fair trial.

Hasbro, instead of saying something like, "Your Honor, we have seen what MGA is complaining about and, in light of the fact that Hasbro is seeking *extraordinary relief* here, we will immediately give them what they ask for so we can proceed with a hearing on Hasbro's motion," instead takes the time to oppose MGA's motions, thereby forcing the Court to hold a hearing. Hasbro should have taken that effort and instead devoted it to giving MGA what *MGA* believes it needs, not what *Hasbro* thinks MGA needs, to defend itself. Unfortunately, it appears that Hasbro's entire plan has been to try to interfere with MGA's efforts to adequately put up a defense at the hearing. Hasbro is seeking the extraordinary relief in the form of an order requiring MGA to pull out of the marketplace tens of thousands of games already distributed, causing MGA untold amounts of damage to its goodwill and its business. In light of that request, it should not be permitted to continue to stonewall MGA's discovery.

Hasbro also attempts to use MGA's agreement to engage in expedited discovery as basis for limiting MGA's access to relevant, indeed critical, information. Throughout its memorandum, Hasbro retreats to the position that MGA supposedly has sought too much information. <u>See</u> <u>e.g.</u>, Objection at 4 ("Hasbro stayed within the parameters of expedited discovery requests… MGA did not") and 8 ("The worst example of MGA's failure to adhere to limited and expedited discovery….").  To the extent Hasbro may have believed that MGA

would not exercise its full panoply of discovery rights as to the issues to be tried, or would not insist on Hasbro's compliance with the Rules of Civil Procedure, it was incorrect. MGA agreed to expedited discovery as to the issues raised by Hasbro's injunction motion. Everything MGA has requested concerns Hasbro's motion and MGA's defenses to it. Hasbro's arbitrary and unilateral determination of what MGA needs and does not need is unfathomable, particularly in light of the impending evidentiary hearing.

Moreover, Hasbro woefully understates the breadth of issues to be addressed at the preliminary injunction/recall hearing. According to Hasbro, the only relevant issues to be decided at that time pertain to the likelihood of confusion. See Objection at 2. Confusion is but one piece of a much much larger picture. Another key issue to be litigated at the hearing is whether Hasbro's purported "mark merits protection," or is merely generic or descriptive without secondary meaning. Borinquen Biscuit Corp. v. M.V. Trading Corp., 443 F.3d 112, 116 (1st Cir. 2006). Other key issues pertain to MGA's affirmative defenses, such as laches and unclean hands.[1] Therefore, Hasbro's representation of "what is and is not relevant," Objection at 2, simply is incorrect. In short, Hasbro's position is that it will decide what the triable issues are and what discovery is allowed. The mere statement of Hasbro's position best reveals why MGA's motion should be granted.

MGA will not belabor the point. Many of the flaws with Hasbro's arguments are self evident, or are fully addressed in MGA's original memorandum and are not reiterated here. Below, MGA addresses just some of the more specious arguments Hasbro raises in its objection.

---

[1] Hasbro must prove likelihood of success on the merits. That puts all issues of liability in play – claims and defenses.

**A. Depositions**

Although MGA has bent over backwards to accommodated Hasbro's scheduling demands, Hasbro has erected several barriers aimed at preventing MGA from taking depositions. Early on, the parties began discussing the taking and scheduling of depositions. At Hasbro's request, MGA's counsel arranged for Hasbro to take nine depositions of MGA employees during the week of August 8-11. On August 9, 2006, MGA noticed the depositions of Hasbro and five of its employees for the following week – August 15-18. See **EXHIBIT B**. Hasbro refused to produce three of the six witnesses: Barry Nagler, Esq., (to occur on August 17th); Jill Hambly (to occur on August 17th); and Hasbro itself for a Rule 30(b)(6) deposition.[2] With respect to the three depositions Hasbro did permit, Hasbro's lead counsel refused to permit any of the other four Hasbro attorneys of record in this case to defend the depositions, and, instead, demanded that the depositions take place on August 17th and 18th - the only two days that he was available. MGA's lead trial counsel accommodated this request, arranged his schedule accordingly and asked to take the remaining three depositions on August 21st and 22nd. Once again, Hasbro's lead trial counsel refused because he was unavailable on those dates. For Hasbro to characterize MGA's behavior as uncivil, Objection at 18, n.2, is astonishing.

