UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HASBRO, INC., :
Plaintiff, :
:
v. :
:
MGA ENTERTAINMENT, INC., :
Defendant. :

CA 06-262 S

MGA ENTERTAINMENT, INC., :
Counterclaimant, :
:
v. :
:
HASBRO, INC., :
Counterclaim-defendant. :

**ORDER**
**RE THREE MOTIONS**
**HEARD ON AUGUST 29, 2006**

Before the Court are three motions:

1. Motion of Defendant/Counterclaimant MGA Entertainment, Inc. to Compel Appropriate Responses to Interrogatories, Document Requests and Requests for Admissions and Produce Persons for their Depositions (Document ("Doc.") #38) **("First Motion to Compel" or "First Motion")**;

2. Motion of Defendant/Counterclaimant MGA Entertainment, Inc. to Compel Discovery and Order Plaintiff/Counterclaim Defendant to Appear for Its Deposition and Deponents to Answer Questions and for Sanctions (Doc. #45) (**"Second Motion to Compel" or "Second Motion"**);

3. Plaintiff's Cross-Motion for Protective Order (Doc. #54) (**"Motion for Protective Order" or "Third Motion"**).

The Court refers collectively to the motions as "the Motions." A hearing was conducted on August 29, 2006.[1] At the hearing, the Court made some rulings from the Bench and took under advisement other matters. The Court indicated that it would issue an order after the hearing which contained the rulings made from the Bench and which also addressed the matters taken under advisement. This is that Order.

## I. First Motion to Compel

### A. Responses to Interrogatories

1. As to Interrogatories Nos. 2, 5, 7, 10, and 11, the First Motion is GRANTED to the extent that the supplementation to the answers to these interrogatories which Hasbro has made informally by letter shall be stated formally in a supplemental response to MGA's interrogatories.

2. As to Interrogatory No. 1, the First Motion is GRANTED to the extent that Hasbro is required to accept service for its employees in lieu of providing their addresses and telephone numbers.

3. As to Interrogatory No. 3, the First Motion is DENIED.

4. As to Interrogatory No. 9, the First Motion is GRANTED. Hasbro shall identify the person(s) who "had managerial responsibility ...." Interrogatory No. 9. Hasbro shall not qualify its answer by use of the phrase "principal managerial responsibility." Response to Interrogatory No. 9.

5. To the extent that the First Motion seeks to strike the objection to Interrogatories Nos. 1, 3, 7, 8, 10, and 11, the First Motion is withdrawn based on the representation by Hasbro that it has fully answered these interrogatories.

---

[1] The Court heard argument on the First and Second Motions at the hearing. Oral argument on the Third Motion was deemed unnecessary as it is related to the First Motion.

**B. Requests for Admissions**

1. As to Requests for Admissions Nos. 5 and 6, the First Motion to Compel is DENIED.

2. As to Requests for Admissions Nos. 17 and 18, the First Motion to Compel is GRANTED. Hasbro shall file a supplemental response, striking the words "appear to."

3. As to Request for Admission No. 23, the First Motion to Compel is DENIED.

4. As to Requests for Admissions Nos. 24 to 29, the First Motion is:

   a. GRANTED as to Requests Nos. 24, 25, 27, and 28; and

   b. DENIED as to Requests Nos. 26 and 29.[2]

---

[2] The Court has reviewed the Declaration of Kent R. Raygor and Third-Party Use Exhibits 1-8 Submitted in Support of Defendant MGA Entertainment, Inc.'s Opposition to Plaintiff Hasbro, Inc.'s Motion for Preliminary Injunction and Recall (Doc. #29) and perused the exhibits submitted therewith (containing some 1240 pages). After doing so, the Court concludes that the volume of materials submitted is sufficient to require Hasbro to either admit or deny Requests for Admissions Nos. 24, 25, 27, and 28 notwithstanding Hasbro's complaint that Mr. Raygor is unwilling to submit to being deposed. The Court reaches this conclusion because the detailed information provided in the exhibits regarding their source is adequate to enable Hasbro to independently confirm the accuracy of most, if not all, of the exhibits without deposing Mr. Raygor.

