UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC., Plaintiff, - against - MGA ENTERTAINMENT, INC., Defendant. | C.A. No. 06-262S |

**HASBRO'S MOTION TO COMPEL 30(B)(6) DEPOSITION OF MGA**

Plaintiff Hasbro, Inc. ("Hasbro") respectfully moves pursuant to Fed. R. Civ. P. 37(a)(2) to compel defendant MGA Entertainment, Inc. ("MGA") to appear immediately for its deposition noticed pursuant to Fed. R. Civ. P. 30(b)(6). Because of the imminence of the preliminary injunction hearing, Hasbro also respectfully requests an expedited schedule for hearing and deciding its motion. The grounds for this motion are set forth in the accompanying Memorandum of Law and in the supporting Declaration of Kim J. Landsman, filed contemporaneously herewith.

Dated: September 25, 2006

Respectfully submitted,

/s/ Jeffrey K. Techentin
Joseph Avanzato [#4774]
(javanzato@apslaw.com)
Jeffrey K. Techentin [# 6651]
(jtechentin@apslaw.com)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel. # (401) 274-7200
Fax # (401) 751-0604

and

Kim J. Landsman
(kjlandsman@pwbt.com)
Michael D. Sant'Ambrogio
(mdsantambrogio@pwbt.com)
Irene Choi
(ichoi@pwbt.com)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

Attorneys for Plaintiff Hasbro, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., Plaintiff, | : | |
| - against - | : | C.A. No. 06-262S |
| MGA ENTERTAINMENT, INC., Defendant. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**<u>HASBRO'S MOTION TO COMPEL 30(B)(6) DEPOSITION OF MGA</u>**

Plaintiff Hasbro, Inc. ("Hasbro") respectfully submits this memorandum in support of its motion pursuant to Fed. R. Civ. P. 37(a)(2) to compel defendant MGA Entertainment, Inc. ("MGA") to appear immediately for its deposition noticed pursuant to Fed. R. Civ. P. 30(b)(6). Because of the imminence of the preliminary injunction hearing, Hasbro also respectfully requests an expedited schedule for hearing and deciding its motion.

Hasbro seeks the testimony of MGA concerning three areas of testimony related to the defenses raised in MGA's opposition to Hasbro's motion for a preliminary injunction and recall: (1) MGA's knowledge of alleged third-party uses of "memory" in connection with games or toys, which MGA argues invalidates or weakens Hasbro's MEMORY® mark; (2) sales of MGA's MEMORY MATCH-UP™ game; and (3) the costs of recalling or changing the name of MGA's MEMORY MATCH-UP™ game.

## I. PRELIMINARY STATEMENT

On August 29, MGA's counsel stood before this Court and said that

> There is no excuse for ignoring a notice of deposition. None at all. It's not tolerated. You just can't sit back and ignore it. You must either show up with the witness or file a motion for protective order.

Tr. of Proceedings on August 29, 2006 ("8/29 Tr."), at page 6, lines 13-16. This was said about a deposition notice served August 9 that purported to require witnesses to start appearing two business days later.

Less than four weeks later, MGA has done exactly what it accused Hasbro of doing. Hasbro served a Rule 30(b)(6) notice on September 7, 2006, for a deposition on nine topics to begin on September 25. All topics relate directly to the exploration of contentions MGA has made in opposition to Hasbro's motion for a preliminary injunction.

MGA had over two weeks, not the two business days given Hasbro, either to produce its witnesses or move for a protective order. Hasbro's notice requested identification of the witnesses to be designated five business days before the notice date. MGA ignored that too.

MGA took the 30(b)(6) deposition of Hasbro in Providence last week. But apparently what is sauce for the goose is ***not*** sauce for the gander.

Instead, in a transparent attempt, once again, to obstruct Hasbro's right to an expedited hearing on its motion, MGA waited nearly two weeks after Hasbro served its 30(b)(6) notice before informing Hasbro that it would not produce any of the 30(b)(6) witnesses, despite several inquiries by Hasbro as to whether MGA intended to comply. Instead, at 10 p.m. on September 19, MGA's counsel sent a letter stating MGA would not appear for its deposition because **he** (not the witnesses whose identities we still do not know) would not be available on September 25. He did not propose any other date and still has not.

