UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC., Plaintiff, - against - MGA ENTERTAINMENT, INC., Defendant. | C.A. No. 06-262S |

**NOTICE OF VIDEOTAPED DEPOSITION OF MGA ENTERTAINMENT, INC.**
**PURSUANT TO FED. R. CIV. P. 30(B)(6)**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6) Plaintiff Hasbro, Inc. ("Hasbro") will take the deposition of Defendant MGA Entertainment, Inc. ("Defendant") commencing on September 25, 2006, and continuing thereafter until completed, at a location in Los Angeles, California to be chosen by counsel for plaintiff, before a Notary Public or other officer duly authorized to administer oaths, to be recorded by stenographic means and by videotape.

NOTICE IS HEREBY GIVEN that pursuant to Fed. R. Civ. P. 30(b)(6), Defendant is required to designate one or more appropriate persons to testify on its behalf with respect to each of the matters set forth in Exhibit A hereto, and the person(s) so designated shall be required to testify as to each of those matters known or reasonably available to the corporation. You are invited to attend and cross-examine.

At least five business days prior to the date for commencement of the deposition set forth above, please provide a list of the PERSONS who will be designated to testify on the matters set forth in Exhibit A and identify the matters for which those PERSONS will testify.

Dated: September 7, 2006

Joseph Avanzato [#4774]
(javanzato@apslaw.com)
Jeffrey K. Techentin [# 6651]
(jtechentin@apslaw.com)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel. # (401) 274-7200
Fax # (401) 751-0604

and

Kim J. Landsman
(kjlandsman@pwbt.com)
Michael D. Sant'Ambrogio
(mdsantambrogio@pwbt.com)
Irene Choi
(ichoi@pwbt.com)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

Attorneys for Plaintiff Hasbro, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of Sept, 2006 I caused a true and accurate copy of the within to be served upon counsel in the following manner:

***Via Hand Delivery***
Brooks R. Magratten, Esq.
George E. Lieberman, Esq.
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903

Of Counsel:

***Via Electronic Mail***
Kent R. Raygor, Esq.
Janene P. Bassett, Esq.
Sheppard Mullin Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017

*392614_1*

**EXHIBIT A**

Defendant is requested to designate one or more officers, directors, or managing agents, or other persons who consent to testify on behalf of the corporation who have knowledge on the matters set forth herein.

**MATTERS OF INQUIRY**

1. MGA's knowledge (or lack thereof) prior to April 19, 2006 concerning any of the third-party uses of the word "Memory" that MGA alleges are reflected in the exhibits attached to MGA's Second and Third Set of Requests for Admissions.

2. MGA's first knowledge on or after April 19, 2006 concerning any of the third-party uses of the word "Memory" that MGA alleges are reflected in the exhibits attached to MGA's Second and Third Set of Requests for Admissions.

3. MGA's knowledge prior to April 19, 2006 concerning any of the third-party uses of the word "Memory" that MGA alleges are reflected in the exhibits attached to MGA's Answer and Counterclaims; MGA's opposition papers to Hasbro's Motion for a Preliminary Injunction, Recall, and Expedited Discovery; and the Mansur, Vogtman, Stein, Zike, Caspi, Gronich, Levy, and Raygor declarations.

4. MGA's first knowledge on or after April 19, 2006 concerning any of the third-party uses of the word "Memory" that MGA alleges are reflected in the exhibits attached to MGA's Answer and Counterclaims; MGA's opposition papers to Hasbro's Motion for a Preliminary Injunction, Recall, and Expedited Discovery; and the Mansur, Vogtman, Stein, Zike, Caspi, Gronich, Levy, and Raygor declarations.

5. When and how the exhibits for MGA's Second and Third Set of Requests for Admissions were found, collected, or obtained.

6. When and how the exhibits for MGA's Answer and Counterclaims; MGA's opposition papers to Hasbro's Motion for a Preliminary Injunction, Recall, and Expedited Discovery; and the Mansur, Vogtman, Stein, Zike, Caspi, Gronich, Levy, and Raygor declarations were found, collected, or obtained.

7. Gross sales of MGA's MEMORY MATCH-UP™ game to date, including but not limited to: (a) the major customers of MGA's MEMORY MATCH-UP™ game and the percentage of gross sales generated by each; and (b) the sales reflected in the documents produced by MGA with the production numbers M00269 through M00287.

8. The anticipated cost of and time and tasks required for a change to MGA's MEMORY MATCH-UP™ game that would eliminate the word "Memory" from the packaging, i.e., the packaging sleeve, game instructions, and stickers affixed to certain game parts, including but not limited to the elements of the cost of the running change.

9. The anticipated cost of a recall of MGA's MEMORY MATCH-UP™ game and the anticipated elements of the cost of the recall.

## DEFINITIONS

A. "Plaintiff" or "Hasbro" shall refer to Hasbro, Inc. and to any and all agents, representatives, employees, attorneys, accountants, and all the persons or entities acting or purporting to act on Hasbro's behalf or under its control, or any one of the foregoing.

B. "Defendant" or "MGA" shall refer to MGA Entertainment, Inc. and to any and all agents, representatives, employees, attorneys, accountants, and all the persons or entities acting or purporting to act on MGA's behalf or under its control, or any one of the foregoing.

C. The term "MGA's 'MEMORY MATCH-UP' mark" is defined as any and all uses or intended uses by MGA in connection with goods or services of the words "MEMORY

MATCH-UP" or "Memory".

D. The term "MGA's MEMORY MATCH-UP™ game" is defined as the game conceived, developed, and ultimately marketed and sold by MGA as the MEMORY MATCH-UP™ game. MGA's MEMORY MATCH-UP™ game includes but is not limited to the game referred to by MGA as "Memory Match-Up" and “3-D Memory Match-Up”.

E. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

F. The following rules of construction apply:

1) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

2) The use of the singular form of any word includes the plural and vice versa.