UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC., Plaintiff, - against - MGA ENTERTAINMENT, INC., Defendant. | C.A. No. 06-262S |

**DECLARATION OF KIM J. LANDSMAN**

I, Kim J. Landsman, declare and state as follows:

1. I am a member of Patterson Belknap Webb & Tyler LLP, co-counsel for plaintiff Hasbro, Inc. ("Hasbro"), and have been admitted to this Court pro hac vice. I submit this declaration based on personal knowledge in support of Hasbro's motion to compel discovery against defendant MGA Entertainment, Inc. ("MGA"). Its purpose is to provide the Court with a chronology of our attempt to take the deposition of MGA pursuant to Rule 30(b)(6) and our good faith efforts to resolve the dispute without requiring the Court's intervention.

2. On September 7, 2006, Hasbro served the NOTICE OF VIDEOTAPED DEPOSITION OF MGA ENTERTAINMENT, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6) that is attached hereto as Exhibit 1. It was served by hand on MGA's local counsel and electronically (as per the parties' agreement) on its lead counsel in Los Angeles. The notice called for the depositions (we assumed there would be more than one witness) to commence in Los Angeles on September 25.

3. Having heard nothing in response, and wanting to confirm that the deposition would indeed take place as noticed, on September 12, I sent the letter to MGA's lead counsel, Kent Raygor, that is attached hereto as Exhibit 2. The letter primarily notified Mr. Raygor of who Hasbro's witnesses would be for the depositions to take place September 20 and 21. We had, as requested by Mr. Raygor, scheduled the depositions of seven different witnesses into a compact time period so that he would only have to come to Providence once for them. The last paragraph of the letter, however, dealt with the noticed MGA depositions and stated: "I would also appreciate it if you would let me know your intentions as to the Rule 30(b)(6) notice we served. We may be able to be somewhat flexible on the dates given the adjournment of the preliminary injunction hearing, but I would appreciate your consulting me on any alternative dates you propose." I heard nothing in response.

4. Mr. Raygor sent me a letter on September 15 concerning some details of the Hasbro depositions, but mentioned nothing about the MGA depositions we had noticed for September 25. I responded to his queries concerning the Hasbro depositions immediately on the same day, and once again closed my letter by inquiring about the MGA depositions: " Finally, please let us know as soon as possible what your intentions are as to our Rule 30(b)(6) deposition notice." See Mr. Raygor's letter to me and my response, both dated September 15 and attached hereto as Exhibit 3. Mr. Raygor again did not respond.

5. I followed up the letter with a telephone call that Mr. Raygor did not return.

6. I did not hear from him until late on the night before Hasbro's depositions were to commence. In letter e-mailed to me at 9:58 p.m. on September 19, Mr. Raygor stated that MGA would not produce the witnesses on September 25. Although he stated that he would

"talk with MGA and get [me] some alternative dates," he also hinted that MGA would not produce the witnesses until after the hearing on Hasbro's preliminary injunction hearing. See his letter dated September 19, attached hereto as Exhibit 4.

7. On both days of Hasbro's deposition, I pressed Mr. Raygor to provide an alternate date for MGA's deposition. He responded only that someone else was checking. On Thursday, September 21, the last day of the Hasbro depositions, I told Mr. Raygor that if we did not get a new date by the end of Friday, September 22, we would have to make a motion to compel. That deadline passed with no response or commitment to produce MGA's witnesses.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 25, 2006, in New York, New York.

Kim J. Landsman

# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC., Plaintiff, - against - MGA ENTERTAINMENT, INC., Defendant. | C.A. No. 06-262S |

**NOTICE OF VIDEOTAPED DEPOSITION OF MGA ENTERTAINMENT, INC.**
**PURSUANT TO FED. R. CIV. P. 30(B)(6)**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6) Plaintiff Hasbro, Inc. ("Hasbro") will take the deposition of Defendant MGA Entertainment, Inc. ("Defendant") commencing on September 25, 2006, and continuing thereafter until completed, at a location in Los Angeles, California to be chosen by counsel for plaintiff, before a Notary Public or other officer duly authorized to administer oaths, to be recorded by stenographic means and by videotape.

