UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC.,<br>Plaintiff,<br>v.<br>MGA ENTERTAINMENT, INC.,<br>Defendant. | |
| MGA ENTERTAINMENT, INC.,<br>Counterclaimant,<br>v.<br>HASBRO, INC.,<br>Counterclaim-defendant. | **C.A. No. 06-262 S** |

**PRELIMINARY EXPERT REPORT AND DECLARATION OF GEORGE M. COOPER SUBMITTED IN SUPPORT OF MGA ENTERTAINMENT, INC.'S OPPOSITION TO HASBRO, INC.'S MOTION FOR A PRELIMINARY INJUNCTION AND RECALL ORDER**

Evidentiary Hearing
Date: Monday, October 23, 2006
Time: Commencing at 9:00 a.m.
Place: Courtroom of the Hon. William E. Smith

## PRELIMINARY EXPERT REPORT AND DECLARATION OF GEORGE M. COOPER

I, George M. Cooper, state as follows:

1. I am a registered Patent Attorney (Reg. No. 20201), formerly the senior partner in the patent law firm of Jones, Tullar & Cooper, P.C., and now semi-retired.

2. Education:

1957 Penn State University; BS Electrical Engineering

1963 George Washington University Law School; JD

3. Work experience:

Summer 1956: Engineering Aide, US Patent Office; worked as a patent examiner under supervision of a senior examiner.

June 1957 - October 1959: Examiner, US Patent Office; involved review and examination of patent applications in electrical and electronic classes and subclasses. Among other things, this required a detailed knowledge of the Patent Office classification system in order to locate relevant prior references and in order to classify issued patents in appropriate areas.

October 1959 - November 1960: Patent Agent for patent law firm of Thomas & Crickenberger; involved in conducting patentability, validity and infringement searching in various areas of technology, as well as preparation and prosecution of patent applications.

November 1960 - October 1963: Patent Agent and Patent Attorney for office of JAG, US Air Force; involved in patentability, validity and infringement searching and

preparation of opinions as well as preparation and prosecution of patent applications.

October 1963 to date: Patent Attorney for current firm; involved in patentability, validity, and infringement searching and preparation of opinions as well as preparation and prosecution of patent applications for about the first 10 years, thereafter supervised several patent searchers for many years while continuing to prepare and prosecute patent applications, prepare infringement and validity opinions, represent clients in license negotiations, counsel clients in patent matters, and occasionally assist in patent litigation.

4. I have not testified in the past four years, nor have do I have any publications for the past ten years.

5. I am being compensated for my work on this matter at my standard fee of $300 per hour.

6. I have been asked by Sheppard, Mullin, Richter & Hampton LLP, attorneys for MGA Entertainment, Inc., to provide an opinion about the patent classification system for the U.S. Patent & Trademark Office, and in particular Class 273, Subclass 273. In providing this opinion, I have relied on the documents identified in this report.

7. <u>Explanation of US Patent & Trademark Office (USPTO) classification system</u>: The USPTO classification system is designed to divide the 7 million issued patents into subject matter units that are sufficiently small as to enable Patent Office Examiners, and the

general public, to locate previously issued patents that would affect the patentability of current applications for patents. Over a period of 100 years, the classification system has evolved into over 600 classes of patented subject matter, ranging from paper clips to memory or matching games to complex computer systems, with each class being subdivided, often into hundreds of subclasses. The classes and subclasses are based on a variety of considerations, such as the structure of a device, its function, the process it performs or its utility, a composition of matter, the result it produces, or a combination of these factors.

8. Each patent includes a detailed description of an invention, with drawings if appropriate, and one or more claims, which are the legal definition of the invention to be protected. A patent is assigned to an "original" class and subclass on the basis of the subject matter being claimed, and is cross-referenced in any number of classes and subclasses on the basis of what the patent discloses in the specification.

