UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HASBRO, INC.,

Plaintiff,

v.

MGA ENTERTAINMENT, INC.,

Defendant.

C.A. No. 06-262 S

MGA ENTERTAINMENT, INC.,

Counterclaimant,

v.

HASBRO, INC.,

Counterclaim-defendant.

**DECLARATION OF PHIL JOHNSON RE EXPERT REPORT SUBMITTED IN SUPPORT OF MGA ENTERTAINMENT, INC.'S OPPOSITION TO HASBRO, INC.'S MOTION FOR A PRELIMINARY INJUNCTION AND RECALL ORDER**

Evidentiary Hearing
Date: Monday, October 23, 2006
Time: Commencing at 9:00 a.m.
Place: Courtroom of the Hon. William E. Smith

**DECLARATION**

I, Phil Johnson, am informed that on October 18, 2006, defendant/counterclaim plaintiff MGA Entertainment, Inc. ("**MGA**") submitted to plaintiff/counterclaim defendant Hasbro, Inc. ("**Hasbro**") my expert report in this matter, submitted in support of MGA's opposition to Hasbro's motion for an injunction in this action. A true and correct copy of my report is attached hereto. I declare under penalty of perjury under the laws of the United Stated of America that the matter stated in my report is true and correct. Executed on October 20, 2006 in Chicago, Illinois.

[signature]

Phil Johnson

LEO J. SHAPIRO AND ASSOCIATES, L.L.C., 455 EAST ILLINOIS STREET, CHICAGO, ILLINOIS 60611 / (312) 321-8111

**PRELIMINARY EXPERT REPORT OF PHILIP JOHNSON**

I, Philip Johnson, state as follows:

## I. INTRODUCTION

1. I am Chief Executive Officer of Leo J. Shapiro and Associates, Inc., a Chicago-based market research and consulting firm that conducts surveys.

2. I have been with this firm since 1971. Over the past 35 years, I have designed and supervised hundreds of surveys measuring consumer behavior, opinion, and beliefs concerning brands and products, employing a wide range of research techniques. I have given lectures before the American Bar Association (ABA), the Practising Law Institute (PLI), the American Intellectual Property Law Association (AIPLA), and the International Trademark Association (INTA) on the use of survey research in litigation. I am a member of the American Marketing Association (AMA), the American Association for Public Opinion Research (AAPOR), and the International Trademark Association (INTA). I have a B.S. degree from Loyola University and an M.B.A. degree from the University of Chicago. A description of my background and a list of cases where I have offered

survey evidence during the past four years are attached to Appendix A of this report.

3. My standard billing rate is $875 per hour for trial and/or deposition preparation or testimony. The work required to review the relevant documents and prepare this report is covered by a billing of $9500.

## II. BACKGROUND

4. In August 2006, I was contacted by counsel from the law firm, Sheppard, Mullin, Richter & Hampton, LLP, on behalf of its client, MGA Entertainment, Inc. ("MGA"). Counsel informed me of a dispute between MGA and Hasbro, Inc. involving the use of the term "memory" in children's games.

5. Counsel for MGA supplied me with a copy of a report authored by Dr. Thomas DuPont entitled, "Expert Report of Thomas D. DuPont, Ph. D. (Dated: October 16, 2006)," along with copies of the documents that DuPont states that he reviewed in paragraph 10 of his report (H1-151, H2781-83, H2831-38, H2779-80, H2784, H2806-30, H48951-49183, H2773, H2785-2805).

6. Counsel also provided me with copies of the complaint and answer to the complaint, the deposition mini transcript of Hasbro employee, Anne-Marie Kroise, a list of publications/reference materials that use the term "memory" to describe a type or types of games entitled, "MGA ENTERTAINMENT 'A' EXHIBITS – DICTIONARIES, BOOKS, AND OTHER REFERENCE MATERIALS," and a list of physical games purchased by MGA that use the term "memory" in the name or description of a particular game entitled, "MGA ENTERTAINMENT 'B' EXHIBITS – PURCHASED PHYSICAL GAMES."

7. Counsel asked me to review these materials and provide an opinion about Dr. DuPont's conclusions that he draws from them. I proceeded to do so.

## III. DISCUSSION

8. Generally, I would agree broadly with Dr. Dupont's observations relative to the reliability of the survey research documents, which he and I both examined. Specifically, these survey reports are based on properly designed and executed research methodologies given that they were conducted in the normal course of business for the purpose of corporate planning and decision making. However, I would strongly disagree with the conclusion (or implication) described in paragraph 21 of the DuPont report stating that, "these surveys strongly support the proposition that Hasbro's MEMORY trademark has achieved secondary meaning."

9. First, the 2001/2002 study employed a mail panel while the two more recent studies (2004 and 2006) employed an Internet panel methodology. Any direct comparison of results between the two differing methodologies is tenuous. They are independent methods which can yield different results especially given that the survey protocol utilized long lists of more than 100 different brands of games, types of games, and individual games and toys. These lists are presented to respondents in printed form in the mail panels and in electronic form in the Internet panels such that they provide different opportunities to compare and contrast the individual lists used for individual questions.

