**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| HASBRO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC.<br><br>Defendant. | **C.A. No. 06-262 S** |
| MGA ENTERTAINMENT, INC.<br><br>Counterclaimant,<br><br>v.<br><br>HASBRO, INC.,<br><br>Counterclaim-defendant. | |

**DECLARATION AND EXPERT REPORT OF BETH A. CHAPMAN**

I, Beth A. Chapman, whose office address is Oblon, Spivak, McClelland, Maier & Neustadt, P.C., 1940 Duke Street, Alexandria, Virginia 22314 declare as follows:

1. I have been engaged by Sheppard Mullin Richter & Hampton LLP, attorneys for MGA Entertainment, Inc., to provide an opinion on the meaning of the inclusion of a term in the United States Patent and Trademark Office's ("USPTO") Trademark Identification Manual, and on the rebuttable nature of the presumptions relating to a registration on the Principal Register under Section 7(b) of the Trademark Act, 15 USC §1057(b) and Section 33(a) of the Trademark Act, 15 USC §1115(a).

2. My compensation for preparing this opinion and for appearing as witness at any deposition or trial is $425 per hour. My compensation is not dependant in any way

upon the ultimate outcome or determination of the case, in which I have no interest of any kind, pecuniary or any other.

3. I enclose as Exhibit 1 a copy of my biographical statement.

4. USPTO's Trademark Identification Manual: In seeking a federal trademark registration, the applicant must identify the goods and/or services for which it seeks registration of a mark. Section 1(a)(2) of the Trademark Act, 15 USC §1051(a)(2) and Section 1(b)(2) of the Trademark Act, 15 USC §1051(b)(2). 37 CFR §2.21(a)(4). The USPTO maintains a listing of acceptable identifications of goods and services, The Acceptable Identification of Goods and Services Manual, informally known as the Trademark Identification Manual. This listing of goods/services is not exhaustive, but it is intended to provide a guide for examining attorneys in acting on applications and for the public in preparing applications for federal trademark registration. Trademark Manual of Examining Procedure §1402.04 (4th ed. 2005) ("TMEP")

5. A primary purpose of the listings in the Trademark Identification Manual is to indicate precise identifications that will be accepted by the examining attorneys. If a term or phrase appears in the Trademark Identification Manual it is considered acceptable language to describe a particular product or service without further inquiry by the examining attorney. Trademark Manual of Examining Procedure §1402.04 (4th ed. 2005). Words included in the Trademark Identification Manual are descriptive or generic for the goods/services they are used to identify. Standardized identifications of goods/services facilitate electronic filing of trademark applications with the USPTO.

6. USPTO policy prohibits use of registered trademarks within the identification of goods/services (unless it is use by an applicant of its own registered

mark). *Camloc Fastener Corporation v. Grant,* 119 USPQ 264 (TTAB 1958). If an applicant, not the owner of the registration, uses a registered mark in the identification of goods/services, the examining attorney is expected to require that the term be deleted and generic wording be substituted. Trademark Manual of Examining Procedure §1402.09 (4th ed. 2005).

7. The phrase "equipment sold as a unit for playing a memory game" is listed as an acceptable identification of goods in the Trademark Identification Manual, and has appeared therein since October 1, 1994. Exhibit 2.

8. Rebuttable Nature of Presumptions Accorded Federal Registrations on the Principal Register: Section 7(b) of the Trademark Act, 15 USC §1057(b) provides "A certificate of registration of a mark upon the principal register provided by this Act shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate, subject to any conditions or limitations stated in the certificate."

9. Section 33(a) of the Trademark Act, 15 USC §1115(a) relating to the right to use a mark, reiterates the presumptions accorded a mark on the principal register "...the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration, subject to any conditions or limitations stated therein,..." and then provides for raising defenses or defects as follows: "...but shall not preclude another

person from proving any legal or equitable defense or defect, including those set forth in subsection (b), which might have been asserted if such mark had not been registered."

10. Section 14(3) of the Trademark Act, 15 USC §1064(3) provides for filing at the USPTO a petition to cancel a registration of a mark "... (3) At any time if the registered mark becomes the generic name for the goods or services, or a portion thereof, for which it is registered...."

11. A registration for a term which has become generic is subject to cancellation at any time because the term cannot function to identify the source of the goods. *Sunrise Jewelry Manufacturing Corp. v. Fred S.A.*, 172 F.3d 1322, 50 USPQ2d 1532 (Fed. Cir. 1999).

12. It is clear from the listing in the USPTO Trademark Identification Manual and the use thereof by the public in numerous federal registrations which include the terms "memory" or "memory game" within the identification of goods that these terms are generic in relation to games, and that Registration No. 834,282 and Registration No. 2,894,970 are subject to cancellation based on genericness of the marks shown therein.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 20, 2006 at Alexandria, Virginia.

Beth A. Chapman

BAC/klb {I:\ATTY\BAC\EXPERT WITNESS REPORT-SHEPPARD.DOC}