UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC.,<br>Plaintiff,<br>v.<br>MGA ENTERTAINMENT, INC.,<br>Defendant. | **REQUEST FOR EXPEDITED CONSIDERATION** |
| MGA ENTERTAINMENT, INC.,<br>Counterclaimant,<br>v.<br>HASBRO, INC.,<br>Counterclaim-defendant. | **C.A. No. 06-262 S** |

**MOTION *IN LIMINE* OF DEFENDANT/COUNTERCLAIMANT MGA ENTERTAINMENT, INC. TO PRECLUDE THE DRAWING OF AN ADVERSE INFERENCE AGAINST MGA**

Defendant/counterclaimant MGA Entertainment, Inc. ("**MGA**") respectfully moves *in limine* that the Honorable Court order that no adverse inference be drawn from a decision by MGA to not present evidence concerning advice from legal counsel with respect to MGA's clearance efforts in connection with the allegedly infringing product – MGA's "Memory Match-Up" game.

MGA files herewith a supporting memorandum of law. Upon objection to this motion, MGA respectfully requests a brief hearing thereon.[1] MGA estimates that such hearing would last approximately 20 minutes.

Respectfully submitted,
Defendant and Counterclaimant,
MGA ENTERTAINMENT, INC.,
By its attorneys,

/s/ Brooks R. Magratten /jpb
BROOKS R. MAGRATTEN, R.I. Bar ID #3585
GEORGE E. LIEBERMAN, R.I. Bar ID #3860
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Telephone: (401) 421-3060
Facsimile: (401) 272-6803
E-mail: bmagratten@vetterandwhite.com
glieberman@vetterandwhite.com

KENT R. RAYGOR, admitted *pro hac vice*
JANENE P. BASSETT, admitted *pro hac vice*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
E-mail: kraygor@sheppardmullin.com
jbassett@sheppardmullin.com

[1] If a hearing is to be conducted, MGA respectfully suggests that, if convenient to the Court, it be conducted before resumption of the hearing on Hasbro's motion for preliminary injunction.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC., Plaintiff, v. MGA ENTERTAINMENT, INC., Defendant. | **REQUEST FOR EXPEDITED CONSIDERATION** |
| MGA ENTERTAINMENT, INC., Counterclaimant, v. HASBRO, INC., Counterclaim-defendant. | **C.A. No. 06-262 S** |

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* OF DEFENDANT/COUNTERCLAIMANT MGA ENTERTAINMENT, INC. TO PRECLUDE THE DRAWING OF AN ADVERSE INFERENCE AGAINST MGA**

In this trademark infringement case, defendant/counterclaimant MGA Entertainment, Inc. ("**MGA**") respectfully has moved *in limine* that the Honorable Court order that no adverse inference be drawn from a decision by MGA to not present evidence concerning advice from legal counsel with respect to MGA's clearance efforts in connection with the allegedly infringing product – MGA's "Memory Match-Up" game. MGA has elected to not present such evidence at the present time in order to preserve fully its attorney client privilege and work product protections.

In response to the claim of trademark infringement by plaintiff Hasbro, Inc. ("Hasbro"), one potential defense of MGA is good faith reliance on advice of counsel, although MGA has not yet asserted that defense. The parties are in agreement that the assertion of the good faith defense generally results in some waiver of attorney-client privilege. The First Circuit has not specifically identified the scope of the waiver, however, and the parties have been unable to reach an agreement on that issue.[2] See In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 27-29 (1st Cir. 2003) (recognizing that agreements to limit waiver of privilege are enforceable).

Because of the uncertainty surrounding the scope of the waiver resulting from MGA's good faith defense, MGA intends to not present any evidence at the pending preliminary injunction evidentiary hearing concerning clearance efforts performed by its legal staff. The same would be true at a trial on the merits unless MGA receives assurance (either by Court order[3] or by agreement of Hasbro) that the waiver would only extend to legal work and advice

---

[2] Hasbro initially agreed that MGA's reliance on trademark clearance advice would not result in the waiver of "subsequent litigation advice," but the parties were unable to agree on the final parameters of any waiver (i.e., temporal and specific subject matter limitations). By letter dated July 11, 2006, Hasbro's counsel stated: "If you [MGA] want to affirmatively use your clearance efforts that will, presumably, involve a waiver of privilege. ***We [Hasbro] agree that it should not extend to subsequent litigation advice, but are not comfortable agreeing ahead of time to the more general non-waiver position you put forward in this paragraph.*** I would suggest that if there are certain areas of legal advice that you have in mind that you think should not be waived, that you specify them." (emphasis added).

