UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., Plaintiff, | : | |
| - against - | : | C.A. No. 06-262S |
| MGA ENTERTAINMENT, INC., Defendant. | : | |

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF GEORGE COOPER AND BETH CHAPMAN AND PLAINTIFF'S OBJECTIONS TO DEFENDANT'S REQUESTS FOR JUDICIAL NOTICE**

Plaintiff Hasbro, Inc. ("Hasbro") hereby opposes the requests by defendant MGA Entertainment, Inc. ("MGA") filed on October 13 and 16 (**Docket No. 87**) that the Court take judicial notice of certain patents and trademark registrations, and also moves *in limine* to preclude MGA's purported experts George M. Cooper and Beth A. Chapman from testifying at the preliminary injunction hearing or at trial. The grounds for Hasbro's objections and its motion *in limine* are set forth in the accompanying Memorandum of Law.

Dated: November 10, 2006

Respectfully submitted,

/s/ Jeffrey K. Techentin_______________

Joseph Avanzato [#4774]
(javanzato@apslaw.com)
Jeffrey K. Techentin [# 6651]
(jtechentin@apslaw.com)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel. # (401) 274-7200
Fax # (401) 751-0604

and

Kim J. Landsman
(kjlandsman@pwbt.com)
Michael D. Sant'Ambrogio
(mdsantambrogio@pwbt.com)
Irene Choi
(ichoi@pwbt.com)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

Attorneys for Plaintiff Hasbro, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., | : | |
| Plaintiff, | : | C.A. No. 06-262S |
| - against - | : | |
| MGA ENTERTAINMENT, INC., | : | |
| Defendant. | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF GEORGE COOPER AND BETH CHAPMAN AND PLAINTIFF'S OBJECTIONS TO DEFENDANT'S REQUESTS FOR JUDICIAL NOTICE**


Joseph Avanzato [#4774]
Jeffrey K. Techentin [# 6651]
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel. # (401) 274-7200
Fax # (401) 751-0604

and

Kim J. Landsman
Michael D. Sant'Ambrogio
Irene Choi
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Tel. # (212) 336-2000
Fax # (212) 336-2222

Attorneys for Plaintiff Hasbro, Inc.

Plaintiff Hasbro, Inc. ("Hasbro") hereby opposes the requests by defendant MGA Entertainment, Inc. ("MGA") filed on October 13 and 16 that the Court take judicial notice of certain patents and trademark registrations its counsel have collected. Hasbro also moves *in limine* to preclude MGA's purported experts George M. Cooper and Beth A. Chapman from testifying at the preliminary injunction hearing or at trial.

## I. PRELIMINARY STATEMENT

MGA is trying through the request for judicial notice of 220 patents and 345 trademark applications or registrations to do exactly what First Circuit and other precedent have explicitly warned against: Using Fed. R. Evid. 201(b) to circumvent the rule against hearsay.

MGA is also trying to use sheer quantity of material to overwhelm the trier of fact with dubious statements from documents that have no relevance to trademark law or to the issue of the strength of Hasbro's MEMORY® trademark.

MGA intends to introduce expert testimony at the preliminary injunction hearing (and presumably at trial) of George M. Cooper, a patent attorney, and Beth A. Chapman, a lawyer of counsel with the firm of Oblon, Spivak, McClelland, Maier & Neustadt, P.C. The testimony of these two lawyers is irrelevant and the attempt to argue the law through purported expert testimony is improper.

First, the existence of patent applications and registrations that include the word "memory" somewhere within them simply has no bearing on the validity and enforceability of Hasbro's trademark or MGA's infringement of the mark. The same is true of trademark applications and registrations that refer to "memory" or "memory games" in the identification of goods. That the words appear in patents or trademark registrations do not make them relevant. Conclusions about what patents and trademark registrations allegedly show are nothing more than a distraction.

Second, Mr. Cooper and Ms. Chapman's opinions are improper expert testimony because Mr. Cooper is not qualified to render a trademark opinion and Ms. Chapman's report consists of no more than legal conclusions. It is entirely improper to offer as an expert an attorney to testify on MGA's interpretation of the law. The Court is entirely qualified to draw its own conclusions about the law without the input of experts in the field. Moreover, both experts rely on mere anecdotal evidence for the conclusions that they reach. Their testimony is therefore inadmissible under Fed. R. Evid. 702 and 403. MGA's counsel may consult with Cooper and Chapman to strategize and hone his legal arguments, but he may not proffer them as experts before the Court.

