UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., | : | |
| Plaintiff, | : | |
| - against - | : | C.A. No. 06-262S |
| MGA ENTERTAINMENT, INC., | : | |
| Defendant. | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION**
***IN LIMINE* TO PRECLUDE DRAWING OF AN**
**ADVERSE INFERENCE FROM THE ASSERTION OF PRIVILEGE**

Plaintiff Hasbro, Inc. ("Hasbro") hereby objects to the motion *in limine* of Defendant' MGA Entertainment, Inc. ("MGA") to preclude the drawing of an adverse inference from the assertion of privilege to avoid disclosing the advice of counsel it received before commencing and while continuing its infringing activity. The grounds supporting this objection are set forth in the accompanying Memorandum of Law.

Dated: November 13, 2006

Respectfully submitted,

/s/ Jeffrey K. Techentin
Joseph Avanzato [#4774]
(javanzato@apslaw.com)
Jeffrey K. Techentin [# 6651]
(jtechentin@apslaw.com)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel. # (401) 274-7200
Fax # (401) 751-0604

and

Kim J. Landsman
(kjlandsman@pwbt.com)
Michael D. Sant'Ambrogio
(mdsantambrogio@pwbt.com)
Irene Choi
(ichoi@pwbt.com)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone:  (212) 336-2000
Facsimile:  (212) 336-2222

Attorneys for Plaintiff Hasbro, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC., Plaintiff, | : | |
| - against - | : | C.A. No. 06-262S |
| MGA ENTERTAINMENT, INC., Defendant. | : | |

# PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE DRAWING OF AN ADVERSE INFERENCE FROM THE ASSERTION OF PRIVILEGE

Plaintiff Hasbro, Inc. ("Hasbro") respectfully submits this Memorandum of Law in response to the motion *in limine* of Defendant' MGA Entertainment, Inc. ("MGA") to preclude the drawing of an adverse inference from the assertion of privilege to avoid disclosing the advice of counsel it received before commencing and while continuing its infringing activity.

## Preliminary Statement

MGA's motion attacks a straw man. Hasbro does not intend to ask the Court to draw an adverse inference from MGA's decision not to waive the attorney-client privilege by disclosing what its in-house lawyer Sam Khare told the business people who requested that he clear the MEMORY MATCH-UP™ trademark for use on the product at issue. Hasbro will simply ask the Court (and ultimately the jury) to take into account the non-privileged facts, admitted by MGA's witnesses from the outset of this litigation without any assertion of privilege, that

1. Bo Lumabao, MGA's Product and Marketing Manager, asked Sam Khare, the inhouse lawyer in charge of trademark clearance, to put the proposed MEMORY MATCH-UP™ trademark through the standard procedure at MGA to determine whether it was available for use and registration.

2. Mr. Khare performed a search of the federal register in August 2005 and found Hasbro's two registrations for the MEMORY trademark.

3. He also performed an internet search that determined that Hasbro was indeed using the MEMORY trademark for a game.

4. Mr. Khare communicated that information to Mr. Lumabao and other business people before the decision to call the product MEMORY MATCH-UP™ was finally made.

None of that information is privileged, and it is probative of the fact that MGA (1) did not infringe Hasbro's trademark innocently or in ignorance of Hasbro's rights and (2) intended MEMORY MATCH-UP™ to be a trademark and product name, not, as MGA has tried to portray it, "almost an afterthought" (10/23/2006 Tr. at 43:15) or a purely descriptive phrase.

What is odd and ominous in MGA's motion is not that it is asking that no adverse inference be drawn at the preliminary injunction hearing; it is the hint in its motion that it may at a later time try to waive the privilege for the trial and try to put in selective evidence of legal advice that was given.[1] The corollary to the principle that assertion of privilege should not engender an adverse inference is that it may not be used to engender a favorable inference. That is, a party may not say, "We got an opinion of counsel and proceeded. Therefore you should

•

[1] MGA states, for example, that it "intends to forego reliance on legal advice to support its defense *at this time*." MGA Br. at 7 (emphasis added).

infer that the opinion approved our actions." Hasbro respectfully requests that the Court definitively reject any such attempt.

