UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC.,<br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC.,<br>Defendant. | |
| MGA ENTERTAINMENT, INC.,<br>Counterclaimant,<br><br>v.<br><br>HASBRO, INC.,<br>Counterclaim-defendant. | **C.A. No. 06-262 S** |

**DEFENDANT/COUNTERCLAIMANT MGA ENTERTAINMENT, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE (1) MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF GEORGE COOPER AND BETH CHAPMAN, AND(2) OBJECTIONS TO MGA'S REQUESTS FOR JUDICIAL NOTICE, FILED BY PLAINTIFF/COUNTERCLAIM-DEFENDANT HASBRO, INC.**

# TABLE OF CONTENTS

Page


I. INTRODUCTION ........ 1

II. THE PURPOSE OF THE EXPERT TESTIMONY OF CHAPMAN AND COOPER AND REQUESTS FOR JUDICIAL NOTICE ........ 2

A. The Purpose of MGA's Proposed Expert Testimony ........ 2

B. The Purpose of MGA's Requests For Judicial Notice ........ 3

III. HASBRO'S OBJECTIONS TO MGA'S REQUESTS FOR JUDICIAL NOTICE LACK MERIT. ........ 6

A. Hasbro Concedes That Judicial Notice is Proper for the USPTO's Patent Classification of "Memory or Matching Games" and Pre-Approved Trademark Identification of "Memory Game(s)" ........ 6

B. Judicial Notice of the Patents and Trademarks Cited by MGA is Proper. ........ 7

1. Hasbro Does Not Object to MGA's Reliance on Rule 201(b)(2), Which is Appropriate for Government Records. ........ 7

2. The Patents and Trademark Applications and Registrations Are Not Hearsay. ........ 8

IV. HASBRO'S MOTION IN LIMINE TO EXCLUDE GEORGE COOPER'S AND BETH CHAPMAN'S TESTIMONY LACKS MERIT. ........ 9

A. Hasbro Has No Basis to Exclude Mr. Cooper's Declaration or Testimony ........ 9

1. Mr. Cooper's Extensive Patent Background Qualifies Him to Explain Patent Classification at the USPTO. ........ 9

2. Mr. Cooper's Testimony Is Properly Based On His Personal Experience. ........ 10

B. Hasbro Has No Basis to Exclude Beth Chapman's Testimony. ........ 11

1. Ms. Chapman Is Offered To Explain Trademark Office Procedure ........ 11

2. Hasbro's Objection is Premature. ........ 11

V. CONCLUSION ........ 12

Defendant/counterclaimant MGA Entertainment, Inc. ("**MGA**") hereby opposes Hasbro's Motion *in Limine* to Exclude Testimony of George Cooper and Beth Chapman and Hasbor's Objections to Defendant's Requests for Judicial Notice ("Motion *in Limine*"), filed on November 10, 2006.

## I. INTRODUCTION

MGA has offered former U.S Patent and Trademark Office ("**USPTO**")[1] **patent examiner George Cooper** as an expert on Patent Office practice and procedure and former USPTO Trademark Trial and Appeal Board ("TTAB") **Judge Beth Chapman** as an expert on Trademark Office practice and procedure and trademark law. Hasbro's objections to Mr. Cooper and Ms. Chapman lack merit because MGA offers them as USPTO practice and procedure experts. Hasbro challenges the merits or weight of the experts' testimony, rather than the admissibility. Disagreement about the merits should be addressed by cross-examination, not by evidentiary motion. *See Rebolledo v. Herr-Voss Corp.*, 101 F. Supp. 2d 1034, 1038 (N.D. Ill. 2000) (denying a motion in *limine* because the defendants arguments about the plaintiff's expert went to weight, not admissibility); *United States v. Mooney*, 315 F.3d 54, 63 (1st Cir. 2002), *quoting Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co*., 161 F.3d 77, 85 (1st Cir. 1998).

Hasbro's objections to MGA's cited trademark registrations/applications and patents are misplaced because those records are properly subject to judicial notice. Hasbro does not challenge the basis for judicial notice on which MGA relies (FED. R. EVID. 201(b)(2)), and instead Hasbro inexplicably focuses on FED. R. EVID. 201(b)(1), which is not even cited by MGA. Finally, Hasbro's hearsay argument is faulty, as the use of "memory" in the trademark

---

[1] For simplicity, MGA uses the shorthand "Trademark Office" and "Patent Office" when referring to the trademark and patent branches, respectively, of the USPTO.

and patent records is *not* hearsay, as they are not offered to prove the truth of the matter asserted, but rather to show the widespread, common, generic use of the term "memory."

