# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC.,<br><br>Defendant. | |
| MGA ENTERTAINMENT, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>HASBRO, INC.,<br><br>Counterclaim-defendant. | **C.A. No. 06-262 S** |

**DEFENDANT MGA ENTERTAINMENT, INC.'S DEPOSITION NOTICE OF PLAINTIFF HASBRO, INC. PURSUANT TO FED. R. CIV. P. 30(B)(6)**

**[REDACTED]**

TO PLAINTIFF HASBRO AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6), that defendant MGA Entertainment, Inc. ("MGA") will take the depositions of the witness identified below at the following date and time, at the offices of Vetter & White, 20 Washington Place, Providence, Rhode Island 02903:[1]

| WITNESS | POSITION | DATE AND TIME | TIME LIMITATIONS |
|---|---|---|---|
| Hasbro, Inc. | Plaintiff, pursuant to FED. R. CIV. P. 30(b)(6) [*on the fourteen (14) testimony categories listed below*] | Monday, November 13, 2006, commencing at 9:00 a.m. (EDT)[2] | Limited to seven (7) hours of examination time (exclusive of rest breaks, lunch breaks, *etc.*). *See* FED. R. CIV. P. 30(d)(2); ADVISORY COMMITTEE NOTES to the 2000 amendment to Rule 30. The deposition will go as long as necessary on November 13 in order to complete those seven (7) hours of examination time, so Hasbro and its counsel should plan accordingly. |

PLEASE TAKE FURTHER NOTICE that these depositions will be taken by personal appearance of the witnesses before a notary public or other officer authorized to administer oaths by the laws of the United States or the laws of the State where the deposition is conducted and in accordance with the provisions of the Federal Rules of Civil Procedure, and will be recorded stenographically and by sound-and-visual means.

---

[1] MGA's previous Rule 30(b)(6) deposition notice was served pursuant to the parteis' agreement to conduct limited, expedited discovery directed at the issues raised by Hasbro's preliminary injunction motion, as expressly stated in that notice. This notice is separate and is subject to that agreement.

[2] MGA has not noticed this deposition for Friday, November 10 because it is Veteran's Day, a federal court holiday. However, should Hasbro wish to conduct this deposition on that date instead of November 9, MGA has no objection.

PLEASE TAKE FURTHER NOTICE that with respect to the deposition of plaintiff Hasbro, Inc. ("Hasbro") pursuant to FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6), the deponent is not a natural person and is a party to this action. Hasbro, therefore, is required to designate and produce those of its officers, directors, managing agents, employees or agents most competent to testify on its behalf as to the fourteen (14) matters identified below. ***MGA requests that Hasbro provide notice to MGA by no later than Monday, November 7, 2006 of who will be designated to testify for each of the listed testimony categories so that MGA can prepare to conduct the depositions in as efficient a manner as possible and attempt to finish this Rule 30(b)(6) deposition in a single day.***

PLEASE TAKE FURTHER NOTICE that with respect to the deposition of Hasbro pursuant to FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6), the term "Hasbro" and the possessive form of that term, means and refers to plaintiff **Hasbro, Inc.** and includes all of its officers, directors, divisions (including, but not limited to, **Milton Bradley** and **Hasbro Games**), subsidiaries, affiliates, agents, representatives, attorneys, and predecessors (including, but not limited to, **Milton Bradley**).

**TESTIMONY CATEGORY NO. 1:**

Information concerning the total dollar value of sales that Hasbro has lost because of MGA's Memory Match-Up game.

**TESTIMONY CATEGORY NO. 2:**

Information concerning how much money and other resources Hasbro has expended in developing and maintaining its alleged "Memory" mark from January 1998 through October 2006.

**TESTIMONY CATEGORY NO. 3:**

Information concerning how much money and other resources Hasbro has expended in advertising and/or marketing its "Memory" games and its "My First Games", "Games Make Great Gifts!", and ' [REDACTED] '[3] promotions January 1998 through October 2006.