Now, in its objection, Hasbro appears to take much comfort, albeit misplaced, in the fact that MGA has deposed all witnesses whom Hasbro intends to present at the hearing. Again, consistent with its refusal to provide timely and proper discovery (delayed production of documents, extensive redaction of documents, refusal to admit basic and uncontestable facts, nearly 250 meritless "do not answer" instructions during the only three depositions that Hasbro

---

[2] It is not clear whether Hasbro still refuses to be deposed. Although it represents to the Court that it has offered certain dates that MGA can take its deposition, it also moved to quash MGA's Rule 30(b)(6) deposition notice on August 25, 2006. MGA will be objecting to that memorandum for many of the same reasons supporting MGA's pending motions to compel.

did permit to proceed), Hasbro's position is that it will dictate the method and scope of MGA's deposition strategy. Indeed, Hasbro seems to suggest that MGA is entitled to depose only those individuals whom Hasbro intends to present at the hearing and that any other deposition testimony is unimportant. Objection at 18-20. Hasbro's position has no basis in law or logic. It is not for Hasbro to decide what information MGA needs to defend itself.

MGA is entitled to depose Mr. Nagler. He signed and filed a declaration with the United States Patent & Trademark Office ("USPTO") that resulted in the issuance of the 2004 registration of Hasbro's word mark MEMORY, which Hasbro contends MGA infringed.[3] In his declaration, Mr. Nagler failed to disclose that Hasbro is operating under a license to use the alleged mark "Memory", he failed to provide a specimen to the USPTO showing the part of Hasbro's packaging that disclosed that license, and he stated, under oath, that "he believes [Hasbro] to be the owner of the trademark/service mark sought to be registered", and that "to the best of his knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce". In light of the statements on Hasbro's packaging about its Memory license and the overwhelming evidence of third-party use of "memory" with card-matching games, including uses that predate Hasbro's claimed first use, both statements appear to be false.

In addition, in response to MGA's Interrogatory No. 3, Hasbro states that Mr. Nagler has contacted MGA's licensor, Marvel, about this lawsuit and sent Marvel copies of the Hasbro's injunction papers. Hasbro knows that Marvel and MGA have a license relationship, and such

[3] Hasbro also alleged that MGA infringed its 1967 registration for a unique stylized design mark—**memory**. Hasbro, however, has admitted in discovery that it has not used the 1967 registration since at least 2000, so that registration is no longer an issue in this litigation. As a result, only its 2004 registration is at issue.

conduct constitutes intentional interference with that contractual relationship. Mr. Nagler's conduct in seemingly interfering with MGA's license relationship with Marvel and Hasbro's on-going communications with Marvel, as set forth in Hasbro's interrogatory responses, support MGA's unclean hands defense. On-going and improper communications by Hasbro with Marvel and other third parties since the outset of this action are inappropriate and MGA has the right to explore what was said by Hasbro's representatives to such third parties and to determine how such contacts and communications may have interfered with MGA's contractual and other relations with such parties.

Moreover, Hasbro's wholesale refusal to provide Mr. Nagler for a deposition is very troubling. Hasbro essentially contends that Mr. Nagler is "off limits" because he is an in-house attorney and it suspects that the deposition may invade attorney client privilege.[4] Such concerns are not a basis for refusing to appear at a deposition.[5] As an in-house counsel, Mr. Nagler wears two hats for Hasbro - a business executive and a lawyer. To the extent Mr. Nagler is privy to non-privileged information, MGA is entitled to question him regarding it. The fact that Mr.

---

[4] Hasbro's conception of attorney-client privilege and work product doctrine goes far beyond anything the courts have recognized. Hasbro seems to take the position that the minute a party conceives of litigation, everything it does or says should be shielded from discovery. In support of this incorrect proposition Hasbro cites the utterly inapplicable Simon v. Navon, 951 F. Supp. 279, 282 (D. Me. 1997), and U.S. v. Rockland Trust Co., 860 F.Supp. 895, 902-903 (D. Mass. 1994). Both cases deal not with attorney-client privilege, but a privilege against civil liability for defamation for remarks made while preparing for litigation or testifying.