While the Court denies the First Motion as to Requests for Admission Nos. 26 and 29 (which pertain to the use of the term "memory" in connection with a toy), the Court does so only because the use of the term in such connection does not "jump out" from the pages of the exhibits (in contrast to the information sought by Requests for Admissions Nos. 24, 25, 27 and 28). However, the Court's review of the 1200 plus pages of exhibits has not been exhaustive, and Hasbro should not view the denial of the First Motion as to Requests Nos. 26 and 29 as immunity from the possibility of sanctions if it is subsequently brought to the Court's attention that the exhibits in fact contain sufficient information which should have enabled Hasbro to admit or deny these two requests. See Securities & Exchange Commission v. Happ, 392 F.3d 12, 34 (1st Cir. 2004)(affirming district court's sanction of government for refusing to admit that telephone records did not reflect particular telephone call where "the government should have seen the handwriting on the wall sooner").

5. As to Requests for Admissions Nos. 45 to 54, the First Motion is:

   a. GRANTED as to Requests Nos. 48 and 52 to 54; and

   b. DENIED as to Requests Nos. 45 to 47 and 49 to 51.[3]

6. As to Requests for Admissions Nos. 55 to 58, the First Motion is:

   a. GRANTED as to Request No. 58; and

   b. DENIED as to Requests Nos. 55 to 57.[4]

7. As to Requests for Admissions Nos. 59 and 60, the First Motion to Compel is DENIED.

8. As to Request for Admission No. 62, the First Motion to Compel is withdrawn.

**C. Document Requests**

1. As to Document Requests Nos. 14, 15, 25-27, 30-33, 37, 40-44, 48-56, and 58-59, the First Motion to Compel is deemed withdrawn based on MGA's acceptance of Hasbro's representation that Hasbro has produced all non-privileged documents.

2. As to Document Requests Nos. 13, 16-18, 20-21, and 23-24, the First Motion to Compel is deemed withdrawn based on MGA's acceptance of Hasbro's representation that no documents responsive to these requests have been withheld on the basis of a

---

Thus, notwithstanding the denial of the First Motion as to these two Requests for Admission, Hasbro may wish to reevaluate its responses.

[3] As to Requests for Admissions Nos. 48 and 52 to 54, the Court again concludes that the volume of materials submitted by MGA is sufficient to require Hasbro to either admit or deny these requests for Admission. See n.2. Similarly, the same caution expressed to Hasbro in the second paragraph of n.2 also applies regarding the Court's denial of the First Motion as to Requests for Admissions 45 to 47 and 49 to 51.

[4] The same reasoning expressed in n.3 also applies to the Court's action regarding Requests for Admissions Nos. 55 to 58.

lack of a protective order.

3. As to Document Requests Nos. 4, 5, 15,[5] 23, 25-28, 37, 40-41, 45, 48, and 58, the First Motion to Compel is deemed withdrawn based on MGA's acceptance of Hasbro's representation that it has produced all non-privileged documents.

4. As to all remaining Document Requests, the First Motion to Compel was withdrawn by MGA's counsel.

**D. Production of Persons for their Depositions**

1. **As to the requests that Hasbro be required to produce Barry Nagler and Jill Hambley, the First Motion is GRANTED.** MGA represents (and Hasbro does not appear to dispute) that Mr. Nagler "signed and filed a declaration with the United States Patent & Trademark Office ("USPTO") that resulted in the issuance of the 2004 registration of Hasbro's word mark MEMORY, which Hasbro contends MGA infringed." Reply of MGA Entertainment, Inc. to Objection of Hasbro, Inc. to Motion to Compel Appropriate Responses to Interrogatories, Document Requests and Requests for Admissions and to Produce Persons for Their Depositions (Doc. #57) ("MGA Reply Mem. Re First Motion") at 8. MGA contends that two statements made by Mr. Nagler in the declaration "appear to be false," id., and it seeks to question him regarding these statements. I find that this is a sufficient basis to require Hasbro to produce Mr. Nagler for deposition. The deposition shall not exceed three hours in length.