MGA's behavior is outrageous in light of its own previous motion to compel a 30(b)(6) deposition notice served just two business days before the noticed date of the deposition. Hasbro attempted in good faith to reach agreement with MGA on the appropriate scope of depositions to prepare for the preliminary injunction hearing, but MGA refused and moved to compel, insisting on its right to a 30(b)(6) deposition prior to the hearing. MGA cannot now be heard to complain about playing by the same rules.

## II. NATURE OF THE CASE

Hasbro sued MGA for trademark infringement on May 26, 2006, in connection with its sale of a game called MEMORY MATCH-UP™ that uses the same game play as Hasbro's venerable MEMORY® game.

Hasbro has been selling a preschool game under the registered trademark MEMORY for over four decades. Hasbro has two registrations for its MEMORY trademark: an incontestable 1967 registration showing MEMORY in a slightly stylized font and a 2003 registration showing MEMORY in block letters. Both cover the trademark at issue. The game has long been popular, was featured by Hasbro in its "My First Games" promotion of preschool games, and has a high degree of recognition among the target market of mothers of preschool children.

## III. HASBRO'S PRELIMINARY INJUNCTION MOTION

To halt this blatant trademark infringement, Hasbro moved on June 29 for a preliminary injunction and a recall of product not yet sold to consumers.

Irreparable harm is presumed in trademark infringement, so the relevant issues on a motion for a preliminary injunction are those pertinent to likely success on the merits. Borinquen Biscuit Corp. v. M.V. Trading Corp., 443 F.3d 112, 115 (1st Cir. 2006). The First

Circuit has identified eight factors to be weighed when analyzing whether a defendant's trademark is likely to cause confusion:

(1) the similarity of the marks;
(2) the similarity of the goods;
(3) the relationship between the parties' channels of trade;
(4) the relationship between the parties' advertising;
(5) the classes of prospective purchasers;
(6) evidence of actual confusion;
(7) the defendant's intent in adopting its mark; and
(8) the strength of the plaintiff's mark.

Id. at 120.

## IV. PRIOR PROCEEDINGS

### A. Discovery Completed Before the August 29 Hearing

Hasbro's motion also requested limited expedited discovery to provide the Court with the best record obtainable within a necessarily limited time for the preliminary injunction hearing. Prior to and at the pretrial conference before Judge Smith on July 13, 2006, the parties agreed to the expedited discovery Hasbro requested in its motion.

After the conference, MGA submitted its opposition papers, which included twelve declarations. Among them was an extensive declaration by its California counsel Kent Raygor submitting what were contended to be third-party uses of the MEMORY trademark that his team of lawyers and paralegals had assembled. MGA's primary defense to its infringement of Hasbro's MEMORY® mark, as set forth in its Answer and opposition papers, is that other parties are also infringing Hasbro's MEMORY® mark. This is a typical defense of an infringer.

Hasbro noticed the depositions of each of MGA's declarants. But Mr. Raygor refused to submit to a deposition at which he would be required to explain the exhibits MGA wanted the Court to consider. He did not explicitly claim privilege as a reason for refusing, but simply considered it inappropriate for Hasbro to take the deposition of MGA's lead counsel.

Because Hasbro did not want to delay its hearing, it did not move to compel Mr. Raygor's deposition at that time.

Hasbro submitted three declarations in support of its motion and MGA noticed the depositions of two of the declarants. In addition, MGA asked for the depositions of two individuals who did not submit declarations for Hasbro and for a Rule 30(b)(6) deposition on six topics. Hasbro resisted the depositions of the individuals, offered to retroactively designate Mark Stark as the Rule 30(b)(6) witness on three of the six topics, and offered to make two other witnesses available for two other topics. MGA declined to take the two Rule 30(b)(6) witnesses when they were available and demanded instead that Hasbro produce all witnesses in a short time period when all could be taken in Providence.