NOTICE IS HEREBY GIVEN that pursuant to Fed. R. Civ. P. 30(b)(6), Defendant is required to designate one or more appropriate persons to testify on its behalf with respect to each of the matters set forth in Exhibit A hereto, and the person(s) so designated shall be required to testify as to each of those matters known or reasonably available to the corporation. You are invited to attend and cross-examine.

At least five business days prior to the date for commencement of the deposition set forth above, please provide a list of the PERSONS who will be designated to testify on the matters set forth in Exhibit A and identify the matters for which those PERSONS will testify.

Dated: September 7, 2006

Joseph Avanzato [#4774]
(javanzato@apslaw.com)
Jeffrey K. Techentin [# 6651]
(jtechentin@apslaw.com)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel. # (401) 274-7200
Fax # (401) 751-0604

and

Kim J. Landsman
(kjlandsman@pwbt.com)
Michael D. Sant'Ambrogio
(mdsantambrogio@pwbt.com)
Irene Choi
(ichoi@pwbt.com)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

Attorneys for Plaintiff Hasbro, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of Sept, 2006 I caused a true and accurate copy of the within to be served upon counsel in the following manner:

***Via Hand Delivery***
Brooks R. Magratten, Esq.
George E. Lieberman, Esq.
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903

Of Counsel:

***Via Electronic Mail***
Kent R. Raygor, Esq.
Janene P. Bassett, Esq.
Sheppard Mullin Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017

*392614_1*

**EXHIBIT A**

Defendant is requested to designate one or more officers, directors, or managing agents, or other persons who consent to testify on behalf of the corporation who have knowledge on the matters set forth herein.

**MATTERS OF INQUIRY**

1. MGA's knowledge (or lack thereof) prior to April 19, 2006 concerning any of the third-party uses of the word "Memory" that MGA alleges are reflected in the exhibits attached to MGA's Second and Third Set of Requests for Admissions.

2. MGA's first knowledge on or after April 19, 2006 concerning any of the third-party uses of the word "Memory" that MGA alleges are reflected in the exhibits attached to MGA's Second and Third Set of Requests for Admissions.

3. MGA's knowledge prior to April 19, 2006 concerning any of the third-party uses of the word "Memory" that MGA alleges are reflected in the exhibits attached to MGA's Answer and Counterclaims; MGA's opposition papers to Hasbro's Motion for a Preliminary Injunction, Recall, and Expedited Discovery; and the Mansur, Vogtman, Stein, Zike, Caspi, Gronich, Levy, and Raygor declarations.

4. MGA's first knowledge on or after April 19, 2006 concerning any of the third-party uses of the word "Memory" that MGA alleges are reflected in the exhibits attached to MGA's Answer and Counterclaims; MGA's opposition papers to Hasbro's Motion for a Preliminary Injunction, Recall, and Expedited Discovery; and the Mansur, Vogtman, Stein, Zike, Caspi, Gronich, Levy, and Raygor declarations.

5. When and how the exhibits for MGA's Second and Third Set of Requests for Admissions were found, collected, or obtained.

6. When and how the exhibits for MGA's Answer and Counterclaims; MGA's opposition papers to Hasbro's Motion for a Preliminary Injunction, Recall, and Expedited Discovery; and the Mansur, Vogtman, Stein, Zike, Caspi, Gronich, Levy, and Raygor declarations were found, collected, or obtained.

7. Gross sales of MGA's MEMORY MATCH-UP™ game to date, including but not limited to: (a) the major customers of MGA's MEMORY MATCH-UP™ game and the percentage of gross sales generated by each; and (b) the sales reflected in the documents produced by MGA with the production numbers M00269 through M00287.

8. The anticipated cost of and time and tasks required for a change to MGA's MEMORY MATCH-UP™ game that would eliminate the word "Memory" from the packaging, i.e., the packaging sleeve, game instructions, and stickers affixed to certain game parts, including but not limited to the elements of the cost of the running change.