9. The classification system is continually changing and expanding, since by definition each new invention is directed to subject matter not previously known, and thus can often fall outside the existing classification system. As new technologies evolve, USPTO Examiners typically establish unofficial collections of patents relating to the new technology so they can more easily locate the relevant patents when later patent applications are received. Gradually, these collections grow until the USPTO revises the Subclasses in the relevant Class, or establishes a new Class, to make the collection an official part of the classification system. Thus, the evolution of the classification system is driven by the development of new

technologies. When a new class or subclass is developed, a definition is prepared to describe the included subject matter; thus, the class and subclass definitions describe what is already known in the included patents.

10. In accordance with this established procedure, **Subclass Class 273, entitled "Memory or Matching Games (e.g., Concentration),"** was established in 1978 by the USPTO in Class 273, entitled "Amusement Devices: Games," to provide a home for previously-issued patents that either described or claimed what were commonly known as "memory or matching games." This Subclass now includes 172 patents relating to this category of patents, and these are attached as the exhibits for the "Request For Judicial Notice And Exhibits O.1-O.177 of Defendant/Counterclaimant MGA Entertainment, Inc. Re U.S. Patents in Class 273/Subclass 273 (Memory or Matching Games)" These patents describe, claim, or are closely related to memory-type games, and clearly indicate that those games are considered in the art to be a well-known category of games within the general class of Amusement Devices: Games (Class 273). (See USPTO Classification definitions.)

11. In addition to searching for patents within the USPTO classification system, it is also possible to search on the USPTO website for patents having specified words or terms. Such a search was conducted to locate patents containing the terms "memory " and "game," and these are attached as exhibits to the "Request For Judicial Notice And Exhibits P.1-P.58 of Defendant/Counterclaimant MGA Entertainment, Inc. Re U.S. Patents Related to Memory Games." Each of these patents refers to a memory-type game.

12. It is observed that the patents located in the course of the USPTO web site search refer to the terms "memory", "game" or "memory game" without referring to them as being trademarks; to the contrary, the use of these terms illustrates that they are considered to identify a category of amusement games. Where a term is used in a trademark manner or is used as a trademark, the Examiners in the USPTO must require the applicant for the patent to properly identify the mark, as by capitalization of each word of the mark. (See the Manual of Patent Examining Procedure, Section 608.01(v), which states that the proprietary nature of trademarks should be respected in patent applications.) In this regard, it is further observed that the Plaintiff herein, Hasbro, Inc., holds two patents; namely US Pat. Nos. 6,547,628 and 5,906,369, which refer to a "memory game" and to a board game for teaching "memory" skills, and in neither instance were these terms identified as being trademarks, but instead were used generically to refer to a category of games. (See the "Request for Judicial Notice" referred to in paragraph 7, above, and in the "Request For Judicial Notice And Exhibits N.1-N.2 of Defendant/Counterclaimant MGA Entertainment, Inc. Re Hasbro's U.S. Patent with "Memory" in the Text.")

13. It is clear from the foregoing that the term "memory" when used in reference to games is a reference to a well-known and common type or category of amusement games.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Arlington, Virginia this 19th day of October, 2006.

[signature]
George M. Cooper

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the within **PRELIMINARY EXPERT REPORT AND DECLARATION OF GEORGE M. COOPER SUBMITTED IN SUPPORT OF MGA ENTERTAINMENT, INC.'S OPPOSITION TO HASBRO, INC.'S MOTION FOR A PRELIMINARY INJUNCTION AND RECALL ORDER** on October 19, 2006. The **PRELIMINARY EXPERT REPORT AND DECLARATION OF GEORGE M. COOPER SUBMITTED IN SUPPORT OF MGA ENTERTAINMENT, INC.'S OPPOSITION TO HASBRO, INC.'S MOTION FOR A PRELIMINARY INJUNCTION AND RECALL ORDER** is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the below-listed counsel of record has been effectuated by electronic means.

Michael Sant'Ambrogio, Esq.
Kim J. Landsman, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710

Jeffrey K. Techentin, Esq.,
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Janene P. Bassett