10. Second, the Hasbro survey data only provide an indication of general aided awareness. It is evident that among the total sample of households, which contains a special supplement of households with children 12 years of age and under, less than half of the households report total aided awareness of any "memory" game, "memory card game," or "original memory" in the category of "specific games and toys" (2001/2002) or "specific games" (2004 and 2006). If this measurement purported to measure secondary meaning, such weak proportions of less than 50% would not provide strong evidence of distinctiveness. However, the more fundamental problem is that these surveys do not provide any measurement of secondary meaning.

11. When survey respondents indicate that they are aware of a "specific game" or a "specific game or toy" using the term MEMORY, after exposure to these lists and after being asked about more than 100 "manufacturers," more than 50 "toys," more than 20 "classes of games" (e.g., card games), and more than 100 "specific games," there is no way to tell if respondents are thinking about a particular product that comes from a particular source. This survey data does not provide any information whatsoever about whether survey participants believe that MEMORY comes from a single source and who that single source might be. Further, it is impossible to ascertain from this survey data whether any of the survey participants believe that MEMORY comes from a single but anonymous source.

12. In the Hasbro survey data, there is no evidence that survey respondents are using the term MEMORY in a way that supports DuPont's conclusion regarding the term acquiring secondary meaning. In fact, there is no way to tell exactly what the respondents are thinking of when they say they are aware of MEMORY. For example, a respondent might be thinking of MEMORY as a genre or type of game such as Poker or Checkers when they report awareness in their survey responses. Survey respondents may also be thinking about a descriptive use of the term MEMORY that applies to how a game works, i.e., by relying on your memory. In addition, respondents might also be thinking of MEMORY as they recall the name of a game put out by specific manufacturers other than Milton Bradley/Hasbro, such as the 110 examples listed on MGA's Exhibit B of physical games purchased (e.g., the "I Spy Memory Game" by Briarpatch).

13. In summary, while the survey data produced by Hasbro is of the sort that can generally be relied on in the normal course of business, it was neither designed to measure secondary meaning nor did it actually measure secondary meaning.

Executed this 18th day of October, 2006 at Chicago, Illinois.

[signature]

Philip Johnson

**APPENDIX A**

- Philip Johnson Curriculum Vitae
- Recent Cases Where Philip Johnson Testified

LEO J. SHAPIRO AND ASSOCIATES, L.L.C., 455 EAST ILLINOIS STREET, CHICAGO, ILLINOIS 60611 / (312) 321-8111

**RECENT CASES WHERE PHILIP JOHNSON TESTIFIED OR OFFERED SURVEY EVIDENCE...**

| | |
|---|---|
| JUNE 2006 | GROCERY OUTLET INC. VS. ALBERTSON'S, INC., AMERICAN STORES COMPANY, L.L.C., AND LUCKY STORES, INC.<br>United States District Court for the<br>Northern District of California (San Francisco Division)<br>Likelihood of Confusion and Fame |
| JUNE 2006 | DE BEERS LV TRADEMARK LTD. AND DE BEERS LV LTD. VS. DEBEERS DIAMOND SYNDICATE INC. AND MARVIN ROSENBLATT<br>United States District Court for the<br>Southern District of New York<br>Awareness |
| APRIL 2006 | 24 HOUR FITNESS USA, INC. VS. 24/7 TRIBECA FITNESS, L.L.C., 24/7 GYM, L.L.C., ET AL.<br>United States District Court for the<br>Southern District of New York<br>Likelihood of Confusion |
| APRIL 2006 | JUICY COUTURE, INC. AND L.C. LICENSING, INC. VS. LANCÔME PARFUMS ET BEAUTE & CIE AND LUXURY PRODUCTS, L.L.C.<br>United States District Court for the<br>Southern District of New York<br>Likelihood of Confusion |
| JANUARY 2006 | WHIRLPOOL PROPERTIES, INC., ET AL., VS. LG ELECTRONICS U.S.A., INC., ET AL.<br>United States District Court for the<br>Western District of Michigan (Southern Division)<br>Likelihood of Confusion |
| OCTOBER 2005 | PRL USA HOLDINGS, INC. VS. UNITED STATES POLO ASSOCIATION, ET AL.<br>United States District Court for the<br>Southern District of New York<br>Likelihood of Confusion |
| SEPTEMBER 2005 | HILL'S PET NUTRITION, INC. VS. NUTRO PRODUCTS, INC. AND JOHN DOES #1-20<br>United States District Court for the<br>Central District of California (Western Division)<br>False Advertising |