[3] At this time, MGA does not request an order limiting the scope of waiver. If this motion *in limine* were denied, however, thereby forcing MGA to choose between retaining privilege or be faced with an adverse inference instruction, it may be necessary for MGA to file a motion to limit the scope of waiver resulting from the disclosure of its otherwise privileged clearance efforts. In such a motion, MGA would ask the Court to order the following limitations on the scope of the waiver of attorney-client privilege that would result from disclosure of the clearance efforts by MGA's legal staff:

*First,* MGA would ask that the waiver be limited in time. The clearance efforts took place in July-August 2005. The Memory Match-Up product then was on store shelves starting at the end of December 2005. Hasbro's first notice of a claim was received by MGA on April 19, 2006. At that point, the legal landscape changed and MGA's legal staff became involved in developing MGA's defenses in this action. Limiting the waiver to actions that took place before that notice was received allows Hasbro to explore

performed or given prior to April 19, 2006 (the date Hasbro notified MGA of its belief of infringement) in connection with the "Memory Match-Up" product only. For the reasons set forth below, MGA respectfully requests that the Court order that no adverse inference is to be drawn from MGA's decision to invoke the attorney client privilege and work product protections.

## I
## IT WOULD BE INAPPROPRIATE TO DRAW AN ADVERSE INFERENCE AGAINST MGA BASED ON ITS INVOCATION OF ATTORNEY CLIENT PRIVILEGE AND WORK PRODUCT DOCTRINE

In limited circumstances, "a party may argue that the jury should draw an adverse inference against the opposing party because of its failure to call a witness." Colon-Millin v. Sears Roebuck De Puerto Rico, Inc., 455 F.3d 30, 34 n.2 (1st Cir. 2006).[4] An adverse inference may not be drawn, however, when a witness is not produced in order to preserve attorney client privlege. In Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp., 383 F.3d 1337 (Fed. Cir. 2004), the Court considered the propriety of an adverse inference instruction in a patent infringement case. Recognizing the sanctity of the attorney-client relationship, the Court held that "[a] defendant may … choose to waive the privilege and produce the advice of counsel. However, **the assertion of attorney-client and/or work-product privilege and the**

---

exactly what was learned, relied on, and decided as to the name Memory Match-Up before MGA had to start developing its defenses to Hasbro's claims.

*Second*, the scope of any waiver should be limited to the work done in connection with clearing this name for use. MGA's legal staff works on many other matters having nothing to do with this action, and there should be no waiver for such matters.

These are the same limitations that MGA has tried to get Hasbro to agree to several times. Hasbro, however, will not agree, thereby requiring that MGA seek this Court's assistance.

[4] An adverse inference instruction may be appropriate if: (1) "the witness is available to testify on behalf of the party;" (2) "that the testimony of the witness would be relevant and noncumulative;" and (3) "the witness is not prejudiced against the nonproducing party." U.S. v. Ariza-Ibarra, 651 F.2d 2, 16 (1st Cir. 1981).

**withholding of the advice of counsel shall [not] entail an adverse inference as to the nature of the advice**." Id. at 1345. (emphasis added); accord Freedom Card, Inc. v. JP Morgan Chase & Co., 432 F.3d 463, 479 n.25 (3d Cir. 2005) ("it is improper to draw an inference of bad faith from the assertion of the attorney-client privilege"); Nabisco Inc. v. PF Brands, Inc., 191 F.3d 208, 226 (2d Cir. 1999) (overruled on other grounds) ("If refusal to produce an attorney's opinion letter based on claim of the privilege supported an adverse inference, persons would be discouraged from seeking opinions, or lawyers would be discouraged from giving honest opinions.")

In the wake of Knorr-Bremse, the Court in McKesson Information Solutions, Inc. v. Bridge Medical, Inc., 434 F.Supp.2d 810 (E.D. Cal. 2006), was faced with facts materially similar to those presented in this case. In McKesson, an alleged patent infringer specifically disclosed that it received a clearance opinion from counsel. In that situation, the Court held, an adverse inference is particularly inappropriate. As the Court properly recognized, if the jury/fact finder knew that the defendant "received an opinion of counsel, but refuses to reveal it under a claim of privilege… [i]t is inescapable that the jury would likely conclude that [the defendant] received an unfavorable opinion, otherwise [the defendant] would reveal it. This is precisely the negative inference *Knorr* prohibits." McKesson Information Solutions, 434 F.Supp.2d at 812.