## II. BACKGROUND

On October 13 and 16, MGA filed a series of requests for judicial notice concerning: (1) "Hasbro's U.S. Patent with "memory" in the Text"; (2) "U.S. Patents in Class 273/Subclass 273 (Memory or Matching Games)"; (3) "U.S. Patents Related to Memory Games"; (4) "U.S. Trademark Records Related to Memory Games – Trademark Applications and Registrations"; and (5) "U.S. Trademark Records Related to Memory Games – Manual of Trademark Acceptable Identification of Goods and Services." (Docket No. 87) In each case, MGA requested that the Court take judicial notice of the exhibits attached to the request and the "information from the U.S. Patent & Trademark Office."

On October 19 and 20, MGA served the Preliminary Expert Report and Declaration of George M. Cooper and the Declaration and Expert Report of Beth A. Chapman. (Docket Nos. 89 and 94, respectively.) Mr. Cooper describes himself as a "patent attorney." He opines based on patent issued by the USPTO that "the term 'memory' when used in reference to games is a reference to a well-known and common type or category of amusement games." (Cooper Rpt. ¶¶ 10-13.)

Ms. Chapman is also an attorney, although her background is in trademarks rather than patents. She was, for a time, an administrative judge with the Trademark Trial and Appeal Board and her report reads like a judicial decision in which she recites various statutes, case law, and two Trademark Manuals, and then concludes based on trademark records of the USPTO that the "terms 'memory' or 'memory game' … are generic in relation to games, and that Registration No. 834,282 and Registration No. 2,894,970 are subject to cancellation based on genericness of the marks shown therein." (Chapman Rpt. ¶ 12.)

Neither expert purports to explain why, if he or she is correct, the same USPTO that issued the patents and trademark registrations the experts cite also registered Hasbro's MEMORY trademark in 1966 and in 2004.

## III. ARGUMENT

### A. The Documents for which MGA Seeks Judicial Notice Are Rank Hearsay Subject to No Exception.

The leading treatise on Federal Procedure warns, and the First Circuit has held, that "judges may not [use Fed. R. Evid. 201(b) to] defenestrate established evidentiary processes, thereby rendering inoperative the standard mechanisms of proof and scrutiny, if the evidence in question is at all vulnerable to reasonable dispute." Lussier v. Runyon, 50 F.3d 1103, 1114 (1st Cir. 1995); see 21 Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5104, at 154-55 (1977) (warning against "turning a hearsay statement into 'truth' by the alchemy of judicial notice").

Under Fed. R. Evid. 201(b), a judge may take notice of an adjudicative fact only if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Lussier, 50 F.3d at 1114.

Facts that are " 'generally known within the territorial jurisdiction of the trial court' are those that exist in the unrefreshed, unaided recollection of the populace at large." Id. (citing 21 Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5105, at 489 (1977)). Under this rubric, a court may take judicial notice of such "such varied matters as the 'traditional features of a snowman,' or the popularity of certain reusable containers, or the impossibility of driving from one place to another in a specified period of time[.]" Id. (citations omitted).

Whatever "information" may be contained in the USPTO records submitted by MGA, it is clearly not "generally known … in the unrefreshed, unaided recollection of the populace" of the District of Rhode Island, and MGA has not made any attempt to show that it is.

What MGA is asking the Court to do is to take judicial notice of statements made by patentees or trademark registrants, which are pure hearsay. Admitting the documents for that purpose would violate what the leading treatise pronounces in a heading as the "Fundamental rule – cannot notice hearsay." 21B Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5106.4, at 231 (2005). Using the example of court records, the treatise states that "When offered to prove the facts stated, court records are hearsay; hence, they would be admissible as evidence only if they satisfied some hearsay exception such as the official records exception." Id.

In the present case, for example, the Court may take judicial notice of the fact (if relevant) that Karen Gourgey and Steven Landau are listed in the USPTO records as the owners of Patent No. 7,106,220, which is titled "Tactile graphic-based interactive overlay assembly and computer system for the visually impaired." (Docket No. 87, Exh. P.1.) The patentee's

statements in the specification or the claims are pure hearsay not subject to any of the exceptions in Fed. R. Evid. 803.[1] See Lussier, 50 F.3d at 1114.