MGA claimed the privilege to prevent deposition testimony back in early August. At the time it threatened to make a motion to seek an advisory opinion about the scope of the waiver it would be held to, but MGA never followed up on that threat and still has not. With fact discovery closing today, November 13, it is far too late and the impact would be far too prejudicial if MGA were allowed to reveal its legal advice and reopen discovery.

## Facts

Because MGA's papers provide a selective and distorted version of the facts – especially with respect to the intimation that Hasbro somehow reneged on an agreement as to the scope of the waiver of privilege if MGA revealed the advice given as a result of its trademark clearance procedure - we will take the time to set them out in some detail

MGA's initial papers in opposition to Hasbro's motion for a preliminary injunction and recall included a declaration by Sam Khare, an inhouse counsel whose responsibilities include trademark clearances. He stated that in August 2005 he accessed the Trademark Office's website "to look for trademark applications and registrations that used the words 'Memory' and/or 'Match-Up' or Matchup as a trademark or service mark or as a part of a composite mark, within Class 28 (toys and sporting goods) of the International Classification of Goods and Services." Khare Decl.¶ 3. He found Hasbro's two registrations for the MEMORY trademark. Id. ¶ 5. He also conducted a product search using an internet search engine that found Hasbro's MEMORY game. Id ¶ 7.

Mr. Khare testified at his deposition that he did this at the request of Bo Lumabao, MGA's Product and Marketing Manager. Khare Dep. 23:10-16. From that point on, Mr. Khare

was instructed not to answer any questions concerning his communications with Mr. Lumabao or any other business person concerning the proposed MEMORY MATCH-UP™ trademark. Khare Dep. 23:22 -25:9, 27:11-22, 28:16 - 32:7, 34:1-17, 35:16 -36:5.

MGA's log of documents withheld on the grounds of privilege contains several e-mails from July 21, 2005, to August 23, 2005, going back and forth between, among others, Mr. Lumabao and Mr. Khare on the cryptic subject of "product name." These were clearly the requests for clearance and Mr. Khare's response. MGA's counsel instructed Mr. Lumabao not to answer any questions whatsoever about his request for trademark clearance for the MEMORY MATCH-UP™ name or Mr. Khare's response. Lumabao Dep. 56:9 – 58:20.

The depositions at which MGA witnesses were instructed not to answer any questions concerning the request to clear use of MEMORY MATCH-UP™ as a trademark occurred in the week of August 7, 2006. Prior to that time, MGA's counsel had asked Hasbro's counsel to stipulate that he could reveal that specific advice without waiving the privilege as to other legal advice given to or by Mr. Khare on the subject of use of the MEMORY MATCH-UP™ name.

The issue of the scope of the waiver that would occur if MGA sought to selectively disclose certain legal advice has been brewing since at least July. There is no reason or justification for MGA to try to raise it on an expedited basis just as the preliminary injunction hearing is to recommence.

MGA's brief distorts the communications that occurred concerning its attempt to impose a very limited waiver of the privilege in an attempt to argue that Hasbro somehow reneged on an agreement. We therefore set it out in greater detail.

In a letter dated July 7, 2006, MGA's counsel stated:

> We are willing to allow discovery into MGA's clearance efforts for the game at issue in this action (they were done by in-house counsel) under limited conditions, as we discussed. You indicated that you generally are willing to agree to limit the scope of the waiver of the privilege in connection therewith to those specific clearance efforts relative to the name of MGA's product and that the waiver would not extend to any litigation-related communications or work product, but you wanted to think about it some more. MGA is not prepared to have the scope of the waiver extend to discussions and communications by counsel during the product development process or in connection with the development of packaging for the product *except* to the extent any such discussion specifically related to the placement and/or use of the name of the product.

In a letter dated July 11, 2006, Hasbro's counsel responded:

> If you want to affirmatively use your clearance efforts that will, presumably, involve a waiver of privilege. We agree that it should not extend to subsequent litigation advice, but are not comfortable agreeing ahead of time to the more general non-waiver position you put forward in this paragraph. I would suggest that if there are certain areas of legal advice that you have in mind that you think should not be waived, that you specify them.