Hasbro does not object to, and therefore concedes, that judicial notice is proper for patent classification documents (which show that the USPTO has a generic category of patents entitled "**Memory or Matching Games**"), the Patent Office manual requiring that trademarks used in patents be capitalized and have a trademark notation, the Trademark Office's pre-approved acceptable identification of goods with "**memory game**" in the approved identification listing, and the Trademark Office's requirement that the identification of goods include the common name of the goods. Thus, judicial notice should be taken of these matters.

## II. THE PURPOSE OF THE EXPERT TESTIMONY OF CHAPMAN AND COOPER AND REQUESTS FOR JUDICIAL NOTICE

### A. The Purpose of MGA's Proposed Expert Testimony.

**George Cooper's** experience as a patent examiner and his nearly fifty years as a patent attorney involved in patent-searching at the USPTO and in patent prosecution has given him an overwhelming expertise in the area of Patent Office practice and procedure. MGA offers him to explain how the USPTO's patent classification systems works, whereby the USPTO divides up patents by subject matter into different classes and subclasses, entitled by the common name for that class or subclass. One such class is 273, entitled "**Amusement Devices: Games**". Within that class 273 is a subclass 273, entitled "**Memory or Matching Games (e.g., Concentration)**," and *that subclass has 172 patents within it*. Thus, these 172 patents fall within *the federal Patent Office's commonly known category of memory or matching games*. In addition, MGA offers Mr. Cooper to explain the Patent Office procedure precluding the use of trademarks in patents *unless they are specifically identified as trademarks*. Over 50 issued

federal patents include the words "memory" and "game" without referring to "memory" as a trademark--*including two Hasbro patents*.

Likewise, **Beth Chapman**'s experience as an Administrative Trademark Judge with the TTAB, an attorney with the TTAB, and a Trademark Examiner at the USPTO have given her considerable expertise in the area of Trademark Office practice and procedure. MGA offers her to explain the USPTO's official ACCEPTABLE IDENTIFICATION OF GOODS AND SERVICES MANUAL, including what it is, how it is used, and what it means to have "**memory game**" included in it as a USPTO pre-approved description of goods, and as to the relevant trademark law. MGA also offers her to explain the Trademark Office procedure requiring the identification of goods and services in a trademark application to include *the common name for the goods or services*. In addition, MGA offers her to explain the Trademark Office procedures that provide for the cancellation of a trademark registration when it appears that the registration should never have issued in the first place.

**B. The Purpose of MGA's Requests For Judicial Notice.**

With respect to MGA's requests for judicial notice, these documents are being offered for reasons similar to why the testimony of Mr. Cooper and Ms. Chapman, noted above, are offered. The purpose of MGA's REQUEST FOR JUDICIAL NOTICE AND EXHIBITS O.1-O.177 OF DEFENDANT/COUNTER-CLAIMANT MGA ENTERTAINMENT, INC. RE U.S. PATENTS IN CLASS 273/SUBCLASS 273 (MEMORY OR MATCHING GAMES) ("**RJN RE PATENT 'MEMORY OR MATCHING GAMES' SUBCLASS**") is to show the following Patent Office records:

- classification documents listing the "**Memory or Matching Games**" subclass of patents,
- the collection of the 172 patents within this subclass, and
- that two Hasbro patents are included in the "**Memory or Matching Games**" subclass of patents.

MGA cited the pertinent text from the Patent Office records and *listed* the 172 patents, and thus all of the pertinent information is found directly within the RJN RE PATENT "MEMORY OR MATCHING GAMES" SUBCLASS, without having to resort to the underlying exhibits. MGA also has submitted the underlying documents, but submits that, in the interest of streamlining this hearing, they need not be examined themselves as the pertinent portions are presented in the request for judicial notice itself. The underlying documents are, however, submitted so that resort to them can be easily done if desired. It is the collective volume of the patents within this category that is pertinent, rather than any individual patent with the exception of the two Hasbro's patents that also are classified within this category. This information is relevant to show that "memory" is generic for a matching game, as shown by the Patent Office having a category of patents under the common name "Memory or Matching Games," the volume of patents within this category, and Hasbro's two patents within this "**Memory or Matching Games**" category created by the patent office.