**TESTIMONY CATEGORY NO. 4:**

Information concerning Hasbro's revenues, expenses, profits, and losses from the sale of each game included in its "My First Games", "Games Make Great Gifts!", and ' [REDACTED] [REDACTED] ' promotions.

[3] Hasbro has designated the working title ' [REDACTED] ' as CONFIDENTIAL – OUTSIDE COUNSEL ONLY pursuant to the Stipulated Protective Order in this case. MGA has objected to that designation pursuant to Paragraph 18 of the Stipulated Protective Order, and asked Hasbro to remove that designation. Hasbro has refused. MGA, therefore, is filing a motion asking the Court to rule that the CONFIDENTIAL – OUTSIDE COUNSEL ONLY designation for that working title is inappropriate. Until the Court rules on that motion, MGA's outside counsel will honor Hasbro's designation, as required by the Stipulated Protective Order.

**TESTIMONY CATEGORY NO. 5:**

Information concerning any revenue that Hasbro has realized, profits it has earned, or costs it has incurred from assignments, transfers, franchises, conveyances, or licenses of its alleged "Memory" mark in any version, form, variation, or format.

**TESTIMONY CATEGORY NO. 6:**

Information concerning Hasbro's sales of "Memory" games from and January 1 to December 31, 2004, January 1 to December 31, 2005, and January 1, 2006 to the present, including but not limited to (a) the number (units) of Hasbro's "Memory" games sold, (b) revenue realized therefrom, (c) profits earned therefrom, (d) costs and/or expenses incurred therefrom, and (e) losses, if any, suffered therefrom.

**TESTIMONY CATEGORY NO. 7:**

Information concerning any sales that Hasbro has lost because consumers have purchased MGA's Memory Match-Up game instead of Hasbro's "Memory" game, including, but not limited to, (a) the total number of lost sales, (b) the date of any lost sales, (c) the location at which such sales were lost, (d) the identities of the lost consumers, (e) the per-unit loss to Hasbro, and (f) the aggregate loss to Hasbro.

**TESTIMONY CATEGORY NO. 8:**

Information concerning any complaints that Hasbro has received from consumers dissatisfied with MGA's Memory Match-Up game, including but not limited to (a) the total number of complaints, (b) the identity of complaining consumers, (c) the date of the complaints,

(d) the manner in which the complaints were received, (e) the nature of the complaints, and (f) any steps Hasbro took to respond to the complaints.

**TESTIMONY CATEGORY NO. 9:**

Information concerning any wholesale sales that Hasbro has lost because of MGA's Memory Match-Up game, including, but not limited to (a) the total volume of lost sales, (b) the per-unit price at which such lost sales would have been made, (c) the per-unit profit that Hasbro would have realized, (d) the identities of any retailers to whom such sales would have been made, (e) the date upon which such sales were lost, and (f) and any explanations that retailers supplied for such lost sales.

**TESTIMONY CATEGORY NO. 10:**

With respect to the statement that "*MGA's infringement diminishes the value of these [licensing] agreements and virtually eliminates the potential for any future out-licensing of the MEMORY® brand, as companies will not pay for something they feel they can use for free*" in paragraph 32C of the DECLARATION OF MARK STARK submitted by Hasbro in support of its MOTION FOR A PRELIMINARY INJUNCTION, RECALL, AND EXPEDITED DISCOVERY, information concerning any licenses of Hasbro's alleged "Memory" trademark that Hasbro has lost or existing licenses that have decreased in value as result of MGA's Memory Match-Up game, including, but not limited to (a) the identities of any persons and/or entities that have discontinued or renegotiated their licenses for Hasbro's alleged "Memory" mark, (b) the dates upon which such licenses were renegotiated or discontinued, (c) the revenues that Hasbro would have realized, (d)

the costs that Hasbro would have incurred, (e) the profits Hasbro would have earned, and (f) any explanation that the licensees gave Hasbro for their discontinuing or renegotiating their licenses.