[5] Hasbro attempts to justify its conduct by pointing to the fact that MGA refused to offer its trial counsel, Kent Ragor, Esq., for a deposition. MGA addresses this point only briefly because Hasbro has neither issued a deposition notice regarding Mr. Ragor, nor has it asked the Court to rule on the propriety of MGA's refusal. Also, to compare Hasbro's refusal to produce Mr. Nagler with MGA's refusal to produce Mr. Raygor is akin to comparing apples to oranges. Mr. Nagler, as a Hasbro executive, is an individual with knowledge of facts that may be relevant to this dispute. In contrast, Mr. Raygor's only role in this matter is that of MGA's trial counsel who provided a declaration to identify the toy stores where several games were purchased in order to avoid producing a great many witnesses at trial.

Nagler is an attorney does not cloak otherwise discoverable factual information with a privilege. If, during the deposition, a question truly encroaches into matters that are actually privileged, then Mr. Nagler could refuse to answer. Indeed, Hasbro, having already instructed its employees to not answer approximately 250 deposition questions, apparently has no reluctance to so instruct its employees. As it stands, however, Hasbro has flouted MGA's deposition notice in violation of the Federal Rules of Civil Procedure.

As for Ms. Hambly, she currently is in charge of Hasbro's Memory game. Hasbro's proposed injunction is forward-looking so her testimony about the market for the games and the potential for confusion going forward would be pertinent and may in fact be different from or supplemental to the testimony of Ms. Hambly's predecessor, Mark Stark. Also, because Ms. Hambley has been in her position for almost four months, MGA has the right to learn whether she has or has not encountered any instances of purported confusion. Further, if Ms. Hambly has been speaking to third parties about this action, then her testimony may show Hasbro's unclean hands or intentional interference with contractual and prospective economic advantage.

With respect to Hasbro's disregard for MGA's Rule 30(b)(6) deposition notice, Hasbro as an entity has not provided any testimony concerning any of the six topics identified in the notice. Although Hasbro presumably would agree that Mr. Stark would have been an appropriate witness to testify about facts pertaining to statements Mr. Stark made and other sales and marketing activities of Hasbro **[topics 1, 2 and 6]**, Hasbro has not even attempted to retroactively designated Mr. Stark, or any other previously deposed individual, as a Rule

30(b)(6) witness.[6] Deposition of Hasbro on all of the noticed topics is integral to MGA's ability to challenge Hasbro's claims and to assert properly its affirmative defenses.[7]

## B. Interrogatories

**Failure to Identify Witnesses**

Given its posturing throughout this case, Hasbro is not justified in refusing to provide contact information for its employees. First, MGA is aware of its ethical obligations and has no intention of improperly communicating with Hasbro employees. Second, and more importantly, although ordinarily there is no need to insist on obtaining contact information for employees of a party opponent, it is unusual for a party to conduct itself the way Hasbro has in this case. Hasbro failed to appear for its Rule 30(b)(6) deposition. Once again, Hasbro's position is that it will decide what discovery MGA may take. Although two Hasbro employees have been deposed, a Rule 30(b)(6) deposition is not the same as an individual employee's deposition. No more need be said on the point. Moreover, Hasbro has refused to stipulate that it has power and is willing to accept service of witness subpoenas for Hasbro employees identified in interrogatories. In the absence of such a stipulation, MGA must obtain contact information for these individuals. Accordingly, Hasbro should be ordered to provide contact information for all of its employees identified in Answers 1, 3 and 9.[8]

---

[6] Prior to filing its motion for an order quashing MGA's Rule 30(b)(6) deposition notice, Hasbro's counsel offered to make witnesses available only at a time when he knew MGA's lead counsel would be unavailable.

[7] For example, MGA requests Hasbro to testify how it "became aware of MGA's Spider-Man & Friends-themed Memory Match-Up product, and what Hasbro then did with that information." See Exhibit A, topic 5. This information is highly relevant to MGA's laches defense.