Regarding the scope of Mr. Nagler's deposition, however, I am unpersuaded that MGA should be allowed to question him at this time about any alleged "[o]n-going and improper communications by Hasbro with Marvel and other third parties since the outset of

---

[5] Document Requests Nos. 15, 25-27, 37, 40-41, 48, and 58 are addressed in both paragraphs I.C.1. and I.C.3. of this Order because at the hearing MGA's counsel included these Document Requests (Nos.) in two groupings. In order to accurately reflect what MGA's counsel stated, the Court has not eliminated the duplication.

this action ...." Id. at 9. I do not find such questioning to be relevant to the issues to be determined at the hearing on the preliminary injunction. See Borinquen Biscuit Corp. v. M.V. Trading Corp., 443 F.3d 112, 115-16 (1st Cir. 2006)(discussing preliminary injunction standard and what party with infringement claim must demonstrate to succeed on its claim).[6]

As for Ms. Hambley, she is currently responsible for the MEMORY product line, having assumed this responsibility as of May 23, 2006. See Plaintiff's Memorandum of Law in Support of Objection to Defendant's Motion to Compel and to Cancel or Adjourn the Hearing on the Motion for a Preliminary Injunction ("Hasbro's Mem. Re First Motion") at 19. Given her position, I find that she may have information regarding current consumer confusion, or the lack thereof, and that this is relevant to the issues to be determined at the preliminary injunction hearing. This is sufficient to require that Hasbro produce her for deposition. Her deposition shall not exceed three hours in length.

**II. Second Motion to Compel**

By the Second Motion, MGA requests that the Court order Hasbro to appear for its deposition and to have individual deponents reappear and answer "over 248 questions at their initial depositions that Hasbro's counsel instructed them not to answer." Second Motion at 1-2. The Court addresses first the request that Hasbro be ordered to appear for deposition. To the extent that MGA relies on the fact that Hasbro did not seek a

---

[6] Having made this determination, the Court, nevertheless, suggests that the parties consider combining the hearing on the preliminary injunction with the trial in order to avoid having witnesses, like Mr. Nagler, subjected to multiple depositions.

protective order to quash the Deposition Notice[7] until after the date of its scheduled deposition, the Court does not find this fact particularly persuasive. The Deposition Notice was served upon Hasbro only six or seven days prior to the August 16th deposition date, giving it only a very narrow window within which to act. **Thus, to the extent that MGA seeks sanctions because of Hasbro's failure to appear for deposition on August 16th, the Second Motion is DENIED.**

Turning to the issue of whether Hasbro should be required to appear for deposition, Hasbro acknowledged at the August 29th hearing that it did not designate any of the three witnesses it produced for deposition (Mark Stark, Paul Vanasse, and Millens Taft, Jr.) as a witness being produced pursuant to Fed. R. Civ. P. 30(b)(6). Hasbro apparently viewed such designation as unnecessary and, perhaps, believed that MGA should have understood from the circumstances that Mark Stark was appearing in such capacity as to three of the Testimony Categories identified in Deposition Notice. At the hearing Hasbro indicated that it was willing to retroactively designate Mr. Stark as its Rule 30(b)(6) witness for three of the six Testimony Categories (presumably Categories Nos. 1, 2, and 6) for which MGA sought such a witness.