### B. Hasbro's Compliance with the Court's Order

In an order dated September 1, 2006, this Court ordered that Hasbro produce the two individuals and a 30(b)(6) witness on six testimony categories identified in MGA's deposition notice. The motion to the extent it sought sanctions was denied. All of the ordered depositions were scheduled and occurred on September 20-21, 2006. All other elements of the Court's September 1 order were complied with well before those depositions.

### C. Hasbro's Rule 30(B)(6) Notice

As a result of the Court's order, the preliminary injunction hearing scheduled to begin on September 8, 2006 was adjourned. Hasbro was asked last week by Judge Smith's deputy clerk to confer with MGA and inform the Court of dates when counsel are available in October for the preliminary injunction hearing. Hasbro's counsel immediately informed MGA's

counsel last week that Hasbro would be available on any dates the weeks of October 16 and 30. MGA's counsel has not responded with available dates.[1]

With the additional time for discovery due to the adjournment, Hasbro pursued the discovery that MGA had previously obstructed. On September 7, 2006, Hasbro noticed a 30(b)(6) deposition of MGA concerning nine Matters of Inquiry relating to the defenses raised in MGA's opposition papers (a copy of the notice is attached hereto as **Exhibit 1**).

1. MGA's knowledge (or lack thereof) prior to April 19, 2006 concerning any of the third-party uses of the word "Memory" that MGA alleges are reflected in the exhibits attached to MGA's Second and Third Set of Requests for Admissions.

2. MGA's first knowledge on or after April 19, 2006 concerning any of the third-party uses of the word "Memory" that MGA alleges are reflected in the exhibits attached to MGA's Second and Third Set of Requests for Admissions.

3. MGA's knowledge prior to April 19, 2006 concerning any of the third-party uses of the word "Memory" that MGA alleges are reflected in the exhibits attached to MGA's Answer and Counterclaims; MGA's opposition papers to Hasbro's Motion for a Preliminary Injunction, Recall, and Expedited Discovery; and the Mansur, Vogtman, Stein, Zike, Caspi, Gronich, Levy, and Raygor declarations.

4. MGA's first knowledge on or after April 19, 2006 concerning any of the third-party uses of the word "Memory" that MGA alleges are reflected in the exhibits attached to MGA's Answer and Counterclaims; MGA's opposition papers to Hasbro's Motion for a Preliminary Injunction, Recall, and Expedited Discovery; and the Mansur, Vogtman, Stein, Zike, Caspi, Gronich, Levy, and Raygor declarations.

5. When and how the exhibits for MGA's Second and Third Set of Requests for Admissions were found, collected, or obtained.

---

[1] Hasbro remains available during those weeks. In light of MGA's apparent refusal to confer in a timely manner with Hasbro regarding the scheduling of the hearing, Hasbro asks that the Court schedule the hearing during either of those weeks consistent with the Court's schedule. MGA's refusal to cooperate with Hasbro with respect to both (1) the 30(b)(6) deposition of MGA and (2) dates for the hearing on Hasbro's motion should not serve as a basis for further delay in the hearing of Hasbro's preliminary injunction motion.

6. When and how the exhibits for MGA's Answer and Counterclaims; MGA's opposition papers to Hasbro's Motion for a Preliminary Injunction, Recall, and Expedited Discovery; and the Mansur, Vogtman, Stein, Zike, Caspi, Gronich, Levy, and Raygor declarations were found, collected, or obtained.

7. Gross sales of MGA's MEMORY MATCH-UP™ game to date, including but not limited to: (a) the major customers of MGA's MEMORY MATCH-UP™ game and the percentage of gross sales generated by each; and (b) the sales reflected in the documents produced by MGA with the production numbers M00269 through M00287.

8. The anticipated cost of and time and tasks required for a change to MGA's MEMORY MATCH-UP™ game that would eliminate the word "Memory" from the packaging, i.e., the packaging sleeve, game instructions, and stickers affixed to certain game parts, including but not limited to the elements of the cost of the running change.