9. The anticipated cost of a recall of MGA's MEMORY MATCH-UP™ game and the anticipated elements of the cost of the recall.

## DEFINITIONS

A. "Plaintiff" or "Hasbro" shall refer to Hasbro, Inc. and to any and all agents, representatives, employees, attorneys, accountants, and all the persons or entities acting or purporting to act on Hasbro's behalf or under its control, or any one of the foregoing.

B. "Defendant" or "MGA" shall refer to MGA Entertainment, Inc. and to any and all agents, representatives, employees, attorneys, accountants, and all the persons or entities acting or purporting to act on MGA's behalf or under its control, or any one of the foregoing.

C. The term "MGA's 'MEMORY MATCH-UP' mark" is defined as any and all uses or intended uses by MGA in connection with goods or services of the words "MEMORY

MATCH-UP" or "Memory".

D. The term "MGA's MEMORY MATCH-UP™ game" is defined as the game conceived, developed, and ultimately marketed and sold by MGA as the MEMORY MATCH-UP™ game. MGA's MEMORY MATCH-UP™ game includes but is not limited to the game referred to by MGA as "Memory Match-Up" and "3-D Memory Match-Up".

E. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

F. The following rules of construction apply:

1) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

2) The use of the singular form of any word includes the plural and vice versa.

# Exhibit 2

**Patterson Belknap Webb & Tyler LLP**

1133 Avenue of the Americas New York, NY 10036-6710 212.336.2000 fax 212.336.2222 www.pbwt.com

September 12, 2006

Kim J. Landsman
(212) 336-2980
Direct Fax (212) 336-2985
kjlandsman@pbwt.com

**By E-Mail**

Kent R. Raygor, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
1901 Avenue of the Stars, Sixteenth Floor
Los Angeles, CA 90067

**Re: Hasbro, Inc. v. MGA Entertainment, Inc., C.A. No. 06-262S**

Dear Kent:

Further to my letter of yesterday, I can confirm the following deponents in the following order for the indicated dates and approximate times. Also shown are the Rule 30(b)(6) or other designations, if any.

| **Deponent** | **Date and Time** | **30(b)(6) or other Topic** |
|---|---|---|
| Jill Hambley | Sept. 20 beginning 8 a.m. | No. 5 |
| Walker Mitchell | Sept. 20 p.m. | No. 3 |
| Paul Vanasse | Sept. 20 p.m. | Matters on which he was instructed not to answer, as outlined on page 11 of the Order re Three Motions Heard on August 29, 2006 |
| Mark Stark | Sept. 20 p.m. | Nos. 1 and 2 |
| Barry Nagler | Sept. 21 beginning 9 a.m. | None |
| Mark Sullivan | Sept. 21 p.m. | No. 4 |
| Anne-Marie Kroisi | Sept. 21 p.m. | No. 6 |

I assume you will once again want to take the depositions at Vetter & White.

I would also appreciate it if you would let me know your intentions as to the Rule 30(b)(6) notice we served. We may be able to be somewhat flexible on the dates given the adjournment of the preliminary injunction hearing, but I would appreciate your consulting me on any alternative dates you propose.

Sincerely yours,

Kim J. Landsman

cc: George E. Lieberman, Esq. (by e-mail)
Jeffrey K. Techentin, Esq. (by e-mail)

# Exhibit 3

SHEPPARD MULLIN
SHEPPARD MULLIN RICHTER & HAMPTON LLP
ATTORNEYS AT LAW

1901 Avenue of the Stars | Suite 1600 | Los Angeles, CA 90067-6017
310-228-3700 *office* | 310-228-3701 *fax* | *www.sheppardmullin.com*

Writer's Direct Line: (310) 228-3730
kraygor@sheppardmullin.com
File No.: 03FD-125329

September 15, 2006

***BY E-MAIL AND MAIL***

Kim J. Landsman, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710

Re: Hasbro v. MGA; MGA v. Hasbro—Depositions Of Hasbro Personnel

Dear Mr. Landsman:

It appears that MGA's September 12 amended deposition notice crossed in the mail/ether with your September 12 letter to me. Both deal with the depositions of Hasbro personnel, following Judge Martin's September 1 ORDER.