| | |
|---|---|
| SEPTEMBER 2005 | PERFUMEBAY.COM, INC. VS. EBAY, INC.<br>United States District Court for the<br>Central District of California (Western Division)<br>Likelihood of Dilution and Initial Interest Confusion |
| JUNE 2005 | METROPOLITAN LIFE INSURANCE CORPORATION VS. METBANK<br>United States District Court for the<br>Southern District of New York<br>Likelihood of Confusion |
| MARCH 2005 | PACIFIC MARKET INTERNATIONAL VS. THERMOS L.L.C.<br>United States District Court for the<br>Western District of Washington (Seattle Division)<br>Likelihood of Confusion |
| MARCH 2005 | JADA TOYS, INC. VS. MATTEL, INC.<br>United States District Court for the<br>Central District of California<br>Likelihood of Confusion |
| AUGUST 2004 | VERIZON DIRECTORIES CORP. VS. YELLOW BOOK USA, INC.<br>United States District Court for the<br>Eastern District of New York<br>False Advertising |
| APRIL 2004 | DAVID'S BRIDAL, INC. VS. MITCH YEH ET AL.<br>United States District Court for the<br>Southern District of Texas (Houston Division)<br>Likelihood of Confusion |
| FEBRUARY 2004 | MERISANT VS. JOHNSON AND JOHNSON/MCNEIL LABORATORIES<br>United States District Court for the<br>District of Puerto Rico<br>Likelihood of Confusion |
| OCTOBER 2003 | THE MAY DEPARTMENT STORES COMPANY VS. VICTORIA'S SECRET STORES, INC. & MARK WEIKEL<br>In the Circuit Court of the County of St. Louis<br>State of Missouri<br>A Study of Cross Shopping |
| JULY 2003 | STAR INDUSTRIES, INC. VS. BACARDI & COMPANY LIMITED, BACARDI U.S.A., INC. AND ANHEUSER-BUSCH, INCORPORATED<br>United States District Court for the<br>Southern District of New York<br>Likelihood of Confusion |

FEBRUARY 2003 GATEWAY, INC. VS. COMPANION PRODUCTS, INC.
United States District Court for the
District of South Dakota (Southern Division)
Likelihood of Confusion

LEO J. SHAPIRO AND ASSOCIATES, L.L.C., 455 EAST ILLINOIS STREET, CHICAGO, ILLINOIS 60611 / (312) 321-8111

# PHILIP JOHNSON

## CURRICULUM VITAE

Philip Johnson is the Chief Executive Officer of Leo J. Shapiro and Associates, a Chicago-based market research and behavioral consulting company. Mr. Johnson has been with this firm since 1971 and has held a number of positions. In recent years, he has concentrated his efforts in the areas of study design and the development of innovative research techniques.

Over the past years, Mr. Johnson has designed and supervised hundreds of surveys measuring consumer behavior and opinion, employing a wide range of research techniques. His area of expertise is in the use of survey research as a tool in litigation, including jury selection and trademark disputes.

Mr. Johnson has offered testimony regarding survey evidence on over fifty occasions in both Federal and State courts. In addition, he has offered survey research in matters before the Federal Trade Commission, The Food and Drug Administration, the Patent and Trademark Office, and the Trademark Trial and Appeal Board. Mr. Johnson has designed, conducted, and reported survey evidence on behalf of both plaintiffs and defendants in various cases. The topics covered in these litigation related surveys include matters related to likelihood of confusion, secondary meaning, genericness, dilution, false advertising, change of venue, and unfair competition.

Part of Mr. Johnson's training has been through working with Dr. Leo J. Shapiro, the Founder of the company; the late Dr. Philip M. Hauser, a former Director of the U. S. Census Bureau; and the late Dr. Hans Zeisel, who made significant contributions in the application of social science to the solution of legal questions.

Mr. Johnson has given lectures before the American Bar Association (ABA) and the Practising Law Institute (PLI) on the use of survey research in litigation. He is a member of the American Marketing Association (AMA), the American Association for Public Opinion Research (AAPOR), and the International Trademark Association (INTA).

Mr. Johnson has a B.S. degree in Psychology from Loyola University and an M.B.A. degree from the University of Chicago.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the within **DECLARATION OF PHIL JOHNSON RE EXPERT REPORT SUBMITTED IN SUPPORT OF MGA ENTERTAINMENT, INC.'S OPPOSITION TO HASBRO, INC.'S MOTION FOR A PRELIMINARY INJUNCTION AND RECALL ORDER** on October 20, 2006 (Eastern Time). The **DECLARATION OF PHIL JOHNSON RE EXPERT REPORT SUBMITTED IN SUPPORT OF MGA ENTERTAINMENT, INC.'S OPPOSITION TO HASBRO, INC.'S MOTION FOR A PRELIMINARY INJUNCTION AND RECALL ORDER** is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the below-listed counsel of record has been effectuated by electronic means.

Michael Sant'Ambrogio, Esq.
Kim J. Landsman, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710

Jeffrey K. Techentin, Esq.,
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Janene P. Bassett