Similarly, in Astra Pharm. Prods., Inc. v. Beckman Instruments, 220 U.S.P.Q. 609 (D. Mass. 1983), aff'd, 718 F.3d 1201 (1st Cir. 1983), the Court considered whether there was any evidence that a putative infringer acted in bad faith in adopting its mark. The Court's inquiry as to bad faith was made in connection with its determination of likelihood of

confusion.[5] The defendant refused to produce privileged documents relating to its trademark clearance efforts. 220 U.S.P.Q. at 612. The plaintiff argued that such a refusal warrants the inference that defendant adopted its mark in bad faith. The Court disagreed and held that it "cannot draw an adverse inference from the proper assertion of an attorney-client privilege. The record is, therefore, devoid of any evidence of bad faith by [defendant] in its adoption of the" mark. Id. at 612.

In this case, as in McKesson Info. Solutions and Astra Pharm., MGA acknowledges that it did receive an opinion from legal counsel evaluating name clearance. MGA has offered to provide this information to Hasbro in a manner that does not unfairly prejudice MGA. This information has not been disclosed, however, because Hasbro will not agree to a reasonable, limited waiver. Therefore, in order to preserve its attorney-client privilege and work product protections, MGA intends to forego reliance on legal advice to support its defense at this time.[6] MGA, therefore, respectfully submits that it would be improper for the Court, or a jury, to draw an adverse inference against MGA because Hasbro will not agree to a reasonable limitation on the waiver that would allow this information to be disclosed. Id.; Knorr-Bremse, 383 F.3d at 1345.

## II
## EXPEDITED CONSIDERATION IS WARRANTED

Expedited consideration of this motion is warranted because the hearing on Hasbro's motion for preliminary injunction is scheduled to reconvene on November 15, 2006. If

---

[5] A party's intent in adopting a particular mark is one of the eight factors to be considered when considering likelihood of confusion. Borinquen Biscuit Corp. v. M.V. Trading Corp., 443 F.3d 112, 120 (1st Cir. 2006).

[6] As is discussed in Part II, MGA would consider disclosing its efforts concerning name clearance to Hasbro and affirmatively pursuing the defense if an agreement or order for a limited waiver were in place.

the Court is inclined to permit an adverse inference to be drawn against MGA either at the hearing or at trial, then MGA will need to respond accordingly. Specifically, MGA would prefer to provide Hasbro with appropriate and prompt discovery[7] concerning its trademark clearance efforts pursuant to an agreement for limited waiver and present its case accordingly.

**CONCLUSION**

For the foregoing reasons, MGA respectfully requests that the Court order that no adverse interference may be drawn against MGA at trial or during the preliminary injunction hearing based on its decision to preserve the attorney-client privilege and work product protections to not produce witnesses or evidence concerning legal advice it received in connection with its trademark clearance efforts.

Respectfully submitted,
Defendant and Counterclaimant,
MGA ENTERTAINMENT, INC.,
By its attorneys,

/s/ Brooks R. Magratten /jpb
BROOKS R. MAGRATTEN, R.I. Bar ID #3585
GEORGE E. LIEBERMAN, R.I. Bar ID #3860
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Telephone: (401) 421-3060
Facsimile: (401) 272-6803
E-mail: bmagratten@vetterandwhite.com
glieberman@vetterandwhite.com

[7] MGA can immediately produce documents concerning clearance for Hasbro's review. The volume of such documents is not substantial, so Hasbro would be able to evaluate these documents in a short period of time. Additionally, Samir Khare, Esq., MGA's in-house counsel who performed the clearance, could be made available for deposition in Rhode Island before the hearing on Hasbro's motion for preliminary injunction resumes.

KENT R. RAYGOR, admitted *pro hac vice*
JANENE P. BASSETT, admitted *pro hac vice*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
E-mail: kraygor@sheppardmullin.com
jbassett@sheppardmullin.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the within MOTION *IN LIMINE* OF DEFENDANT/COUNTERCLAIMANT MGA ENTERTAINMENT, INC. TO PRECLUDE THE DRAWING OF AN ADVERSE INFERENCE AGAINST MGA and supporting memorandum on November 9, 2006. The Motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the below listed counsel of record has been effectuated by electronic means.

Kim J. Landsman, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710

Jeffrey K. Techentin, Esq.,
ADLER POLLOCK & SHEEHAN PC
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345

/s/ Janene P. Bassett