MGA cites Torrens v. Lockheed Martin Services Group, Inc., 396 F.3d 468, 473 (1st Cir. 2005), in support of its requests. But in Torrens the First Circuit merely noted that a Court is free "to take judicial notice of the ***existence*** of government records." (Emphasis added.) The First Circuit considered a letter submitted by a party on appeal as " relevant ***not for the truth of anything asserted in it*** but simply as a legally significant event, like a treaty or a will." Id. (emphasis added).

Likewise, the Court may take judicial notice of the ***existence*** of the USPTO records cited by MGA, if relevant (which they are not), but MGA may not merely quote from various records at length and then expect the Court to admit into evidence the hearsay contained therein.

## IV. COOPER'S TESTIMONY CONCERNING CONCLUSIONS FROM PATENTS IS BOTH IRRELEVANT AND IMPROPER AS BEYOND HIS EXPERTISE.

Cooper's testimony that the use of the word "memory" may be used in connection with games to describe a common "type" or "category" of games should be excluded as irrelevant. In addition, Mr. Cooper has no expert qualifications to render an opinion on whether MEMORY is generic for or descriptive of a card game, and his opinion is based on nothing more than anecdotal evidence.

The two Hasbro patents he cites are prime examples of how irrelevant the whole enterprise of trying to reach trademark conclusions from patents is. The fact that Hasbro holds a

[1] Subsection (8) of Fed. R. Evid. 803 permits admission of public records and reports but only to the extent that they set forth the activities of the agency or matters observed pursuant to a legal duty for which there is a duty to report. The material stated by the registrants in the patents and trademark registrations does not comply.

patent for an "electronic learning toy" that includes a function whereby the device may "engage the player in a memory game if the player presses the overlay and if the controller is operating in the second mode" (Cooper Rpt. ¶ 12) is irrelevant to either the validity and enforceability of Hasbro's MEMORY® mark because you know nothing from that statement about the type of memory game to which reference is made. The same is true for Hasbro's patent for "an electronic matching game for teaching memory skills to young children." (Cooper Rpt. ¶ 12.)

As numerous witnesses have testified, many, if not most, games, require memory skills, and many games could, in a loose sense, therefore be described as memory games. That is why the word is not descriptive of any particular game. Hasbro's MEMORY® mark is not descriptive in a trademark sense because the word "memory" does not let consumers know that Hasbro's product is a game or describe any of the characteristics of the game. Rather, it merely suggests an element of skill useful in the game (a good recollection). The word "memory" on its own imparts no direct information about the game, such as what it looks like, the equipment for playing it, or how it is played. It does not, for example, indicate that Hasbro's product is a game using cards or one that it involves numerous pairs of matching cards whose locations must be remembered after they have been revealed and then flipped over again.

It is also uncontroversial that the word "memory" may be used as an adjective with any number of other words, <u>e.g.</u>, "memory test", "memory skills," "memory chip," etc., to modify the noun's meaning. This is true of any adjective in the English language. But this does not mean that Hasbro's MEMORY® mark is descriptive in the trademark sense. MGA's burden is "not simply to show that the mark describes a feature of the trademark holder's product; rather, it must show that consumers regard the mark as <u>merely</u> descriptive of that product." <u>Borinquen</u>

Biscuit Corp. v. M.V. Trading Corp., 443 F.3d 112, 119 (1st Cir. 2006). Otherwise, no English word that can be used as an adjective could ever be used as a trademark. This is not the law.

Moreover, the use of "memory" as an adjective in various patent records to describe different aspects of a variety of goods undermines MGA's theory that "Memory" is the generic name of a "card-matching game using a standard 52-card deck of playing cards." See MGA's Mem. of P. and A. in Opp'n to Mot. for Prelim. Inj. and Recall, at 15. Put simply, Mr. Cooper does not cite any documents that refer to a "card-matching game using a standard 52-card deck of playing cards" as "Memory." Quite the opposite. For example, the title of Patent Class 273 ("Amusement Devices: Games"), Subclass 273 ("Memory or Matching Games (e.g. Concentration)") suggests that "Concentration" may be the name of a particular game that involves memory, but not "Memory." Rather, "memory or matching games" is merely used to describe games that involve memory or matching skills. Again, this does not mean that consumers regard MEMORY as merely descriptive of or the generic name for a particular game. Borinquen Biscuit Corp., 443 F.3d at 119.