In a letter dated August 3, 2006, MGA's counsel stated:

> With regard to the disclosure of MGA's clearance opinion work, which you have asked us to produce in discovery, you agreed to a limited scope of waiver flowing from the production of that information, and you then changed your mind and now refuse to agree. I outlined in my August 2 letter that we will have to instruct the witnesses not to answer. We will make our record, and will then ask the Court for a protective order pursuant to Fed. R. Civ.P. 26(c).

In other words, the acknowledgement in Mr. Raygor's July 7 letter that any view of the scope of the waiver expressed by Hasbro had been tentative and subject to further reflection was converted less than a month later into an accusation of a broken agreement. In a letter dated August 2, 2006, Hasbro's counsel had already explained:

> Your accusation that I have changed my position on the waiver of privilege issue is unfounded. The law on waivers is not well settled and can be very fact-specific. As I have now stated several

> times, you are not entitled to an advance stipulation from me or an advisory opinion from the Court before deciding whether to waive the privilege for MGA's legal clearance for the MEMORY MATCH-UP™ name. You must decide what you want to disclose and take the risk of where that leads. Without knowing what self-serving information you want to disclose, I cannot advise you on what other information that disclosure may lead to.

MGA's letter to this Court dated August 10, 2006, admitted that no agreement on the scope of waiver was reached:

> In July and August 2005, MGA in-house attorney Sam Khare and MGA's paralegal staff conducted an in-house analysis of the product name at issue in this case – Memory Match-Up. Hasbro has asked for all of his communications, and work product concerning that work, in Hasbro's discovery requests. MGA informed Hasbro that MGA was willing to waive the privilege and work product protection for *that* material if Hasbro would stipulate to a limited scope of that waiver – namely, (a) that the waiver would extend only to the subject matter of the work that Mr. Khare did and that it would not cover any other non-Hasbro-related work he has done as legal counsel for MGA, and (b) that the waiver would extend only until April 19, 2006 when Hasbro first made its claim against Hasbro that led to the filing of this lawsuit. After April 19, 2006, Mr. Khare has been heavily involved in MGA's defense of the claims in this action and in working with MGA's outside counsel to present its case.
>
> *Believing that an agreement would be reached* with regard to the scope of the limited waiver, MGA submitted a factual declaration from Mr. Khare as part of its opposition to the injunction motion.[2] Hasbro, however, has refused to stipulate to a limited waiver and, instead, demands that MGA disclose the privileged and work product material before it will consider whether to agree to a limit on the scope of the waiver.

---

[2] In Footnote 28 on page 30 of its opposition brief filed with this Court on July 17, MGA stated the following about Mr. Khare's declaration:

> "MGA cannot presently proceed with disclosing any attorney-client communications with its attorney *or* his conclusions, without an agreement or order that limits the scope of the necessary privilege waiver that would result therefrom. MGA is presently discussing with Hasbro's counsel a stipulation that would define the scope of that waiver, and failing agreement being reached, will file a motion asking the Court to define that scope. Unless and until the scope of the proposed waiver is defined, MGA will preserve the attorney-client privilege and cannot disclose the substance of those communications and opinions."

(Emphasis added)  Hasbro respectfully asks permission not to attach the full text of these letters, inasmuch as they deal with a host of discovery issues that need not concern the Court.

What these letters show is (1) there was never an agreement about limitations on the scope of the waiver, and (2) the issue was fully teed up in early August.  The positions of the parties have not changed since then.  MGA was already threatening to bring a motion for a protective order to seek an advisory opinion on the scope of the waiver so that it could determine what selective portions of the advice given by Mr. Khare could be offered without risk of damaging portions being revealed.  MGA nevertheless waited until just before the close of fact discovery and the continuation of the preliminary injunction hearing to bring up the issue – though still without actually seeking a determination about the scope of the waiver.