The purpose of the REQUEST FOR JUDICIAL NOTICE AND EXHIBITS N.1-N.2 OF DEFENDANT/COUNTERCLAIMANT MGA ENTERTAINMENT, INC. RE HASBRO'S U.S. PATENT WITH "MEMORY" IN THE TEXT ("**RJN RE HASBRO'S 'MEMORY GAME' PATENT**") is to show that even *Hasbro itself refers generically to a "memory game" in its patent—Hasbro does not use any of the Patent Office's required indications that a term is a trademark (i.e., capitalization or trademark symbols)*. Again, MGA cited the pertinent information from Hasbro's patent and the Patent Office records about use of trademarks, and thus all of the pertinent information is found within the RJN RE HASBRO'S 'MEMORY GAME' PATENT, without having to resort to the underlying exhibits. *This information is relevant to show that even Hasbro acknowledges and admits that "memory" is generic—key evidence in making a genericness determination.*

The purpose of REQUEST FOR JUDICIAL NOTICE AND EXHIBITS P.1-P.58 OF DEFENDANT/COUNTERCLAIMANT MGA ENTERTAINMENT, INC. RE U.S. PATENTS RELATED TO MEMORY GAMES ("**RJN RE MEMORY GAME PATENTS**") is to show that more than 50 federally issued patents generically refer to memory games. Again, MGA cited the pertinent text from those patents in the summary chart attached to the RJN RE MEMORY GAME PATENTS, and thus all of the pertinent information is found directly within that chart, without having to resort to the underlying exhibits, which, in any event are supplied for ease of reference if the reader desires to see them. This information is relevant to show the widespread, common, generic use of "memory game" in patents.

The purpose of REQUEST FOR JUDICIAL NOTICE AND EXHIBITS R.1-R.4 OF DEFENDANT/COUNTERCLAIMANT MGA ENTERTAINMENT, INC. RE U.S. TRADEMARK RECORDS RELATED TO MEMORY GAMES – MANUAL OF TRADEMARK ACCEPTABLE IDENTIFICATION OF GOODS & SERVICES ("**RJN RE TRADEMARK IDENTIFICATION MANUAL**") is to show the following Trademark Office records:

- the Trademark Office's TRADEMARK IDENTIFICATION MANUAL that includes "**memory game**" as part of a pre-approved acceptable identification of goods,
- the trademark manual requiring that only generic words are used in identification of goods or services, and
- that the largest toy company, Mattel, whose trademark applications and registrations Hasbro (as the second largest toy company) admits to monitoring, *has 72 trademark applications and registrations with "memory game(s)" in the identification of goods or services*.

MGA cited the pertinent text from the Trademark Office records and listed the 72 Mattel trademark applications or registrations, and thus all of the pertinent information is found within the RJN RE TRADEMARK IDENTIFICATION MANUAL, without having to resort to the underlying exhibits. This information is relevant to show that the term "memory" is generic for these kinds

of games, as shown by the Trademark Office having a pre-approved generic identification of goods that includes "**memory game**"—which had been of public record for more than ten years at the USPTO—and the widespread use of this identification by the largest toy company, Mattel.

The purpose of REQUEST FOR JUDICIAL NOTICE AND EXHIBITS Q.1-Q.345 OF DEFENDANT/COUNTERCLAIMANT MGA ENTERTAINMENT, INC. RE U.S. TRADEMARK RECORDS RELATED TO MEMORY GAMES – TRADEMARK APPLICATIONS AND REGISTRATIONS ("**RJN RE MEMORY TRADEMARKS**") is to show the *345 federal trademark past and present applications and registrations with "memory games," "memory card games," or "memory match games," or "memory match card games" in the identification of goods or services*. Once again, MGA cited the pertinent text from the trademark records in the chart attached to the RJN RE MEMORY TRADEMARKS, and thus all of the pertinent information is found directly within that chart, without having to resort to the underlying exhibits. This information is relevant to show that "memory" is generic and the common name for a specific type of game when used in the context of a game.

The foregoing requests for judicial notice also show Hasbro's failure to police how its purported "memory" mark is used by the U.S. government, by Mattel, the largest toy company (when Hasbro is the second largest toy company), and by numerous third parties, which is a separate and additional reason why "memory" is generic in this context.

## III. HASBRO'S OBJECTIONS TO MGA'S REQUESTS FOR JUDICIAL NOTICE LACK MERIT.

### A. Hasbro Concedes That Judicial Notice is Proper for the USPTO's Patent Classification of "Memory or Matching Games" and Pre-Approved Trademark Identification of "Memory Game(s)".