**TESTIMONY CATEGORY NO. 11:**

With respect to the statement that "*In any future attempt by Hasbro to enforce its rights in the Memory® mark, the infringer will point to MGA's use as a justification for the infringement*" in paragraph 32C of the DECLARATION OF MARK STARK submitted by Hasbro in support of its MOTION FOR A PRELIMINARY INJUNCTION, RECALL, AND EXPEDITED DISCOVERY, information concerning alleged infringers who have attempted to justify their conduct based on MGA's Memory Match-Up game, including but not limited to (a) the identities of any alleged infringers, (b) the date(s) of any alleged infringement, (c) the loss to Hasbro as a result of such alleged infringement, and (d) any justification that the alleged infringers provided for their infringement.

**TESTIMONY CATEGORY NO. 12:**

Information concerning licenses that other persons and/or entities have **not** granted to Hasbro as a result of MGA's Memory Match-Up game, including, but not limited to (a) the identities of the persons and/or entities who have not granted Hasbro a license, (b) the date of such refusals, (c) profit that Hasbro would have realized from such licenses, (d) losses that Hasbro sustained as a result of not getting a license, and (e) any explanation that the putative licensors gave Hasbro for refusing to grant Hasbro a license.

**TESTIMONY CATEGORY NO. 13:**

Information concerning any decrease in the number of consumer promotions in which Hasbro has participated because of MGA's Memory Match-Up game, including, but not limited to (a) the number of consumer promotions by which Hasbro's participation has decreased, (b) the total number of promotions in which Hasbro participated from January 1, 2006 to the present, (c) the total number of promotions in which Hasbro participated from January 1 to December 31, 2005, (d) the total number of promotions in which Hasbro participated from January 1 to December 31, 2004, (e) the promotion fee that Hasbro would have received from each promotion in which it did not participate, (f) the costs that Hasbro would have incurred in each promotion in which it did not participate, (g) the identities of any potential promotional partners who chose not to partner with Hasbro, and (h) any explanation that the putative promotional partners gave Hasbro for not inviting Hasbro to participate in the promotion.

**TESTIMONY CATEGORY NO. 14:**

Information concerning any inventors who have chosen to contract with Hasbro's competitors instead of Hasbro as a result of MGA's Memory Match-Up game, including, but not limited to (a) the identities of any inventors who have chosen not to contract with Hasbro, (b) the identities of the persons and/or entities with whom those inventors have contracted instead of Hasbro, (c) the cost that Hasbro would have incurred in contracting with such inventors, (d) the revenue that Hasbro would have realized, (e) the profit that Hasbro would have earned, and (f) any explanation that the lost inventors gave Hasbro for choosing to contract with another person and/or entity.

Dated: November 1, 2006

Defendant and Counterclaimant,

MGA ENTERTAINMENT, INC.
By its attorneys,

BROOKS R. MAGRATTEN, R.I. Bar ID #3585
GEORGE E. LIEBERMAN, R.I. Bar ID #3860
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
Telephone: (401) 421-3060
Facsimile: (401) 272-6803
E-mail: bmagratten@vetterandwhite.com
glieberman@vetterandwhite.com

KENT R. RAYGOR, admitted *pro hac vice*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
E-mail: kraygor@sheppardmullin.com

400053115.2

## CERTIFICATE OF SERVICE

The undersigned certifies that today (November 1, 2006) I had caused to be served the within DEFENDANT MGA ENTERTAINMENT, INC.'S DEPOSITION NOTICE OF PLAINTIFF HASBRO, INC., PURSUANT TO FED. R. CIV. P. 30(B)(6) upon the below-listed counsel as stated:

**BY OVERNIGHT MAIL, PURSUANT TO AGREEMENT:**

Kim J. Landsman, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710

**BY HAND-DELIVERY:**

Jeffrey K. Techentin, Esq.,
ADLER POLLOCK & SHEEHAN PC
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345