[8] MGA also presses its request for Hasbro to provide contact information for Ms. Amy Sowers-Wycoff, the Marvel contact that MGA had for MGA's game. Oddly, Hasbro states that Ms. Sowers-Wycoff claims that she had no knowledge of MGA's game. Ms. Wowers-Wycoff

**Improper Objections**

Hasbro has offered no credible justification for its objections to interrogatories. With respect to its objections to Interrogatories 1, 3, 7, 8, 10 and 11, Hasbro argues simply that it "in good faith objected to MGA's interrogatories to the extent they were subject to interpretations that rendered them" objectionable. See Objection at 8. So called "good faith" objections are insufficient. Nothing less than proper objections are acceptable. Hasbro makes no attempt to explain the alleged flaws and its unexplained objections are improper.

Moreover, it is not even clear from its noncommittal language whether Hasbro actually believes interrogatories 1, 3, 7, 8, 10 and 11 are objectionable. Hasbro hedges its objections by saying they are asserted "to the extent" the objections may apply. Such an explanation does "nothing of consequence to support any objection." Cotracom Commodity Trading Co. v. Seaboard Corp., 1998 WL 231135, *1 (D. Kan. 1998) (concluding objections asserted "to the extent" they apply are waived) (emphasis added). Does Hasbro in fact believe the interrogatories are vague, ambiguous, overbroad, burdensome or irrelevant? See Objection at 8. How so? Hasbro has made no attempt to explain to MGA, or to the Court, why it feels the objections are proper. Accordingly, Hasbro's objections to interrogatories 1, 3, 7, 8, 10 and 11 may be stricken.

**Failure to Identify Documents**

According to Hasbro, it has satisfied its Fed. R. Civ. P. 33(d) obligation of specifically identifying documents referred to in interrogatories 2, 5, 7, and 9-11 because its New York counsel, Mr. Kim Landsman, supposedly identified those documents in letters to MGA dated August 16th and 23rd, 2006. Objection at 6-8. Moreover, these letters are only partially Hasbro itself, however, has made no attempt to amend its interrogatory answers to reflect this

---

recently left Marvel and MGA does not know how to contact her. If Hasbro does, then such information should be produced.

information. A letter from a party's attorney, unsigned by the party under oath, however, does not satisfy the requirement that interrogatory answers be signed by the party. See Fed. R. Civ. P. 33(b); 27 C.J.S. Discovery § 67 ("Supplemental responses to interrogatories must be verified."). Hasbro's Answers to Interrogatories 2, 5,[9] 7, and 9-11 remain inadequate.

## C. Requests for Admissions

**RFA Nos. 17-18 and 23**

Hasbro continues to refuse to admit basic facts about MGA's game, of which it complains so much. Rather than admitting that MGA's game "is not a card-matching game" **[RFA 17]** and "does not use cards in its game play" **[RFA 18]**, Hasbro stands by its tepid response that MGA's game "does not appear to use cards." (Emphasis added). If Hasbro is unable to determine if MGA's game uses cards, is surely is unable to determine if the game infringes on the alleged mark. Is this yet another "good faith" response by Hasbro? It would have taken Hasbro less effort to amend its responses than to oppose MGA's motion in this regard. Enough said.

**RFA Nos. 24-29**

Hasbro continues to refuses to give simple admissions that third parties are using the word "memory" in connection with various matching games and other toys. In its Objection, p. 10, the only justification Hasbro provides for its failure to respond is that third party use is a disputed legal issue. The use by third parties of the word "memory" is a pure question of fact – and Hasbro fully knows that.

[9] Hasbro also claims that MGA inappropriately points out the fact that Hasbro produced heavily redacted documents in response to Interrogatory No. 5 because MGA invited Hasbro to redact financial information. Objection at 7. Hasbro, however, still has not refused to state in a verified answer that the redactions are only of financial information.

**RFA Nos. 45-60 and 62**

Hasbro's gamesmanship with respect to these requests is remarkable. Each of these requests seeks admissions concerning basic and undisputable information, such as: the historical underpinnings and development of matching games in general **[RFA Nos. 45-54];** pseudonyms for card matching games **[RFA Nos. 55-58];** elementary grammar and linguistic truths **[RFA Nos. 59-60 & 62]**. It is improper for Hasbro to turn a blind eye to basic and undisputable information available to it in order to avoid providing reasonable admissions. Hasbro cannot credibly claim it has insufficient information. Laziness and willful ignorance do not justify Hasbro's improper and incomplete responses to requests to admit. See, e.g., Lumpkin v. Meskill, 64 F.R.D. 673, 678 (D. Conn. 1974) (holding that a request for admission regarding the accuracy of statistics is proper).