As to Testimony Categories Nos. 3 and 4 (regarding Hasbro's interaction with the game buyers for Wal-Mart and Target), Hasbro stated that it would designate a Mr. Mitchell as its witness regarding Wal-Mart matters and a Mr. Sullivan as its witness regarding Target matters. Hasbro indicated that both men were

---

[7] The "Deposition Notice" is Defendant MGA Entertainment, Inc.'s Deposition Notice of Plaintiff Hasbro, Inc.'s Witnesses as Part of Limited, Expedited Discovery Directed at Issues Raised by Hasbro's Motion for a Preliminary Injunction, Recall, and Expedited Discovery (Doc. #57-3).

available to be deposed almost immediately.[8]

Regarding Testimony Category No. 5 ("How Hasbro became aware of MGA's Spider-Man & Friends-themed Memory Match-Up product, and what Hasbro then did with that information." Deposition Notice at 5), Hasbro contends that MGA does not need to depose Hasbro regarding these matters because it has already answered an interrogatory on this subject and in light of that answer "there can be no credible assertion of delay by MGA, since ... Hasbro put MGA on notice of its claim in mid-April." Hasbro's Mem. Re First Motion at 18. Therefore, in Hasbro's view, "[a]ny testimony as to what Hasbro did in response to this knowledge would invade attorney work product and attorney-client privilege, since it necessarily concerns Hasbro's preparation for litigation." Id. The Court is unpersuaded by Hasbro's argument. While there are certainly questions regarding this topic which could implicate work product and attorney-client privilege, MGA should not be precluded from at least having the opportunity to ask questions which are not objectionable.

The Court also concludes that Hasbro's willingness to designate Mr. Stark as its Rule 30(b)(6) witness for three Testimony Categories after the fact is not an acceptable substitute for such designation being made prior to the deposition. MGA is entitled to know in advance that a witness it is deposing is appearing as a representative of the corporation and not merely as an employee who works for Hasbro. Such designation affects the types of questions which the witness may be asked and which s/he may be required to answer. **Accordingly, the Court grants the Second Motion to the extent that Hasbro shall in accordance with Fed. R. Civ. P. 30(b)(6) designate and**

[8] Counsel for Hasbro indicated that Mr. Sullivan worked either in Pawtucket, Rhode Island, or East Longmeadow, presumably Massachusetts, and that Mr. Mitchell was located in Arkansas.

**produce for deposition a witness (or witnesses) who will testify regarding the six Testimony Categories identified in the Deposition Notice.**[9] The length of this Rule 30(b)(6) deposition shall not exceed a combined total of seven hours.

The Court next addresses that portion of the Second Motion which seeks to have witnesses Paul Vanasse and Mark Stark reappear and answer questions which Hasbro's counsel instructed them not to answer. Hasbro claims that the only reason that the witnesses were instructed not to answer was on grounds of privilege. See Plaintiff's Memorandum of Law in Response to Defendant's Second Motion to Compel and to Cancel or Adjourn the Hearing on the Motion for a Preliminary Injunction and in Support of its Cross-Motion for a Protective Order at 2, 5-6. In Hasbro's view, the reason there were so many instructions not to answer in the case of Mr. Vanasse was that "MGA's counsel chose to ask a large number of questions to a member of Hasbro's legal department that were designed to obtain information about Hasbro's legal strategies and discussions." Id. at 6. Lastly, Hasbro argues that MGA's counsel made far more sweeping assertions of privilege in defending its depositions. Id. at 11 (citing deposition of Samir Khare).

The Court finds that Hasbro overstates matters when it claims that the only reason Mr. Vanasse was instructed not to answer was on a valid claim of privilege. See e.g., Vanasse Deposition Transcript ("Tr.") at 68, at line 3; Tr. at 80, line

---

[9] If MGA so chooses, it may accept Hasbro's after the fact designation of Mr. Stark as Hasbro's Rule 30(b)(6) witness regarding three categories of testimony specified in the Deposition Notice. In the event that MGA does so, MGA shall be precluded from asking any questions regarding such categories of the other witness (or witnesses) Hasbro designates as a Rule 30(b)(6) representative. Also in such case, the length of the Rule 30(b)(6) deposition shall not exceed a combined total of four hours.