9. The anticipated cost of a recall of MGA's MEMORY MATCH-UP™ game and the anticipated elements of the cost of the recall.

Matters Nos. 1 through 6 concern the alleged third-party uses of the word "memory" in connection with games or toys initially cited in Mr. Raygor's declaration and subsequently re-cited in MGA's Second Set of Requests for Admissions and the declarations of nine persons (including Raygor) who actually collected these exhibits MGA submitted in opposition to Hasbro's motion. Matters of Inquiry Nos. 1 through 6 therefore conceptually comprise only one subject: MGA's knowledge concerning any of the exhibits submitted with its opposition papers that it alleges constitute third-party use of the word "memory" in connection with games or toys, including but not limited to when and how MGA first became aware of the alleged uses.

Hasbro is entitled to explore whether any of these alleged uses are relevant to the issues in the preliminary injunction hearing, including the extent of their sales and whether any of these games or toys are sold in the same channels of trade as Hasbro's MEMORY® game. MGA claims that these uses of "memory" invalidate or weaken Hasbro's MEMORY® mark. But

aside from the products that have already been the subject of Hasbro's enforcement efforts, Hasbro was not aware of any of these products before MGA's lawyers spent an enormous amount of time and resources (which Hasbro is seeking to learn in discovery) scouring two coasts and the internet to find them. MGA probably never had heard of them either and Hasbro is entitled to find out.

All but one of the declarants that collected these exhibits are lawyers or paralegals for MGA or MGA's outside counsel. Inasmuch as they have submitted declarations purporting to submit to the Court the fruits of their efforts, the information is not privileged.

Matter of Inquiry No. 7 concerns MGA's MEMORY MATCH-UP™ sales, including the documents that MGA produced concerning its sales, which MGA's witnesses have been unable to interpret during their depositions. This is obviously relevant to likelihood of confusion, which is the central issue in the preliminary injunction hearing.

Matters of Inquiry Nos. 8 and 9 concern the alleged costs of a recall of MGA's infringing game or of merely changing the name of the game. This is relevant to the recall requested by Hasbro as part of its preliminary injunction hearing. MGA alleges that merely changing the name of the infringing product is burdensome and Hasbro is entitled to know the basis of this absurd contention.

Hasbro seeks 30(b)(6) deposition testimony on essentially three topics, all of which are directly relevant to the issues raised in MGA's opposition to Hasbro's motion for preliminary injunction. MGA has not objected to the notice, nor has it offered any reason why Hasbro is not entitled to this discovery related to its motion for a preliminary injunction before the hearing on the motion. MGA merely wants to obstruct this legitimate discovery prior to

Hasbro's hearing because it knows that its evidence of alleged third-party use of the "memory" mark is a red herring.

## V. HASBRO'S GOOD FAITH EFFORT TO RESOLVE THE DISPUTE WITHOUT THE COURT'S INTERVENTION

The following facts are from the declaration of Kim J. Landsman ("Landsman Decl."), with the relevant documents attached thereto.

On September 7, 2006, Hasbro noticed the 30(b)(6) deposition of MGA for September 25, 2006. (Landsman Decl Exh. 1.) MGA did not respond. Accordingly, on September 12, 2006, Hasbro's counsel wrote to counsel for MGA and asked that he let Hasbro know his "intentions as to the Rule 30(b)(6) notice we served." Hasbro explained that "We may be able to be somewhat flexible on the dates given the adjournment of the preliminary injunction hearing, but I would appreciate your consulting me on any alternative dates you propose." (Landsman Decl. Exh. 2.) MGA continued to remain silent with respect to Hasbro's 30(b)(6) deposition even as it forged ahead with plans for its own 30(b)(6) deposition of Hasbro, which Hasbro accommodated pursuant to the Court's order.

On September 15, 2006, Hasbro once again asked MGA "what your intentions are as to our Rule 30(b)(6) deposition notice." Because MGA once again did not raise any objections, counsel for Hasbro arranged for a court reporter and videographer in Los Angeles, a space for the deposition, purchased a round-trip plane ticket between New York and Los Angeles, and booked hotel accommodations.