It appears that we are generally in agreement, with the exceptions, or need for clarification, noted below.

1. You have **Jill Hambley** identified as Hasbro's Rule 30(b)(6) designee for MGA's Testimony Category No. 5. But apart from that, Judge Martin gave us up to three hours with her as an individual witness. Please confirm that she will be deposed both as an individual (limited to issues raised by Hasbro's injunction motion), and then as a Rule 30(b)(6) designee on Testimony Category No. 5. Because you have not responded to my letter about Footnote 6 in Judge Martin's ORDER, we assume that Hasbro is proceeding with the injunction hearing, and therefore will depose Ms. Hambley again at a later date.

2. We read Judge Martin's ORDER to require Hasbro to designate a Rule 30(b)(6) witness to testify on the matters that **Paul Vanasse** was previously instructed not to answer. Compare Lines 8-18 on Page 10 with Lines 8-15 on Page 11 of Judge Martin's ORDER. We understand from your letter that Mr. Vanasse will be put up for deposition again on those four subjects listed by Judge Martin. Please confirm that he will also be designated as Hasbro's Rule 30(b)(6) designee on those four subjects.

3. Looking at how you have arranged the witnesses, it appears that MGA will have three hours of examination time with **Ms. Hambley** on September 20, and then some portion of the seven hours of Rule 30(b)(6) examination time with **her**, **Walker Mitchell**, **Mr. Vanasse**, and **Mark Stark** on September 20, and then up to three hours with **Barry Nagler** and the balance of the seven hours of Rule 30(b)(6) examination time with **Mark Sullivan** and

**Anne-Marie Kroisi** on September 21. I likely will not take all three hours given me by Judge Martin for Mr. Nagler's deposition on September 21. I likely will spend a sizable portion of my seven hours of examination time with Mr. Vanasse on September 20. Therefore, I suggest that you have either Mr. Mitchell or Mr. Stark prepared to appear on September 21 instead of September 20.

4. Please confirm that **Mr. Mitchell** will be in personal attendance at the deposition in Providence.

5. Because all of these depositions, as well as those of Messrs. Vanasse, Taft, and Stark previously taken, are being taken pursuant to Hasbro's request for expedited discovery, and because Hasbro apparently intends to proceed with the evidentiary hearing on the injunction motion, MGA reserves the right to take depositions of all of these witnesses again in discovery conducted by MGA that is directed at the merits of the case in preparation for the trial, as opposed to that conducted in response to Hasbro's request for expedited discovery. *See* Judge Martin's September 1 ORDER, footnote 6.

Very truly yours,

Kent R. Raygor

for SHEPPARD MULLIN RICHTER & HAMPTON LLP

400078079.1

| | | |
|---|---|---|
| cc: | Michael Sant'Ambrogio, Esq. | (counsel of record for Hasbro) |
| | Joseph Avanzato, Esq. | (counsel of record for Hasbro) |
| | Jeffrey K. Techentin, Esq. | (counsel of record for Hasbro) |
| | Irene Choi, Esq. | (counsel of record for Hasbro) |
| | George E. Lieberman, Esq. | (counsel of record for MGA) |
| | Brooks Magratten, Esq. | (counsel of record for MGA) |
| | Janene P. Bassett, Esq. | (counsel of record for MGA) |

**Patterson Belknap Webb & Tyler LLP**

1133 Avenue of the Americas New York, NY 10036-6710 212.336.2000 fax 212.336.2222 www.pbwt.com

September 15, 2006

Kim J. Landsman
(212) 336-2980
Direct Fax (212) 336-2985
kjlandsman@pbwt.com

**By Email**

Kent R. Raygor, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
1901 Avenue of the Stars, Sixteenth Floor
Los Angeles, CA 90067

**Re: Hasbro v. MGA Entertainment, Inc., C.A. No. 06-262S**

Dear Kent:

We are indeed planning to proceed with the preliminary injunction motion.