Finally, even if the individual USPTO examiners responsible for developing the patent classifications and certain patent applicants believe that MEMORY merely describes or is a generic name for a particular game, which it does not, the contents of these records is merely anecdotal evidence and Mr. Cooper is not qualified to render an opinion about how such individual beliefs might be relevant to Hasbro’s trademark rights.

The district court must ensure that all expert testimony is not only relevant but reliable. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147 (1999); Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993). "Fed. R. Evid. 702 consists of three distinct but related requirements. First, a proposed expert witness must be qualified to testify as an expert by

'knowledge, skill experience, training, or education.' Second, the expert's testimony must concern 'scientific, technical or other specialized knowledge.' Finally, the testimony must 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" United States v. Shay, 57 F.3d 126, 132 (1st Cir. 1995) (citations omitted). Moreover, it is not the general acceptance of the methodology that is relevant, "[r]ather, it [is] the reasonableness of using such an approach, along with [the expert's] particular method of analyzing the data thereby obtained, to draw a conclusion ***regarding the particular matter to which the expert testimony [is] directly relevant***." Kumho Tire Co., 526 U.S. at 153-54 (emphasis in original). In General Electric Co. v. Joiner, for example, the court noted: "Trained experts commonly extrapolate from existing data. But nothing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." 522 U.S. 136, 146 (1997).

Mr. Cooper describes himself as a "patent attorney." (Cooper Rpt. ¶ 1.) His resume does not include any experience that would enable him to render an opinion on trademarks (Cooper Rpt. ¶ 3), let alone on whether the inclusion of the word "memory" in certain USPTO records renders MEMORY generic or descriptive in a trademark sense for a particular game.

Moreover, his opinion is based on nothing more than anecdotal evidence. Mr. Cooper has not conducted a survey of how the public views the word MEMORY or Hasbro's MEMORY® mark. The fact that certain patent examiners in the USPTO and certain patent applicants have referred to "memory games" is not a reliable basis for concluding that MEMORY is generic for or descriptive of a certain card game. "A term should be characterized

as 'descriptive' only if a substantial portion of prospective customers recognize it as such. The meaning of a term to a non-purchasing segment of the population is neither relevant nor important." J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, § 11:20 (4th Ed. 2006). Mr. Cooper does not offer any reason why the references to "memory" in certain USPTO records, many of them concerning highly technical inventions, renders MEMORY generic for or descriptive of a certain card game in the minds of the relevant purchasing public that both sides agree is a mother (or other relative) of children aged 3-5. How could he? He has no background in trademarks that would qualify him to render such an opinion and no specific knowledge of how the purchasing public (not esoteric inventors) interpret a word.

Accordingly, Mr. Cooper's testimony and the USPTO records upon which he relies should be excluded as irrelevant and inadmissible under both Fed. R. Evid. 403 and 702.

## V. MS. CHAPMAN MAY NOT OFFER THE COURT ANOTHER LEGAL BRIEF IN THE GUISE OF AN EXPERT REPORT.

Expert witnesses cannot testify as to issues of law. Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 99 (1st Cir. 1997). Indeed, "[t]he rule prohibiting experts from providing their legal opinions or conclusions is so well-established that it is often deemed a basic premise or assumption of evidence law -- a kind of axiomatic principle." In re Initial Pub. Offering Sec. Litig., 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001) (citation and quotation marks omitted). In Nieves-Villanueva, the First Circuit joined seven other circuits in affirming that the Federal Rules of Evidence prohibit witnesses from "instruct[ing] the jury as to applicable principles of law." 133 F.3d at 99 (collecting cases).

Expert witnesses are not exempt from this bar. Pursuant to Federal Rule of Evidence 702, witnesses who qualify as experts may offer opinion testimony only if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence

or to determine a fact in issue." Because juries do not decide pure questions of law, expert opinion on legal issues "is not helpful to the jury and so does not fall within the literal terms" of Rule 702. Id. at 100. Expert testimony on questions of law not only fails to help the jury, but may harm the judicial process. Id. "In our legal system, purely legal questions and instructions to the jury on the law to be applied to the resolution of the dispute before them is exclusively the domain of the judge." Id. at 99. An expert who testifies as to questions of law poses the "danger . . . that the jury may think that the 'expert' in the particular branch of the law knows more than the judge." Id. This inference is "impermissible . . . in our system of law." Id.