## **Argument**

### I. MGA Attacks a Straw Man, Because Hasbro Is Not Seeking Adverse Inferences from MGA's Assertion of Privilege.

In Knorr-Bremse Systeme Fuer Nutzfahreuge GmbH v. Dana Corp., 383 F.3d 1337 (Fed. Cir. 2004), the Court of Appeals for the Federal Circuit *en banc* reversed prior law that a court or jury could draw an adverse inference from the assertion of privilege and failure to produce opinions of counsel in defending against an assertion of bad faith patent infringement. The appellate court held that no inference that the advice given was unfavorable to the infringer could be drawn.  The limited First Circuit precedent on this issue is in accord with *Knorr-Bremse*.  *See Astra Pharmaceutical Products, Inc. v. Beckman Instruments, Inc*. 1983 WL 51933, 220 U.S.P.Q. 609, 612 (D.Mass. 1983), *aff'd* 718 F.2d 1201 (1st Cir. 1983).

Hasbro is not asking the Court to draw – and does not intend at trial to ask the Court to instruct the jury to draw – and adverse inference about the content of the advice Mr. Khare gave or was given.  Hasbro is instead simply asserting that non-privileged information

already revealed by MGA shows that it did not proceed in ignorance of Hasbro's rights. It was, to the contrary, well aware of Hasbro's MEMORY trademark registrations and products when it decided to use the infringing MEMORY MATCH-UP™ name for its competing product. Hasbro is also asserting that the fact that Mr. Lumabao asked the legal department to conduct a trademark clearance for the MEMORY MATCH-UP™ name shows that MGA intended that the name function as a trademark, not as a description of the type of product. None of those facts, already admitted by MGA, is privileged.

Hasbro does not intend to refer to the legal advice MGA's inhouse counsel gave or was given. It follows that MGA should not be allowed to refer to the fact that legal advice was given in an attempt to ask the Court or jury to infer from the fact that legal advice was given that it proceeded in good faith.

## II. MGA Should Not Be Permitted to Reserve Any Right to Put in Evidence of its Legal Opinions at Trial.

As noted above, the issue whether MGA would waive privilege and disclose its legal opinions was ripe for decision in early August when MGA and Hasbro fully discussed the issue of the scope of waiver, disagreed about it, and MGA instructed its witnesses not to answer. With fact discovery to close today, we respectfully ask this Court to make clear that MGA will be held to the decision it made and will not be allowed to selectively disclose privileged advice at a later date. Similarly, just as Hasbro may not ask the jury to draw an adverse inference from assertion of privilege, so too MGA may not seek to instill any inference that it obtained favorable legal advice.

Dated: November 13, 2006

Respectfully submitted,

/s/ Jeffrey K. Techentin________________
Joseph Avanzato [#4774]
(javanzato@apslaw.com)
Jeffrey K. Techentin [# 6651]
(jtechentin@apslaw.com)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel. # (401) 274-7200
Fax # (401) 751-0604

and

Kim J. Landsman
(kjlandsman@pwbt.com)
Michael D. Sant'Ambrogio
(mdsantambrogio@pwbt.com)
Irene Choi
(ichoi@pwbt.com)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

Attorneys for Plaintiff Hasbro, Inc.

## CERTIFICATE OF SERVICE

TO:

Brooks R. Magratten, Esq.
(bmagratten@vetterandwhite.com)
George E. Lieberman, Esq.
(glieberman@vetterandwhite.com)
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903

Kent R. Raygor, Esq.
(kraygor@sheppardmullin.com)
Janene P. Bassett, Esq.
(jbassett@sheppardmullin.com)
Sheppard Mullin Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017

Kim J. Landsman, Esq.
(kjlandsman@pbwt.com)
Michael D. Sant'Ambrogio, Esq.
(mdsantambrogio@pbwt.com)
Irene Choi, Esq.
(ichoi@pbwt.com)
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710

I hereby certify that I filed the within Plaintiff's Objection to Defendant's Motion *in Limine t*o Preclude Drawing of an Adverse Inference from the Assertion of Privilege and the accompanying Memorandum of Law through the ECF system on the 13th day of November, 2006, and that notice will be sent electronically to the above-named counsel who are registered participants identified on the Mailing Information for Case No. 06-262S.

/s/ Jeffrey K. Techentin____________

*394597_1*