Hasbro objects only to MGA's citation to (1) 345 federal trademark applications and registrations with "memory games," "memory card games," or "memory match games," or

"memory match card games" in the identification of goods or services; (2) 170 patents within the generic patent subclass of "Memory or Matching Games;" and (3) over 50 patents with "memory game" in them. ***Hasbro does not object to, and therefore concedes***, judicial notice of (1) the USPTO's Patent Office classification documents listing "Memory or Matching Games" as a subclass category of patents; (2) the Trademark Identification Manual that includes "memory game" as part of a pre-approved acceptable identification of goods, and (3) the trademark manual requiring that only generic words are used in identification of goods or services. Therefore, judicial notice should be taken of at least these last three matters.

### B. Judicial Notice of the Patents and Trademarks Cited by MGA is Proper.

#### 1. Hasbro Does Not Object to MGA's Reliance on Rule 201(b)(2), Which is Appropriate for Government Records.

Hasbro, citing Rule 201 (b)(***1***), argues at length that the information "contained in the USPTO records submitted by MGA" is not "generally known . . . in the unrefreshed, unaided recollection of the populace." MOTION IN *LIMINE* at 6-7. However, Hasbro misapprehends the nature of MGA's request. *MGA requests judicial notice pursuant to Rule 201(b)(**2**), which Hasbro fails to address at all, not Rule 201(b)(1).* **Thus, Hasbro does not object to, and therefore concedes, judicial notice pursuant to Rule 201(b)(2).**

Courts may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). Pursuant to this rule, Courts routinely take judicial notice of government documents, including copyright registrations, trademark registrations, and patents. *Torrens v. Lockheed Martin Services Group*, 396 F.3d 468, 473 (1st Cir. 2005) ("We are free ourselves to take judicial notice of the existence of government records."); *Island Software and Computer Service, Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (copyright registrations);

*Duluth News-Tribune v. A Mesabi Publishing Co.*, 84 F.3d 1093, 1100 n.2 (8th Cir. 1996) (trademark registrations); and *Thomas & Betts Corp. v. Panduit Corp.*, 65 F.3d 654, 664 n.12 (7th Cir. 1995) (patents). Thus, the USPTO manuals and documents (to which Hasbro did not object as noted in Section II, *supra*), as well as the patents and trademark registrations and applications, are properly subject to judicial notice as government documents that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

**2. <u>The Patents and Trademark Applications and Registrations Are Not Hearsay</u>.**

Hasbro argues that MGA's cited patents and trademark registrations and applications are rank hearsay. MOTION IN *LIMINE* at 6. Hasbro's only cited case on this issue never mentions "hearsay" at all, let alone supports Hasbro's contention that the matters in MGA's requests for judicial notice constitute inadmissible hearsay. (*Id.*, *citing Lussier v. Runyon*, 50 F.3d 1103 (1st Cir. 1995).)

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c). Applying this definition, the First Circuit has noted that "***<u>[i]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay</u>***." *United States v. Hicks*, 848 F.2d 1, 3 (1st Cir. 1988) (emphasis added)(quoting FED. R. EVID. 801(c), Notes of Advisory Committee on Proposed Rules.).

MGA's cited patents and trademark registrations and applications do not fall within Rule 801(c) because they are not offered to prove the truth of any matter asserted therein. Rather, these documents show the widespread, generic use of "memory" in trademark and patent

records. *See*, *e.g.*, *In re Omaha Nat'l Corp.*, 819 F.2d 1117, 1119 (Fed. Cir. 1987) ("The articles were not used to support the truth of statements in the text but to illustrate common descriptive use of the expression 'first tier.'") (internal citations omitted) (appeal from the TTAB); *Hay & Forage Indus. v. New Holland N. America, Inc.*, 25 F. Supp. 2d 1170, 1175 n.2 (D. Kan. 1998) (where the meaning of the term "steering structure" in a patent claim was disputed, the court permitted the plaintiff to offer other patents that contained the term because "[p]laintiff offers these documents not to prove the truth of any of the matters which they assert, but rather to prove that various patents use the term steering structure as a noun in a variety of contexts.").