Moreover, Hasbro's reliance on Bausch & Lomb, Inc. v. Alcon Labs, Inc, 173 F.R.D. 367, 377 (W.D.N.Y. 1995) and United States v. Consolidated Edison Co. of New York, No. CV-88-0049, 1988 WL 138275, at * 2 (E.D.N.Y. Dec. 15, 1988) is misplaced. Bausch & Lomb dealt with the propriety of a request to admit the legal interpretation of a document. Consolidated Edison ruled that a request was improper because it asked a party to admit the accuracy of every statement appearing in several documents, including documents containing statistical analysis. Unlike the requests at issue in Bausch & Lomb and Consolidated Edison, MGA's requests are neither complex, nor do they seek Hasbro's legal interpretation. Therefore, these cases do not assist Hasbro.

Hasbro's conduct is inequitable. It seeks to hide from, obscure, or ignore the facts. This unfair conduct, particularly in the context of an expedited equitable trial, should not be tolerated.

## D. Requests for Production

Hasbro appears quite impressed with the fact that it has produced approximately 3,000 documents to date.[10] This position is similar to the uniformly and universally condemned practice of inundating a party with documents in response to a discovery request. Still, Hasbro has done little to address the valid points raised in MGA's original memorandum.

**Hasbro's Objections Remain Improper**

Again, rather than offering any explanation for its unexplained objections, Hasbro claims that its objections were asserted in "good faith" and are made "to the extent" they apply. As described above, such objections (if any actually are made), are improper.

Moreover, Hasbro largely ignores MGA's basic concerns. For example, Hasbro still says it will produce responsive documents "if any." Hasbro has an obligation to determine if it has any responsive documents. If it has none, then it must amend its responses to Request Nos. 4-7, 9, 11, 14-15, 23, 25-28, 30-33, 36-37, 40-44, 48-56 and 58 to so state.

Hasbro also attempts to explain its extensive redactions to several documents by saying it redacted information that is irrelevant to this dispute and unresponsive to MGA's request. This Court has held, however, (in a recent case involving Hasbro no less) that unilateral redactions on the basis of relevancy are improper – particularly when, as here, a confidentiality order is in place. Hasbro Inc. v. Mikohn Gaming Co., C.A. No. 05-106, Mem. and Order at 2-3 (filed March 30, 2006) (Mag. Almond), Attached as EXHIBIT C. Further, Hasbro's reliance on MGA's invitation to redact financial information is misplaced. Hasbro candidly admits that it redacted more than just financial information. Objection at 14 (stating that Hasbro redacted information relating "to products other than Hasbro's MEMORY games"). And once again,

---

[10] Contrary to Hasbro's allegation, Objection at 11, MGA has Hasbro incorrectly contends that MGA has withheld responsive documents. MGA has withheld nothing requested by Hasbro.

Hasbro failed to seek a protective order as to the "non relevant" information. Therefore, it has waived any objection it may have had. Also, the heavy redactions make the documents virtually indecipherable. MGA has no way to know what has been redacted and whether it is proper. As such, Hasbro cannot hide behind MGA's invitation for Hasbro to redact financial information as justification for its conduct.

## III. CONCLUSION

Wherefore, for the above reasons, as well as in its original memorandum and that may be presented at the hearing, MGA respectfully requests that the Court grant its Motion.

Respectfully submitted,

Defendant and Counterclaimant,
MGA ENTERTAINMENT, INC.
By its attorneys,

/s/ George E. Lieberman

BROOKS R. MAGRATTEN, R.I. Bar ID #3585
GEORGE E. LIEBERMAN, R.I. Bar ID #3860
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Telephone: (401) 421-3060
Facsimile: (401) 272-6803
E-mail: bmagratten@vetterandwhite.com
glieberman@vetterandwhite.com

KENT R. RAYGOR, admitted *pro hac vice*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
E-mail: kraygor@sheppardmullin.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the within Reply Memorandum on August 28, 2006. The Memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the below listed counsel of record has been effectuated by electronic means.

Kim J. Landsman, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710

Jeffrey K. Techentin, Esq.,
ADLER POLLOCK & SHEEHAN PC
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345

/s/ George E. Lieberman