2; Tr. at 90 at 7; Tr. at 94, line 23; Tr. at 95, line 2; Tr. 132 at 7. Even more troubling to the Court, however, is Hasbro's suggestion that MGA created the problem by choosing to ask objectionable questions of a member of Hasbro's legal department. It was Hasbro that chose to have Mr. Vanasse verify and sign Hasbro's answers to the interrogatories and to submit a declaration in support of Hasbro's preliminary injunction/recall motion. After reviewing the transcript, the Court is unpersuaded that the majority of the questions which Hasbro instructed Mr. Vanasse not to answer were intended to obtain information about Hasbro's legal strategies and discussions. MGA is entitled to answers from Hasbro to many of these questions, see e.g., Tr. at 90-91, 114-117, 136 (regarding consumer confusion), Tr. at 93 (regarding why certain documents or photographs were produced in discovery); Tr. 94-95 (regarding persons with knowledge of documents); Tr. 118-119, 126-128, 131-132, 140-172 (regarding knowledge of other games and any action or lack of action taken with reference to such games).

Hasbro's only argument which the Court finds to have merit is that MGA's counsel made similar (although far fewer) objections during the depositions of Samir Khare and Bo Lumabao which were conducted the previous week. Counsel for both parties apparently hold very activist's views of their role in defending depositions, and the Court views unfavorably the number of gratuitous remarks, unnecessary requests for clarification,[10]

---

[10] If the deponent does not understand a question, the deponent may say so. In general, counsel defending a deposition should refrain from suggesting to the deponent that he or she does not understand the question when the deponent has indicated no such uncertainty. Defending counsel should also be careful not to suggest answers to the questions.

insubstantial objections,[11] and exchanges between counsel appearing in the record. While similar conduct by MGA's counsel the previous week does not fully excuse Hasbro's action in blocking MGA's attempts to obtain information from Mr. Vanasse (and to a far lesser extent Mr. Stark), it does influence the Court in fashioning a remedy. Rather than require Hasbro to produce Mr. Vanasse and Mr. Stark again for deposition, **the Court grants the Second Motion to the extent that, if MGA so requests, Hasbro must designate one or more Rule 30(b)(6) witnesses who will be able to answer questions regarding the following matters (which Mr. Vanasse was instructed not to answer): consumer confusion, why certain documents or photographs were produced in discovery, the identity of persons with knowledge of photographs and documents, Hasbro's knowledge of other games and any action or lack of action taken by Hasbro with reference to such games.**[12] However, the length of the Rule 30(b)(6) deposition shall not exceed the previously established maximum of seven (or four[13]) hours. See 9 supra.

Persons being deposed are required to answer the question whether they read any document(s) in preparation for their deposition and to identify such documents. If the document has been produced in discovery, it must be identified.

---

[11] The objection that a question has been "asked and answered" when the question has been answered only once previously is not a substantial objection.

[12] To the extent that Mr. Stark may have testified about one or more of these matters and MGA chooses to accept Hasbro's after the fact designation of Mr. Stark as its Rule 30(b)(6) witness, such acceptance negates the need for a further Rule 30(b)(6) deposition regarding such matters.

[13] See n.9.

## III. Third Motion

As the Court has determined that Hasbro must submit to a Rule 30(b)(6) deposition, the **Motion for Protective Order is DENIED.**

## IV. Time for Compliance

The Court is aware that the hearing on Hasbro's request for a preliminary injunction is scheduled for September 8, 2006. It is obvious that compliance with this Order cannot reasonably be accomplished before that date. There are at least four depositions which must be conducted. Additionally, the Court contemplates that Hasbro may need at least thirty days to respond to the Requests for Admissions which are based on the exhibits submitted by Mr. Raygor. **Accordingly, Hasbro shall comply with this Order by October 2, 2006.**

As this Magistrate Judge agrees that MGA is entitled to the discovery required by this Order prior to the hearing on the preliminary injunction, I recommend that such hearing be continued until after October 2, 2006.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
September 1, 2006

BY ORDER:

______________________
Deputy Clerk