Not until September 19, 2006, at 9:58 p.m. E.S.T., did Mr. Raygor send a letter to counsel for Hasbro in which he stated: "We thank you for your offer of flexibility for the date of [the 30(b)(6)] deposition … and will need to take you up on that offer." MGA's counsel's idea of "flexibility" appeared to involve avoiding the deposition entirely before the hearing on the

preliminary injunction hearing, since he stated in the letter: "I think the parties should both proceed with completing the written discovery directed at each other in which they are presently engaged, and then schedule the remaining depositions following the evidentiary hearing on Hasbro's injunction motion, assuming the Court sets it to take place before the fact-discovery cut-off date." Because the deposition pertains to matters raised in MGA's opposition to Hasbro's motion for a preliminary injunction, it is patently absurd to wait until ***after*** the hearing on the preliminary injunction motion to proceed with this discovery.

The next morning (September 20), at MGA's 30(b)(6) deposition of Hasbro, when pressed by Hasbro's counsel, Mr. Raygor said that he did not know when he would produce a 30(b)(6) witness. At the conclusion of Hasbro's depositions on September 21, Mr. Landsman again asked Mr. Raygor when he proposed to schedule the MGA depositions. When Mr. Raygor said that he did not know, Mr. Landsman warned him that Hasbro would have to make a motion if no date was set by Friday, September 22. That deadline passed with no word whatsoever from MGA. At no time did MGA's counsel assert that the deposition was inappropriate.

## VI. HASBRO IS ENTITLED TO THE 30(B)(6) DEPOSITION PRIOR TO THE HEARING ON THE PRELIMINARY INJUNCTION MOTION

MGA has not offered any reason why Hasbro is not entitled to this discovery related to Hasbro's motion for a preliminary injunction before the hearing on Hasbro's motion. It is simply trying to obstruct this legitimate discovery prior to Hasbro's hearing and to again precipitate an adjournment of the hearing. MGA moved to compel Hasbro to produce Rule 30(b)(6) witnesses and insisted in the motion that it was entitled to discovery related to the preliminary injunction hearing before the hearing. Hasbro is entitled to the same discovery.

## Conclusion

For the reasons stated above, Hasbro respectfully requests that Hasbro's Motion to Compel MGA's Rule 30(b)(6) deposition be granted, and that the response and hearing on the motion be expedited so that Hasbro can take the deposition before the preliminary injunction hearing.

Dated: September 25, 2006

Respectfully submitted,

/s/ Jeffrey K. Techentin_________________

Joseph Avanzato [#4774]
(javanzato@apslaw.com)
Jeffrey K. Techentin [# 6651]
(jtechentin@apslaw.com)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel. # (401) 274-7200
Fax # (401) 751-0604

and

Kim J. Landsman
(kjlandsman@pwbt.com)
Michael D. Sant'Ambrogio
(mdsantambrogio@pwbt.com)
Irene Choi
(ichoi@pwbt.com)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

Attorneys for Plaintiff Hasbro, Inc.

## CERTIFICATE OF SERVICE

TO:

Brooks R. Magratten, Esq.
(bmagratten@vetterandwhite.com)
George E. Lieberman, Esq.
(glieberman@vetterandwhite.com)
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903

Kent R. Raygor, Esq.
(kraygor@sheppardmullin.com)
Janene P. Bassett, Esq.
(jbassett@sheppardmullin.com)
Sheppard Mullin Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017

Kim J. Landsman, Esq.
(kjlandsman@pbwt.com)
Michael D. Sant'Ambrogio, Esq.
(mdsantambrogio@pbwt.com)
Irene Choi, Esq.
(ichoi@pbwt.com)
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710

I hereby certify that I filed the within Hasbro's Motion to Compel 30(b)(6) Deposition of MGA and the accompanying Memorandum of Law in support thereof through the ECF system on the 25th day of September, 2006, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 06-262S.

/s/ Jeffrey K. Techentin____________

*394417_1*