Although the Court's Order gave you 3 hours each with Ms. Hambley and Mr. Nagler, nothing restricts you to asking Ms. Hambley questions directed only to the preliminary injunction motion, and we have stated in our response to your notice that we will not block questions to Mr. Nagler about the Marvel topic. Accordingly, you should not plan on their reappearing as witnesses later in the case unless you exhaust your 3 hours on each usefully without finishing the depositions.

I thought my September 12 letter was reasonably clear as to the other matters but will answer your numbered questions:

1. We set aside 4 hours for Ms. Hambley (8 a.m. to noon) so that you could have three hours for her as an individual plus about ½ hour for the 30(b)(6) topic for which she was designated (all such times exclusive of breaks). You should, of course, separate the questions between those directed to her as an individual and those directed to her as a 30(b)(6) designee, so that the record is clear, and so that we can appropriately keep track of time.

2. As stated in our recent response (which may have crossed your letter), we understand the additional categories in your amended notice to correspond to the items listed in page 11 of the Court's Order, for which we have designated Mr. Vanasse.

3. We will check with the witnesses to see what we can do to accommodate you. It would have been easier had you responded promptly to my September 11 letter. As an alternative, since Paul Vanasse is in Rhode Island, we may simply have to break up his deposition.

4. Mr. Mitchell will personally attend in Providence.

5. As previously noted, we disagree with your purported reservation of rights to do duplicative depositions as well as your strained interpretation of Judge Martin's September 1 Order.

Finally, please let us know as soon as possible what your intentions are as to our Rule 30(b)(6) deposition notice.

Very truly yours,

Kim J. Landsman

cc: George E. Liebermann, Esq. (by email)
Jeffrey K. Techentin, Esq. (by email)

# Exhibit 4

SHEPPARD MULLIN
SHEPPARD MULLIN RICHTER & HAMPTON LLP
ATTORNEYS AT LAW

Suite 1600 | 1901 Avenue of the Stars | Los Angeles, CA 90067-6017
310-228-3700 *office* | 310-228-3701 *fax* | ***www.sheppardmullin.com***

Writer's Direct Line: (310) 228-3730
kraygor@sheppardmullin.com
File No.: 03FD-125329

September 19, 2006

***BY E-MAIL AND MAIL***

Kim J. Landsman, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710

Re: Hasbro v. MGA; MGA v. Hasbro—Hasbro Deposition Notice To MGA

Dear Mr. Landsman:

This letter responds to your request about the Rule 30(b)(6) deposition notice that Hasbro served on MGA on September 7. We thank you for your offer of flexibility for the date of that deposition, as stated in your September 12 letter to me, and will need to take you up on that offer.

I have a hearing in federal court on Monday, a court-ordered mediation on Tuesday, and then have to attend a conference in Virginia for the balance of the week. MGA's witnesses also have conflicts that week. As you suggested, let me talk with MGA and get you some alternative dates. MGA also will have other depositions to take of Hasbro and we should try to coordinate dates for all of these depositions. In general, I think the parties should both proceed with completing the written discovery directed at each other in which they are presently engaged, and then schedule the remaining depositions following the evidentiary hearing on Hasbro's injunction motion, assuming the Court sets it to take place before the fact-discovery cut-off date.

Very truly yours,

/s/ *Kent R. Raygor*

Kent R. Raygor

for SHEPPARD MULLIN RICHTER & HAMPTON LLP

400081256.2

cc: Michael Sant'Ambrogio, Esq. (counsel of record for Hasbro)
Joseph Avanzato, Esq. (counsel of record for Hasbro)

| | |
|---|---|
| Jeffrey K. Techentin, Esq. | (counsel of record for Hasbro) |
| Irene Choi, Esq. | (counsel of record for Hasbro) |
| George E. Lieberman, Esq. | (counsel of record for MGA) |
| Brooks Magratten, Esq. | (counsel of record for MGA) |
| Janene P. Bassett, Esq. | (counsel of record for MGA) |