Although the danger of expert legal testimony is particularly acute because of the threat that the expert will invade the judge's responsibility to instruct the jury on the applicable law, the prohibition applies regardless of whether a jury is involved. See Roman v. Delgado Altieri, 371 F. Supp. 2d 7, 10 (D.P.R. 2005) (excluding expert opinion on issues of law on motion for summary judgment).

Ms. Chapman's "Expert Report" is nothing more than a legal brief. She cites two Trademark Manuals, sections of the Trademark Act, and decisions of the Trademark Trial and Appeal Board ("TTAB") and one court, and then concludes that "the terms 'memory' or 'memory game' within the identification of goods that these terms are generic in relation to games, and that [Hasbro's registrations] are subject to cancellation based on genericness of the marks shown therein." (Chapman Rpt. ¶ 13.) This is a legal conclusion based on Ms. Chapman's (and MGA's) own interpretation of the law and must be excluded. Nieves-Villanueva, 133 F.3d at 93, 101 (holding that the lower court erred in admitting expert testimony that reached a legal conclusion based on the governing law and the expert's interpretation of court decisions). MGA's counsel

may consult with Ms. Chapman regarding MGA's legal strategy and obtain her assistance in writing its briefs, but it may not submit an additional legal brief in the guise of an expert report.

Moreover, the fact that certain trademark applicants have referred to "memory games" in the identification of their goods does not mean that the primary significance of MEMORY to the relevant public is a generic name for a particular game. See Boston Athletic Ass'n v. Sullivan, 867 F.2d 22, 27 (1st Cir. 1989) (holding that "Boston Marathon" was not generic because defendant did not introduce evidence that the primary significance of the registered mark to the relevant public was generic). Like Mr. Cooper, Ms. Chapman has not surveyed the relevant public on the primary significance of Hasbro's MEMORY® mark. The USPTO records she cites are merely anecdotal evidence and an unreliable basis for the legal conclusions she reaches.

Finally, to the extent that Ms. Chapman cites the USPTO records as evidence that the USPTO considers MEMORY to be generic, her argument is a non-starter. The USPTO has already considered the question and determined that Hasbro's mark is at least suggestive. The USPTO examiners who reviewed Hasbro's applications to register MEMORY were certainly in the best position to judge whether the mark was generic or descriptive and they deemed that it was not.

Accordingly, Ms. Chapman's testimony and the USPTO records she relies upon should be excluded as irrelevant and inadmissible under both Fed. R. Evid. 403 and 702.

## Conclusion

For the reasons stated above, Hasbro respectfully requests that the Court deny MGA's request to take judicial notice of the USPTO records attached to its five requests for

judicial notice filed on October 13 and 16, and that the testimony of George M. Cooper and Beth A. Chapman be precluded.

Dated: November 10, 2006

Respectfully submitted,

/s/ Jeffrey K. Techentin________________
Joseph Avanzato [#4774]
(javanzato@apslaw.com)
Jeffrey K. Techentin [# 6651]
(jtechentin@apslaw.com)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel. # (401) 274-7200
Fax # (401) 751-0604

and

Kim J. Landsman
(kjlandsman@pwbt.com)
Michael D. Sant'Ambrogio
(mdsantambrogio@pwbt.com)
Irene Choi
(ichoi@pwbt.com)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

## CERTIFICATE OF SERVICE

TO:

Brooks R. Magratten, Esq.
(bmagratten@vetterandwhite.com)
George E. Lieberman, Esq.
(glieberman@vetterandwhite.com)
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903

Kent R. Raygor, Esq.
(kraygor@sheppardmullin.com)
Janene P. Bassett, Esq.
(jbassett@sheppardmullin.com)
Sheppard Mullin Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017

Kim J. Landsman, Esq.
(kjlandsman@pbwt.com)
Michael D. Sant'Ambrogio, Esq.
(mdsantambrogio@pbwt.com)
Irene Choi, Esq.
(ichoi@pbwt.com)
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710

I hereby certify that I filed the within Plaintiff's Motion *in Limine* To Exclude Testimony of George Cooper and Beth Chapman and Plaintiff's Objections To Defendant's Requests for Judicial Notice and the corresponding memorandum of law through the ECF system on the 10th day of November, 2006, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 06-262S.

/s/ Jeffrey K. Techentin____________

*399252_1*