Just as Hasbro admits that "the Court may take judicial notice of the fact (if relevant) that Karen Gourgey and Steven Landau are listed in the USPTO records as the owners of Patent No. 7,106,220," MOTION IN *LIMINE* at 6, without circumventing "established evidentiary processes," *Lussier v. Runyon*, 50 F.3d 1103, 1114 (1st Cir. 1995), the Court may also take judicial notice of the fact that the same patent contains the term "memory."[2]

## IV. HASBRO'S MOTION IN LIMINE TO EXCLUDE GEORGE COOPER'S AND BETH CHAPMAN'S TESTIMONY LACKS MERIT.

### A. Hasbro Has No Basis to Exclude Mr. Cooper's Declaration or Testimony.

#### 1. Mr. Cooper's Extensive Patent Background Qualifies Him to Explain Patent Classification at the USPTO.

To qualify as an expert, a witness must have specialized "knowledge, skill, experience, training, or education" that relates to the questions before the trier of fact. FED. R.

[2] Hasbro baselessly argues that "MGA is . . . trying to use the sheer quantity of material to overwhelm the trier of fact with dubious statements from documents that have no relevance to trademark law or to the issue of the strength of Hasbro's MEMORY® mark." MOTION IN *LIMINE* at 3. Precisely because these patent and trademark records are so voluminous shows that the U.S. government and the public treat the word "memory" as generic in the game context as the way to refer to a particular type of game.

EVID. 702. A witness may qualify if he or she has any of the listed bases of expertise – he or she does not need to possess all five. *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 176-177 (5th Cir. 1990) ("The disjunctive conjunction, which we must assume the drafters of the rule chose deliberately, suggests that an expert may be qualified on any of the five bases listed.").

Without citing a single case, Hasbro argues that Mr. Cooper is unqualified to testify because "[h]is resume does not include any experience that would enable him to render an opinion on trademarks." MOTION IN *LIMINE* at 10. Hasbro misses the point – MGA offers Mr. Cooper as an expert on ***Patent Office*** practice and procedure. Mr. Cooper is highly qualified to explain patent classification and patent procedures concerning use of trademarks in patents, especially given that he has worked as a patent examiner and that he has routinely interacted with the Patent Office during his more than fifty-year career as a patent attorney.

**2. Mr. Cooper's Testimony Is Properly Based On His Personal Experience.**

Without citing a single case, Hasbro contends that Mr. Cooper's offered testimony is inadmissible because it is "based on nothing more than anecdotal evidence." MOTION IN *LIMINE* at 10. What Hasbro calls anecdotal evidence, the Federal Rules call facts "perceived by" the expert, which are permitted. FED. R. EVID. 703 ("The facts or data in a particular case upon which an expert bases an opinion or inference may be those ***personally perceived*** by or made known to the expert." (emphasis added)). Through Mr. Cooper's fifty-plus years of experience working at and with the USPTO, he has personally perceived the USPTO's internal patent classification system and general operating procedures, and he may base his expert testimony on those personal experiences. *See Bausch & Lomb, Inc. v. Alcon Laboratories, Inc.*, 79 F. Supp. 2d 252, 255 (W.D.N.Y. 2000) (permitting an attorney who had spent his entire career "in the

field of intellectual property law" to testifying about USPTO procedures based on his experience).

**B. Hasbro Has No Basis to Exclude Beth Chapman's Testimony.**

**1. Ms. Chapman Is Offered To Explain Trademark Office Procedure.**

Hasbro objects to Ms. Chapman's testimony as improper legal testimony, completely disregarding that MGA offers her as an expert on Trademark Office practice and procedure, including the use of the Trademark Identification Manual, the requirement of common names in an identification of goods and services, and cancellation proceedings at the TTAB. MOTION IN *LIMINE* at 11-12. Testimony pertaining to trademark procedure does not present a legal conclusion and is admissible. *See Bausch & Lomb, Inc.*, 79 F. Supp. 2d at 255 ("To the extent that Alcon intends to elicit testimony from Harmon concerning the general procedures involved in the patent application process, such testimony may be helpful to the jury, and is therefore admissible."). *See also Marx & Co., Inc. v. Diners' Club, Inc.*, 550 F.2d 505, 509 (2d Cir. 1977) (admitting expert testimony about the "the step-by-step practices ordinarily followed by lawyers and corporations in shepherding a registration statement through the SEC").

**2. Hasbro's Objection is Premature.**

Courts are less concerned about expert testimony in cases tried to a judge and not a jury. "[W]e are not concerned about dumping a barrage of questionable scientific evidence on a jury….There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." *United States v. Brown*, 415 F.3d 1257, 1268-69 (11th Cir. 2005). When a case is tried to a judge and not a jury, the judge need not determine the admissibility of expert testimony before the trial or hearing. Rather, "the court can hear the evidence and make its reliability determination during, rather than in advance, of trial." *In re Salem*, Case No. 05-1914, 2006 U.S. App. LEXIS 25288, at *23 (7th Cir. slip op. October 10, 2006). Because Hasbro's

motion for preliminary injunction is being heard by the Court and not a jury, any concerns about an expert's so-called legal conclusions are minimal. The Court need not preemptively strike Ms. Chapman's testimony when the Court can simply hear her testimony, which will be short, and decide for itself whether to consider it. The First Circuit supports such a delay in ruling on expert admissibility, as follows:

> "[I]t is often difficult to draw the line between what are questions of law, what are questions of fact, and what are mixed questions. This may be particularly so when the issues involve not only a statute and formally promulgated regulations, but also guidelines, handbooks, advisory rulings, interpretive bulletins, general counsel's letter opinions, informational notices and similar accoutrements of the modern bureaucratic state."

*Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 100 (1st Cir. 1997). As Ms. Chapman's testimony concerns the Trademark Office's guidelines, handbooks, and general procedure, should the Court have concerns regarding her testimony, a delayed ruling would be warranted.

## V. CONCLUSION

For the foregoing reasons, MGA requests that this Court deny Hasbro's MOTION IN *LIMINE*. Pursuant to Local Rule 7(e), MGA hereby requests oral argument on the MOTION IN *LIMINE* and estimates that it will need less than one-half hour for argument.

Date: November 14, 2006

Defendant and Counterclaimant,

MGA ENTERTAINMENT, INC.,
By its attorneys,

/s/ George E. Lieberman

BROOKS R. MAGRATTEN, R.I. Bar ID #3585
GEORGE E. LIEBERMAN, R.I. Bar ID #3860
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Telephone: (401) 421-3060
Facsimile: (401) 272-6803
E-mail: bmagratten@vetterandwhite.com
glieberman@vetterandwhite.com
KENT R. RAYGOR, *pro hac vice* counsel

SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
E-mail: kraygor@sheppardmullin.com

400121209.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC.,<br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC.,<br>Defendant. | |
| MGA ENTERTAINMENT, INC.,<br>Counterclaimant,<br><br>v.<br><br>HASBRO, INC.,<br>Counterclaim-defendant. | **C.A. No. 06-262 S** |

**OBJECTION OF DEFENDANT/COUNTERCLAIMANT MGA ENTERTAINMENT, INC.'S TO THE (1) MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF GEORGE COOPER AND BETH CHAPMAN, AND (2) OBJECTIONS TO MGA'S REQUESTS FOR JUDICIAL NOTICE OF PLAINTIFF/COUNTERCLAIM-DEFENDANT HASBRO, INC.**

Defendant counterclaimant MGA Entertainment Inc. defendant/counterclaim-plaintiff, hereby objects to the Motion In Limine of plaintiff/counterclaim-defendant Hasbro Inc. and for the reasons stated in its supporting Memorandum requests that the Motion be denied.

Date: November 14, 2006 Defendant and Counterclaimant,

MGA ENTERTAINMENT, INC.,
By its attorneys,
/s/ George E. Lieberman
BROOKS R. MAGRATTEN, R.I. Bar ID #3585
GEORGE E. LIEBERMAN, R.I. Bar ID #3860
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Telephone: (401) 421-3060
Facsimile: (401) 272-6803
E-mail: bmagratten@vetterandwhite.com
glieberman@vetterandwhite.com
KENT R. RAYGOR, *pro hac vice* counsel
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
E-mail: kraygor@sheppardmullin.com

400121209.1

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that I electronically filed the within **OBJECTION OF DEFENDANT/COUNTERCLAIMANT MGA ENTERTAINMENT, INC.'S TO THE (1) MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF GEORGE COOPER AND BETH CHAPMAN, AND(2) OBJECTIONS TO MGA'S REQUESTS FOR JUDICIAL NOTICE OF PLAINTIFF/COUNTERCLAIM-DEFENDANT HASBRO, INC**. and **Supporting Memorandum** on November 14, 2006. It is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the below-listed counsel of record has been effectuated by electronic means.

Kim J. Landsman, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710
(by e-mail and U.S. mail)

Jeffrey K. Techentin, Esq.,
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(by hand)

/s/ George E. Lieberman